UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA LOU and DAREN PARSA, on their own behalf and on behalf of their deceased minor child, E.P.** | **CIVIL ACTION** <br><br> **NO. 21-0080** |
| **VERSUS** | **SECTION "F"(2)** |
| **SHERIFF JOSEPH P. LOPINTO, III, ET AL** | |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sheriff Joseph P. Lopinto, III, Chad Pitfield, Ryan Vaught, Steven Mehrtens, Shannon Guidry, Nick Vega, Manuel Estrada, and Myron Gaudet (hereinafter collectively referred to as the JPSO Defendants), who, in response to the Complaint filed herein by the Plaintiffs, respectfully submit the following:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the Defendants herein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

**THIRD DEFENSE**

That the Plaintiffs' decedent, E.P., by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**FOURTH DEFENSE**

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

**FIFTH DEFENSE**

The Court is without jurisdiction as to all claims asserted by the Plaintiffs in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

**SIXTH DEFENSE**

All of the acts and actions taken by the Defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

**SEVENTH DEFENSE**

Defendants further submit that the claims of the Plaintiffs are frivolous, groundless and unreasonable and, as such, the Defendants are entitled to an award against the Plaintiffs for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

**EIGHTH DEFENSE**

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the Plaintiffs were the fault of individuals and/or entities over whom the Defendants have no control.

## TENTH DEFENSE

And now, Defendants respond to the allegations of the Plaintiffs' Complaint as follows:

I.

The allegations contained in paragraphs 1, 13, 33, 44, 46, 47, 49, 57, 58, 59, 60, 61, 66, 68, 69, 70, 72, 74, 79, 80, 81, 101, 118, 144, 156, 225, 226,208, 245, 246, 247, 254, 263, 267, and 281 are admitted.

II.

The allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 9, 10, 11, 14, 15, 25, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 48, 52, 53, 54, 55, 63, 64, 65, 67, 71, 73, 75, 76, 77, 78, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 94, 95, 96, 98, 100, 102, 105, 107, 108, 109, 110, 111, 112, 114, 115, 116, 117, 119, 120, 121, 122, 123, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 127, 138, 139, 140, 141, 142, 143, 145, 146, 147, 148, 149, 150, 152, 153, 154, 155, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 170, 171, 173, 174, 175, 176, 177, 178, 179, 180, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 199, 200, 201, 202, 203, 204, 207, 210, 216, 217, 218, 219, 220, 223, 224, 227, 229, 230, 232, 233, 234, 235, 236, 237, 239, 240, 241, 242, 243, 244, 248, 249, 250, 253, 255, 256, 257, 264, 265, 266, 268, 269, 270, 271, 273, 274, 275, 276, 277, 278, 279, 280, 283, 284, 285, 286, 287, 288, 290, 291, 292, 293, 295, 295, 296, 297, 298, 299, 300, 301, 303, 304, 313, 314, 316, 317, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335,

336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 357, 358, 359, 360, 365, 366, 367, 368, 369, 370, 373, 374, 375, 376, 385, 395, 396, 397, 399, 400, 402, 405, 409, 412, 413, 430, 431, 435, 436, 437, 438, 439, 440, 441, 443, 444, 445, 446, 447, 448, 449, 450, 451, 457, 462, 463, 464, 465, 466, 467, 470, 472, 473, 477, 478, 479, 480, 481, and 486 are denied for lack of sufficient information upon which to justify a belief therein.

III.

The allegations contained in paragraphs 8, 26, 56, 62, 93, 97, 99, 103, 104, 106, 124, 125, 151, 168, 169, 172, 181, 182, 196, 197, 198, 205, 206, 209, 228, 231, 238, 251, 252, 258, 259, 260, 261, 262, 289, 305, 306, 307, 308, 309, 310, 311, 312, 315, 318, 319, 320, 321, 322, 355, 356, 361, 362, 363, 364, 371, 372, 377, 378, 379, 380, 381, 382, 384, 386, 387, 388, 389, 390, 391, 392, 393, 394, 398, 401, 403, 404, 406, 407, 408, 410, 411, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 432, 433, 434, 442, 452, 453, 454, 455, 456, 458, 459, 460, 461, 468, 469, 471, 474, 475, 476, 482, 483, 484, 485, and 487 are denied.

IV.

The allegations contained in paragraph 12 require no answer; however, in an abundance of caution, those allegations are denied.

V.

The allegations contained in paragraph 16, as they pertain to the status of Sheriff Joseph P. Lopinto, III, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

VI.

The allegations contained in paragraph 17, as they pertain to the status of Deputy Chad Pitfield, are admitted; all other allegations are denied for lack of sufficient information upon

which to justify a belief therein.

VII.

The allegations contained in paragraph 18, as they pertain to the status of Deputy Ryan Vaught, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

VIII.

The allegations contained in paragraph 19, as they pertain to the status of Deputy Steven Mehrtens, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

IX.

The allegations contained in paragraph 20, as they pertain to the status of Deputy Shannon Guidry, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

X.

The allegations contained in paragraph 21, as they pertain to the status of Deputy Nick Vega, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

XI.

The allegations contained in paragraph 22, as they pertain to the status of Deputy Manuel Estrada, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

XII.

The allegations contained in paragraph 23, as they pertain to the status of Deputy Myron Gaudet, are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in paragraph 24 require no answer.

XIV.

Further answering, Defendants aver that any and all actions taken by any Jefferson Parish Sheriff's Office deputy or employee were taken in good faith, with probable cause, and without malice, entitling those individuals to qualified immunity.

XV.

Further answering, and by way of affirmative defense, Defendants aver that the sole and proximate cause of any and all injuries and/or damages sustained by the Plaintiffs' decedent, E.P., were the actions and/or inactions of E.P. himself and/or the actions and inactions of some third party over whom Defendants have no authority or control.

XVI.

Further answering, Defendants aver that any and all actions taken by the defendant deputies were taken in good faith, with probable cause, and without malice, entitling them to qualified immunity.

XVII.

Defendants hereby invoke any federal or state statutory limitations of liability or immunities provided by law.

XVIII.

Defendants respectfully request trial by jury on all issues herein.

**WHEREFORE,** Defendants, Sheriff Joseph P. Lopinto, III, Chad Pitfield, Ryan Vaught, Steven Mehrtens, Shannon Guidry, Nick Vega, Manuel Estrada, and Myron Gaudet, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Defendants, Sheriff Joseph P. Lopinto, III Chad Pitfield, Ryan Vaught, Steven Mehrtens, Shannon Guidry, Nick Vega, Manuel Estrada, and Myron Gaudet, and against the Plaintiffs, Donna Lou and Daren Parsa, on their own behalf and on behalf of their deceased minor child, E.P., dismissing the Plaintiffs' Complaint, with prejudice, and at Plaintiffs' costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendants, Sheriff Joseph P. Lopinto, III Chad Pitfield, Ryan Vaught, Steven Mehrtens, Shannon Guidry, Nick Vega, Manuel Estrada, and Myron Gaudet

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)