**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DONNA LOU and DAREN PARSA, on their own behalf and on behalf of their deceased minor child, E.P.<br><br>        Plaintiffs,<br><br>   v.<br><br>SHERIFF JOSEPH P. LOPINTO, III, CHAD PITFIELD, RYAN VAUGHT, STEVEN MEHRTENS, SHANNON GUIDRY, NICK VEGA, MANUEL ESTRADA, MYRON GAUDET, JOHN DOES 1-3, VICTORY REAL ESTATE INVESTMENTS LA, LLC and WESTGATE INVESTORS NO LLC D/B/A WESTGATE SHOPPING CENTER, ABC INSURANCE COMPANY, and XYZ INSURANCE COMPANY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:21-cv-00080<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOSEPH P. LOPINTO'S III'S RESPONSES TO PLAINTIFFS'**
**FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW, through undersigned counsel, comes Defendant, Sheriff Joseph P. Lopinto, who in response to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, submits the following:

**INTERROGATORIES**

INTERROGATORY NO. 1:  Identify all law enforcement personnel, medical personnel or civilians who were engaged in any manner in the questioning, detention, apprehension, arrest, restraint of ▮▮▮▮▮ or investigation of this incident, or who were subsequently dispatched to the location of the incident by name, home and business address, home and business phone number, rank, car number and years of service.

ANSWER:    The information requested in this interrogatory is contained in JPSO Item A-15489-20, a copy of which is produced herewith.

INTERROGATORY NO. 2:  State with specificity the experience and/or training given to each and every officer identified in response to Interrogatory No. 2 which includes all initial training

1

provided to become certified as a police officer, all in-service training, all roll-call training, specialized training (such as CIT training) and any other training from any source whatsoever provided to each officer.

ANSWER:  Defendant produces in connection herewith a copy of the training records of all the named JPSO defendant deputies.

INTERROGATORY NO. 3:  Please state with specificity the exact activities of each and every law enforcement officer who arrived at the scene of the incident which is the subject matter of the litigation which includes, but is not limited to, the time the law enforcement official made the scene; the reason each officer went to the scene; the exact participation of each officer at the scene; the time each law enforcement officer left the scene; the shift each officer was scheduled to work; whether a statement was taken of each officer; etc.

ANSWER:  See Answer to Interrogatory No. 1.  Furthermore, the police report and the attachments thereto referenced in Interrogatory No. 1 have been previously provided to Plaintiffs' counsel, William Most, by way of public records request.

INTERROGATORY NO. 4:  With respect to any 'in-custody death" (as defined above) which occurred while a subject was in custody of a Jefferson County Sheriff's Office employee and/or which or which the Defendants and/or the Jefferson County Sheriff's Office is aware, please state the following:

     a. The date of the incident;

     b. The identity of all officers involved in the incident;

     c. The exact manner of restraint;

     d. Whether the incident was investigated by Internal Affairs, or any other entity;

     e. The investigative case number;

     f. The results of the investigation including all discipline, suspensions, reprimands, etc.;

     g. Whether any criminal charges were brought against any of the participants;

     h. Whether a civil action was filed and the docket number;

     i. The disposition of the civil action;

j.  Whether the case was settled regardless of a civil action was commenced.

ANSWER:  Defendant objects to Interrogatory No. 4 as written, in that said request seeks information which is irrelevant and immaterial to the proceedings in question herein. More specifically, Plaintiffs' description of "in-custody death" is inapplicable to the present proceedings in that the deceased was never taken into custody by JPSO.  Instead, the JPSO defendants herein merely acted to attempt to bring the deceased under control after he attacked his father.  Subject to the above objection, Defendant will provide the following information for the last five years for individuals who expired while in JPSO custody.

1) Ohmar Rodriguez

   a.  Date of Death: 10/26/17.

   b.  No JPSO officers involved in incident.

   c.  No restraints employed.

   d.  No Internal Affairs investigation

   e.  JPSO Item J-20860-17.

   f.  No discipline involved.

   g.  No criminal charges brought against anyone.

   h.  No civil action filed.

   i.  Not applicable.

   j.  Not applicable.

2) Darius Strugges

   a.  Date of Death: 10/14/17-Jefferson Parish Correctional Center-death by natural causes.

   b.  No JPSO officers involved in incident.

   c.  No restraints employed.

   d.  No Internal Affairs investigation.

   e.  JPSO Item J-11895-17

   f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.   Not applicable.

    j.   Not applicable.

3) Baby of Sheena Lewis

    a.  Date of Death: 10/12/17-Jefferson Parish Correctional Center-premature delivery

    b.  No JPSO officers involved in incident.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO Item J-09128-17.

    f.   Premature delivery-natural causes.

    g.  No criminal charges brought against one.

    h.  No civil action filed.

    i.   Not applicable.

    j.   Not applicable.

4) Jatory Evans

    a.  Date of Death: 9/27/17-Jefferson Parish Correctional Center-jail suicide

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO Item I-22282-17

    f.   No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  USDC-EDLA No. 18-8972, Sec. G

    i.   Still pending.

    j.   Not applicable.

5) Joshua Belcher

    a. Date of Death: 8/17/17-Jefferson Parish Correctional Center-jail suicide

    b. No JPSO officers involved.

    c. No restraints employed.

    d. No Internal Affairs investigation.

    e. JPSO H-14153-17.

    f. No discipline involved.

    g. No criminal charges brought against anyone.

    h. USDC-EDLA No. 18-7368, Sec. H

    i. Dismissed per summary judgment

    j. Not applicable.

6) Jerome Bell

    a. Date of Death: 8/4/17-Jefferson Parish Correctional Center-jail suicide

    b. No JPSO officers involved.

    c. No restraints employed.

    d. No Internal Affairs investigation.

    e. JPSO H-02774-17.

    f. No discipline involved.

    g. No criminal charges brought against anyone.

    h. No civil action filed.

    i. Not applicable..

    j. Not applicable.

7) Danielle Reed

    a. Date of Death: 4/10/17-Jefferson Parish Correctional Center-unclassified death by natural causes.

    b. No JPSO officers involved.

    c. No restraints employed.

    d. No Internal Affairs investigation.

    e.  JPSO D-08891-17.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

8) Brittany Durell

    a.  Date of Death: 12/2/18-Jefferson Parish Correctional Center

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO L-16890-18.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  Keshanta Jackson, et al v. Joseph Lopinto, et al
       USDC-EDLA No. 19-14683, Sec. "T"

    i.  Still pending.

    j.  Not applicable.

9) Kenneth Leblanc

    a.  Date of Death: 4/14/18-University Medical Center-New Orleans-
       unclassified death, presumably, by natural causes.

    b.  No JPSO officers involved.

    c.  Normal hospital restraints.

    d.  No Internal Affairs investigation.

    e.  JPSO D-11573-18.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.   Not applicable.

    j.   Not applicable.

10) Willie Henry

    a.   Date of Death: 3-3-18-University Medical Center-New Orleans unclassified death, presumably, kidney failure.

    b.   No JPSO officers involved.

    c.   Normal hospital restraints.

    d.   No Internal Affairs investigation.

    e.   JPSO C-02442-18.

    f.   No discipline involved.

    g.   No criminal charges brought against anyone.

    h.   No civil action filed.

    i.   Not applicable.

    j.   Not applicable.

11) Keeven Robinson

    a.   Date of Death: 5/10/18-#11 Labarre Place, Metairie, LA

    b.   JPSO officers involved: David Lowe, Jason Spadoni, Justin Brister and Gary Bordelon

    c.   Manual restraint by arresting officers.

    d.   No Internal Affairs investigation.

    e.   JPSO E-08492-18.

    f.   No discipline involved.

    g.   No criminal charges brought against anyone.

    h.   Wachelle Boutte, et al v. Lopinto, et al
USDC-EDLA, Case No. 19-09613, Sec. "G" and
Kiwanda Robinson v. Lopinto, et al
USDC-EDLA No. 19-10327, Sec. "G"

    i.   Still pending.

    j.   Not applicable.

12) Christopher Jordan

    a.  Date of Death: 5-25-19-Jefferson Parish Correctional Center-natural causes.

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO E-22415-19.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

13) Willie Fullilove

    a.  Date of Death: 12-12-19-Jefferson Parish Correctional Center-unclassified death, presumably, natural causes

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO L-09898-19.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

14) Shallen Richoux

    a.  Date of Death: 7-27-20-Jefferson Parish Correctional Center-jail suicide

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO G-18852-20.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

15) Vincent Viloria

    a.  Date of Death: 4-5-20-Jefferson Parish Correctional Center-unclassified death, presumably, natural causes.

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO D-02688-20.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

16) Robert Degel

    a.  Date of Death: 1-13-20-University Medical Center-New Orleans-unclassified death, presumably, natural causes.

    b.  No JPSO officers involved.

    c.  Normal hospital restraints.

    d.  No Internal Affairs investigation.

    e.  JPSO A-10426-20.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

17) Cleto Montoya-Rodas

    a.  Date of Death: 3-3-21-Jefferson Parish Correctional Center-jail suicide.

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO C-01554-21.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

18) Brandon Clement

    a.  Date of Death: 1-21-21-Jefferson Parish Correctional Center-unclassified death, presumably, natural causes.

    b.  No JPSO officers involved.

    c.  No restraints employed.

    d.  No Internal Affairs investigation.

    e.  JPSO A-14503-21.

    f.  No discipline involved.

    g.  No criminal charges brought against anyone.

    h.  No civil action filed.

    i.  Not applicable.

    j.  Not applicable.

19) Alvin Pier

    a.  Date of Death: 1-3-21-University Medical Center-New Orleans-unclassified

death, presumably, natural causes.

b.   No JPSO officers involved.

c.   Normal hospital restraints.

d.   No Internal Affairs investigation.

e.   JPSO A-01793-21.

f.   No discipline involved.

g.   No criminal charges brought against anyone.

h.   No civil action filed.

i.   Not applicable.

j.   Not applicable.

INTERROGATORY NO. 5:  Please describe with specificity any and all policies, procedures, rules and regulations, whether written or unwritten, which were in effect at the time of this incident regarding which were applicable to the facts of this case, including all policies pertaining to the investigation of in-custody deaths or officer complaints/misconduct.

ANSWER:  Defendant objects to Interrogatory No. 5 as written, on the grounds that said request is vague and overly broad.  Defendant further objects on the grounds that said request seeks information which is not relevant or material to the issues in the matter now pending.

Subject to the above, Defendant includes herewith a copy of the JPSO SOP's relating to Internal Affairs investigations, use of force, restraining devices, and arrests.   Defendant also attaches hereto a copy of the index of the JPSO Standard Operating Procedure manual for Plaintiffs' review.  Upon request, additional SOP's relating to the issues raised in this matter will be made available.

INTERROGATORY NO. 6:  Did any law enforcement officer of your agency violate any written or unwritten policy, procedure, custom, practice, rule, statute, ordinance, regulation, order, canon, edict, dictate, etc. of your department in the incident which is the subject matter of this

litigation.  If the answer to any part of this Interrogatory is in the affirmative, please state with

specificity the following:

    a.    Was/were the officer(s) involved investigated by internal affairs or any other entity charged with investigating officer conduct;

    b.    Was/were the officer(s) involved punished, reprimanded, terminated, admonished, disciplined or chastised in any manner;

    c.    State with specificity the punishment, discipline, reprimand, admonition, etc.; and

    d.    Each and every fact upon which you rely in support of the discipline.

ANSWER:  No.

INTERROGATORY NO. 7:  Please state with specificity and in chronological order the facts of

the incident that is the subject matter of this Complaint from the time that ████████ was first

observed by any Defendant until all investigations of this matter were concluded.

ANSWER:  See attached copy of JPSO Item A-15489-20, a copy of which had been previously

produced to Plaintiffs' counsel pursuant to a public records request.

INTERROGATORY NO. 8:  Please identify any and all claims and/or complaints made against

the Defendant Lopinto, the JPSO or its employees or any investigation performed by the

Defendant Lopinto or the JPSO and/or its employees or agents with respect to the issues involved

in this case including, but not limited to, criminal conduct, arrests, use of force, use of hand-

cuffs, use of leg restraints, use of restraints, use of body weight, use of choke holds, use of neck

holds, compression asphyxia, positional asphyxia, hog-tie, excited delirium, encounters with

persons with disabilities, encounters with emotional disturbed persons, etc.  With respect to each

claim or complaint, please state the following:

    a.    The date of the complaint/investigation;

    b.    The name, address and telephone number of the person making the complaint;

    c.    The nature of the complaint or investigation;

    d.    The officers involved;

    e.    Whether the complaint was investigated;

    f.    The persons or entity performing the investigation;

    g.    The disposition of the matter i.e. case closed, discipline rendered, criminal charges, result of criminal charges, civil litigation, result of civil litigation, settlements, etc.

g.    Whether a civil claim or lawsuit was instituted and the docket or claim number;
h.    The disposition of the civil action or claim; and
i.    Whether the case was settled without litigation.

ANSWER:  Defendant objects to Interrogatory No. 8 on the grounds that said request is overly

broad and unduly burdensome.

INTERROGATORY NO. 9:   Identify any and all law enforcement officers working for the

Defendant Lopinto and the JPSO who have been reprimanded, admonished, disciplined, charged

with criminal offenses, indicted, terminated for violating policy or other misconduct or

terminated due to a criminal conviction during the last ten years, and please state the following:

a.    The full name and present address of each person;
b.    The date of the reprimand, admonishment, discipline, criminal charges, indictment or termination;
c.    The reason for the reprimand, admonishment, discipline, criminal charges, indictment or termination;
d.    Whether criminal charges were instituted and the docket number;
e.    The disposition of the criminal charges;
f.    Whether a civil lawsuit was instituted and the docket number;
g.    The disposition of the civil action; and
h.    Whether the case was settled without litigation.

ANSWER:  Defendant attaches a list of all JPSO employees terminated in the last 10 years.

Unfortunately, this data is not stored in the format requested.

INTERROGATORY NO. 10:  Please state whether the Defendant and/or JPSO has ever been a

Plaintiff or Defendant in a civil or criminal case during the last fifteen years.  With respect to

each action, please state the following:

a.  The style of the case;
b.  The Docket Number of the case;
c.  The nature of the case; and
d.  The disposition of the case.

ANSWER:  Defendant objects to Interrogatory No. 10 on the grounds that said request is

overly broad and unduly burdensome.  Subject to the above objection, Defendant would

suggest that any civil lawsuit brought against the Defendant and JPSO deputies would be

accessible through the PACER services for cases filed within the United States District Court for the Eastern District of Louisiana and the JeffNet system in place with the 24th Judicial District Court for the Parish of Jefferson.

Defendant Lopinto has never been named as the subject of a criminal prosecution.

INTERROGATORY NO. 11:  State with specificity any and all procedures or early warning systems, including EAP and EIS, utilized to effectively and adequately monitor and evaluate the performance of law enforcement personnel with regard to their law enforcement applications and state whether the Individual Defendants were ever flagged or monitored by early warning.

ANSWER:  Objection, as this request is confidential, privileged, and not subject to discovery.

INTERROGATORY NO. 12: Please state whether the Defendant Lopinto or the JPSO maintains any documents or list or officers involved in misconduct or untruthfulness pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and/or *Giglio v. United States,* 405 U.S. 150 (1972) to be disclosed to prosecutors or defendants in criminal actions.  If so, please state with specificity how these documents/lists are compiled, how they are compiled, who compiles them, all time lists been turned over and the persons on the list.

ANSWER:  It is the standard practice of the Jefferson Parish Sheriff's Office that all information pertaining to a case being referred to the District Attorney for prosecution would contain all the information compiled during the investigation in question. J.P.S.O. does not possess any such documents or lists.

INTERROGATORY NO. 13:  Please state with specificity the policies, practices or customs, whether written or unwritten, regarding taking into custody or arresting subjects who appear to be suffering from intellectual disabilities, mentally disabled, diminished capacity, mentally incompetent, delusional or emotionally disturbed including the use the proper use of force, holds,

restraints and monitoring subjects so as to prevent or reduce the likelihood of permanent injury or death resulting, in whole or in part, from asphyxia.

ANSWER:  See Answer to Interrogatory No. 5.

INTERROGATORY NO. 14:  Please identify any and all law enforcement officers working for the JPSO as of January 19, 2020, who received training with respect to taking into custody or arresting subjects who appear to be suffering from intellectual disabilities, mentally disabled, diminished capacity, mentally incompetent, delusional or emotionally disturbed including the use the proper use of force, neck holds, restraints and monitoring subjects so as to prevent or reduce the likelihood of permanent injury or death resulting, in whole or in part, from asphyxia. As to each person identified, please provide the following:

    a.    The nature and substance of said training, including the identity of each instructor, lecturer, or teacher who administered said training and the dates of said training;

    b.    Any materials, manuals, guidebooks, course outlines, brochures, regulations, charts, films, audiotapes, or other audiovisual material or teaching aids used in said training.

ANSWER:  The training records of all defendant deputies was previously provided to Plaintiffs' counsel by way of public records request.  However, Defendant, again, provides a copy of those records pursuant to this request.

INTERROGATORY NO. 15:  Identify each individual who is responsible, in whole or in part, for making, establishing, and/or implementing the policies of the Jefferson County Sheriff's Office?  For each person identified, describe the area(s) of policies for which the person in responsible.

ANSWER:  The Sheriff and his executive staff are responsible for making and establishing the polices of the Jefferson Parish Sheriff's Office.  The implementation of those policies is carried out by the deputies.

INTERROGATORY NO. 16:  Identify all accommodations, if any, you contend any JPSO

deputy or officer provided to ███████ to accommodate his disability.

ANSWER:  Assuming this interrogatory pertains to accommodations under the Americans with Disabilities Act, no accommodations were requested nor provided during the incident as described in the police report produced in connection herewith.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:   Please produce all documents which comply with, explain, support, document or were reviewed to provide any answers given in Defendant's answers to Interrogatories.  Please be sure to specify which documents explain, support or supplement each Interrogatory response.

RESPONSE:  Defendant objects to Request No. 1 on the grounds that said request is overly broad and unduly burdensome.  Subject to the above, the information provided in response to Plaintiffs' discovery requests is derived from the investigative report completed regarding the incident in question, the training records of the defendant deputies, the JPSO Standard Operating Procedures manual, and the litigation files of the United States District Court for the Eastern District of Louisiana and the 24th Judicial District Court for the Parish of Jefferson.

REQUEST NO. 2:  Please produce a copy of all police dispatcher's tapes and any transcriptions of dispatcher tapes concerning this incident from the initial call for service or report until all dispatches concerning this incident ended.

RESPONSE:  A copy of the information requested in Request No. 2 is contained in the police report produced herewith on the enclosed thumb drive.

REQUEST NO. 3:    Please produce all documents or things which were gathered, produced, received during any investigation of the incident or any of the Individual Defendants which is the subject matter of the Complaint by any party or other entity or group including the JPSO, Medical Examiner's Office, Louisiana Bureau of Investigation, Federal Bureau of Investigation, District Attorney's Office, Attorney General's Office, etc.

RESPONSE: Defendant has produced a copy of the police report under JPSO Item A-15489-20. As to the Medical Examiner's records, Louisiana Bureau of Investigation, Federal Bureau of Investigation, District Attorney's Office, Attorney General's Office, Defendant does not have access to any of those entities' records.

REQUEST NO. 4:   Please produce each and every document or thing of any nature whatsoever maintained by the Defendant Lopinto and/or JPSO concerning Defendants Joseph Lopinto, Chad Pittfield, Ryan Vaught, Steven Mehrtens, Shannon Guidry, Nick Vega, Manuel Estrada, Myron Gaudet (hereinafter Individual Defendants).   This request should be given the broadest interpretation allowed by law and includes: 1) all employment applications and back ground checks; 2) pre-employment physical and psychological examinations; 3) personnel records; 4) disciplinary records and investigations; 5) EAP/EIS referrals; 6) yearly evaluations; 7) drug testing results; 8) training records; 9) POST certifications and In-Service Training Records; 10) roll-call training; 11) specialized training.

RESPONSE:   Defendant objects to Request No. 4 on the grounds that said request is overly broad and unduly burdensome. Defendant also objects on the grounds that some of the information requested is irrelevant and immaterial to the issues in this case. Defendant has previously provided copies of investigative files, personnel files and training records of the defendant deputies.

REQUEST NO. 5:   Please produce a copy of any written policy, procedure, custom, rule or regulation in effect on January 19, 2020, applicable to this case and which includes all policies on: criminal conduct; arrests; use of force; use of restraints; use of body weight; use of chokehold; use of martial arts holds, use of other neck holds including the LVNR; excited delirium; dealing with disabled persons; dealing with persons with intellectual disabilities; dealing with persons of diminished capacity; dealing with persons who are mentally

incompetent; dealing with delusional or emotionally disturbed persons; early warning procedures; internal affairs procedures; investigation of in-custody deaths; etc.

RESPONSE:  Defendant has provided herewith a copy of the JPSO SOP's related to arrests and use of force. All materials relative to the CIT program of the J.P.S.O. were previously provided to Plaintiffs' counsel, William Most, in response to a public records request.

REQUEST NO. 6:  Please produce a copy of all files involving and investigations of any prior claim or complaint made against JPSO or any officer identified in response to Interrogatory Nos. 8-10.

RESPONSE:  Defendant objects to Request No. 6 on the grounds that said request is overly broad.

REQUEST NO. 7:  Produce a copy of any and all training records for all officers identified in response to Interrogatory No. 2, including, but not limited to, all records from any law enforcement training program, all records regarding in-service training, street survival training seminars, re-certifications, CIT, C.P.R certifications, etc.  This request includes the actual training material used in any training identified herein and not merely a listing a training courses.

RESPONSE:  The training records of the defendant deputies are produced herewith.

REQUEST NO. 8:  Produce each and every letter, memorandum, document, etc. pertaining to every person identified in response to Interrogatory No. 2 in the possession of your department including, but not limited to, all employment applications, physical and mental examinations, all general city personnel files, general police personnel files, and specific personnel files contained in each precinct to which said officer was assigned, and internal affairs files, etc.

RESPONSE:  The training files and the personnel records of the named defendant deputies in this matter are produced herewith.

REQUEST NO. 9: Produce any and all photographs, videotapes, diagrams, etc. pertaining in any manner to the incident which is the subject matter of this Complaint.

RESPONSE:   Please see the enclosed disc containing both videos of the incident and photographs taken in conjunction with the investigation.

REQUEST NO. 10:  Produce a complete copy of the Standard Operating Procedures of your department, and/or any law enforcement handbook or manual issued or distributed by the JPSO to its officers prior to the time of the incident which is the subject matter of the Complaint.

RESPONSE:   See Answer to Interrogatory No. 5.

REQUEST NO. 11:   Produce any reports, writings, or documentation produced by any expert witness or supplied to any expert witness who may be called to testify at the trial of this action.

RESPONSE:   Defendant has not secured the services of any expert witness as of this time.

REQUEST NO. 12:   Produce a copy of the entire Internal Affairs Division file regarding the investigation of the matter which is the subject matter of this Complaint, including, but not limited to all inter-office memoranda, hand written notes, official reports, evidence tags, test results, chain of custody documents, video tapes of the scene and from the news, etc.

RESPONSE:   Defendant has no documents responsive to this request.

REQUEST NO. 13: Produce all insurance contracts, bond, indemnification agreements, policies and practices which may be in effect to satisfy any judgment in this matter or the cost of defense in of this lawsuit.

RESPONSE:   Defendant has no documents responsive to this request.   The Jefferson Parish Sheriff's Office is self-insured for the incident sued upon.

REQUEST NO. 14: Produce a copy of any evidence you intend to use at the trial of this action.

RESPONSE: The decision of what evidence will be offered at trial has not been determined as of this date.  Defendant will comply with the Court's pre-trial procedures set forth in its scheduling order.

REQUEST NO. 15: Produce a copy of all documents which reflect the settlement of any claim or case, whether confidential or not, by the Defendant Lopinto or the JPSO based on criminal conduct; arrests; use of force; use of restraints; use of body weight; use of chokehold; use of other neck holds such as LVNR; excited delirium; dealing with disabled persons; dealing with persons with intellectual disabilities; dealing with persons of diminished capacity; dealing with persons who are mentally incompetent; dealing with delusional or emotionally disturbed persons; early warning procedures; internal affairs procedures; investigation of in-custody deaths; etc.

RESPONSE:  Defendant objects to Request No. 15 on the grounds that said request is overly broad and unduly burdensome.  Defendant further objects on the grounds that said request seeks information which is not relevant nor material to the incident sued upon.

REQUEST NO. 18:  Produce a copy of all portable or cellular telephone bills of any employee of your department who has knowledge of the facts of the date of this incident for January 2020.

RESPONSE:  Defendant objects to Request No. 18 on the grounds that said request is overly broad and unduly burdensome. Subject to this objection, Defendant has no documents responsive to this request.

REQUEST NO. 19:  Please produce any documents responsive to Interrogatory No. 12 regarding documents or list or officers involved in misconduct or untruthfulness pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and/or *Giglio v. United States,* 405 U.S. 150 (1972) which have been requested by and/or disclosed to prosecutors or defendants in criminal actions

including policies pertaining to the maintenance of these lists/documents, the production of these documents/lists, persons on said list, etc.

ANSWER:  See Answer to Interrogatory No. 12.

REQUEST NO. 20:  Please produce all documents provided to and or received from any expert identified in Interrogatory No. 1.

ANSWER:  Not applicable.

REQUEST NO. 21:  All policies and training materials for deputies and communication dispatchers regarding notifying or calling for CIT regarding incidents involving person with intellectual, mental health, or developmental disabilities.

ANSWER:  This material was previously produced to Plaintiffs' counsel, William Most, in response to a public records request.

REQUEST NO. 22:  Any and all policies and training materials regarding interactions with persons with intellectual, mental health, or development disabilities.

ANSWER:  The only documents in Defendant's possession responsive to this request are the materials for the CIT program, which were previously provided to Plaintiffs' counsel, William Most, in response to a public records request.

REQUEST NO. 23:  A copy of any search warrant application and all affidavits in support of search warrants related to ▇▇▇▇▇.

ANSWER:  The information requested in this request is contained in the police report produced in connection herewith on a thumb drive.

REQUEST NO. 24:  All correspondence with the St. Charles or Orleans Parish Sheriff's Offices related to ▇▇▇▇▇.

ANSWER:  The information requested in this request is contained in the police report produced in connection herewith on a thumb drive

REQUEST NO. 25: All emails, text messages, or other correspondence regarding the incident.

ANSWER:  Defendant objects to Request No. 25 on the grounds that said request is overly broad and unduly burdensome.

REQUEST NO. 26: All emails, text messages, or other correspondence containing any of the following keywords: "parsa", "autism," "autistic," "mental episode," "special needs", "special-needs", "can't breathe", "eric garner", or "george floyd".

ANSWER:  Defendant objects to Request No. 26 on the grounds that said request is overly broad and unduly burdensome.

REQUEST NO. 27: All text messages from January 19, 2020 to January 22, 2020 from any cell phone paid for or provided by JPSO to any officer who was on-scene at the death of ██████.

ANSWER:  Defendant has no information responsive to this request.

REQUEST NO. 28: All JPSO policies related to paid detail work by JPSO deputies or reserve officers.

ANSWER:  Please see a copy of SOP 11 on Public Assignments. A copy is enclosed herewith.

REQUEST NO. 29: All contracts or communications between JPSO and any entity related to JPSO deputies or reserve officers providing paid detail work Westgate Shopping Center.

ANSWER:  Defendant has no documents responsive to this request.

REQUEST NO. 30: All organizational charts or diagrams for JPSO or any division of JPSO.

ANSWER:  A copy of the JPSO organizational chart is produced herewith.

REQUEST NO. 31: All documents identified in your initial disclosures.

ANSWER:   The information requested in Request No. 31 has been previously provided to Plaintiffs' counsel in response to a public records request.

REQUEST NO. 32: All documents received in response to any subpoena or search warrant related to the Incident.

ANSWER:  Any information such as that described in Request No. 32 would be contained in the police report under JPSO Item A-15489-20.

REQUEST NO. 33: All affidavits in support of search warrants containing the term "No charge at this time" or "generalized law enforcement inspection".

ANSWER:  Defendant objects, as this request is vague and confusing.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone:  (504) 834-7676
Facsimile:  (504) 834-5409

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendants, Sheriff Joseph P. Lopinto, III, Chad Pitfield, Ryan Vaught, Steven Mehrtens, Shannon Guidry, Nick Vega, Manuel Estrada, and Myron Gaudet

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 17th day of May, 2021, sent a true and correct copy of the foregoing pleading to counsel for all parties to this proceeding, by mailing same by United States Mail, properly addressed, and first class postage prepaid, and/or via facsimile and/or via e-mail.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)