UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DONNA LOU, ET AL                              *        CIVIL ACTION

VERSUS                                        *        NO.  21-0080

JEFFERSON PARISH SHERIFF'S OFFICE, *          SECTION: "D-2"
ET AL

*     *     *     *     *     *     *     *     *

DEFENDANTS' MEMORANDUM IN RESPONSE/OPPOSITION TO
PLAINTIFF'S MOTION FOR TO DETERMINE CONFLICT FREE
COUNSEL (R. DOC. 18)

**MAY IT PLEASE THE COURT:**

Defendants, SHERIFF JOSEPH P. LOPINTO, III, CHAD PITFIELD,
RYAN VAUGHT, STEVEN MEHRTENS, SHANNON GUIDRY, NICK
VEGA, MANUEL ESTRADA, and MYRON GAUDET, respectfully submit the
following memorandum in response to Plaintiffs' Motion to Determine Conflict
Free Counsel, R. Doc. 18.

I.      **BRIEF STATEMENT OF THE CASE**

This case involves the death of an individual (E.P.) who violently attacked
his father and the responding Deputy that was called to the scene in the parking
lot of the Westgate Shopping Center in Metairie, La. on January 19, 2020. The
call for service was made by a horrified onlooker. R. Doc. 1.

1

The Defendants were called to the scene based upon a report from a business manager that E.P. was violently out of control and severely beating his own father, Plaintiff, in the parking lot.

Defendants arrived to find a horrifying scene. E.P. had severely injured his father. E.P. had bitten his fathers face, leaving open and obvious trauma. E.P. then attacked the Defendants. The Defendants did as best they could to manage E.P., who never stopped resisting their efforts. Defendants at no time used any force beyond that needed to restrain E.P. They did not deploy the use of any intermediate or lethal force devices, weapons or tactics.

As a result of his fierce and violent attack on his father and the officers, his sustained resistance to arrest, and other underlying medical factors, E.P. died.

The only issue in this case is whether any force was used by the Defendant Deputies that was excessive to the need.

## II.   PLAINTIFFS LACK STANDING

In *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83 (5th Cir. 1976), the Fifth Circuit held that, as a general rule, "courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for

disqualification." *Id*. at 88 (emphasis added). The *In re Yarn* court identified a few "narrow exceptions" to this general rule, for cases in which "the unethical change of sides [is] manifest and glaring" or "open and obvious," thereby "confront[ing] the court with a plain duty to act." *Id*. at 88-89 (citations omitted). Because Plaintiffs are not former clients, the Court may disqualify opposing counsel on Plaintiffs' motion only if an alleged conflict fits within *In re Yarn's* narrow exceptions--that is, if the "unethical change of sides" is so "manifest and glaring" or "open and obvious" that it "confront[s] the court with a plain duty to act." *Id*. at 88-89 (citations omitted).

Here, for the reasons below, none of the "narrow exceptions" identified in *In re Yarn* apply and Plaintiffs lack standing to bring their motion.

## III.   DEFENDANTS HAVE CONFLICT FREE COUNSEL

### A.   Legal Standard

Disqualification motions are governed by "state and national ethical standards adopted by the court." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311-12 (5th Cir. 1995) (quoting *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)). "The local rules promulgated by the local court itself are the most immediate source of guidance for a district court." *Id*. at 1312. Nonetheless, because "[m]otions to disqualify are substantive motions," they are decided under

federal law. *Id*. Thus, also relevant are "the ethical rules announced by the national profession," the public interest, and the litigant's rights. *Id*. Courts in the Fifth Circuit look to the "norms embodied in the [ABA] Model Rules and the Model Code " for "the national standards" applicable to disqualification motions. *Id*.

The Eastern District of Louisiana has adopted the Louisiana State Bar Association's Rules of Professional Conduct. *See* Local Civ. Rule 83.2.3. These rules are identical to the ABA's Model Rules of Professional Conduct.

According to Plaintiffs, this case implicates the rule governing conflicts of interests related to current clients. That rule provides, in relevant part:

RULE 1.7. CONFLICT OF INTEREST: CURRENT CLIENTS

(a) . . . a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client [or] a former client . . . .

(b) Notwithstanding the existence of a concurrent conflict of interest . . . , a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) . . . ; and

(4) each affected client gives informed consent, confirmed in writing.

Plaintiffs also assert that the ABA's Model Code, specifically Ethical Canons 5-14, 5-15, and 5-16, are implicated.

### B.    There is No Conflict

Plaintiffs assert that because "all defendants in this matter are represented by the same attorneys: Martiny & Associates[,] Plaintiffs are concerned that this concurrent representation of both the entity of the Sheriff's Office, as well its supervisory and lower-level defendants, is an actual conflict of interest that threatens the integrity of the proceedings, and puts a successful Plaintiffs' verdict at risk on appeal." R. Doc. 18, p. 2.

To support this position, Plaintiffs rely heavily on the Second Circuit's decision in *Dunton v. Suffolk County*, 729 F.2d 903 (2d Cir.), amended, 748 F.2d 69 (2d Cir. 1984). In that case, plaintiff sued a police officer defendant for

battery after plaintiff purportedly made improper advances toward the officer's wife. *Id*. at 905-06. At trial, the officer was represented by county counsel, who argued in his opening statement that the officer "acted as a husband, not even as an officer." *Id*. at 906. Counsel adopted that theory throughout trial and repeated this thesis in his closing statement. *Id*. The Second Circuit held that the subject conflict between the officer and county "surfaced when the County Attorney stated that [the officer] was not acting under color of state law but rather as an 'irate husband.'" *Id*.

While the Second Circuit observed broadly that since *Monell*, "the interests of a municipality and its employee as defendants in a section 1983 action are in conflict," *Id*. at 907, in a footnote, the court clarified that "[it] need not create here a *per se* rule that disqualification is automatic in conflicts of this nature..." *Id*. at 908 n. 4.

Plaintiffs' reliance on *Dunton* is misplaced.

Indeed, despite *Dunton's* sweeping language, courts—including the Second Circuit—have clarified that there is no *per se* rule mandating disqualification where, as here, government counsel represents both the government and an employee in a civil rights challenge. *Restivo v. Hessemann*, 846 F.3d 547, 580 (2d Cir. 2017) (distinguishing *Dunton* on the grounds that

county defendant "was not a party at trial facing a *Monell* claim," the county had previously taken the position that it would indemnify its co-defendant police officer, and counsel proffered "a unified theory of defense benefitting the officer and county.") cert denied, 138 S.Ct. 644 (2018).

The Tenth Circuit and Seventh Circuit agree in principle and have also limited *Dunton* to its facts. *Johnson v. Bd. of Cty. Comm'rs for Cty. of Fremont,* 85 F.3d 489, 493 (10th Cir. 1996) ("While some courts have held separate representation is required in the face of the potential conflict [citing two district courts] . . . we decline to adopt a per se rule. We hold that when a potential conflict exists because of the different defenses available to a government official sued in his official and individual capacities, it is permissible, but not required, for the official to have separate counsel for his two capacities."), cert denied, 117 S. Ct., 611 (1996); *Coleman v. Smith*, 814 F.2d 1142, 1147-48 (7th Cir. 1987) ("We are troubled by the Second Circuit's broad holding that after *Monell* an automatic conflict results when a governmental entity and one of its employees are sued jointly under section 1983. We believe that that holding must be read in context with the factual situation present in *Dunton*.").

Here, Plaintiffs failed to identify any peculiarity in this action, or Counsel's representation in it, that is remotely analogous to the lawyer's missteps in *Dunton*.

Rather, Plaintiffs vaguely assert that there is a possibility that there will be differing theories of liability applied to each defendant. However, the Court has not made any decision on whether the individual Deputies may be entitled to qualified immunity or whether Sheriff Lopinto may be held liable under *Monell*. The Court has not been presented with any concrete evidence of any alleged conflict.

Further, as Plaintiffs acknowledge, Sheriff Lopinto has admitted in his answers to requests for admissions that he will fully indemnify the individual Deputies for any and all damages arising out of this action, including punitive damages. *See* R. Doc. 18-4 (in particular, see Responses to Request for Admissions Nos. 1, 9 and 11).

Moreover, in their Answer, all Defendants have admitted that the individual Deputies were at all times acting in the course and scope of their employment with, and engaged in the lawful discharge of their duties for the Jefferson Parish Sheriff's Office. R. Doc. 9. The affirmative defense of qualified immunity has been asserted on behalf of the Defendant Deputies. *Id*.

What is more, there can be no doubt that all Defendants have vehemently denied any wrongdoing and are fully unified in their belief that the actions of all

Defendants were reasonable and justified. There is no doubt that a dispositive motion will be filed on behalf of the Defendants.

Put simply, at this juncture, there is no reason to suggest that the defendants' incentives in litigating the issues in this case are misaligned.

There is no conflict that is so "manifest and glaring" or "open and obvious" that it "confront[s] the court with a plain duty to act." *In re Yarn*, 530 F.2d at 88-89.

Therefore, the Court can end its inquiry here and deny Plaintiffs' Motion outright.

### C.    Alternatively, the Defendants Waive any Conflict

*In re Yarn* and the Rules of Professional Conduct make clear that the Defendants may waive the conflict: "A former client may consent to the employment of [an] attorney by an adverse party even where the former client is involved in the case as a party." 530 F.2d at 89; Model Rules of Prof'l Conduct R. 1.7(b).

Here, all Defendants have been informed of the issues raised by Plaintiff's motion. All Defendants deny that there is a conflict.

Nonetheless, all Defendants have agreed to sign a written waiver of any alleged present or future conflict.

The undersigned counsel, due to the timing of Plaintiffs' Motion and the number of Defendants, all of whom are law enforcement and have Mardi Gras and other assignments, will need additional time to collect the signatures. The undersigned counsel will provide the waivers within ten (10) days.  The undersigned will then file the waivers as Exhibit 1 to this Opposition (subject to leave of Court).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to determine conflict free counsel should  be DENIED.

Respectfully submitted,

/s/ Daniel R. Martiny

_____
**DANIEL R. MARTINY, LSB# 9012**
**JAMES B. MULLALY, LSB# 28296**
**FRANZ L. ZIBILICH, LSB# 14914**
**JEFFREY D. MARTINY, LSB#35012**
MARTINY & ASSOCIATES, LLC
131 Airline Highway
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 (fax)
e-mail: danny@martinylaw.com

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing motion has been served upon all parties via CM/ECF (PACER) and/or U.S. Mail, postage prepaid, this 25th day of February 2022.

/s/ Daniel Martiny

_____

DANIEL R. MARTINY

11