UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, III | * | CIVIL ACTION |
| VERSUS | * | NO. 21-80 |
| SHERIFF JOSEPH P. LOPINTIO, III ET AL | * | SECTION "D-2" |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS THE FEDERAL CLAIMS AGAINST SHERIFF LOPINTO IN HIS INDIVIDUAL CAPACITY PURSUANT TO FED. R. CIV. P. 12(C) OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

MAY IT PLEASE THE COURT:

Defendant, Sheriff Joseph P. Lopinto, III, in his individual capacity and in his official capacity as the Sheriff of Jefferson Parish, has moved for partial dismissal of Plaintiffs' claims or, alternatively, for summary judgment. Sheriff Lopinto submits that Plaintiff has failed to allege or establish that he participated directly in any of the alleged dilatory conduct and, therefore, has failed to establish a federal claim against him in his individual capacity.

1

## I. BRIEF STATEMENT OF THE BACKGROUND

This case involves the death of an individual (E.P.) who violently attacked his father and the responding Deputy that was called to the scene in the parking lot of the Westgate Shopping Center in Metairie, La. on January 19, 2020. The call for service was made by a horrified onlooker. R. Doc. 1.

The Defendant J.P.S.O. Deputies were called to the scene based upon a report from a business manager that E.P. was violently out of control and severely beating his own father, Plaintiff, in the parking lot.

The Defendant J.P.S.O. Deputies arrived to find a horrifying scene. E.P. had severely injured his father. E.P. had bitten his fathers face, leaving open and obvious trauma.

The Defendant J.P.S.O. Deputies did as best they could to manage E.P.

Regrettably, E.P. expired on the scene.

It is uncontested that Sheriff Lopinto was not on scene during any of the relevant events; Plaintiffs do not allege otherwise. R. Doc. 1.

It is uncontested that Sheriff Lopinto did not participate in any of the subject events; Plaintiffs do not allege otherwise. *Id*.

It is uncontested that Sheriff Lopinto did not direct any of the actions of the Defendant Deputies; Plaintiffs do not allege otherwise. *Id*.

## II. LEGAL STANDARDS

### A. RULE 12(c)

A motion under Rule 12(c) is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss. *See Pasdon v. City of Peabody*, 417 F.3d 225 (1st Cir. 2005). A district court may dismiss a complaint for failure to state a claim upon which relief may be granted when the plaintiff fails to set forth factual allegations in support of her claim that would entitle her to relief.[1] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[2] The

---
1 *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).
2 *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1974.

3

United States Supreme Court recently clarified the foregoing standard of review.

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[3]

A court may consider matters of public record, and other materials subject to judicial notice, without converting the motion to one for summary judgment. *See* Baicker-McKee, Janssen & Corr, *Federal Civil Rules Handbook, Sixth Edition*, (1999), *citing*, amongst others, *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n. 14 (5th Cir. 1997)(contents of public records).

## B. RULE 56

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together

---

3 *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949-1950 (2009) (*citing Twombly*, 550 U.S. 544,127 S.Ct. 1955; Fed. Rule Civ. Proc. 8(a)(2)).

with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4] If the moving party has made an initial showing that there is no evidence to support the non-moving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.[5] Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[6] The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.[7] Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support Plaintiff's opposition to Defendant's motion.[8]

---

[4] Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[5] *Matsushita*, 475 U.S. at 586, 106 S.Ct 1348 (1986).
[6] *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (La. All. Ct. 5 Cir.)., cert denied, 513 U.S. 871, 115 S. Ct 195 (1994).
[7] *Ragas*, 136 F.3d at 458.
[8] *Id.*; *Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 915-16 & n.7 (5th Cir.)., cert denied, 506 U.S. 832, 113 S. Ct. 98 (1992).

## III. PLAINTIFF'S FEDERAL CLAIMS AGAINST SHERIFF LOPINTO IN HIS INDIVIDUAL CAPACITY FAIL

"Well settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury."[9]

As set forth above, Plaintiffs must satisfy a heightened pleading standard to state a § 1983 claim against Sheriff Lopinto in his individual capacity by alleging "specific conduct and actions giving rise to constitutional violations." *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir.2003). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]

In *Iqbal v. Aschroft*[11], the Supreme Court held as follows:

---

9 *Mouille v. City of Live Oak, Texas*, 977 F.3d 924, 929 (La. App. 5 Cir. 11/20/92) (citations omitted).
10 *Twombly*, 127 S.Ct. at 1964-1965.
11 *Iqbal v. Aschroft*, 129 S.Ct. 1937 (2009).

> Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. In a § 1983 suit or a *Bivens* action-where masters do not answer for the torts of their servants-the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct. In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, purpose rather than knowledge is required to impose *Bivens* liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities.

*Iqbal*, 129 S.Ct. 1937, 1948-1949.

In the present case, the Plaintiffs do not allege and cannot show, nor is there any evidence in the record from which the Court could possibly infer that Sheriff Lopinto participated directly in any of the subject events. *See* R. Docs. 1. Plaintiffs do not even all allege that the Sheriff was at the scene.

Therefore, Plaintiffs' claims against Sheriff Lopinto in his individual capacity should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' claims against Sheriff Lopinto in his individual capacity should be dismissed.

Respectfully submitted,

**/s/ Daniel R. Martiny**
_____
**DANIEL R. MARTINY, LSB#9012**
FRANZ L. ZIBILICH, LSB#14914
MARTINY & ASSOCIATES, LLC
131 Airline Drive
Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
Email: danny@martinylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

/s/ Daniel R. Martiny

_____
**DANIEL MARTINY**