UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA LOU, *et al.* | Case No. 2:21-cv-00080 |
| Plaintiffs, | Judge Wendy B. Vitter |
| v. | Magistrate Judge Donna P. Currault |
| SHERIFF JOSEPH P. LOPINTO, III, *et al.* | Jury Demanded |
| Defendants. | |

## **Plaintiffs' Opposition to Sheriff Lopinto's Motion for Partial Summary Judgment or Judgment on the Pleadings**

On March 29, 2022, Sheriff Joe Lopinto filed a motion for partial summary judgment / judgment on the pleadings. R. Doc. 49.

The motion makes a single argument: that all federal claims against Sheriff Lopinto in his individual capacity should be dismissed because he was not "at the scene" of E.P.'s death and did not "participate[] directly" in the physical actions that led to E.P.'s death. *Id.*

The Sheriff's argument is premised on an error of law. A supervisor like Sheriff Lopinto does not have to be at the scene or participate directly in physical actions to be liable for a constitutional claim. He can be liable for failures of training, policy, and supervision that lead to constitutional violations. The Sheriff's motion concedes as much, noting that a supervisor can be liable for implementing "unconstitutional policies that causally result in plaintiff's injury." R. Doc. 49-1 at 6.

Because the premise of the Sheriff's argument is wrong, his motion should be denied.

**I. Lopinto's motion should be denied because it wrongly assumes direct participation "at the scene" is required for supervisory liability.**

In his motion, Sheriff Lopinto asks to be dismissed individually from Plaintiffs' federal claims because:[1]

> Plaintiffs do not allege and cannot show, nor is there any evidence in the record from which the Court could possibly infer that Sheriff Lopinto participated directly in any of the subject events. See R. Docs. 1. Plaintiffs do not even all allege that the Sheriff was at the scene.

That argument assumes a premise: that a person must "participate directly" or be "at the scene" to be liable for a Section 1983 claim. The Sheriff cites no authority for that premise. And that premise is wrong.

Sheriff Lopinto may be thinking of the black-letter rule that supervisory officials are not vicariously liable for constitutional violations caused by their subordinates. *E.g., Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002); *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009).

But the lack of vicarious liability does not mean that a supervisory official must be at the scene or directly engaged in physical acts of violence to be liable. He can still be liable for his acts of supervision and policymaking that lead to the constitutional violation.

For example, a defendant-supervisor is liable if he "implements unconstitutional policies that causally result" in the violation. *Porter v. Epps*, 659

---

[1] At some points in his motion and memo, Sheriff Lopinto asks to be dismissed in his individual capacity from "federal claim[s]." R. Doc. 49 at 1, 49-1 at 1, 6. At other points, he asks to be dismissed in his individual capacity from all claims. R. Doc. 49 at 2, 49-1 at 8. His argument, however, only discusses federal claims.

The motion is also replete with errors. For example, the caption alone contains four problems: it incorrectly identifies Plaintiff Lou as a "III," does not comply with L.R. 10.1's requirements about identifying judges, does not add an "*et al.*" for Plaintiffs, and spells Sheriff Lopinto's name wrong.

F.3d 440, 446 (5th Cir. 2011). He can also be liable for a failure to adopt policies. *Id.* ("A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights."), *quoting Rhyne v. Henderson Cnty.,* 973 F.2d 386, 392 (5th Cir.1992). And he can also be liable for failure to supervise or train if. *Porter, supra,* 659 F.3d at 446 (supervisory liability attaches when "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."), *quoting Goodman v. Harris Cnty.,* 571 F.3d 388, 395 (5th Cir. 2009).

Here, the parties agree that Sheriff Lopinto was not physically present when JPSO deputies handcuffed and shackled a disabled child and then sat on him until he died.

But Plaintiffs are not suing the Sheriff for his physical presence or actions. They are suing him for the actions and omissions he personally took in his role as a supervisor and policymaker. *See* R. Doc. 1 at ¶ 16 (noting responsibility of Lopinto for the "policies, procedures, training, assignments, supervision and discipline of JPSO deputies"); ¶¶ 298-322 (describing pattern of JPSO asphyxia deaths and failures of policy, training, supervision, and discipline). The Complaint specifically articulates that the theory of liability against Sheriff Lopinto individually is these failings of policy, hiring, training, discipline, and supervision, not individual participation. *Id.* at ¶¶ 408-429. The allegations are bolstered by factual detail and agency history, ensuring that they satisfy the *Iqbal/Twobly* plausibility standard. *See id.* at ¶ 29 *et*

*seq.* (describing factual detail of actions of a range of officers); ¶ 290 *et seq.* (contrasting well-established knowledge regarding positional asphyxia with JPSO- and Lopinto-specific history).

Thus, because Lopinto's motion wrongly assumes he must have been physically present or participating directly to be liable, it should be denied.[2]

## II. Conclusion

Plaintiffs respectfully request that this Court deny Sheriff Lopinto's motion.

RESPECTFULLY SUBMITTED,

*/s/Andrew C. Clarke*
Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (# 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com

---

[2] Plaintiffs note that the filing of this motion bolsters' their Motion to Determine Conflict-Free Counsel. R. Doc. 18. JPSO Defendants' counsel represents both the Sheriff and the seven individual officer defendants. But of all the claims in the case against all their clients, Defendants' counsel chose to challenge only one issue at the pleading stage – Sheriff Lopinto's personal liability. That choice strengthens the inference that JPSO Defendants' counsel are not treating their clients equally, as the rules of ethics require.