MINUTE ENTRY
CURRAULT, M. J.
APRIL 13, 2022
MJSTAR: 0:22
Court Reporter: Karen Ibos

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA LOU, ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-80 |
| SHERIFF JOSEPH P. LOPINTO, III, ET AL | SECTION "D" (2) |

Pursuant to an Order of Reference, the Honorable Wendy B. Vitter referred Plaintiffs' Motion to Disqualify Counsel (ECF No. 18) to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 41.

The Court held oral argument via videoconference on this date on Plaintiffs' Motion to Disqualify Counsel (ECF No. 18). Defendants filed an Opposition. ECF No. 23. Plaintiffs sought leave and filed a Reply and a Notice of Supplemental Authority. ECF Nos. 33–35, 56–57. Defendants filed a Supplemental Opposition to include its "Conflicts of Waiver Letter" as an additional exhibit. ECF No. 40.

Participating were: William Brock Most and Andrew Clarke for Plaintiffs;

Franz L. Zibilich for Defendants.

Having considered the record, the submissions and arguments of the counsel, and the applicable law, for the reasons stated on the record, the Court finds that the inherent potential conflict arising from counsel's representation of the Sheriff's Office and individual officers in a § 1983 case is obviated in this case by the Defendants' discovery responses confirming that the individual officers were acting in the scope of their official duties, the Sheriff Office's agreement

to indemnify the individual officers from liability for compensatory and punitive damages, and defense counsel's confirmation that all parties are in alignment on their defenses. The conflicts waiver letter filed in the record (ECF No. 40-1), however, is insufficient to establish informed consent of the conflict waiver.

In light of the court's duty to refrain from interfering with a party's choice of counsel absent an "open and obvious" conflict of interest[1] and the availability of less severe measures when a party raises only speculative or potential conflicts rather than an actual conflict,[2]

**IT IS ORDERED** that, within 14 days, counsel for Defendants file a separate Affidavit by each Defendant to establish informed consent has been provided, which Affidavit should confirm that counsel (a) met with the defendant; (b) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (c) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (d) explained the effect of the indemnification agreement and the waiver of potential conflicts; (e) confirmed that the defendant was notified that the Sheriff's Office would pay for separate counsel, if necessary; and (f) confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver of potential conflicts before waiving same. If anything contained in these Affidavits contain confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit(s) may be filed UNDER SEAL;

---

[1] *In re Yarn Processing Pat. Validity Litig.*, 530 F.2d 83, 89 (5th Cir. 1976).
[2] *Nagle v. Gusman*, No. 12-1910, 2015 WL 1525827, at *3, *7–8 (E.D. La. Apr. 2, 2015) (Vance, J.) (describing procedure to ensure informed consent of potential conflict waiver); *see also Fletcher v. Whittington*, No. 18-1153, 2021 WL 5447025, (W.D. La. Sept. 17, 2021) (denying motion to disqualify counsel for municipality and individual officers in § 1983 case where movant speculated and hypothesized conflicts but did not present evidence of an actual conflict that required counsel to chose between possible alternative courses of action that compromised duties to defendants).

**IT IS FURTHER ORDERED** that, within 14 days, defense counsel provide his own affidavit averring (a) that he reasonably believes that he will be able to provide competent and diligent representation to each defendant; (b) that the Sheriff's Office has agreed to indemnify the individual defendants for compensatory and punitive damages, costs, and attorneys' fees; and (c) that counsel has met with each defendant and (1) explained the litigation, the claims against the defendant, and the ways in which the defendant's interest is potentially adverse to the interests of other defendants represented by the same counsel; (2) explained the ramifications of the potential conflicts and the ways in which counsel's representation of the defendant may be limited by its obligations to other defendants; (3) explained the effect of the indemnification agreement and the waiver of potential conflicts; (4) confirmed that the defendant was notified that the Sheriff's Office would pay for separate counsel, if necessary; and (5) confirmed that the defendant was offered an opportunity to consult with separate counsel regarding the waiver of potential conflicts before waiving same. If anything contained in the Affidavit contains confidential client information or information subject to the attorney-client privilege or work product doctrine, the Affidavit may be filed UNDER SEAL;

**IT IS FURTHER ORDERED** that, absent further Order of this Court finding any insufficiency with the Affidavits, Plaintiffs' Motion to Disqualify Counsel (ECF No. 18) is DENIED, reserving to Plaintiffs the right to file a new Motion to Disqualify should a non-waivable, actual conflict of interest arise later in this litigation.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE