## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA LOU, *et al.* | ) Case No. 2:21-cv-00080 |
| | ) |
| Plaintiffs, | ) Judge Wendy B. Vitter |
| v. | ) Magistrate Judge Donna P. Currault |
| | ) |
| SHERIFF JOSEPH P. LOPINTO, III, *et al.* | ) Jury Demanded |
| | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF
### MOTION TO STRIKE *EX PARTE* COMMUNICATIONS

COME NOW, the Plaintiffs, through undersigned counsel, who submit the Memorandum in Support of Plaintiffs' Motion to Strike *Ex Parte* Communications.

### A. Introduction

This motion addresses Defendants' counsel's April 13, 2022 *ex parte* communications directed to this Court.

On that date, Defendants' counsel privately contacted the Court by email to argue why Defendants did not intend to fully comply with this Court's order on a motion to compel unless further ordered by the Court. Defendants did not copy Plaintiffs on the communication.

Because that *ex parte* communication violates Local Rule 77.1, Plaintiffs ask that this Court disregard it. If Defendants wish to move this Court for reconsideration of its order on the motion to compel or a protective order, Plaintiffs suggest that such a request must be submitted through a noticed motion. Otherwise, Plaintiffs ask that the Court direct Defendants to fully comply with its order, including production of the documents provided *ex parte* to the Court.

1

## B. Discussion

This Court's Local Rule 77.1 orders that "[e]xcept as to applications normally considered and acted upon *ex parte*, no *ex parte* communication with a judge in chambers is allowed, except upon notice of the date and hour of the proposed conference to opposing counsel, or if counsel is unknown, to the opposing party."

Thus, when parties contact a court on substantive issues without prior permission and without copying the other parties, the result is improper *ex parte* communication. *See Babu v. Ahern*, 18-cv-07677, R. Doc. 260 (N.D. Cal., July 15, 2021) (finding "improper ex parte communication" when a party wrote to the court without prior permission and without copying the other parties); *USA ex rel Scollick v. Narula*, 14-cv-01339, R. Doc. 269 (D.D.C. May 22, 2019 (finding "improper ex parte communication" when a party wrote to the court without copying other parties, and not at the court's request).

Here, on March 24, 2022, this Court granted Plaintiff's motion to compel in part. R. Doc. 47. The Court ordered Defendants to produce certain "claims, complaints or investigations regarding efforts to subdue with use of force or restraints." *Id*. at 20. The Court ordered that Defendants produce these documents within twenty-one days, along with a privilege log. *Id*. at 23.

Defendants did not object to that order. Nor did they seek a protective order allowing for confidentiality designation of sensitive documents. Nor did they file a motion seeking in camera review of potentially sensitive documents.

Instead, they provided Plaintiffs with some – but not all – of the responsive documents. They did not provide a privilege log noting the withheld documents, despite the Court's order regarding a privilege log.

Then, on April 13, 2022, Defendants' counsel privately emailed this Court's chambers, without copying Plaintiffs' counsel, indicating that they were specifically withholding six responsive records "that concern on-going criminal investigations" unless the "Court orders their production." Ex. A. (Notably, "on-going criminal investigations" was not an objection Defendants made to the original discovery request. See R. Doc. 21-4.)

In response, this Court asked Defendants counsel whether they had advised Plaintiffs' counsel of the withholding of records and *ex parte* contact with the Court. Ex. A. Defendants' counsel had not done so at that time. Defendants' counsel did so the day, after the Court's prompting. Only at that point did Plaintiffs learn that Defendants were conducting *ex parte* communications with the Court and secretly withholding documents without notation in a privilege log.

To the extent that Defendants are asking this Court to conduct an *in camera* review of documents to relieve them from compliance with R. Doc. 47, Defendant's *ex parte* request is in the nature of a request for reconsideration or a request for a protective order. For that reason, it falls outside of the scope of what Local Rule 77.1 allows for *ex parte* communications.

If Defendants feel that the Court has ordered production of documents that are sensitive in nature, there is a process for addressing that concern. The parties can meet and confer, draft a consent protective order limiting the use and circulation of such documents, and submit it to the Court for approval. Defendants, however, skipped that process and instead asked for *ex parte* relief from the Court. They did not tell Plaintiffs about the contact until prompted by the Court. And they still have not provided a privilege log.

3

## C. Conclusion

Plaintiffs ask this Court to disregard Defendants' *ex parte* request. Plaintiffs suggest that Defendants file whatever motion they deem appropriate for the relief they seek from the Court's order. And Plaintiffs ask the Court order Defendants' counsel copy them on all further communications with the Court, unless permission for in camera review has been granted in advance.

RESPECTFULLY SUBMITTED,

*/s/Andrew C. Clarke*
Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (BPR # 36914)
Law Office of William Most, L.L.C.
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com