UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL | * | CIVIL ACTION NO 21-80 |
|     Plaintiffs | * | |
| | * | SECTION: D-2 |
| VERSUS | * | |
| | * | JUDGE: VITTER |
| | * | |
| JOSEPH P. LOPINTO, ET AL. | * | MAGISTRATE: CURRAULT |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SHERIFF LOPINTO'S RESPONSE TO PLAINTIFFS' "LIST OF MATERIAL FACTS" ATTACHED TO THEIR MOTION FOR SUMMARY JUDGMENT(R. DOC. 93) AND STATEMENT OF UNCONTESTED MATERIAL FACTS**

Defendant, Sheriff Joseph P. Lopinto, III, in his official capacity as the Sheriff of Jefferson Parish ("Sheriff Lopinto"), responds to Plaintffs' "List of Material Facts" attached to their Motion for Summary Judgment at R. Doc. 93-2 as follows:

1. "On January 19, 2020, E.P. died in the custody and care of deputies with the Jefferson Parish Sheriff's Office in the parking lot of the Westgate Shopping Center in Metairie, La." R. Doc. 93-2.

**RESPONSE**:

The Sheriff denies that E.P. was "in the custody" of Deputies at the time he died. This is a legal conclusion and is otherwise denied.

2. "On January 20, 2020, JPSO began seeking criminal search warrants

regarding E.P. and his father." R. Doc. 93-2.

**RESPONSE**:

    The Sheriff denies this statement as written. Further, this alleged fact is neither genuine, nor material to any issue before the Court.

3.   "None of the search warrant applications identified a crime." R. Doc. 93-2.

**RESPONSE**:

    Denied.

4.   "A 30(b)(6) representative for Sheriff Lopinto in his official capacity testified that the 'only crime that could have conceivably been considered at that point would be one by deputy or deputies against Eric Parsa.'" *Id*.

**RESPONSE**:

    Denied. This alleged fact is neither genuine, nor material. Corporate deposition testimony is not relevant to any issue before the Court.

5.   "A 30(b)(6) representative for Sheriff Lopinto in his official capacity testified that 'JPSO didn't have any reason to suspect a crime was committed against EP at the time of this search warrant application.'" *Id*.

**RESPONSE**:

    Denied. This alleged fact is neither genuine, nor material. Corporate deposition testimony is not relevant to any issue before the Court.

6.   "A 30(b)(6) representative for Sheriff Lopinto in his official capacity

testified that there nothing 'about the search warrants for EP that is inconsistent with the way Sheriff Lopinto requires that they be used.'" R. Doc. 93-2.

**RESPONSE**:

Denied. This alleged fact is neither genuine, nor material. Corporate deposition testimony is not relevant to any issue before the Court.

Sheriff Lopinto submits the following statement of material facts which are uncontested:

1. E.P. violently attacked his father and the responding Deputy that was called to the scene in the parking lot of the Westgate Shopping Center in Metairie, La. on January 19, 2020. The call for service was made by a horrified onlooker. R. Doc. 1.

2. The Defendant J.P.S.O. Deputies were called to the scene based upon a report from a business manager that E.P. was violently out of control and severely beating his own father, Plaintiff, in the parking lot.

3. Plaintiff, Mr. Darren Parsa, E.P.'s father and victim, sustained severe injuries.

4. The Defendant J.P.S.O. Deputies arrived to find a horrifying scene.

5. E.P. had severely injured his father. E.P. had bitten his fathers face, leaving an open wound and other obvious injuries and trauma.

6. The Defendant J.P.S.O. Deputies did as best they could to manage E.P., who never stopped resisting their efforts.

7. Regrettably, E.P. expired on the scene.

8. Plaintiffs attach seven applications for and search warrants to their Motion. R. Doc. 93-4.

9. The first search Warrant ("warrant 1") is for EMS records for E.P. on January 19, 2020. *Id.;* Warrant 1, attached as Exhibit 1.

10. The second search Warrant ("warrant 2") is for E.P.'s medical records from East Jefferson General Hospital on January 19, 2020. *Id.;* Warrant 2, attached as Exhibit 2.

11. The third search warrant ("Warrant 3") is for E.P.'s medical records from Ormond Pediatrics in St. Charles Parish. *Id.;* Warrant 3, attached as Exhibit 3.

12. The fourth search warrant ("Warrant 4") is for Mr. Parsa's medical records from East Jefferson General Hospital on January 19, 2020. *Id.;* Warrant 4, attached as Exhibit 4.

13. The fifth search warrant ("Warrant 5") is for records from WWLTV regarding the subject incident on January 19, 2020. *Id.;* Warrant 5, attached as Exhibit 5.

14. The sixth search warrant ("Warrant 6") is for E.P.'s school records from Destrehan High School. *Id.;* Warrant 6, attached as Exhibit 6.

15. The seventh Search warrant ("Warrant 7") is for other records relative to E.P. from Destrehan High School. *Id.;* Warrant 7, attached as Exhibit 7.

16. Warrants 1 (E.P.'s EMS records), 2 (E.P.'s EJGH records), 3 (E.P.'s Pediatric records) and 6 and 7 (E.P.'s Destrehan High School records) all sought E.P.'s records, not the Plaintiffs. The Plaintiffs do not have standing to challenge these warrants.Warrants 1 (E.P.'s EMS records), 2 (E.P.'s EJGH records), 3 (E.P.'s Pediatric records) and 6 and 7 (E.P.'s Destrehan High School records) all sought E.P.'s records, not the Plaintiffs.

17. The Plaintiffs do not have standing to challenge the warrants for E.P.'s records. *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir.)("[T]he Sec. 1983 civil rights action is a personal suit. **It does not accrue to a relative, even the father of the deceased."**)(emphasis added) cert. denied, 459 **U.S.** 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *see also Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir.1986); *Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1187 (10th Cir.1985); *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

17. The Plaintiffs do not plead a cause of action in their Complaint regarding Warrant 5 (the WWLTV records). R. Doc. 1.

18. The Plaintiffs do not have standing to challenge Warrant 5 (the WWLTV records). *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

19. The Plaintiffs do not plead a cause of action in their Complaint regarding Warrant 4 (seeking Mr. Darren Parsa's medical records from January 19, 2020). R. Doc. 1.

20. Warrant 4 (seeking Mr. Darren Parsa's medical records from January 19, 2020) is a valid warrant supported by probable cause.

Respectfully submitted,

/s/ Daniel Martiny

_____
**DANIEL R. MARTINY, LSB# 9012**
**FRANZ L. ZIBILICH, LSB# 14914**
**MARTINY & ASSOCIATES, LLC**
131 Airline Highway
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 (fax)
e-mail: danny@martinylaw.com