UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P. LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

**Reply in Support of Plaintiff's Motion for Partial Summary Judgment**

In 2020, JPSO deputies handcuffed and shackled a severely autistic child, E.P., and sat on him until he died. JPSO then sought seven search warrants: five for E.P.'s medical and school records, one for the medical records of Plaintiff Darren Parsa, and one for unedited video footage from WWLTV.

At deposition, Sheriff Lopinto's 30(b)(6) representative admitted that JPSO sought the warrants even though "JPSO didn't have any reason to suspect a crime."[1] Without any reason to suspect a crime, there can be no probable cause. And so Plaintiffs moved for partial summary judgment on their Fourth Amendment claim.

In response, the Sheriff defends only *one* of the seven warrants as a "valid warrant supported by probable cause." R. Doc. 96-1 at pg. 6. For the other six, the Sheriff only argues a lack of standing or that the claim is not plead in Plaintiffs' complaint. See chart below.

The Sheriff's arguments lack merit. First, Plaintiffs have standing to sue on

---

[1] Plaintiffs' motion is against Sheriff Lopinto in his official capacity. In that capacity, the Sheriff is the same as the governmental entity. *See Thomas v. Pohlmann*, No. 16-30798, 2017 WL 1031282, at *5 (5th Cir. March 15, 2017). Accordingly, the Sheriff in his official capacity is bound by the testimony of the 30(b)(6) witness he proffered to provide answers under oath. *See Hacker v. Cain*, 14-cv-00063-JWD-EWD, Doc. 235 (M.D. La., Jan. 17, 2017) ("statements made by Defendants' corporate representatives during a 30(b)(6) deposition . . . are binding on the party"); *Lewis v. Cain* 15-318-SDD-RLB (M.D. La. Feb. 26, 2018) (finding governmental entity "bound" by 30(b)(6) testimony).

1

E.P.'s behalf pursuant to Louisiana's survival statute, as incorporated by 42 U.S.C. § 1988. Second, Plaintiffs' complaint sufficiently provided a short and plain statement of the Fourth Amendment claim, and Defendants cite no case law for the proposition that a complaint must list every single illegal act by a Defendant. And finally, Defendant's counsel's only argument for probable cause for Warrant 4 – that there was probable cause for criminal "use of force by law enforcement officials" – is squarely contradicted by Defendant's testimony.

Plaintiffs' motion should therefore be granted, with the sole exception of liability for the WWL-TV warrant. As discussed herein, Plaintiffs withdraw their Fourth Amendment claim regarding that particular warrant.

In all other respects, the motion should be granted.

**Chart 1:    Defendant's Arguments in Opposition to Partial Summary Judgment**

| Warrant | Defendant's Arguments in Opposition | | |
|---|---|---|---|
| | Plaintiffs Lack Standing | Claim Not Plead | No *Monell*, Because No Underlying Constitutional Violation |
| 1 (EP EMS Records) | X | | |
| 2 (EP Medical Records) | X | | |
| 3 (EP Pediatric Records) | X | | |
| 4 (Daren Parsa Medical) | | X | X |
| 5 (WWL-TV Footage) | | X | |
| 6 (EP High School Records) | X | | |
| 7 (EP High School Records) | X | | |

I.  Analysis

A.  **Plaintiff's motion should be granted because Defendant's response to the material facts violates FRCP 56, and Defendant has therefore not identified any material disputed fact.**

Federal Rule of Civil Procedure 56(c)(1) requires that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to specific evidence. Alternatively, a party can show that the materials cited "do not establish the absence or presence of a genuine dispute" or show that "an adverse party cannot produce admissible evidence to support the fact." This burden on a party opposing summary judgment "is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence."[2]

Here, Defendant does not even try to comply with FRCP 56(c)(1). Instead, he offers flat denials of Plaintiffs' material facts, without citation to any evidence. For example, the entirety of his response to Material Fact # 2 is the word "Denied."[3]

For some facts he provides limited explanation, but those explanations are largely non sequiturs. For example, Defendant states that the 30(b)(6) deposition testimony of Sheriff Lopinto in his official capacity "is not relevant to any issue before the Court,"[4] even though this motion is against Sheriff Lopinto in his official capacity. Why is the Sheriff's official capacity testimony not relevant in a motion against the Sheriff in his official capacity? The Sheriff does not say.

Furthermore, some of Defendant's denials of material facts are contrary to his

---

[2] *Coder v. M-I, LLC*, 17-cv-15074-WV, R. Doc. 57 at *5-6 (E.D. La., Oct. 25, 2019), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[3] *Id.* at 2.
[4] *Id.* at 2, 3.

3

previous admissions in this case. For example, Defendant "denies that E.P. was 'in the custody' of Deputies at the time he died."[5] But Defendant <u>already admitted that</u> in his Answer.[6]

Because Defendant's denials violate FRCP 56(c)(1) and are contrary to their prior admissions, Defendant has failed to carry his burden of identifying any disputed material fact. Plaintiff's motion should be granted.

**B.   The motion should be granted because Plaintiffs have standing to sue on E.P's behalf per 42 U.S.C. § 1988 incorporating Louisana's survival statute.**

A plaintiff in federal court must have Article III standing. And as a general principle, "a person may not sue for the violation of another's civil rights."[7] Similarly, Fourth Amendment rights are "personal rights" which "may not be vicariously asserted" by a third party.[8] But when a person dies, the question arises of who can sue for the vindication of the decedent's civil rights. Because Section 1983 does not address the question of survival of a deceased's claim, 42 U.S.C. § 1988 directs that the law of the state in which the action is brought supplies the relevant rule.[9] For that reason, the Fifth Circuit has held that Section 1988 "incorporates the right of survival under the state statute as part of the federal

---

[5] R. Doc. 96-1 at ¶ 1.
[6] Compare R. Doc. 1 (Complaint) at ¶ 1 ("This case involves the tragic death of a 16-year-old severely autistic child, (E.P.), while in the custody and care of deputies with the Jefferson Parish Sheriff's Office ") with R. Doc. 9 at pg. 3 ("The allegations contained in paragraphs 1 . . . are admitted.") Also, JPSO's supplemental report regarding the incident describes it on page one as an "In-Custody Death."
[7] *McGowan v. Maryland*, 366 U.S. 420 (1961).
[8] *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978).
[9] 42 U.S.C. § 1988 ("in all cases where [laws including 42 U.S.C. § 1983] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause").

4

Act."[10] In Louisiana, Civil Code Articles 2315.1 and 2315.2 list the parties who may pursue survival and wrongful death actions. Those statutes define who has standing to pursue Section 1983 claims on a decedent's behalf.[11] If a person dies with no surviving spouse or children, the "surviving father and mother of the deceased" have standing to sue.[12]

Here, Defendant argues that Plaintiffs lack Article III and Fourth Amendment standing for 1, 2, 3, 6, and 7.[13] His Article III argument is that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else."[14] His Fourth Amendment argument is that "Warrants 1-3 and 6 and 7 sought E.P.'s records, not the Plaintiffs."[15]

Defendant is correct that generally a person cannot sue for the violation of another person's constitutional rights. But here, the Plaintiffs are E.P.'s parents. They are suing both on their own behalf and on behalf of their deceased son.[16] Because E.P. died without a spouse or children,[17] his parents have standing to sue. Thus, Plaintiffs are not suing for E.P.'s rights on their own behalf. They are suing for E.P.'s rights on E.P.'s behalf – as Louisiana law incorporated through 42 U.S.C. § 1988 allows them to do.

Defendant's opposition does not engage with – or even suggest awareness – of

---

[10] Brazier v. Cherry, 293 F. 2d 401 fn. 20 (5th Cir. 1961). *See also See Rhyne v. Henderson County*, 973 F.2d 386, 390-91 (5th Cir.1992) (finding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes), *as cited in Pluet v. Frasier*, 355 F.3d 381 (5th Cir. 2004).
[11] *See Bedingfield v. Deen*, 09-cv-369 (W.D. La., July 27 2011).
[12] Civil Code Articles 2315.1(A)(2) and 2315.2(A)(2).
[13] Doc. 96 at 5-8.
[14] Doc. 96 at 6.
[15] *Id*. at 8.
[16] See Doc. 1 at 1 (caption reads "DONNA LOU and DAREN PARSA, on their own behalf and on behalf of their deceased minor child, E.P.")
[17] Ex. A (Declaration of Daren Parsa).

the intersection between Section 1988 and Louisiana's survival statute. Plaintiffs' motion should therefore be granted, with one exception.

That exception is the WWLTV warrant. That warrant was certainly unlawful, as it was obtained without probable cause. However, after consideration, Plaintiffs agree the WWLTV warrant is distinct from the others in that it did not seek E.P. or Daren Parsa's medical or educational records. Therefore, Plaintiffs agree that they do not have standing to challenge the unlawfulness of that warrant. Plaintiffs therefore withdraw their Fourth Amendment claim specifically as it pertains to the WWLTV warrant. In all other respects, the motion should be granted.

**C.   Plaintiff's motion should be granted because they sufficiently plead a Fourth Amendment claim.**

Defendant argues that Plaintiffs' complaint fails "to allege a cause of action" concerning the warrant for WWL-TV footage or the warrant for Daren Parsa's medical records.[18] Defendant therefore concludes that there "is no issue before the Court to resolve" for these two warrants[19]

The implicit premise of Defendant's argument is that a complaint must list every single example of a pattern of misconduct in order to have a claim for those examples. Defendant cites no authority for that premise. And the premise is wrong. According to Fifth Circuit caselaw, a complaint "need not contain detailed factual allegations" but rather contain "sufficient facts to establish a plausible claim on its face."[20] As a result, a plaintiff:

> need not allege in her complaint every fact that she might need to prove to prevail on the merits. . . . This simplified notice pleading standard

---
[18] Doc. 96 at 8-10
[19] Doc. 96 at 10.
[20] *Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021).

6

need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which [it] rests. The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim.[21]

That is exactly what happened here. Plaintiffs' complaint explained that JPSO "improperly used its criminal investigatory powers in an effort to collect evidence to protect it from civil liability."[22] The complaint articulated that JPSO used search warrants without evidence or description of a crime.[23] The complaint provided specific examples of warrants for E.P.'s medical and school records.[24] And it alleged that the Fourth Amendment was thus violated.[25] And then discovery and summary judgment articulated the full scope of that constitutional violation.

Because Defendant offers no authority for his proposed rule that the complaint must list every search warrant, Plaintiff's motion should be granted. In the alternative, Plaintiffs requests leave to amend their complaint to list each unconstitutional search warrant.

**D.   Plaintiffs' motion should be granted because Defendant's counsel's argument of probable cause for Warrant 4 is contrary to Defendant's testimony.**

Defendant's final argument is specific to Warrant 4 (Daren Parsa's medical

---

[21] *Scott v. Crosby Energy Servs.*, 19-cv-12736 (E.D. La., May 18, 2020), *quoting Goss v. Hardy Energy Servs., Inc.*, No. 09-0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010), *citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). *See also Laura v. Fuji Component Parts U.S., Inc.* (S.D. Ind. 2016) ("Even under the recast requirements imposed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the complaint need not list all claims or specify all legal theories. It is subject to being freely amended or constructively amended as the case develops, so long as the amendments do not unfairly surprise or prejudice the defendant."); *Nanoexa Corp. v. Univ. of Chicago,* 10-cv-7177 (N.D. Ill., Apr. 13, 2011) ("a complaint need not list the plaintiff's every contractual obligation and allege that each has been substantially performed").
[22] Doc. 1 at ¶ 318.
[23] *Id*. at ¶¶ 316-317.
[24] *Id*. at ¶¶ 313-314.
[25] Doc. 1 at ¶ 12, 315, 317, 386, 391.

records). That argument is that there cannot be *Monell* liability for Warrant 4 because there is no underlying constitutional violation.[26] Defendant's brief contends there is no underlying violation because:

> given the totality of the circumstances, the Affidavit [for Warrant 4] stated probable cause that the records sought had a sufficient nexus to the potential criminal activity that was being investigated, the use of force by law enforcement officials.[27]

That is the argument of Defendant's counsel. It is not the testimony of Defendant, however. The testimony of the Defendant (via his proffered 30(b)(6) representative) is that there was "no indication to believe that a crime had been committed,"[28] no "direct suspicion" that an officer had committed a crime,[29] and not even any "indication of wrongdoing on [the officers'] part."[30]

If counsel's argument were correct – that JPSO was conducting a criminal investigation of its officers and had developed probable cause that they committed one or more crimes – then Defendant's 30(b)(6) witness committed repeated perjury by saying there was no suspicion that an officer committed a crime. If counsel's argument were correct, then JPSO repeatedly violated R.S. 40:2531(B)(1), which requires that an "officer being investigated shall be informed, at the commencement of interrogation, of the nature of the investigation." (Not a single one of the officers was informed during their interview that it was a criminal investigation, nor was any officer given any

---

[26] Note: Defendants argue that "Plaintiffs fail to show that Warrant 4 was sought and obtained in violation of the clearly established law." Doc. 96 at 15. But qualified immunity is not a defense to a *Monell* claim, and so Plaintiffs do not have to show that the law was "clearly established."
[27] Doc. 96 at 22.
[28] Doc. 93-5 at 54:5-12.
[29] Doc. 93-5 at 44:16-45:11.
[30] Doc. 93-5 at 63:21-22.

8

*Miranda* or *Garrity* warnings.[31])

But Defendant's counsel's argument is not evidence.[32] Defendant's testimony is. And Defendant's unequivocal testimony was that there was no reason to suspect a crime had been committed, much less any basis for probable cause.

Plaintiff's motion should be granted.

## II.   Conclusion

Plaintiffs withdraw their Fourth Amendment claim specifically as it pertains to the WWL-TV warrant. In all other respects, the motion should be granted.

RESPECTFULLY SUBMITTED,

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (BPR # 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com

---

[31] Under *Garrity v. New Jersey,* 385 U.S. 493, 497 (1967), statements made by a police officer under threat of termination generally cannot be used against him in a subsequent criminal trial. For that reason, officers under investigation are often provided *Garrity* warnings. *See Perez v. Texas Dept. of Criminal Justice,* 395 F.3d 206 (5th Cir. 2004) ("Despite a *Garrity* warning, however, Perez refused to discuss the incident except to proclaim his innocence.")
[32] Fifth Circuit Pattern Jury Instructions § 3.1 ("statements of counsel are not evidence"); *U.S. v. Parr*, 516 F.2d 458, 471 (5th Cir. 1975) ("arguments of counsel are not evidence").

9