

# JPSO STANDARD OPERATING PROCEDURES

## SOP-22

## Internal/Administrative Investigations and Suspension Policy for the Jefferson Parish Sheriff's Office

**EFFECTIVE DATE:** May 25, 1982          **REVISED DATE:** December 1, 2007
**ISSUING BUREAU/DIVISION:** Internal Management Bureau

### INTERNAL INVESTIGATIONS

1. This policy establishes the procedures for receiving complaints of violations of Sheriff's Office rules, orders, and procedures and for investigating these complaints.

2. Because discipline is a function of command, all supervisors are responsible for the proper administration and enforcement of Office rules, orders and procedures.

3. Non-supervisory employees of the Sheriff's Office share in the responsibility for the disciplinary process by adhering to Office rules, orders and procedures and by reporting violations to their supervisors.

4. All employees are reminded that employment with the Sheriff's Office is "AT WILL" employment and that all rules, policies and procedures enacted are only guidelines and may be revoked or altered by the Sheriff at any time.

I. RESPONSIBILITIES

   A. Supervisor, Observed Violations

   1. When a supervisor observes an employee in violation of a Sheriff's Office rule, order or procedure, the supervisor shall take immediate steps to correct the violation, including, if necessary, actions which confirm the accused person's involvement in the conduct complained of and shall:

      a. Issue a JPSO Complaint Form to begin a formal investigation, or

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

    b. Counsel the employee and have the employee sign a "Deficiency Counseling Acknowledgement Form" *(see attached Form# JPSO 7.3)*

2. If the violation involves circumstances that question the accused employee's continued ability to perform his duty, the supervisor may take the necessary steps to have the employee placed on Suspension or Administrative Re-assignment Status.

3. A supervisor shall initiate a formal investigation and make the necessary notifications in cases of:

    a. Serious administrative violations, (Minor violations which involve simple counseling or minimal supervisory intervention to correct, need not be documented on a JPSO Complaint Form.  If uncertain as to whether the violation is serious, contact the Internal Affairs Division or the standby Internal Affairs Division Officer.

    b. Criminal violations, and/or

    c. An employee's third violation of the same rule, regulation or procedure within a twelve *(12)* month period, as documented by the issuance of previous JPSO Complaint Forms *(or the former DAR's)* or unit documentation.

4. To begin a formal investigation, the supervisor shall:

    a. Complete a JPSO Complaint Form and begin an investigation, if the matter is one to be handled by himself or another ranking officer in his unit and forward a copy of the Complaint Form to his Commanding officer, immediately;

    b. Complete a JPSO Complaint Form and forward same to his Commander, who will forward it to the Internal Affairs Division, immediately, or on the next work day, if the complaint is one that is to be handled by the Internal Affairs Division;

    c. Complete a JPSO Complaint Form and forward same to his Commander, who will forward it to his Bureau Chief, who will then forward same to the appropriate unit or Division, if the complaint is one to be handled at that level *(i.e.: another District or CIB)*

5. A supervisor may use a "Deficiency Counseling Acknowledgement Form" to document administrative violations that can be corrected by simple counseling or minimal supervisory intervention, but must use a JPSO Complaint Form to document all other violations.

**NOTE:**  *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

6. The supervisor shall distribute completed JPSO Complaint Forms to the accused employee's Bureau Chief and the Commander of the Internal Affairs Division.

B. Supervisor, Complaints Received

1. A supervisor who receives complaints against employees of another unit shall take immediate steps to correct the violation, including, if necessary, actions to confirm the accused person's involvement in the conduct complained of, AND;

    a. Issue a JPSO Complaint Form to begin a formal investigation, and

    b. Forward the JPSO Complaint Form, prior to the end of that supervisor's tour of duty, or within twenty-four *(24)* hours, if the supervisor is not on duty, to his commanding officer, who will forward same to the Internal Affairs Division, if the complaint is one to be handled by Internal Affairs or to the appropriate Bureau Chief.

2. If the violation involves circumstances that question the accused employee's continued ability to perform his duty, the supervisor may take the necessary steps to place the employee on Suspension or Administrative Re-assignment Status.

C. The Accused Employee

1. An accused employee shall:

    a. Cooperate in all authorized investigations

    b. Give a written statement in an administrative investigation

    c. Sign any written statement by him

    d. Appear for any subsequent interview(s) by investigator/s

    e. Submit to an alcohol breath test as ordered by a supervisor

    f. When ordered by the Sheriff, submit to:

        1. A polygraph examination,

        2. Urinalysis, blood test, or other physical test, and/or

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

       3. Psychological evaluation/ Psychiatric evaluation/ Physical lineup

  2. The accused officer has the right to:

    a. Know the nature of the investigation,

    b. Know the identity and authority of the person conducting such investigation,

    c. Know the identity of all persons present during interviews,

    d. Obtain a copy of his/her transcribed, signed statement

D. The Investigator

  1. A supervisor who has been assigned to conduct an administrative or a criminal investigation of an accused employee shall be designated to be the investigator.

  2. Citizen complaints which concern the quality of service or lack of service, discourtesy, anonymous complaints of a minor nature, minor administrative violations, and/or complaints involving the legality of an arrest or traffic ticket shall be investigated within the accused employee's chain of command.

  3. The Division level Commander shall select a supervisor from the accused employee's chain of command to investigate all administrative complaints that are to be investigated within the employee's chain of command.

    a. The commander may conduct the investigation personally.

    b. If there is no Division level Commander in the accused employee's chain of command, the Commander of Internal Affairs shall designate an investigator of the appropriate grade.

  4. Citizen complaints which allege violations of Use of Force or criminal violations on the part of a member of the Sheriff's Office, or sexual harassment or any type of workplace harassment shall be investigated by the Internal Affairs Division.  In criminal investigations, the investigation will first be handled by the Criminal Investigations Bureau and after completion of that investigation, then administratively by the Internal Affairs Division.

  5. During the Administrative Investigation, the investigator shall obtain a written statement from the accused employee in every case:

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

    a. At the beginning of the administrative statement, the investigator shall inform the accused employee of his responsibilities on an Administrative Interview Warning Form;

    b. In a criminal investigation, the employee shall be given the Miranda Warnings, prior to rendering a statement.

    c. If an employee waives his criminal rights, the resulting statement may be used both criminally and administratively;

    d. If the employee refuses to waive his criminal rights, the resulting statement can only be used administratively; it cannot be introduced in a criminal procedure against the employee.

6. If an accused employee refuses to make an administrative statement when so ordered, the investigator shall contact the Bureau Chief and the Commander of Internal Affairs and the employee may be subject to dismissal at that time.

7. In criminal or administrative investigations, the interview will take place at the time dictated by the needs of the investigation;

In all interviews lasting more than two *(2)* hours, the investigator shall provide breaks for rest, personal necessities, and meals. No interview shall last more than eight *(8)* hours in any one day.

8. The Investigator shall:

    a. Complete and forward a JPSO Complaint Form, if one has not already been made;

    b. Conduct a complete investigation;

    c. Thoroughly exhaust all leads;

    d. Interview the accused employee, all principals and all witnesses, both for and against the accused employee, and take taped or written statements;

    e. Collect evidence and property, when applicable, and maintain chain of custody records;

    f. Write the investigative report;

    g. Conclude the investigative report with a recommended disposition of one of the following:

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

      1. SUSTAINED – A violation of rules is established.

      2. NOT-SUSTAINED – Insufficient information/evidence to prove or disprove the allegation.

      3. EXONERATED – The member's actions were reasonable, proper and not viewed as in violation of department rules.

      4. UNFOUNDED – The incident did not occur or did not involve a member of this department

     and completely justify the recommended disposition; and

   h. Forward the administrative investigative report package to the accused employee's Bureau Chief, when the investigation is done by that Bureau or to the Commander of Internal Affairs when the investigation is done by Internal Affairs.

E. The Commander

   1. The Commander of the Investigator has the overall responsibility to assure the proper investigation of alleged violation/s of Sheriff's Office regulations.

   2. The Commander shall review the completed investigative report, concur with or not concur with the findings, and forward the report to the respective Bureau Chief.

   3. The Commander shall return to the investigator those investigations that have factual or investigative errors or omissions.

   4. The Commander shall not return to the investigator, complete and satisfactory investigations with which he does not concur;

   5. When he does not concur with the investigator's conclusions or recommendations, the Commander shall prepare a cover letter to the Bureau Chief, giving the reasons for his disagreement.

The Commander of a supervisor who initiates a JPSO Complaint Form against a member who is not under his command, will ascertain that the Complaint Form is immediately forwarded to the appropriate Bureau Chief or the Internal Affairs Division, depending on who is to conduct the investigation.

   F. The Bureau Chief

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

1. The Bureau Chief shall review and forward all completed investigations to Internal Affairs.

2. The Internal Affairs Division Commander shall review and forward the respective reports to the Chief of the Internal Management Bureau Chief, who will review and forward the appropriate reports to the Sheriff.

3. The Bureau Chief who receives a JPSO Complaint Form from a member of his Bureau, which was initiated against a member outside of his Bureau, will ascertain that the Complaint Form is forwarded to the correct Bureau Chief or to Internal Affairs, if so warranted.

G. Internal Affairs Division

1. Internal Affairs shall conduct administrative investigations into all complaints forwarded from the Criminal Investigations Bureau after the criminal investigation has been completed.

2. The Internal Affairs Division shall investigate all intimidation complaints, sexual or workplace harassment complaints or other complaints assigned by the appropriate authority.

3. Internal Affairs shall maintain and control disciplinary records in accordance with State Public Records Law and the Policy and Procedures of the Sheriff's Office. Internal Affairs shall review all reports submitted in disciplinary matters and coordinate notifications to Bureau Chiefs on delinquent reports, which had been forwarded from Internal Affairs to other units.

4. Internal Affairs shall provide assistance to other investigators on a twenty-four *(24)* hour basis.

G. Internal Affairs Division

1. Internal Affairs shall conduct administrative investigations into all complaints forwarded from the Criminal Investigations Bureau after the criminal investigation has been completed.

2. The Internal Affairs Division shall investigate all intimidation complaints, sexual or workplace harassment complaints or other complaints assigned by the appropriate authority.

3. Internal Affairs shall maintain and control disciplinary records in accordance with State Public Records Law and the Policy and Procedures of the Sheriff's Office. Internal Affairs shall review all reports submitted in disciplinary

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

      matters and coordinate notifications to Bureau Chiefs on delinquent reports, which had been forwarded from Internal Affairs to other units.

    4. Internal Affairs shall provide assistance to other investigators on a twenty-four *(24)* hour basis.

## II. POLYGRAPH EXAMINATIONS

1. Only the Sheriff or his designee may order a polygraph examination to be performed in an internal investigation.

2. All polygraph examinations performed in internal investigations shall be specifically directed and narrowly related to the particular internal investigation.

3. An employee refusing an order to submit to a polygraph examination which is ordered by the Sheriff or his designee is subject to immediate dismissal.

## III. REPOSITORY OF DISCIPLINARY RECORDS

The Internal Affairs Division shall be the sole repository of all employee disciplinary records *(i.e., IAD complaints, Disciplinary Action Reports and Citizen Complaint Forms)*.

All disciplinary records are to be forwarded only to the commander of the Internal Affairs Division.  The originals of Disciplinary Action Letters and Deficiency Counseling Acknowledgement Forms will be filed in the Internal Affairs Division.

A copy of the Disciplinary Action Letters will be sent to the Personnel Division and a copy will be sent to the member's Commanding Officer.  These letters must be expunged from these files on the day after the anniversary date, three years from the date on the letter.

A copy of the Deficiency Counseling Acknowledgement Form, having been signed by all indicated personnel, will be retained by the Commanding Officer. The respective Bureau Chief, after signing the Form, will forward the original to the Internal Affairs Division and send the copy back to the Commanding Officer.  Deficiency Counseling Acknowledgement Forms are to be retained by the member's Commanding Officer in a file, which must be expunged on the day after anniversary date, three years from the date of the form.

## IV. EXPUNGEMENT OF DISCIPLINARY RECORDS

The Internal Affairs Division will maintain all disciplinary records for a period of three (3) years.  These records will be automatically expunged on a monthly basis from the date of complaint for IAD cases and citizen complaints and the date of occurrence for Disciplinary Action Reports.

**NOTE:**  *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

**Personnel is to immediately delete all disciplinary records in excess of three *(3)* years from their computer and personnel jackets and continue such deletions per the above paragraph.**

Commanders must also comply with this three *(3)* year retention.

**NOTE:** Records will not be expunged in the following incidents until these matters are concluded:

1. Litigation has been instituted against the employee or the department arising from the incident.

2. Nothing in this procedure shall be construed to cause the destruction of a record whose preservation is the subject of a court order.

V. SUSPENSIONS/TERMINATIONS

   1. EMERGENCY SUSPENSIONS/TERMINATIONS

      A. Whenever a supervisor initiates a TERMINATION/IMMEDIATE SUSPENSION FORM, the supervisor must:

         1. Complete a JPSO Termination/Immediate Suspension Form. Specify in the Comments what the member is accused of having done that warrants the termination or immediate suspension, using additional attachment plain white paper, as needed. *(See JPSO Form # JPSO 7.5 rev. 12/07)*

         2. Distribute the TERMINATION/SUSPENSION FORM as indicated at the bottom of the form, immediately, within 24 hours. ***(NOTE: In terminations, the Personnel Division will issue the official termination letter and the Director of Personnel, must be contacted personally, immediately or on the next work day for the Personnel Division, to facilitate that issuance.)***

         3. Collect the following JPSO gear from the member *(if the member being suspended or terminated does not work in the suspending supervisor's unit, a rank from the member's unit should be summoned to the scene to facilitate the collection of the gear. If the member's unit is not open and operational at the time of the suspension, then the suspending rank will have the duty to collect the gear and have it turned over to the member's commander on the next work day of that suspended member's unit.)*

            a. Badge(s)

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

  b. Identification cards and folders

  c. Assigned JPSO vehicle

  d. Assigned JPSO weapon(s)

  e. SWAT gear (if applicable)

  f. Assigned JPSO radio

  g. Assigned JPSO telephone and pager

  h. Assigned JPSO TASER

  i. Assigned JPSO OC Canister

  j. Any other assigned JPSO weapon or defensive or offensive device, such as PR-24

B. The Personnel Division shall notify the firm that handles unemployment claims. *(Currently Ransome Law Firm, L.L.C. PH# 225-267-6390)*

2. SUSPENSION LIMITATIONS

    A. A sergeant or acting sergeant may initiate an immediate suspension of up to Three *(3)* days.

    B. Lieutenants, District or Section Commanders may initiate an immediate suspension of up to Five *(5)* days.

    C. Any disciplinary action more serious that the above shall be referred to the appropriate Bureau Chief.

    D. Disciplinary action from one *(1)* to five *(5)* days shall be imposed in one pay period *(two (2) calendar weeks)*. When more than five *(5)* days are involved, the officer may request they be divided into multiples of five *(5)* and spread over successive pay periods. If no request is made the suspension days are served consecutively.

An employee who is off on suspension or sick leave, **shall not** work a paid detail until after that employee has returned to work and **completed a tour of duty *(8 hours)*.** The use of annual or other leave is **NOT A SUBSTITUTE** for actual work hours. Any employee violating this part of this procedure will be subject to the following **minimum** penalties:

**NOTE:** *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*

1. First Offense:              05 to 15 days suspension without pay

2. Second Offense          10 to 20 days suspension without pay

3. Third Offense             15 to 25 days suspension without pay

***(NOTE: A TERMINATION MAY BE ORDERED IF WARRANTED BY THE EMPLOYEE'S WORK AND OR DISCIPLINARY RECORD.)***

Injured employees are not "Sick". An injured employee, authorized to return to duty by the Insurance Administrator can work a Paid Detail before their first Tour of Duty. They must, however, report as scheduled for their Tour of Duty following the Paid Detail.

**NOTE:**   *THIS IS A CONFIDENTIAL DOCUMENT AND ITS CONTENTS ARE NOT TO BE DISSEMINATED OUTSIDE THIS DEPARTMENT WITHOUT THE CONSENT AND APPROVAL OF THE SHERIFF.*