Gmail                                                                                  William Most <williammost@gmail.com>

## Lou v. Lopinto: Meet and Confer Regarding Officer Disciplinary History

**William Most** <williammost@gmail.com>                                                      Wed, Sep 28, 2022 at 2:05 PM
To: "Valenti, Lindsey M." <valenti_lm@jpso.com>
Cc: Andy Clarke <aclarke@cochranfirmmidsouth.com>, "Kaul, Christopher W." <CKaul@thompsoncoe.com>, FRANZ ZIBILICH <fzibilich@bellsouth.net>, "Jeffrey D. Martiny" <jeff@martinylaw.com>, Mark <MHill@thompsoncoe.com>

Lindsey and Franz,

Thank you for having a meet and confer with us about these issues. Andy and I explained that we don't think you have disciplinary records in hand that you are withholding from us; the concern is that there might be records that you don't know about because they were destroyed.

Here is some of what you explained to us:

- Upon receipt of our January 25, 2020 anti-spoliation letter, JPSO took steps to preserve the items listed in the letter. It did not implement a full litigation hold until it received notice that the lawsuit had been filed.

- JPSO does not have a written litigation hold policy. When it implements a litigation hold, however, that hold stops the destruction of disciplinary records of involved officers. That is done by making a physical copy of the officer disciplinary records and putting them in a separate file for the litigation.

- JPSO does not have a written document destruction policy.

- JPSO's practice is to destroy officer disciplinary records after three years, absent something requiring preservation like a litigation hold. JPSO does not contend that this destruction is mandatory.

- There might be overlapping litigation holds that would result in the preservation of defendants' disciplinary records for more than three years prior to the *Lou* complaint (e.g., Vega), but there is not an easy way to determine that.

- JPSO's only document retention schedule submitted to the state archives is the one for body-worn camera footage.

- JPSO does not keep any records of record destruction, such as records destruction certificates.

- JPSO does not seek or receive permission from the state archives to destroy records (except for the BWC document retention schedule).

You pointed out that you don't think it is likely that there are unknown destroyed disciplinary records for these individual defendants, because (1) we asked the individuals at deposition and they said they did not recall any; (2) we can ask the IA 30(b)(6) rep at his upcoming deposition (although he has not been in the role for >5 years), and (3) serious issues would be in the press or court.

For Lopinto himself, you agreed that he's probably been continuously in litigation during his tenure as sheriff, but maybe not as an individual defendant. You think it is unlikely there are any complaints or investigations about him personally because of his role (i.e., not doing street work), other than the one self-initiated investigation you'll provide us.

You said that you disagree with us about our interpretation of La. Admin. Code tit. 4, § XVII-901 *et seq*.

Please let me know if any of the above does not match your understanding, or if I am missing anything key.

Thank you!

William

[Quoted text hidden]