# Records Retention

## Overview

The following summary covers the general principles and guidelines concerning Records Retention. This document is presented in a "frequently asked questions" (FAQ) format.

To facilitate your use of this document, links within the document will direct your attention to text within the document and to related documents posted on the Louisiana Legislative Auditor's website and on external websites. For example, in the Index, clicking the question number will link directly to the corresponding text. Within the FAQ, links will connect to other areas of the FAQ and to relevant external documents. Clicking on the individual question number within the text will activate a link to return to the index for selection of another question.

# Index

1.   What is a Public Record?

2.   Who has a duty to preserve public records?

3.   What agency is charged with overseeing the approval of the record retention schedules of state and local entities?

4.   How is a formal retention schedule created?

5.   How long must a public record be preserved?

6.   How often should a retention schedule be renewed?

7.   What is a record series?

8.   How long must a record be kept?

9.   What is a permanent record?

10.  What is a non-permanent record?

11.  What is a long-term record?

12.  What is a short-term record?

13.  What are transitory records?

14.  Can documents be kept electronically rather than in their original format?

15.  May imaging be used for long-term and permanent/archival records?

16.  How long is an imaging exception valid?

17.  What is a legal hold?

18.  What is the purpose of a records disposition or destruction policy?

19.  Are there generally accepted principles for records disposition?

20.  What are the processes and the authorizations needed for the destruction of records?

**Q.1. What is a Public Record?**

**R.S. 44:1(A)(2)(a)**

**A.1.** A public record is documentary material, regardless of physical format, which is prepared, used or retained by a public entity in connection with regular agency business under the laws of this State.

Public record is defined by statute as "All documents, papers, letters, books, drawings, maps, plats, photographs, magnetic or optical media, microfilm, microphotograph, motion picture film, or other document or any other material, regardless of physical form or characteristic, generated or received under law or in connection with the transaction of official business, or preserved by an agency or political subdivision because of other informational or legal value." **R.S. 44:402(4).** For more information, **Click here** for the Public Records FAQ on the LLA website.

**Q.2. Who has a duty to preserve public records?** **R.S. 44:36**

**A.2.** All persons and public bodies having custody or control of any public record, other than conveyance, probate, mortgage, or other permanent records required by existing law to be kept for all time, shall exercise diligence and care in preserving public record for the period or periods of time specified for such public records in formal records retention schedules developed and approved by the State Archivist and Director of the Division of Archives, Records Management, and History of the Department of State.

For the purposes of the Public Records law, "agency" is defined as "any state, parish and municipal office, department, division, board, bureau, commission, authority, or other separate unit of state, parish, or municipal government created or established by the constitution, law, resolution, proclamation, or ordinance." R.S. 44:402(5).

**Q.3. What agency is charged with overseeing the approval of the record retention schedules of state and local entities?**

**A.3** The Secretary of State.

**Q.4. How is a formal retention schedule created?**

**A.4.** An agency or public body should contact the Secretary of State's Office or visit www.sos.la.gov to establish a formal retention schedule regarding the agency or body's individual records.

**Q.5. How long must a public record be preserved? R.S. 44:36(A) & (B)**

**A.5.** All agencies, as defined in R.S. 44:402(5), (**See Q.2**) shall keep all records for the period of time specified in the retention schedule approved by the State Archivist/Director of Archives.

The record retention period primarily depends on whether the law specifies a particular time period for which the record must be kept as well as the nature of the record and its value to the day-to-day operation of the agency or to the preservation of the institutional memory of the agency. Public records are either permanent or non-permanent. Non-permanent records may be long-term, short-term, or transitory.

In all instances where the law does not specify a particular period that the record must be kept, public records must be preserved for a period of at least 3 years from the date they were created, except when an agency has an approved retention schedule.

**Q.6 How often should a retention schedule be renewed?**

**A.6.** At least every (5) five years, but it should be amended or updated to reflect the current record series created and maintained by the agency.

**Q.7. What is a record series?**

**A.7.** A records series is a group of records that serve a similar function in the agency and are usually filed as a unit. These records are normally evaluated as a unit when researching and writing the records retention schedule.

**Q.8. How long must a record be kept?**

**A.8.** How long a record must be kept depends on the nature of the record and its value to the agency. Records are either permanent or non-permanent.

**Q.9. What is a permanent record?**

**A.9.** A permanent record is one that will never be destroyed. These records should be preserved for administrative, historical or other research purposes. Examples of permanent records include, but are not limited to:

- Minutes of Meetings
- Oaths of Office
- Penitentiary Records
- Legislative Acts
- Old Photographs of historic value
- Financial Journals
- Legislative Bills
- Policy Memoranda
- Records over 50 years old

**Q.10. What is a non-permanent record?**

**A.10.** Non-permanent records possess temporary value to the day-to-day operation of the agency or to the preservation of the institutional memory of that agency. How long records retain their value to the agency will determine whether these records are characterized as long-term, short-term, or transitory records.

Examples of some records that typically become unnecessary over time are:

- Invoices
- Canceled Checks
- Bank Statements
- Accounts Payable
- General Correspondence
- General Memoranda

**Q.11. What is a long-term record?**

**A.11.** A long-term record is a non-permanent record with a total retention requirement of over 10 years but less than permanent.

**Q.12. What is a short-term record?**

**A.12.** A short-term record is a non-permanent record with a total retention requirement of 10 years or less.

**Q.13. What are transitory records?**

**A.13.** Transitory records are non-permanent records that have limited or no administrative value to the agency and are not essential to the fulfillment of statutory obligations or to the documentation of agency functions. They are not considered public records and therefore may be immediately destroyed. Examples of transitory records are sticky notes or any writing that is temporary, unnecessary, and of no value.

**Q.14. Can documents be kept electronically rather than in their original format?**

**A.14.** Some documents may be kept electronically under an imaging exception granted by the Secretary of State.

The imaging exception allows original documents that are short term records to be destroyed immediately after scanning or imaging. The scanned or imaged hard copy becomes the Digital Original. Agencies may use imaging without maintaining the original or a microfilm copy of the original short-term record provided that (1) the record series has been included on the agency's retention schedule approved by the State Archivist; (2) a quality control inspection of the images is conducted prior to the destruction of the original source documents to ensure visibility and accessibility; and (3) the proper approval has been secured by the State Archives prior to the destruction of the original source documents.

**Q.15. May imaging be used for long-term and permanent/archival records?**
**R.S. 44:410**

**A.15.** Pursuant to **R.S. 44:410**, agencies utilizing imaging for the creation and maintenance of long term and/or archival records may use imaging for administrative purpose provided that, for preservation purposes, the agency either (1) maintains the original source documents for the retention period listed on the agency's retention schedule; or (2) produces a microfilm back up of the records and stores the microfilm with the State Archives.

**Q.16. How long is an imaging exception valid?**

**A.16.** It must be renewed at least every (5) five years.

**Q.17. What is a legal hold?**

**A.17.** A legal hold requires an agency to not destroy their records. They are usually placed on an agency in cases of potential or ongoing litigation.

**Q.18. What is the purpose of a records disposition or destruction policy?**

**A.18.** A records disposition policy is designed to ensure that necessary records and documents are adequately protected and maintained. A disposition policy should be designed to (1) ensure records that have not met their minimum retention period are not accidentally destroyed; (2) protect records that have satisfied their minimum retention but are needed for other purposes, such as litigation or investigation; (3) control the creation and duplication of records; and (4) create economic benefit by freeing up valuable office space that otherwise might be used for storage of records that are no longer useful to the agency.

A records destruction policy will set forth the procedures to destroy records when required to ensure proper document accountability.

**Q.19. Are there generally accepted principles for records disposition?**

**A.19.** ARMA International (formerly known as the Association of Records Managers and Administrators) www.arma.org establishes Generally Accepted Recordkeeping Principles (GARP). Under GARP, best practices for records disposition include, but are not limited to, (1) that the destruction of records occurs in the normal course of business and (2) the agency does not retain records after the retention period has expired and destruction approval is received.

**Q.20. What are the processes and the authorizations needed for the destruction of records? R.S.44:36(A)**

**A.20.** Two levels of authorization are required for the destruction of records: (1) an internal authorization through the agency's internal approval process and (2) a formal destruction authorization from the State Archivist, pursuant to an approved records retention schedule, together with completion of a records destruction certificate.

Each organization is required to name a records officer who is made responsible for the process. The agency's records officer gives the final internal approval for destruction.

After internal approval for destruction has been made, a disposal request is sent to the State Archivist. Once a disposal request has been received by the State Archivist, the agency will be notified within 30 days of receipt that their disposal request (1) has been approved; (2) has been denied with an explanation; (3) contains records that should be transferred to the State Archives for possible inclusion; or (4) requires an additional 30 days to review.

Public records may not be destroyed without approval from the State Archivist.