24TH JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH
STATE OF LOUISIANA

_____
                                        )
                                        )
                                        )       Criminal Commissioner
IN RE JPSO ITEM NO. A-15489-20          )       Comm. Paul Schneider
                                        )       Case No. A- 15489-20
                                        )
_____       )

FILED: _____          DEPUTY CLERK: _____

## MOTION FOR PROTECTION AND PRESERVATION

NOW INTO COURT COMES, Daren Parsa and Donna Lou, the parents of deceased minor E.P., who through undersigned counsel respectfully move this Court to grant an order of protection and preservation over the things seized by Jefferson Parish Sheriff's Office and Jefferson Parish Coroner's Office. This pleading seeks only to preserve the *status quo* by (1) ensuring preservation and (2) ensuring protection of the items collected for the following reasons:

1.      On January 19, 2020, minor child E.P. died while in the custody of the Jefferson Parish Sheriff's Office.

2.      Jefferson Parish Sheriff's Office obtained a search warrant for Ormond Pediatrics and Doctor Thomas Babin, *Exhibit A*, and upon information and belief, LCMC Health (also known as Children's Hospital New Orleans) from this Court. This warrant includes:

    a.  Any and all medical records, notes, and documents associated with Eric Parsa, W/M, DOB 08-15-2003.

3.      Movants, Parents of E.P., are concerned about the release of materials to third parties and the press. Already, WWLTV published two videos of E.P. moments prior to his death were released to the media – videos that were never in the custody of Movants. Movants are concerned more materials will be published to third persons, including his medical records. Further, the release of this information would expose E.P.'s doctors and caretakers.

4.      The property seized pursuant to a search warrant is the under the custody of this Court and the judge has control of its disposition. La. Code of Crim. Pro. art. 3. As such, this Court has the authority to issue an order of protection and preservation as custodians of the seized documents and/or records.

1

5.      In the civil arena, Louisiana statutes completely prohibit the publication of information, documents, and records obtained in the death investigations. The Louisiana Department of Health is authorized to make investigations into the deaths of children and also the deaths of person receiving their services. La. R.S. 40:2019 governs child death investigations and states

> All such records obtained by the state panel or any local or regional panel or its agent in accordance with the provisions of this Subsection, as well as the results of any child death investigation report, shall be confidential and shall not be available for subpoena nor shall such information be disclosed, discoverable, or compelled to be produced in any civil, criminal, administrative, or other proceeding nor shall such records be deemed admissible as evidence in any civil, criminal, administrative, or other tribunal or court for any reason.

La. R.S. 40:2019.

6.      La. R.S. 40:2020 governs death investigations of persons who receive services and states

> Notwithstanding any other provision of the law to the contrary, all records obtained by the offices in accordance with the provisions of this Section, as well as any work product, chart, or any other document prepared by the offices in death reviews, except for the annual reports required by Paragraph (C)(3) of this Section, shall be confidential, shall not be public record, and shall not be subject to subpoena. Nor shall such information be disclosed, discoverable, or compelled to be produced in any civil, criminal, administrative, or other proceeding or admissible as evidence in any civil, criminal, administrative, or other tribunal or court for any reason.

La. R.S. 40:2020.

7.      However, Movants, parents of deceased minor child E.P., request a less strict confidentiality provision than the civil statutes provide to protect the seized property from third parties publication or by way of public records requests wherein these materials would become available after the criminal investigation is closed.

8.      In regard to the request for preservation, Movants, request all items related to the death of E.P. seized by or in the control, custody, or possession of Jefferson Parish Sheriff's Office or the Jefferson Parish Coroner's Office be preserved intact and in full, including but not limited to the following:

    a.  Any and all JPSO tape recordings of complaint calls received; all headquarters to unit, unit to headquarters and unit to unit radio transmissions; and complaint desk communications related to the apprehension and death of E.P. on January 19, 2020 to the present;

    b.  Any and all copies of JPSO "complaint histories" related to alleged crimes committed by, and arrests or seizures of E.P., Darren Parsa, or Donna Lou, including but not limited to the circumstances surrounding E.P.'s death on January 19, 2020;

c. Any and all documents and materials concerning or relating to the death of E.P., including but not limited to tape recordings or notes of telephone calls, all rough notes, interoffice communications, written memoranda or other written documentation, press statements, releases, tape recordings or other records, taped or written, of press conferences;

d. Police incident report and supplemental reports related to the death of E.P. on January 19, 2020;

e. Any and all reports, notes, written memoranda or other written documentation regarding any and all evidence seized, and results of any and all scientific tests or experiments made, including but not limited to crime scene reports, diagrams, pictures, etc.;

f. Documents reflecting the whereabouts and chain of custody of any of the above listed documents not now in the custody and control of the Jefferson Parish Sheriff's Office;

g. All disciplinary, complaint, investigative and personnel files of all officers and supervisors of Jefferson Parish Sheriff's Office involved in this incident;

h. Any and all documents, including but not limited to the autopsy protocol, "Day Record, toxicological, serological, and histological reports;

i. Any and all physical evidence, including but not limited to collected body fluids, preserved cut sections of body parts and organs, microscopic slides of all specimens collected at autopsy, clothing, etc.; and

j. Any and all tape recordings, video recordings, communication records, notes, negatives, photographs, press statements and releases.

9. Movants seek to preserve the above described evidence in order to prevent a failure or delay of justice, in as much as some of the above requested materials may be routinely destroyed after a certain time.

**WHEREFORE**, Movants, Daren Parsa and Donna Lou, move this Court to issue an order protecting from third parties and preventing the destruction of the above requested documents, materials and evidence, for such destruction would cause irreparable harm to Movants and would substantially interfere with Movants' pursuit of their investigation of their potential claim for damages.

Respectfully Submitted,

_____
Attorney William Most, La. Bar # 36914

Amanda Hass, La. Bar # 37718
LAW OFFICE OF WILLIAM MOST
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023
Email: williammost@gmail.com

24TH JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH
STATE OF LOUISIANA

_____
                                   )
                                   )
                                 )     Criminal Commissioner

IN RE JPSO ITEM NO. A-15489-20    )     Comm. Paul Schneider
                                   )     Case No. A- 15489-20
                                   )
_____ )

FILED: _____        DEPUTY CLERK: _____

## ORDER

*Considering the above Motion for Protection and Preservation,*

IT IS HEREBY ORDERED that JEFFERSON PARISH SHERIFF'S OFFICE and JEFFERSON PARISH CORONER'S OFFICE show cause on the _____ day of _____, 2020 at _____a.m./p.m. as to why this Court should not order all documents obtained by Jefferson Parish Sheriff's Office from the above-numbered search warrant and/or relating to the investigation of the death of E.P. to not be shared with any third party except pursuant to subpoena or civil discovery request; and why this Court should not order Jefferson Parish Sheriff's Office and Jefferson Parish Coroner's Office and their employees, successors and assigns, to preserve in full and intact, the following described documents, materials and evidence which are in their custody, control or possession, relating to the death of minor child E.P. on January 22, 2020, including but not limited to the following:

a. Any and all JPSO tape recordings of complaint calls received; all headquarters to unit, unit to headquarters and unit to unit radio transmissions; and complaint desk communications related to the apprehension and death of E.P. on January 19, 2020 to the present;

b. Any and all copies of JPSO "complaint histories" related to alleged crimes committed by, and arrests of E.P., Darren Parsa, or Donna Lou , including but not limited to the circumstances surrounding his death on January 19, 2020;

c. Any and all documents and materials concerning or relating to the death of E.P., including but not limited to tape recordings or notes of telephone calls, all rough notes, interoffice communications, written memoranda or other written

documentation, press statements, releases, tape recordings or other records, taped or written, of press conferences;

d.  Police incident report and supplemental reports related to the death of E.P. on January 19, 2020;

e.  Any and all reports, notes, written memoranda or other written documentation regarding any and all evidence seized, and results of any and all scientific tests or experiments made, including but not limited to crime scene reports, diagrams, pictures, etc.;

f.  Documents reflecting the whereabouts and chain of custody of any of the above listed documents not now in the custody and control of the Jefferson Parish Sheriff's Office;

g.  All disciplinary, complaint, investigative and personnel files of all officers and supervisors of Jefferson Parish Sheriff's Office involved in this incident;

h.  Any and all documents, including but not limited to the autopsy protocol, "Day Record, toxicological, serological, and histological reports;

i.  Any and all physical evidence, including but not limited to collected body fluids, preserved cut sections of body parts and organs, microscopic slides of all specimens collected at autopsy, clothing, etc.; and

j.  Any and all tape recordings, video recordings, communication records, notes, negatives, photographs, press statements and releases.

Signed this _____ day of _____, 2020, Gretna, Louisiana.

_____
CRIMINAL COMMISSIONER

Please serve:
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, LA 70058

Dr. Gerry Cvitanovich
Jefferson Parish Coroner's Office
2018 8th Street
Harvey, Louisiana 70058