24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

NO. 20-1456     COMMISSIONER COURT

IN RE DAREN PARSA

FILED: _____     _____
DEPUTY CLERK

### JOINT MEMORANDUM IN OPPOSITION TO A MOTION FOR PROTECTION AND PRESERVATION

MAY IT PLEASE THE COURT:

This memorandum in opposition is brought by Joseph P. Lopinto, III, in his capacity as Sheriff of Jefferson Parish and Dr. Gerry Cvitanovich, in his capacity as Coroner of Jefferson Parish.

**I. Introduction**

On January 19, 2020, an incident occurred at a Jefferson Parish business that ultimately resulted in the death of a minor. On January 22, 2020, the Jefferson Parish Sheriff's Office applied for a search warrant. Upon review and finding of probable cause, this Honorable Court granted the search warrant for any and all medical records, notes and documents from Ormond Pediatrics and Doctor Thomas Babin regarding the minor, referenced in opposing counsel's motion and hereinafter referred to as "E.P.".

On March 5, 2020, E.P.'s parents filed a Motion for Protection and Preservation over things seized pursuant to the search warrant as well as documents and testing performed by the Jefferson Parish Coroner's Office. It is important to note that E.P.'s parents have filed an identical pleading before a St. Charles Parish Judge that is set to be heard on March 18, 2020. Sheriff Lopinto and Dr. Cvitanovich respectfully request that this Motion for Protection and Preservation be denied.

**II. Standing**

Both Sheriff Lopinto and Dr. Cvitanovich assert that E.P.'s parents lack standing for several reasons. First, as E.P. is deceased, his interests, if any, can only be represented through a succession representative. La. Code Civ. Proc. Art. 685 provides "[e]xcept as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration." See, also La. Code Civ. Proc. Art. 3191. Upon

1

information and belief, no succession representative has been appointed by any court and as such the parents of E.P. lack standing to bring any pleadings in the name of or on behalf of E.P.

The "predicate requirement of standing is satisfied if it can be said that the [litigant] has an interest at stake in litigation which can be legally protected." *In re: Melancon*, 05-1702, p. 9 (La.7/10/06), 935 So.2d 661, 668. Conversely, a litigant who is not asserting a substantial existing legal right is without standing in court. *Melancon*, 05-1702 at p. 8, 935 So.2d at 667. The standing inquiry requires careful examination of whether a particular litigant is entitled to an adjudication of the particular claims it has asserted. *Melancon*, 05-1702 at p. 10, 935 So.2d at 668 (citing *Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984)). E.P.'s parents lack standing as they have no "interest at stake in litigation".

### III. The Motion for Protection and Preservation Lacks Merit

#### a. Issue of Preservation

Any request for preservation of records by way of this Motion should be denied as moot. As your Honor is aware, the Louisiana Public Records Act requires that all public records be preserved for a minimum period of three (3) years. La. R.S. 44:1 *et seq.* Additionally, on January 25, 2020, the Jefferson Parish Sheriff's Office and on February 18, 2020 the Jefferson Parish Coroner's Office received anti-spoliation letters from opposing counsel requesting, in a very accusatory manner, that all records be preserved. Now, opposing counsel is unnecessarily requesting a third-tier responsibility to preserve records. Opposing counsel has not indicated to this Court any evidence of either office's refusal to preserve these records. In fact, undersigned counsel for Sheriff Lopinto has advised opposing counsel of its legal obligation under the Public Records Act to preserve records as well as acknowledged its receipt of the anti-spoliation letter. As such, the preservation order should be denied as such obligation of preservation is already in place.

#### b. Issue of Protection

Opposing counsel suggests that the items seized through the valid search warrant should be protected because his clients are "concerned" about the release of the materials to third parties. However, he does not articulate the basis of such concern. While he mentions videos of the incident posted by WWLTV, he curiously does not

suggest that either the Sheriff or the Coroner was responsible for their release to the news. Furthermore, he fails to inform the Court that these videos were taken and submitted by third party by-standers. There has been no actual or potential disclosure by either the Sheriff or the Coroner of any information regarding this ongoing investigation.

Opposing counsel's accusations and his clients' concerns are unfounded. Furthermore, any records that are sought to be protected are exempt from disclosure to the public as stated in Louisiana Revised Statute 44:3. It is neither the practice of Sheriff Lopinto nor Dr. Cvitanovich to release information relative to pending criminal and/or death investigations and as such there is no legitimate concern that any information would be released to the public.

Opposing counsel relies on La. R.S. 14:133.7 and its prohibition of publication of criminal record information of a child absent a Motion for Disclosure. However, the application of this statute is misplaced. La. 14:133.7 prohibits the release of the criminal record and/or criminal history of a juvenile. As the records in the custody of the Sheriff and/or Coroner constitute neither of the foregoing, La. R.S. 14:133.7 is completely irrelevant as it relates to any records regarding E.P.

Similarly, La. R.S. 40:2019 does not apply to this case. La. R.S. 40:2019 created the Louisiana State Child Death Review Panel to identify the cause of death of children below the age of fifteen. The publication prohibition contained therein is not applicable to this matter as E. P. was sixteen at the time of his death. Furthermore, even if E.P. were under the age of fifteen, La. R.S. 40:2019 would still not apply because the statute's application is strictly limited to a Child Death Review Panel. It does not apply to either the Jefferson Parish Sheriff's Office or the Jefferson Parish Coroner's Office.

Opposing counsel's reliance on La. R.S. 40:20120 is also misplaced, as the statute only prohibits the office for citizens with developmental disabilities and the office of aging and adult services within the Louisiana Department of Health from releasing any information. Very obviously, neither the Jefferson Parish Sheriff's Office nor the Jefferson Parish Coroner's Office fall within either category and as a result are not bound by these statutes.

To date, the cause and manner of death of E.P. has not been determined by the Jefferson Parish Coroner's Office and the investigation is ongoing. A request for a protective order

by non-parties is premature and inappropriate. Opposing counsel and his clients are trying to dictate how the Sheriff and the Coroner are permitted to utilize the information collected. These legal machinations are unprecedented and interfere with the constitutional mandates of the Sheriff's office and the Coroner's office.

The Sheriff, as Chief Law Enforcement Officer of Jefferson Parish, and the Coroner, as a Constitutional officer statutorily mandated to conduct investigations concerning the manner and cause of death, are entitled to conduct their investigations and to use any resource available without interference of third parties. If the Sheriff or the Coroner elect to share any part of their investigation with any other law enforcement office, expert and/or medical provider or any person who can aid in the conclusion of their independent investigation, they are entitled to do so.

Opposing counsel's efforts to interfere in this case come dangerously close to impeding this ongoing criminal investigation.

## CONCLUSION

Joseph P. Lopinto, III, in his capacity as Sheriff of Jefferson Parish, and Dr. Gerry Cvitanovich, in his capacity as Coroner of Jefferson Parish suggest to this Honorable Court that the Preservation Order is moot and the Protective Order is inappropriate at this time. In conjunction with all reasons stated above, this Honorable Court should deny opposing counsel's Motion for Protection and Preservation.

Respectfully submitted:

YORSCH LAW GROUP, LLC

FREDERICK E. YORSCH (LA Bar #29724)
4532 West Napoleon Avenue, Suite 201
Metairie, LA 70001
Tel. (504) 321-5000
Fax (504) 564-7387

4

Respectfully submitted:

LINDSEY M. VALENTI, Bar #33419
1233 Westbank Expressway
Building B, 5th Floor
Harvey, Louisiana 70058
Telephone: (504) 363-5701
Counsel for Joseph P. Lopinto, III, in his
Capacity as Sheriff of Jefferson Parish

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been sent to all counsel of record by placing same in U. S. Mail, postage prepaid, facsimile, and/or email, on this the _____ day of _____, 2020.

_____