UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P, LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

### *Ex Parte* Motion for Judicial Notice of Deemed Admissions

Plaintiffs respectfully ask this Court for leave to supplement their Motion for Spoliation Sanctions (R. Doc. 105) with the following:

On September 29, 2022, Plaintiff propounded Requests for Admission on Sheriff Lopinto.[1] On October 31, 2022, responses to the Requests for Admission were due.[2] By the morning of November 1, 2022, no responses were provided.[3]

Plaintiffs therefore ask that this Court take notice of the following deemed admissions:[4]

- Upon receipt of letter entitled "Anti-Spoliation Notice" from William Most dated January 25, 2020, JPSO took steps to preserve the items listed in the letter but did not implement a full litigation hold.

- JPSO did not implement a full litigation hold regarding the Incident until it received notice that the *Lou v. Lopinto* lawsuit had been filed.

---

[1] Ex. A (Requests for Admission).
[2] *See* Fed. R. Civ. Proc. 36(a)(3) ("A matter is admitted unless, within 30 days after being served" a party provides responses); Fed. R. Civ. Proc. 6(a)(1)(c) (if deadline falls on Saturday, extend to next non-holiday weekday).
[3] Ex. B (Declaration of William Most).
[4] Under Fed. R. Civ. Proc. 36(a)(3), a Request for Admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." An admission under Rule 36 has "a conclusively binding effect." Notes of Advisory Committee on Rule 36 (1970). This is important because "[u]nless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." *Id.*, *citing* 2A Barron & Holtzoff, Federal Practice and Procedure § 838 (Wright ed. 1961).

The courts have found that this conclusive effect applies equally to admissions which are made affirmatively and to those which are established by default when a responding party has failed to respond or has provided an untimely response. *See American Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). The Fifth Circuit has recognized the "potential harshness" of default admissions, but has "also emphasized that compliance with the rules of procedure is 'necessary to insure the orderly disposition of cases.'" *Le v. Cheesecake Factory Restaurants Inc.*, No. 06–20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007), *citing In re Carney*, 258 F. 3d 415 (5th Cir. 2001).

- JPSO does not have a written litigation hold policy.

- JPSO's litigation hold practice includes preserving the disciplinary records of officers involved in an incident.

- JPSO's general practice is to destroy officer disciplinary records after three years, absent something requiring preservation.

- JPSO has only submitted one document retention schedule to the state archives, for video footage.

- JPSO does not keep any record of record destruction.

- JPSO does not seek permission from the state archives to destroy records, other than for video footage.

Wherefore, this Motion should be granted.

RESPECTFULLY SUBMITTED,

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (BPR # 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com