## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| DONNA LOU, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 2:21-cv-00080 |
| SHERIFF JOSEPH P. LOPINTO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' SECOND SET OF REQUESTS FOR
### ADMISSION TO SHERIFF JOSEPH P. LOPINTO

COMES NOW, the Plaintiffs, by and through their attorney of record and pursuant to the provisions of Federal Rule of Civil Procedure 36 requests that Defendant Sheriff Lopinto in his official capacity answer the following Requesta for Admissions in the manner and time period proscribed by the Federal Rules of Civil Procedure. Pursuant to F.R.C.P. 36(a), Plaintiffs request that each Defendant specifically admit each of the following facts or, if denied, to state in detail why the answering party cannot truthfully admit or deny it. Further, when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. Plaintiffs give notice that they will seek all available costs and/or sanctions pursuant to F.R.C.P. 37(c) for any Defendant's failure to admit the following requests for admissions.

### DEFINITIONS

For the purpose of these requests, the following definitions shall apply:

1.     "YOU" and "YOUR" shall refer to Defendant, and his/her agents, attorneys and representatives.

2.     "PERSON" shall mean any individual, corporation, partnership, proprietorship, association, organization, or governmental entity, or group of persons.

3.     "IDENTIFY" shall mean:

(A)     When used in reference to an individual, to state his full name and present or last known address, the full name and present or last known address of his employer or

business, in his position with said employer or business.

(B)     When used in reference to a corporation, partnership, incorporated association, or business or governmental entity to state its full name and present or last known address, and fully describe the business or activity in which the entity is engaged; and

(C)     When used in reference to a document, to state the date, author, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, etc.) The person or persons to whom it or copies of it were sent, and its present or last known location and custodian.  If any such document was, but is no longer in your possession or custody or subject to your control, state what disposition was made of it.

4.     "DOCUMENT" shall mean every writing or record of every type and description that is or has been in your possession, custody or control, for which you have knowledge, including, but not limited to, video tapes, photographs, notes, letters, memoranda, books, magazines, notebooks, diaries, papers, agreements, contracts, invoices, analyses, transcripts, correspondence, telegrams, draft, date of processing disks or tapes, x-rays, instructions, announcements, sound recordings and transcripts thereof.  "DOCUMENT" also means all copies of which are not identical to the original, such as those bearing marginal comments, alterations, or other notations not present on the original document as originally written, typed, or otherwise prepared.

5.     "IN-CUSTODY DEATH" shall mean:

Any death that occurs while a subject is in police custody.

6.     "RESTRAINT PROCEDURES" includes all actions taken by law enforcement to forcibly restrain or subdue citizens and includes the use of handcuffs, leg shackles, hog-tie procedure, body weight, choke holds, neck holds, martial arts holds or any other use of body weight or other devices to forcibly restrain a citizen.

7.     "INCIDENT" shall mean the events which occurred on January 19, 2020, at the Westgate Shopping Center involving the Plaintiffs,     ▮ P▮ and the Defendants.

8.     "JPSO" means Sheriff Lopinto in his official capacity, aka the Jefferson Parish Sheriff's Office.

## **REQUESTS FOR ADMISSION**

**Request No. 64**: Upon receipt of letter entitled "Anti-Spoliation Notice" from William Most dated January 25, 2020, JPSO took steps to preserve the items listed in the letter but did

not implement a full litigation hold.

**Response:**

**Request No. 65:** JPSO did not implement a full litigation hold regarding the Incident until it received notice that the *Lou v. Lopinto* lawsuit had been filed.

**Response:**

**Request No. 66:** JPSO does not have a written litigation hold policy.

**Response:**

**Request No. 67:** JPSO's litigation hold practice includes preserving the disciplinary records of officers involved in an incident.

**Response:**

**Request No. 68:** JPSO's general practice is to destroy officer disciplinary records after three years, absent something requiring preservation.

**Response:**

**Request No. 69:** JPSO has only submitted one document retention schedule to the state archives, for video footage.

**Response:**

**Request No. 70:** JPSO does not keep any record of record destruction.

**Response:**

**Request No. 71**: JPSO does not seek permission from the state archives to destroy records, other than for video footage.

**Response:**

RESPECTFULLY SUBMITTED,

*/s/ William Most*
WILLIAM MOST (Louisiana Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170

Tel: (504) 509-5023
williammost@gmail.com

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
(901) 523-1999 (Facsimile)
aclarke@cochranfirmmidsouth.com

## CERTIFICATE OF SERVICE

I certify that the above was transmitted to counsel for Defendants by email on
September 29, 2022.


*/s/ William Most*
William Most