UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA LOU, ET AL** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 21-80 |
| **SHERIFF JOSEPH P. LOPINTO, III, ET AL** | * | SECTION "D-2" |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW
MATTERS DEEMED ADMITTED PURSUANT TO FED. R. CIV. P. 36(b)**

**MAY IT PLEASE THE COURT**:

Defendant, Jefferson Parish Sheriff Joseph P. Lopinto III ("the Sheriff"), has moved the Court to withdraw any matters deemed admitted under Fed. R. Civ. P. 36(a) pursuant to Fed. R. Civ. P. 36(b).

At the outset, the Sheriff believes that this Motion should not be legally necessary, as the subject of the Plaintiffs' request for admissions deals only with Plaintiffs' Motion for Spoliation Sanctions (R. Doc. 105), which the Court just DENIED **on the merits**. R. Doc. 119.  The Sheriff files this Motion out of an abundance of caution because Plaintiffs' filed an "*Ex Parte* Motion for Judicial Notice of Deemed Admissions" (R. Doc. 116), which the Court also rejected on the basis that Plaintiffs improperly filed the Motion as an *ex parte* motion. (R. Doc. 118). The Sheriff simply desires that the record be clear.

1

## BACKGROUND AND RELEVANT PROCEDURAL POSTURE

Plaintiffs filed a Motion for Spoliation Sanctions (R. Doc. 105). The matter was fully briefed, supported by all the evidence available to both parties, orally argued and submitted to the Court **on the merits**. R. Docs. 105, 112, 115, 117. On November 3, 2022, the Court DENIED Plaintiffs' Motion **on the merits**. R. Doc. 119.

On November 1, 2022, the morning that oral argument was had on the merits of Plaintiffs' Motion, Plaintiffs filed an "*Ex Parte* Motion for Judicial Notice of Deemed Admissions" (R. Doc. 116).

The Requests for Admissions dealt only with the claims made in Plaintiffs "*Ex Parte* Motion for Judicial Notice of Deemed Admissions," and not any other claim or defense in the case. (R. Doc. 116-2).[1]

The relevant Requests for Admissions were propounded on Sheriff Lopinto on September 29, 2022. R. Doc. 116-2. Thus, responses to the Requests for Admission were due on October 31, 2022. The responses were not provided until the next morning.

Undersigned counsel believed that the answers to Plaintiffs' Requests for Admissions had been sent to Plaintiffs' counsel prior to the deadline. Undersigned

---

1 Defendants submit that for this reason the Requests for Admission were improper to begin with as exceeding the scope and limits of discovery under Fed. R. Civ. P. 36(a)(1) and Fed. R. Civ. P. 26(b)(1).

2

counsel's secretary, however, went home ill earlier in the day. The Answers were served upon Plaintiffs the very next day, actually 8 hours after the deadline. *See* Answers to Plaintiffs' Request for Admissions, attached as Exhibit 1.

## LAW AND ARGUMENT

First, the matters purportedly deemed admitted by operation of Fed. R. Civ. P. 36(a) are obviously disputed.

Second, withdrawal of the matters deemed admitted will maintain the presentation of the merits of the Motion, which was DENIED by the Court **on the merits**.

Third, withdrawal of the matters deemed admitted will not prejudice the Plaintiffs in maintaining the motion already DENIED by the Court **on the merits**.

### I.   LEGAL STANDARD

Rule 36(a) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

The court may permit withdrawal or amendment of matters deemed admitted by operation of law "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in

3

maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b) (emphasis added). Relying heavily upon *Carney v. Internal Rev. Serv.*, 258 F.3d 415 (5th Cir. 2001), the Fifth Circuit has summarized the law concerning withdrawal of deemed admissions:

> Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir. 1991); *Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001). Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).[2] …
>
> [O]ther factors considered are whether the [moving party] has demonstrated that the merits would be served by advancing evidence showing "**the admission is contrary to the record of the case...**" *N. La. Rehab. Ctr. Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991)); accord *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658-59 (E.D.N.C. 1988)... This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969) or **its diligence in seeking withdrawal**, *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248[, 2006 WL 1816311, at *1] (5th Cir. 2006) (per curiam) (unpublished).

---

2  The language of Rule 36(b) was changed by the 2007 amendments to the Federal Rules of Civil Procedure, so that it now reads: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

> Turning to Rule 36(b)'s second requirement, . . . "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Auto.*, 930 F.2d at 1117.... [O]ther courts contemplating the standard have concluded that **merely having to prove the matters admitted does not constitute prejudice**. *No. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663. Courts have also considered, however, within the prejudice analysis, **the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal** and the adequacy of time remaining for additional discovery before trial. *See, e.g.,… No. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

*Lev. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *1-3 (5th Cir. Mar. 6, 2007) (emphasis added).

[O]ther factors considered are whether the [moving party] has demonstrated that... "the admission is contrary to the record of the case..." N. La. Rehab. Ctr. Inc., 179 F. Supp. 2D 658, 663 (quoting *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1991)); accord Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658-59 (E.D.N.C. 1988).

"**Rule 36 should not be employed to establish facts that are obviously in dispute**." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

## II. ANALYSIS

First, the matters that Plaintiffs sought to have deemed admitted on the morning of oral argument on the Motion to which the matters relate, and which the Court DENIED (R. Doc. 119), are "**obviously in dispute**." *Id*. (emphasis added).

Second, and likewise, the merits would best be served by permitting withdrawal of the deemed admissions. Indeed, the subject matter for which the Plaintiffs sought the admissions was thoroughly briefed, supported by all the evidence available to both parties, orally argued and submitted to the Court on the merits. R. Docs. 108, 112, 115, 117. On November 3, 2022, the Court DENIED Plaintiffs' Motion **on the merits**. R. Doc. 119.

Third, and similarly, Plaintiffs will not be unduly prejudiced in their ability to obtain evidence or bear their burden of proof on their Motion for Spoliation Sanctions, which was already submitted to the Court on the merits and supported by all of the available evidence without reliance on the deemed admissions, and which the Court DENIED **on the merits**. *Id*.

Fourth, there was no bad faith or dilatory motive on the part of the Sheriff in connection with the requests for admissions. On the contrary, undersigned counsel believed that the answers to Plaintiffs' Requests for Admissions had been sent to Plaintiffs' counsel prior to the deadline. Undersigned counsel's secretary, however,

went home ill earlier in the day. The Answers were served upon Plaintiffs the very next day, actually 8 hours after the deadline.

Further, the Sheriff has moved immediately to withdraw the matters deemed admitted.

The Sheriff submits that the prompt filing of this motion and the service of responses to the requests for admissions just hours after being deemed admitted establish due diligence on the part of defendants in correcting the situation.

Therefore, the deemed admissions should be withdrawn.

## CONCLUSION

First, the matters purportedly deemed admitted by operation of Fed. R. Civ. P. 36(a) are obviously disputed.

Second, withdrawal of the matters deemed admitted will maintain the presentation of the merits of the Motion, which was DENIED by the Court on the merits.

Third, withdrawal of the matters deemed admitted will not prejudice the Plaintiffs in maintaining the motion already DENIED by the Court on the merits.

Respectfully submitted,

/s/ James B. Mullaly

_____
**FRANZ L. ZIBILICH, LSB#14914
JAMES B. MULLALY, LSB#28296**

>MARTINY & ASSOCIATES, LLC
>131 Airline Drive, Suite 201
>Metairie, Louisiana 70001
>Telephone: (504) 834-7676
>Facsimile: (504) 834-5409
>Email: fzibilich@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

>**/s/ James B. Mullaly**

>_____
>**JAMES B. MULLALY**