UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P, LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

**Opposition to Motion to Withdraw Deemed Admissions**

Plaintiff propounded Requests for Admissions on Defendants. Defendants did not timely respond to the Requests, and so they were deemed admitted per Fed. R. Civ. Proc. 36(a)(3).

Defendants now move to withdraw five deemed admissions. R. Doc. 120. For each of those five, Defendants propose to respond "Denied as written." R. Doc. 120-2.

The motion should be denied. A "denied as written" response fails to comply with the requirement of Fed. R. Civ. Proc. 36(a)(4) that if a "matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."

Because of that rule, courts have rejected "denied as written" answers as evasive and not in compliance with the federal rules. For example, in *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, the Eastern District of Louisiana found that a party must respond to requests for admission "without the evasiveness of the "denied as written" response" and ordered that the party "provide a response that complies with Rule 36(a)(4)." No. 12-cv-2071, 2014 WL 295053 at *10 (E.D. La. Jan. 27, 2014).

Similarly, in *Janko v. Fresh Mkt., Inc.*, the court held that a "denial of a request for admission 'as written' without further explanation is evasive." 13-648-RLB (M.D. La. Aug. 5, 2015), *citing Lynn v. Monarch Recovery Mgmt., Inc.,* 285 F.R.D. 350, 368 (D. Md. 2012) ("The phrase 'denied as written,' without additional elaboration, is evasive, and is tantamount to a failure to answer.") The court in *Janko* therefore ruled that the "denied as written" responses were

1

"insufficient," and required the responding party to "provide a good faith amended answer in accordance with Rule 36(a)(4). If the foregoing qualified denials are partial in nature, and based on particular language contained in the requests for admission, [the party] must identify, in good faith, the extent to which it admits the requests for admission." *Id.* at *7.

Because Defendant proposes to replace the deemed admissions with evasive responses that do not comply with the Federal Rules of Civil Procedure, the motion should be denied.

                                              RESPECTFULLY SUBMITTED,

                                              Andrew C. Clarke (TN BPR # 15409)
                                              The Cochran Firm Midsouth
                                              One Commerce Square, Suite 1700
                                              (901) 523-1222 (Telephone)
                                              aclarke@cochranfirmmidsouth.com

                                              */s/ William Most*
                                              WILLIAM MOST (BPR # 36914)
                                              Most & Associates
                                              201 St. Charles Ave., Ste. 114 #101
                                              New Orleans, LA 70170
                                              Tel: (504) 509-5023
                                              williammost@gmail.com