UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA LOU, ET AL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 21-80** |
| **SHERIFF JOSEPH P. LOPINTO, III, ET AL** | * | **SECTION "D-2"** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW MATTERS DEEMED ADMITTED PURSUANT TO FED. R. CIV. P. 36(b)**

**MAY IT PLEASE THE COURT:**

Before the Court is the Sheriff's Motion to Withdraw Matters Deemed Admitted. R. Doc. 120. Plaintiffs have filed an opposition. R. Doc. 121. The Sheriff submits the following reply:

**LAW AND ARGUMENT**

**A.    THE PRESENT MOTION AND PLAINTIFFS' RESPONSE**

Simply, as with their ill-fated "*Ex Parte* Motion for Judicial Notice of Deemed Admissions" (R. Doc. 116), Plaintiffs opposition memorandum is improper in that it is non-responsive to the Sheriff's Motion and raises issues that are not before the Court.

Indeed, Plaintiffs do not even address the merits of the Sheriff's Motion to withdraw the matters deemed admitted vis-a-vis Plaintiffs' Requests for Admission. Rather, Plaintiffs quibble with the adequacy of the responses to their

Requests. The proper vehicle for challenging the adequacy of the discovery responses would be a motion to compel pursuant to Rule 37(a). The cases that Plaintiffs cite in the memorandum state as much.

Rule 37 provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Here, Plaintiffs' challenge as to the adequacy of the relevant discovery responses are not before the Court, the Court need not consider Plaintiffs' opposition, and the Sheriff's Motion should be GRANTED.

Notwithstanding the foregoing, Plaintiffs challenge to the adequacy of the Sheriff's discovery responses is not proper because Plaintiffs never met and conferred with counsel for the Sheriff regarding their concerns.

A motion pursuant to Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "[A] proper Rule 37(a) motion to compel ... must include a certification that the movant has made a good faith effort to meet and confer regarding **the specific discovery disputes at issue**, and to resolve them without court intervention." *Samsung Elecs. Am. Inc. v. Chung*, No. 3:15-cv-4108-D, 2017

2

WL 896897, at *13 (N.D. Tex. Mar. 7, 2017)(emphasis added).

Parties must make "a good faith effort to meet and confer regarding the ***specific discovery disputes at issue***, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1)..." *Samsung Elecs. Am. Inc. v. Chung*, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017); *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015)("Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion." (internal quotation marks and citations omitted)), on reconsideration in part, 2015 WL 12532137 (N.D. Tex. June 22, 2015); *Brown*, 2014 WL 2777373, at *2 ("[T]he conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any non-dispositive dispute without court intervention.

The meet and confer requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, including pro se parties, that require all parties to engage in meaningful discussions in an attempt to

resolve matters without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988).")."When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss **each matter** in good faith to comply with conference requirements. ***When it may require several hours of court time to resolve the numerous issues raised; it seems logical that the parties will have spent an equal or greater amount of time attempting to resolve the issues without judicial involvement***." *Brown*, 2015 WL 11121361, at *4 (internal quotation marks and citation omitted; emphasis added).

Here, Plaintiffs have not certified that they met and conferred regarding their concerns about the adequacy of the Sheriff's discovery responses, and it is a fact that they did not.

Plaintiffs' challenge as to the adequacy of the relevant discovery responses are not before the Court, the Court need not consider Plaintiffs' opposition, and the Sheriff's Motion should be GRANTED.

### B.    FUTURE FILINGS

As an added measure, being that this is, as noted by the Court, by no means the first time that Plaintiffs have come before the Court improperly, the Sheriff would ask that the Court admonish Plaintiffs.

The Sheriff further requests that the Court order that any future discovery motion filed by Plaintiffs set forth in the appropriate certification: (1) who participated in the Rule 37 conference, (2) how it was conducted (e.g., by phone), (3) how long the conference lasted (in minutes), (4) the topics or areas that were addressed, and (5) the topics that were resolved and/or remain outstanding. *See e.g., McCoy v. SC Tiger Manor, LLC*, Civ. Action No. 19-723-JWD-SDJ (M.D. La. 4/8/2021).

Respectfully submitted,

/s/ **James B. Mullaly**
_____
**FRANZ L. ZIBILICH, LSB#14914**
**JAMES B. MULLALY, LSB#28296**
MARTINY & ASSOCIATES, LLC
131 Airline Drive, Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
Email: fzibilich@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

/s/ James B. Mullaly

_____
**JAMES B. MULLALY**