UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P, LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY

NOW INTO COURT, through undersigned counsel, come Plaintiffs Donna Lou and Daren Parsa who file this memorandum in support of their Rule 37 motion seeking an order compelling Defendant Joseph Lopinto III to respond to certain Interrogatories and Requests for the Production of Documents.

Specifically, Sheriff Lopinto has declined to provide any information about the financial status of the Sheriff's Office. That information, however, is necessary for the jury to evaluate punitive damages now that the Sheriff has promised to pay for any punitive damages. Sheriff Lopinto previously objected to any discovery into his personal financial information, and so he cannot now object also to discovery about JPSO's status. The motion should be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Donna Lou and Daren Parsa are the parents of E.P., a severely autistic 16-year-old who died in Defendants' custody. As a result of that incident, Plaintiffs filed the instant lawsuit on January 14, 2021. ECF No. 1.

Defendant Joseph Lopinto III is the sheriff of Jefferson Parish and the head of JPSO, which employs several Defendants in this case. In that capacity, Defendant Lopinto agreed to indemnify any punitive damages which may be awarded against the individual deputies.[1]

In discovery, Plaintiffs sought evidence of Sheriff Lopinto's personal financial status for the purposes of determining the proper quantum of punitive damages. ECF No. 36-4. Sheriff Lopinto declined to provide that information. *Id.* Plaintiffs moved to compel. ECF No. 36. The Sheriff opposed the motion on the reasoning that "the Sheriff is fully indemnified for any and all claims against him, punitive damages included." ECF No. 64 at 8.

On May 31, 2022, the Court granted the motion in part and denied the motion in part. ECF No. 79. The Court denied the motion insofar as it sought evidence of Sheriff Lopinto's personal financial status, explaining that that information is "unnecessary to the extent that Sheriff Lopinto has been indemnified for any damage award in his individual capacity." *Id*. at 16.

For that reason, on September 23, 2022, Plaintiffs propounded discovery requests which seek information related to JPSO's financial information.[2] This set of requests included on Interrogatory and three Requests for the Production of Documents.[3] Defendant Lopinto responded to each request with the same objection: "Objection, as this request is premature, seeks information which is overly broad, irrelevant, immaterial, and unlikely to lead to discoverable information for the purposes of this litigation."[4]

---

[1] *See* ECF No. 58 at 1-2 (referring to "the Sheriff Office's agreement to indemnify the individual officers from liability for compensatory and punitive damages")
[2] Exhibit B ("Response to Plaintiff's Fourth Set of Interrogatories and Requests for Production of Documents to Sheriff Joseph P. Lopinto").
[3] *Id*.
[4] *Id.*

2

On October 27, 2022, counsel for Plaintiffs and JPSO conferred to discuss the requests. Plaintiffs' counsel explained the rationale and relevance of the discovery requests, but Defendant ultimately stood on the written objections.[5] Parties agreed that no further progress was to be made without Court intervention.

The requests to which Plaintiffs seek to compel a response are as follows:

|  | *Request* | *Response* |
|---|---|---|
| Int. No. 23 | Detail all of the assets owned by Sheriff Lopinto in his official capacity (i.e. JPSO), including financial assets and contents of bank accounts, real property, moveable property, etc., from January 19, 2020 to the present. | Objection, as this request is premature, seeks information which is overly broad, irrelevant, immaterial, and unlikely to lead to discoverable information for the purposes of this litigation. |
| RFP No. 39 | Produce all documents reflecting ownership by Sheriff Lopinto in his official capacity (i.e. JPSO), of financial assets and contents of bank accounts, real property, or moveable property. | Objection, as this request is premature, seeks information which is overly broad, irrelevant, immaterial, and unlikely to lead to discoverable information for the purposes of this litigation. |
| RFP No. 40 | Produce all documents that are balance sheets, budgets, or financial audits of Sheriff Lopinto in his official capacity (i.e, JPSO). | Objection, as this request is premature, seeks information which is overly broad, irrelevant, immaterial, and unlikely to lead to discoverable information for the purposes of this litigation. |
| RFP No. 41 | Produce all documents reflecting valuation of real property owned by Sheriff Lopinto in his official capacity (i.e., JPSO). | Objection, as this request is premature, seeks information which is overly broad, irrelevant, immaterial, and unlikely to lead to discoverable information for the purposes of this litigation. |

## **LAW AND ARGUMENT**

Plaintiffs' Complaint brings several claims against Defendants, both in their individual and official capacities. These claims include violation of rights under 42 U.S.C. § 1983, state constitutional claims, and violations of the Americans with Disabilities Act and Sec. 504 of the

---

[5] Ex. A (Corr. of Counsel).

3

Rehabilitation Act.[6] Several of the individual capacity claims include punitive damages.[7] Defendant Lopinto stated in discovery that he "will indemnify the deputies should there be a punitive damages award."[8]

## A.   Standard and Scope of Discovery

Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C., Inc.* 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting, Inc.*, 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004). Rule 26(b)(1) permits broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . " Rule 26(b)(1). The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may request any document that falls within the scope of Rule 26(b); *i.e.*, any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. Pro. 34; Fed. R. Civ. Pro. 26(b).

If a party fails to answer an interrogatory or produce a requested document or provides an evasive or incomplete disclosure, answer, or response, the requesting party may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. Pro. 37(a)(4). An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

---

[6] ECF No. 1 ("Complaint") at ¶¶ 385-485.
[7] *Id.* at ¶¶ 486-487.
[8] See ECF No. 58 at 1-2.

Federal District Courts are given broad discretion in ruling on discovery matters. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Here, Plaintiffs seek an order compelling Defendant Lopinto to respond to requests related to JPSO's assets. This Court should grant Plaintiffs' motion for the following reasons.

**B.    The Motion Should Be Granted Because Information About JPSO's Assets is Necessary for a Jury to Evaluate the Proper Quantum of Punitive Damages.**

In their Complaint, Plaintiffs have asserted causes of actions which, if proven, would enable them to recover punitive damages from Defendants sued in their individual capacities.[9] "[I]t is well established that evidence of a defendant's financial worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damages claim." *Jackson v. Wilson Welding Serv. Inc*. (E.D. La. 2011); *see also Singleton v. RPM Pizza, Inc*., No. 03-2219, 2004 U.S. Dist. LEXIS 1033, at * 4-5 (E. D. La. January 26, 2004) (finding defendant's financial status relevant and reasonably calculated to lead to the discovery of information relevant to plaintiff's punitive damages claim and ordering defendant to produce its annual reports, financial statements, and federal income tax returns). Part of the reason that financial evidence is relevant is that "ability to pay" is part of the analysis in ascertaining the proper quantum of punitive damages. *See U.S. E.E.O.C. v. Denham Springs Pub. Co*., 2012 WL 262268, at *2-3 (M.D. La. Jan. 27, 2012) ("Under federal law, evidence of a defendant's financial worth and ability to pay may be admissible for the purpose of evaluating the amount of punitive damages that should be awarded.")

In 42 U.S.C. § 1983 suits, the general rule is that punitive damages may not be awarded against public bodies. *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271, 101 S.Ct. 2748,

---

[9] ECF No. 1 at ¶¶ 385-486.

69 L.Ed.2d 616 (1981). But here, Plaintiffs do not seek punitive damages from JPSO directly. Rather, Plaintiffs have pled punitive damages against the individual Defendants, as allowed by law, and JPSO has elected to indemnify those individuals for all damages, including punitive damages.

And so, because no individual in this case would be paying their own punitive damages, the financial condition of individuals would be the incorrect measure. Indeed, this Court has already denied personal financial-information discovery for that reason. ECF No. 79 at 16. Instead, the relevant financial information in assessing whether punitive damages are appropriate and the amount of any punitive damages would be the financial condition of the entity actually paying the punitive award, which is JPSO (*i.e.,* Defendant Lopinto in his official capacity). *See U.S. E.E.O.C. v. Denham Springs Pub. Co.*, *supra* (noting that "ability to pay" is part of the punitive damages analysis).

Thus, Defendant Lopinto cannot have it both ways. He objected to discovery about his own assets on the theory that JPSO was indemnifying him. ECF No. 64 at 8. He cannot now also object to discovery about JPSO's assets on the same theory. That is a "heads I win, tails you lose" argument.

Accordingly, because JPSO has elected to indemnify the individual Defendants, Plaintiffs are entitled to discovery regarding JPSO's financial condition.

## C. Plaintiffs have attempted in good faith to obtain the requested information and documents without court action.

Before seeking a motion to compel, a movant must confer, or attempt to confer, in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. Fed. R. Civ. Proc. 37(a)(1).

Here, the parties held a telephonic meet and confer on October 27, 2022 regarding the discovery dispute. During that call, Plaintiff's counsel explained the "reasoning for seeking the information about JPSO's assets (that it is relevant to punitive damages, given that JPSO has agreed to indemnify for that purpose)" See Ex. A at 1. Defendants' counsel "indicated that JPSO would be standing on its objections." *Id.* The parties agreed that they "have sufficiently met and conferred about these requests." *Id.*

Accordingly, undersigned counsel certified by declaration that "the movants have in good faith conferred with Defendant in an effort to obtain the answer and responses without court action." Ex. C (Dec. of William Most) at ¶ 6.

## **CONCLUSION**

WHEREFORE, Plaintiffs ask this Court to issue an Order, pursuant to Rule 37(a), compelling Defendant Lopinto to produce responses to Interrogatory No. 23 and Requests for Production of Documents Nos. 39-41.

Respectfully submitted,

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com