UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA LOU, ET AL** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 21-0080 |
| **SHERIFF JOSEPH P. LOPINTO, III ET AL** | * | SECTION: "D" |
| | | MAGISTRATE: "2" |
| * * * * * * * * | | |

**RESPONSE/OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO WRITTEN DISCOVERY, R. DOC. 125**

**MAY IT PLEASE THE COURT:**

Before the Court is Plaintiffs' Third Motion to Compel Responses to Written Discovery. R. Doc. 125. In this latest Motion, Plaintiffs sought to compel the discovery propounded upon Sheriff Joseph P. Lopinto, III ("the Sheriff") in his official capacity relative to the assets of the Jefferson Parish Sheriff's Office.

Prior to the filing of this Opposition, the discovery was "satisfied" when the Sheriff pointed Plaintiffs to the website where the information may be found by any member of the public.

Plaintiffs acknowledges that the discovery that is the basis of their motion has been "satisfied."

Nonetheless, unable to get a straight answer on whether the parties could

agree that Plaintiffs' Motion is entirely moot, the Sheriff responds to Plaintiffs' Motion.

## STATEMENT OF THE BACKGROUND

This case needs no introduction.

By way of brief reiteration, this case has an extraordinarily simple fact set, with the entirety of the subject events being captured on video.

The case is essentially a single issue case, namely whether the Deputies used reasonable force and means in dealing with EP who attacked his father and the Deputies.

Nonetheless, the Plaintiffs have burdened this Court with motion after motion that have nothing to do with the incident sued upon or the exceedingly simple facts of same.

Plaintiffs filed a motion to disqualify the counsel that has collectively represented the Sheriff for a century, R. Doc. 18, which was DENIED. R. Doc. 58.

Plaintiffs filed a Motion to compel, R. Doc. 21, which was DENIED IN PART. R. Doc. 47.

Plaintiffs filed a second Motion to compel, R. Doc. 36, which was DENIED IN PART. R. Doc. 79.

This Court has already issued forty-three (43) pages of written Orders and Reasons on Plaintiffs' previous two Motions to Compel. R. Docs. 47, 49.

Plaintiffs filed a Motion to Strike *Ex Parte* Communications, R. Doc. 61, which was subsequently withdrawn and denied as Moot. R. Doc. 69.

Plaintiffs filed a Motion for Protective Order, R. Doc. 75, which was DENIED immediately as improper. R. Doc. 76.  Plaintiffs followed up several times and eventually the parties were able to agree on a protective order whereby the parties agreed to not produce things not yet obtained and which no party would ever disclose anyway. R. Doc. 90.

Plaintiffs filed a meritless Motion for Partial Summary Judgment wherein they lacked standing to challenge search warrants that were issued as part of the investigation into the death of their son. R. Doc. 93.

Plaintiffs filed a frivolous Motion for Spoliation Sanctions, R. Doc. 105, which was DENIED. R. Doc. 119.

Now Plaintiffs have filed a **third** Motion to compel the discovery propounded upon Sheriff Joseph P. Lopinto, III ("the Sheriff") in his official capacity relative to the assets of the Jefferson Parish Sheriff's Office, which records are a matter of public record readily available online to anyone who wishes to view them. R. Doc. 125.

Prior to the filing of this Opposition, the discovery was "satisfied" when the Sheriff pointed Plaintiffs to the website where the information may be found.

Plaintiffs acknowledged that the discovery was "satisfied." *See* Emails by and between counsel, attached as Exhibit 1.

Nonetheless, the Sheriff has been unable to get a clear answer from Plaintiffs as to whether their third motion to compel is entirely moot.

Hence, the present "response" to Plaintiffs' Motion.

## LAW AND ARGUMENT

First, Plaintiffs' Motion is MOOT because the discovery that is the subject of their Motion has been "satisfied."

Second, Plaintiffs should not be awarded attorneys fees.

### I.   PLAINTIFFS' MOTION TO COMPEL IS MOOT

Plaintiffs' Motion is MOOT because the discovery that is the subject of their Motion has been "satisfied."

Plaintiffs have acknowledged that the discovery subject to their Motion has been "satisfied." *See* Exhibit 1.

Therefore, Plaintiffs' Motion is Moot and should be DENIED.

## II.     THE COURT SHOULD DENY ATTORNEY'S FEES

While a court generally must award reasonable expenses to the prevailing party on a motion to compel, Fed.R.Civ.P. 37(a)(5)(A), there are exceptions to this rule where (1) a movant files their motion "before attempting in good faith to obtain the disclosure or discovery without court action," (2) "the opposing party's nondisclosure, response or objection was substantially justified, or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, the latter two exceptions apply.

First, the Defendants' timely responded to all of Plaintiffs' discovery requests and asserted substantially justified objections to production (this Court DENIED Plaintiffs' Motion to Disqualify counsel precisely because the Defendants are fully indemnified for any damages); thus, Plaintiff's request for fees should be denied. Fed. R. Civ. P. 37(a)(5)(A)(ii).

Second, as established above, Plaintiffs' discovery practice has been "improper" and beyond the scope of the present litigation; it has subjected the Sheriff to a great deal of undue burden. Therefore, "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

## CONCLUSION

First, Plaintiffs' Motion is MOOT because the discovery that is the subject of their Motion has been "satisfied."

Second, Plaintiffs should not be awarded attorneys fees.

Therefore, Plaintiffs' motion, R. Doc. 125, should be DENIED.

                            Respectfully submitted,

                            */s/ James B. Mullaly*
                            **FRANZ L. ZIBILICH, LSB #14914**
                            **JAMES B. MULLALY, LSB#28296**
                            MARTINY & ASSOCIATES, LLC
                            131 Airline Drive, Suite 201
                            Metairie, Louisiana 70001
                            Telephone: (504) 834-7676
                            Facsimile: (504) 834-5409
                            Email: mulljtc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

                            */s/ James B. Mullaly*
                            **JAMES B. MULLALY**