UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 21-80 |
| SHERIFF JOSEPH P, LOPINTO, III, ET AL. | * | SECTION "D" (2) |

## ORDER AND REASONS

Before me are Defendant Jefferson Parish Sheriff Joseph P. Lopinto's Motion to Withdraw Matters Deemed Admitted (ECF No. 120) and Plaintiffs' Motion to Compel Discovery (ECF No. 125). Opposition Memoranda were timely filed (ECF Nos. 121, 126), and Defendant Lopinto filed a Reply Memorandum. ECF No. 124. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Withdraw Matters Deemed Admitted is GRANTED and Plaintiffs' Motion to Compel is DENIED AS MOOT for the reasons stated herein.

## I.   BACKGROUND

Donna Lou and Daren Parsa are the parents of E.P., an autistic 16-year-old, who sued Jefferson Parish Sheriff Joseph Lopinto III, several Jefferson Parish Sheriff's Office ("JPSO") officers (Deputies Pitfield, Vaught, Mehrtens, Guidry, Vega, Estrada, and Gaudet), their insurer, Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC and their insurers after their son died while being subdued by police officers during a severe, acute sensory episode on January 19, 2020. ECF No. 1, ¶¶ 2, 17–28. After playing a game of laser tag at Westgate shopping center, Plaintiffs and their son went to the parking lot where their son experienced a melt-down caused by, and related to, his autism during which he slapped, grabbed and bit his father.

1

*Id.* at ¶¶ 29–40.  When the manager observed the interaction, he asked if Plaintiffs wanted him to call the police, and they responded affirmatively.  *Id.* at ¶ 41.

Plaintiffs contend that, despite knowledge that the call was to assist with a severely autistic child, after being slapped, Officer Pitfield improperly took the child to the ground and applied physical force and restraint, which resulted in the child's death.  *Id.* ¶¶ 3–9, 48, 68–69.  After taking E.P. down, E.P. bit Officer Pitfield, who realized he needed another pair of handcuffs.  *Id*. ¶ 72.  Officer Pitfield retrieved them while E.P.'s father held E.P. down, after which Officer Pitfield sat on E.P. for approximately 7 minutes.  *Id.* ¶¶ 70–76.  Plaintiffs contend that, once E.P. had de-escalated, Defendants should have placed him in a recovery position by turning him on his side or sitting him up rather than continuing to maintain force on him, and they should have ensured that he could breathe.  *Id.* ¶¶ 103–104, 117–18, 151–56, 164–181.  They also contend that Officer Vega, who relieved Officer Pitfield, improperly used a pain compliance technique, neck hold, and choke hold, all of which were unnecessary.  *Id.* ¶¶ 192–214.  When another officer relieved Officer Vega, the child was found to have gone limp, urinated on himself, and was dying.  *Id.* ¶¶ 217–20.

Plaintiffs premise their claims on 42 U.S.C. § 1983; Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131, 12132; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the First, Fourth, Ninth and Fourteenth Amendments.  ECF No. 1, at ¶ 12.  Plaintiffs contend that the JPSO officers used excessive and unreasonable force, failed to intervene, and unlawfully seized Plaintiffs by preventing them from going to the hospital to be with their son, in violation of the Constitution and § 1983 (*id.* ¶¶ 386, 390), Sheriff Lopinto failed to (a) determine whether his deputies were qualified, (b) provide proper policies or guidance for dealing with persons with disabilities, (c) provide proper training on dealing with persons with disabilities, (d) properly monitor and supervise his deputies, (e) to investigate and discipline deputies for

violations of JPSO policies, practices and customs (*id.* ¶ 409), and they violated the ADA and Rehabilitation Act by failing to provide reasonable accommodation and failing to adopt appropriate policies (*id.* ¶¶ 452–53).  Plaintiffs also contend that Defendants are liable under Louisiana tort law.  *Id.* ¶¶ 458–59.

## II.   <u>MOTION TO COMPEL</u>

Plaintiff seeks information about the financial condition of the Jefferson Parish Sheriff's Office based on representations that the JPSO has indemnified the defendants in this case.  ECF No. 125-1, at 2.  Plaintiff argues that this information is necessary for the jury to assess punitive damages, and while punitive damages are not available in § 1983 suits against municipalities, the JPSO has voluntarily agreed to indemnity the officers of punitive damages, making its net worth relevant to the issue of ability to pay.  ECF No. 125-1, at 5-7.

In Opposition, Defendant Sheriff Lopinto argues that the discovery was satisfied when he directed Plaintiff to the JPSO website where this financial information is located, and Plaintiff has acknowledged that this discovery has been satisfied.  ECF No. 126, at 1.  Although Plaintiff did not file a Reply, court staff did confirm with Plaintiff's counsel that he agrees that the motion to compel is moot.  Accordingly, that motion will be denied as moot.

## III.   <u>MOTION TO WITHDRAW DEEMED ADMISSIONS</u>

Plaintiff issued a Second Set of Requests for Admission to Defendant Sheriff Lopinto on September 29, 2022, which added Request Nos. 64-71 relating to the JPSO's document retention policy and practices.  ECF No. 116-2.  Responses were due on October 31, 2022, and defense counsel thought they were sent, but his secretary went home ill that day, so the responses were not served until the next day, November 1, 2022.  ECF No. 120-1, at 2-3.  In Opposition, Plaintiff argues that the responses contain numerous "denied as written" responses, which are insufficient.

3

ECF No. 121.  In Reply, Defendant Lopinto argues that the sufficiency of its responses has not been addressed in a Rule 37 conference, and thus, Plaintiff's objection to the substance, rather than the delayed delivery, is not at issue in this motion.  ECF No. 124.

## IV.   LAW AND ANALYSIS

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either.  Fed. R. Civ. P. 36(a)(1)(A) (emphasis added).  Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.[1]  "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[2]  Requests for admissions allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[3]  They are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[4]

Rule 36 instructs litigants how to answer and object to requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

---

[1] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).
[2] *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (internal quotation and citation omitted).
[3] *In re  Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *1 (E.D. La. June 27, 2007) (quoting *In Re Carney*, 258 F.3d at 419 (internal citations omitted)).
[4] *Id.* at *2 (citations omitted).

Fed. R. Civ. P. 36(a)(4).  The denial of a request for admission "as written" without further explanation is evasive and non-compliant with Rule 36.[5]  When a responding party has semantic objections to how the requests for admission are drafted and its qualified denials are partial in nature, the party must identify, in good faith, the extent to which it admits the requests for admission.[6]  General objections to requests for admission that are not addressed to specific requests to admissions are insufficient.[7]

A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage.[8]  Instead, the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to rule 36 requests for admissions is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in rule 36(b), which provides in pertinent part:[9]

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

Fed. R. Civ. P. 36(b).  Thus, the Court may allow a party to withdraw a deemed admission if same (1) would serve the presentation of the case on its merits, and (2) not prejudice opposing party who obtained the admissions.

Prejudice under Rule 36(b) does not arise simply because the party who obtained the admission will now have to convince the fact finder of its truth.  Rather, the necessary prejudice

---

[5] *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc*., No. 12–2071, 2014 WL 295053, at *4 (E.D. La. Jan. 27, 2014).
[6] *Janko v. Fresh Market, Inc*., No. 13-648, 2015 WL 4714928, at *4 (M.D. La. Aug. 5, 2015) (citations omitted).
[7] *Id*. at *2 (citations omitted).
[8] *In re Carney*, 258 F.3d at 420 (citations omitted).
[9] *Id.*

relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses as a result of the sudden need to obtain evidence with respect to the questions previously answered by the admission.[10]  "Even if a party establishes these two factors, the district court retains discretion to deny a request to withdraw an admission . . . ."[11]

## V.      ANALYSIS

Defendant Sheriff Lopinto has satisfied the requirements of Rule 36(b).  Allowing him to withdraw the deemed admissions is favored as it will allow for resolution of the case on its merits rather than procedural error and does not prejudice Plaintiff.  Further, no other circumstances would justify the Court's exercise of its discretion to deny the request to withdraw the admissions despite satisfaction of the Rule 36(b) factors.

Although the propriety of Sheriff Lopinto's Responses to the Requests for Admission is not properly before the Court in the absence of a proper Rule 37 conference, rather than require the unnecessary cost and expense of yet another discovery motion in this case directed to the sufficiency of the responses, the Sheriff will be ordered to supplement his "denied as written" responses by providing written responses compliant with Rule 36 (i.e., by specifically denying or stating in detail why he cannot truthfully admit or deny the request and fairly responding to the substance of the matter).

## VI.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Compel (ECF No. 125) is DENIED AS MOOT.

---

[10] *Wild v. St. Tammany Par. Hosp. Serv. Dist. No. 1*, No. 19-10931, 2021 WL 6446363, at *2 (E.D. La. Mar. 30, 2021) (citing *Express Lien, Inc. v. RoHillCo Bus. Servs. LLC*, No. 13-4889, 2014 WL 1870621, at *2 (E. D. La. May 8, 2014) (quoting *In re Carney*, 258 F.3d at 420).

[11] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014)) (citing *In re Carney*, 258 F.3d at 419-20).

IT IS FURTHER ORDERED that Defendant's Motion to Withdraw Matters Deemed Admitted (ECF No. 120) is GRANTED.

IT IS FURTHER ORDERED that Defendant provide supplemental Responses to the Requests for Admission, compliant with Rule 36, on or before December 19, 2022.

New Orleans, Louisiana, this __2nd__ day of December, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE