## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA LOU and DAREN PARSA, on** | § | |
| **their own behalf and on behalf of their** | § | **CIVIL ACTION NO. 21-00080** |
| **deceased minor child, E.P.** | § | |
| | § | **SECTION "F"(2)** |
| **V.** | § | |
| | § | |
| **SHERIFF JOSEPH P. LOPINTO, III, ET** | | |
| **AL** | | |

---

### DEFENDANTS VICTORY REAL ESTATE INVESTMENTS LA LLC'S AND WESTGATE INVESTORS NO LLC'S D/B/A WESTGATE SHOPPING CENTER'S RESPONSES TO PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY

---

**COME NOW**, Defendants Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC d/b/a Westgate Shopping Center who hereby respond to Plaintiffs' first set of written discovery as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons, other than your counsel, who assisted in answering and/or supplying information used in answering these Interrogatories. For each person identified, please include their full name, phone number, current address, and describe their relationship to Mac's Convenience Stores.

**ANSWER:**

Gina Christopher
240 Brookstone Centre Parkway
Columbus, GA 31094
706-327-4774
No relationship to "Mac's Convenience Stores."

**INTERROGATORY NO. 2:**

Please describe in detail any and all interests (e.g., property, legal, business, etc.) that Defendant has with respect to the Westgate Shopping Mall, and any business which operates on the premises of the property, including but not limited, to the Laser Tag operating at the location. If your current interests differ from your interests on the day of the subject incident, your response should describe your interests on the day of the subject incident and note the date on which those interests changed, along with a general description of any change.

**ANSWER:**

Defendants object to this Interrogatory on grounds that it is compound and is four (4) separate Interrogatories.  Notwithstanding, Westgate Investors NO, LLC is 100% owned by Victory Real Estate Investments LA, LLC.  The foregoing information is true today and was true on the date of the subject incident.  Neither Defendant has any ownership interest in the businesses (including Laser Tag) that leases space at Westgate Shopping Mall.

**INTERROGATORY NO. 3:**

State and describe in detail all evidence or other tangible thing, including, but not limited to, documents, emails, text messages, witness statements, photographs, audio recordings, and video recordings, upon which you relied in the answering of these Interrogatories or that are otherwise known to you to be in existence.

**ANSWER:**

Any such responsive materials not prepared in anticipation of litigation or subject to the attorney-client privilege that are in the possession of Defendants are being produced herewith.

**INTERROGATORY NO. 4:**

Identify all persons with personal knowledge regarding the facts and circumstances leading up to the subject incident through the subject incident itself. For each person identified, please include their full name, phone number, current address, describe their relationship to Defendant, and state the basis for their knowledge.

**ANSWER:**

See Defendants' Rule 26 Initial Disclosures.

**INTERROGATORY NO. 5:**

Describe all written and verbal statements that are known to you that were given by you, your employees, agents, servants, representatives or witnesses regarding the "subject incident."

**RESPONSE:**

Any such responsive materials in the possession of Defendants is being produced herewith.

**INTERROGATORY NO. 6:**

In your own words, please describe in detail the events leading up to the "subject incident" through the death of ███ P███ including any communications made to the Plaintiffs or Defendants or overhead by any of your employees with respect to the subject incident.  Please include in your response how you obtained the knowledge sufficient to provide such a description.

**RESPONSE:**

Mr. Cannatella, Head Security Officer, will be made available for deposition.  Mr. Cannatella is an independent contractor. Any responsive information/knowledgeable to this Interrogatory will be in his possession/memory.

**INTERROGATORY NO. 7:**

Please state the name, phone number, and current address of any person who was employed in any manner, whether as an executive, officer, director, employee, contractor, agent, or in any other capacity, for Defendant and Westgate Shopping Center on the date of the "subject incident." For each person identified, please include their job title and job description/responsibilities on the date of the subject occurrence.

**ANSWER:**

Defendants object to this Interrogatory on grounds that it is compound, overbroad, unduly burdensome and seeks irrelevant information not reasonable calculated to lead to the discovery of admissible evidence.  Defendants have already identified said persons with knowledge of the subject incident in its Rule 26 Initial Disclosures.

**INTERROGATORY NO. 8:**

Please describe in detail any procedures or policies, whether written or otherwise, that were in place on the date of the subject incident regarding the security or safety of patrons and the use of security services at the subject premises.

**ANSWER:**

Any said procedures and policies would be in the possession of the Jefferson Parish Sherriff's Department.  Defendants rely on trained off-duty police officers to follow police procedures while at the Westgate Shopping Center.

**INTERROGATORY NO. 9:**

Please identify the person(s) or entities who were employed, retained or contracted to provide security services at the WESTGATE SHOPPING CENTER hereinafter referred to as Subject Premises.  With respect to any security services contracted or used by Defendants, please state:

1.      The cost for the services and mehtod of payment;

2.      The security plan and schedule for security services;

3.      The responsibilities of the security services personnel; and

4.      The full scope of the security services;

**ANSWER:**

Defendants object to this Interrogatory on grounds that it is compound and is two (2) separate Interrogatories with subparts.  Also, Defendants object to this Interrogatory on grounds that is overbroad, unduly burdensome and seeks irrelevant information not reasonable calculated to lead to admissible evidence.  Notwithstanding same, the persons employed, retained or contracted to provide security services at the Westgate Shopping Center on the date of the "subject incident" have been previously disclosed in Defendants Rule 26 Initial Disclosures.  With respect to the remaining inquiries in this compound Interrogatory:

(1) $30 an hour paid by check;

(2) Scheduling is handled entirely by Donald Coannatella;

(3) Provide security and protection for our tenants and their customers; and

(4) Be a prescence on-site during peak hours.  Answer calls from tenants and respond if tenants have any security issues.  Utilize training and procedures provided by the Jefferson Parish Sheriff's Office while on-site to serve and protect the patrons and tenants of Westgate Shopping Center.

**INTERROGATORY NO. 10:**

If a report about this occurrence was made by you or your agent, servant or employee in the ordinary course of business, including, but not limited to, an incident report, describe each report, provide the date of each report, and identify the person or persons who made each report and the persons who presently have custody of each report.

**ANSWER:**

No such report was made other than an email notification from Donald Cannatella notifying of the incident.

**INTERROGATORY NO. 11:**

Please state whether Defendant received any complaints or notice of any nature regarding security, problems or concerns with security, or incidents of crime at the Subject Premises, prior to the incident at issue in this case. If so, please state the substance, dates, and people involved in any such complaints or notice.

**ANSWER:**

Defendants object to this Interrogatory on grounds that is overbroad, unduly burdensome and seeks irrelevant information not reasonable calculated to lead to admissible evidence. Notwithstanding same, any other incidents were minor and none were remotely similar to the subject incident made the basis of this litigation.

**INTERROGATORY NO. 12:**

Please identify whether Defendant is aware of any complaints or incidents of criminal activity for which security services were called by Defendant or its tenants.  If you answer yes for each such occurrence, please state the nature of the occurrence; the date of the occurrence; the individuals involved; how you became aware of the incident; whether any legal suit arose out of it and the outcome of any such claims; and what actions, if any, were taken by Defendants to remedy the situation.

**ANSWER:**

Defendants object to this Interrogatory on grounds that is overbroad, unduly burdensome and seeks irrelevant information not reasonable calculated to lead to admissible evidence.

Notwithstanding same, any other incidents were minor and none were remotely similar to the subject incident made the basis of this litigation.

**INTERROGATORY NO. 13:**

Please state whether any agent or employee of Defendant has ever called the police or contracted security services regarding criminal activity or a complaint and/or disturbance at the Subject Premises.  If so, please state the date of the call, the date of the incident complained of, the caller, the location of the incident, the circumstances of the incident, and the names and addresses of all individuals involved with such incident and the final disposition of the complaint.

**ANSWER:**

Defendants object to this Interrogatory on grounds that is overbroad, unduly burdensome and seeks irrelevant information not reasonable calculated to lead to admissible evidence. Notwithstanding same, any other incidents were minor and none were remotely similar to the subject incident made the basis of this litigation.

**INTERROGATORY NO. 14:**

Please identify any notices, policies, procedures or training provided to employees or tenants with respect to dealing compliance with the Americans with Disabilities Act and dealing with persons who suffered from intellectual disabilities, such as autism.

**ANSWER:**

Defendants object to this Interrogatory with respect to responsive materials regarding its own employees as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, Defendants object to this Interrogatory on grounds that it is compound and actually two (2) separate Interrogatories.   Notwithstanding, tenants are responsible for complying with the Americans with Disabilities Act and providing training to their employees as

individual business entities.  With respect to off-duty police, Defendants rely on the Jefferson Parish Sheriff's Office, their primary employer, for said notices, policies and procedures, and, as referenced herein, expects each off-duty officer to utilize all training provided thereby while working at the Westgate Shopping Center.

**INTERROGATORY NO. 15:**

Please identify any complaints or concerns identified by the Defendant or provided to the Defendant by any tenant or citizen with respect to the security services being performed or provided by JPSO personnel, and in particular Deputy Pitfield, at the Westgate Shopping Center.

**ANSWER:**

Upon information and belief, none.

**INTERROGATORY NO. 16:**

Please identify any tools, supplies, resources, or other items you provided to Deputy Pitfield for his work at the Westgate Shopping Center.

**ANSWER:**

Security Officers are issued a share cell phone provided by Victory Real Estate Investments LA, LLC.

**INTERROGATORY NO. 17:**

Please identify how long Deputy Pitfield has worked special detail at the Westgate Shopping Center.

**ANSWER:**

April 2008 to present.

<u>**REQUESTS FOR PRODUCTION**</u>

<u>**REQUEST NO. 1:**</u>

Please produce a copy of all documents and things referred to or referenced in response to the foregoing Interrogatories, specifically identifying the interrogatory(s) to which each document or thing refers.

<u>**RESPONSE:**</u>

Any responsive documentation has been provided.

<u>**REQUEST NO. 2:**</u>

Please produce all files maintained by the Defendant with respect to security services at the Westgate Shopping Center which includes, but is not limited to: 1) all contracts; 2) policies and procedures; 3) payments for services; 4) notifications or complaints; 5) incident reports; 6) correspondence; 7) emails; 8) etc.

<u>**RESPONSE:**</u>

Defendants object to this Request as overly broad, unduly burdensome, and not reasonable calculated to lead to the discovery of admissible evidence.  Defendants also object to this Request as vague as it is not certain what is being requested by subpart (8).

<u>**REQUEST NO. 3:**</u>

Please produce any and all contractual or legal agreements between you and the Jefferson Parish Sheriff's Office and any correspondence, emails, or other communication between Defendant and JPSO.

<u>**RESPONSE:**</u>

Defendants object to this Request as overly broad, unduly burdensome, and not reasonable calculated to lead to the discovery of admissible evidence.  Any such responsive materials, if any

exist, would be in the possession of Mr. Cannatella who is an independent contractor and who deals exclusively with the retention of off-duty officers for private detail at Westgate Shopping Center.

**REQUEST NO. 4:**

Please produce any and all training manuals, guides, and any other document depicting the policies and procedures that were in effect at the time of the subject incident with respect to security issues, safety of patrons and compliance with the ADA.

**RESPONSE:**

None in the possession of Defendants. It is believed that those materials would be in the possession of the Jefferson Parish Sherriff's Office.

**REQUEST NO. 5:**

Please produce any and all documents, reports, memoranda, notes, recordings or statements of any kind relating in any manner to the "subject incident," the Parsas and/or the JPSO.

**RESPONSE:**

Any such responsive materials in the possession of Defendants is being produced herewith.

**REQUEST NO. 6:**

Please produce a roster, timesheet, schedule, and/or any other documents which depicts the name, job title, telephone number, and address for any employee who at the Westgate Shopping Center in the twenty-four (24) hours leading up to the subject incident, and the times during which those employees were working.

**RESPONSE:**

If any responsive materials exist, they would be in the possession of Mr. Cannatella, an independent contractor.

**REQUEST NO. 7:**

Please produce any and all photographs, audio recordings, videos, or anything else that depicts the "subject incident."

**RESPONSE:**

Any such responsive materials in the possession of Defendants is being produced herewith.

**REQUEST NO. 8:**

Any and all police reports and incident reports regarding this event and any other instances where the police or security were called to the Subject Premises.

**RESPONSE:**

Defendants object to this Request on grounds that is compound and is actually two (2) separate Requests. Additionally, Defendants object to this Request on grounds that it requests irrelevant materials not reasonably calculated to lead to the discovery of any admissible evidence. Notwithstanding, the only "report" in the possession of Defendants related to this event is Mr. Cannatella's email which is being produced herewith.

**REQUEST NO. 9:**

Any and all correspondence, emails, reports and papers whether originating or received by Defendant, pertaining to the incident giving rise to this lawsuit.

**RESPONSE:**

The only "report" in the possession of Defendants related to this event is Mr. Cannatella's email which is being produced herewith.

**REQUEST NO. 10:**

Any and all employee agreements, policies, and procedure manuals regarding the hiring, training and supervision of Defendant's employees, including any documentation relating specifically to the provision of security services at the Subject Premises.

**RESPONSE:**

Defendants object to this Request on grounds that it is overbroad, unduly burdensome and seek irrelevant information not reasonably calculated to lead to admissible evidence. Notwithstanding, and as it relates only to private security detail, Defendants do not directly hire nor provides training to off-duty police who provide the private security detail to Westgate Shopping Center.

**REQUEST NO. 11:**

All complaints from any source with respect to security issues at the Westgate Shopping Center.

**RESPONSE:**

None exist.

**REQUEST NO. 12:**

Any and all employee agreements, policies, and procedure manuals regarding the hiring, training and supervision of Defendant's employees, including any documentation relating specifically to the provision of security services at the Subject Premises.

**RESPONSE**:

Defendants object to this Request on grounds that it is overbroad, unduly burdensome and seek irrelevant information not reasonably calculated to lead to admissible evidence.

Notwithstanding, and as it relates only to private security detail at the Subject Premises, none are in the possession of Defendants.

**REQUEST NO. 13:**

Any and all documents, logs or incident reports involving call for security for the five (5) years prior to the date of the subject incident.

**RESPONSE:**

Defendants object to this Request on grounds that it is overbroad, unduly burdensome and seek irrelevant information not reasonably calculated to lead to admissible evidence. Notwithstanding, none are in the possession of Defendants.

**REQUEST NO. 14:**

Any and all documents relating to security, and any security measures provided by Defendant for the Subject Premises, including any contracts, emails, and memorandums, relating to any such security measures that were in effect on the date of this incident.

**RESPONSE:**

Defendants object to this Request on grounds that it is overbroad, unduly burdensome and seek irrelevant information not reasonably calculated to lead to admissible evidence. Notwithstanding, none are in the possession of Defendants.

**REQUEST NO. 15:**

Any and all documents pertaining to any security or crime prevention training and instructions provided by Defendant to management, supervisors, and employees of Subject Premises, including security post orders in place during all periods of time while Defendant has provided security at these properties AND such training or instructions provided to Defendant by any security company, including the JPSO.

**RESPONSE:**

Defendants object to this Request on grounds that it is overbroad, unduly burdensome and seek irrelevant information not reasonably calculated to lead to admissible evidence. Notwithstanding, none are in the possession of Defendants.  Training, upon which Defendants rely and expect its off-duty police private security detail to follow, is provided by the JPSO and should be in the possession of the JPSO.

**REQUEST NO. 16:**

Any and all documents evidencing, reflecting, relating to, or constituting any communication including emails between Defendant and any security consultants and contractors regarding security at the Subject Premises.

**RESPONSE:**

Defendants object to this Request on grounds that it is overbroad, unduly burdensome and seek irrelevant information not reasonably calculated to lead to admissible evidence. Notwithstanding, the only relevant responsive email regarding the subject incident at the subject premises was an email from Mr. Cannatella which has been produced.

**REQUEST NO. 17:**

Any and all documents and pleadings filed, served, or prepared in connection with any negligent security related litigation where Defendant has been a party for the past ten (10) years.

**RESPONSE:**

None are in the possession of Defendants.

14

**REQUEST NO. 18:**

Any and all employee handbooks, policy or procedure manuals, correspondence and emails, video or audio tape recordings of Defendant's policies regarding safety, training, crime prevention, crime deterrents, loss prevention, or any security measures at the Subject Premises.

**RESPONSE:**

None are in the possession of Defendants. Training, upon which Defendants rely and expect its off-duty police private security detail to follow, is provided by the JPSO and should be in the possession of the JPSO.

**REQUEST NO. 19:**

Any and all contract agreements or documents of any nature entered into between the Defendant regarding security and safety at the Subject Premises.

**RESPONSE:**

Defendants object to this Request on grounds that it is overbroad, unduly burdensome and seek irrelevant information not reasonably calculated to lead to admissible evidence. Notwithstanding, none are in the possession of Defendants.

**REQUEST NO. 20:**

Any and all notes, memoranda, minutes, and all other written evidence of security or safety meetings held by Defendant, your employees, agents or independent contractors, for the past five (5) years, in reference to security at the Subject Premises.

**RESPONSE:**

None are in the possession of Defendants.

## REQUESTS FOR ADMISSION

## GENERAL STATEMENT

Defendants have changed the number of Plaintiffs' Requests for Admission to reflect correct chronological order.  It is believed that Plaintiffs' made a typographical error in having two (2) "Request for Admission 1" in their first set of written discovery.  The newly numbered Requests will be in brackets.

## REQUEST FOR ADMISSION 1:

E.P. died on the premises of the Westgate Shopping Center.

## RESPONSE:

Denied for lack of information sufficient to justify a belief therein.

## REQUEST FOR ADMISSION [2]:

You own the Westgate Shopping Center.

## RESPONSE:

It is admitted that Westgate Investors NO, LLC owns Westgate Shopping Center.  It is denied that Victory Real Estate Investments LA, LLC owns Westgate Shopping Center.

## REQUEST FOR ADMISSION [3]:

On the date of E.P.'s death, Deputy Pitfield was working special detail at the Westgate Shopping Center.

## RESPONSE:

Defendants object to this Request on grounds that it is vague.  Defendants are not aware what definition Plaintiffs' intend to apply to the term "special detail."  Notwithstanding, Defendants admit that Deputy Pitfield was providing private security detail to the Westgate Shopping Center on the date of Plaintiff's death.

**REQUEST FOR ADMISSION [4]:**

On the date of E.P.'s death, Deputy Pitfield sat on E.P. on the premises of the Westgate Shopping Center.

**RESPONSE:**

Denied for lack of information sufficient to justify a belief therein.

**REQUEST FOR ADMISSION [5]:**

You provided a cellphone to special detail deputies.

**RESPONSE:**

Defendants object to this Request on grounds that it is vague.  Defendants are not aware what definition Plaintiffs' intend to apply to the term "special detail."  Notwithstanding, Victory Real Estate Investments LA, LLC admits that a cellphone was provided to the private security detail working the Westgate Shopping Center.  All allegations are denied by Westgate Investors NO, LLC.

**REQUEST FOR ADMISSION [6]:**

You provided the phone number of the special detail deputy cellphone to tenants of the Westgate Shopping Center.

**RESPONSE:**

Defendants object to this Request on grounds that it is vague.  Defendants are not aware what definition Plaintiffs' intend to apply to the term "special detail."  Notwithstanding, Defendants admit that the number of the cellphone referenced in Response to Request for Admission [6] was provided to the tenants at the Westgate Shopping Center.

**REQUEST FOR ADMISSION [7]:**

Admit that you paid for Deputy Pitfield to work special detail at the Westgate Shopping Center.

**RESPONSE:**

Defendants object to this Request on grounds that it is vague.  Defendants are not aware what definition Plaintiffs' intend to apply to the term "special detail."  Notwithstanding, Defendant Victory Real Estate Investments LA, LLC admits that it paid Deputy Pitfield for the private security detail that he provided to the Westgate Shopping Center.  All allegations are denied as to Westgate Investors NO, LLC.

**REQUEST FOR ADMISSION [8]:**

Admit that you had the power to discharge Deputy Pitfield from working special detail at the Westgate Shopping Center.

**RESPONSE:**

Defendants object to this Request on grounds that it is vague.  Defendants are not aware what definition Plaintiffs' intend to apply to the term "special detail."  Notwithstanding, Defendants could have instructed Mr. Cannatella not to schedule Mr. Pitfield anymore and believes that this request would have been honored.

**REQUEST FOR ADMISSION [9]:**

Admit that you provided a place of work, the Westgate Shopping Center, where Deputy Pitfield worked special detail.

**RESPONSE:**

Defendants object to this Request on grounds that it is vague.  Defendants are not aware what definition Plaintiffs' intend to apply to the term "special detail." Defendants object to this Request on grounds that it calls for them to make a legal conclusion.

**REQUEST FOR ADMISSION [10]:**

Admit that you had the power to discharge Deputy Pitfield from working special detail at the

Westgate Shopping Center.

**RESPONSE:**

Defendants object as duplicative.  See Response to Request for Admission [9].

Respectfully submitted this 9th day of July, 2021.

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/ Mark A. Hill*

**CHRISTOPHER W. KAUL (33213), T.A.**
**MARK A. HILL (33891)**
650 Poydras Street, Suite 2105
New Orleans, Louisiana  70130
Telephone: (504) 526-4350
Facsimile: (504) 526-4310
E-mail: ckaul@thompsoncoe.com
         mhill@thompsoncoe.com

**COUNSEL FOR VICTORY REAL ESTATE**
**INVESTMENTS LA, LLC and WESTGATE**
**INVESTORS NO, LLC D/B/A WESTGATE**
**SHOPPING CENTER**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing along with all referenced attachments were

sent to all counsel via email on the above date.

By:   */s/ Mark A. Hill*

**MARK A. HILL**