UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P, LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

**Plaintiffs' Motion for Partial Summary Judgment on *Monell*-by-Ratification**

Now come Plaintiffs, through counsel, to move for partial summary judgment against Sheriff Lopinto in his official capacity on the issue of *Monell* by ratification.

Plaintiffs sued the individual deputies and Sheriff Joseph Lopinto III. This motion addresses the Sheriff's official-capacity liability for plaintiffs' constitutional claims.[1] A Sheriff cannot be vicariously liable for his deputies' constitutional violations, as *respondeat superior* does not apply to Section 1983 claims. A Sheriff can be liable under the *Monell* doctrine, however, when deputies' actions flowed from official policy. One way of showing that is by a Sheriff's ratification of the deputies' conduct: "if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker."[2]

Here, Sheriff Lopinto, the final policymaker for JPSO, has ratified the actions that lead to the death of E.P. in three ways. First, Lopinto watched the video of the incident and testified that he did not see "anything problematic" in the deputies' actions, and that they acted "reasonably." Second, provided a sworn statement that the deputies' actions did not violate any JPSO "policy, procedure, custom, practice, [or] rule." And third, Lopinto has represented to this Court that he is "fully unified" with the individual deputies "that the actions of all Defendants were reasonable and justified." Lopinto has been direct, consistent, and unambiguous in his support for and ratification

---

[1] In Louisiana, a sheriff's office is not a juridical entity capable of being sued. But a "claim against the Sheriff in his official capacity amounts to a claim against the municipality itself." *Rogers v. Smith*, 20-cv-517-JTM-DMD, Doc. 195 (E.D. La., May 13, 2022). This memorandum uses "JPSO" as shorthand for "Sheriff Lopinto in his official capacity."
[2] *Allen v. Hays,* 21-20337 (5th Cir., March 21, 2023) at *15.

1

of the deputies' actions. He has even taken the unusual position of agreeing, in advance of trial, to indemnify the deputies for punitive damages.

There is no factual dispute that Sheriff Lopinto has ratified the conduct of the deputies in this case. This Court should grant this motion for partial summary judgment on the specific issue of *Monell*-by-ratification. It will still be up to the jury to determine whether there was a constitutional violation; this motion seeks only to define Sheriff Lopinto's official-capacity liability in the event that the jury finds a constitutional violation.

                RESPECTFULLY SUBMITTED,

                Andrew C. Clarke (TN BPR # 15409)
                The Cochran Firm Midsouth
                One Commerce Square, Suite 1700
                (901) 523-1222 (Telephone)
                aclarke@cochranfirmmidsouth.com

                */s/ William Most*
                WILLIAM MOST (BPR # 36914)
                Most & Associates
                201 St. Charles Ave., Ste. 114 #101
                New Orleans, LA 70170
                Tel: (504) 509-5023
                williammost@gmail.com