CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 89-11943                                           DIVISION "L"

DOROTHY WILLIAMS, ET AL

VERSUS

SHERIFF HARRY LEE, ET AL



EXHIBIT 144

REASONS FOR JUDGMENT

Joel C. Williams (born 2 October 1961) died on 19 June 1987 as a direct result (cause-in-fact) of being restrained in a four-point restraint (commonly referred to as "hogtied") by Jefferson Parish Sheriff deputies following his arrest on misdemeanor charges following an automobile accident in which Williams's car ran off the road. Williams died of positional asphyxia (also known as positional hypoxia) which was known at the time and is known as a risk of the four-point restraint.

The Court embraces fully the version of Williams's death as testified to by Dr. George McCormick.

The closer question is whether Williams was contributorily negligent in his own death.

Under a duty-risk analysis of the facts, which is to a certain extent a "but for" analysis, a cause-in-fact of Williams's ultimate death was his behavior following the accident in which his car ran off the roadway. If Williams had not attacked people at the snowball stand, had not swung at the deputy sheriff, had not made his body rigid when the deputies tried to place him in the patrol car, had not flailed his legs, and resisted, he would not have had to be restrained in the manner in which he was, to-wit, the four-point restraint. He was placed face down on the back seat of the police car. And the defendants do not assert that Williams deserved to die because of his arrest for the incident. Based upon same, the Court assesses fault at 50% to Williams and 50% to the defendants.

The Court fixes general damages at $450,000.00 for the wrongful death and conscious pain and suffering leading up to the death.

The evidence preponderates to the Orleans Parish Coroner's Office issuing autopsy reports more than one year following a death because of the workload volume. The Court reimbraces its fact finding of 5 June 1992 respecting the exception of prescription. This Court declines to penalize a plaintiff for delaying filing suit until she had reasonable knowledge that a wrong was committed, especially when that wrong was allegedly committed by public officials. Contra non valentum should be applied and this Court does so do.

Judgment will be entered in accordance with the foregoing reasons.

/s/ Max N. Tobias, Jr.
JUDGE

12 March 1993.

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

-2-

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 89-11943                                          DIVISION "L"

DOROTHY WILLIAMS, ET AL

VERSUS

SHERIFF HARRY LEE, ET AL

### JUDGMENT

This matter came for trial on 26 January and 12 and 16 March 1993.

PRESENT: Christopher Bruno, Esq.
Franz Zibilich, Esq.

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Dorothy Williams, and against defendants, Harry Lee in his capacity as Sheriff of Jefferson Parish, Jefferson Parish Sheriff's Office, and Jefferson Parish Correction Center, jointly, severally and in solido, in the sum of $225,000.00 with interest thereon at the legal rate from 1 June 1989, until paid, all costs of these proceedings including expert witness fees of $400.00 for Dr. George M. McCormick, II, and overruling defendants's exception of prescription.

Judgment read, rendered and signed this 22nd day of March, 1993.

/S/ Max N. Tobias
JUDGE

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.