MAR   1995

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEZANNE SULLEN, as natural tutor,
on behalf of SHARDAE RENE SULLEN,
SURETTA MOSES, as natural tutor,
on behalf of RENE ALVIN MOSES, III AND
RENE ALEXANDER, SR.
                    Plaintiffs

VERSUS

SHERIFF HARRY LEE, Jefferson Parish Sheriff,
DEPUTY GUY CROSBY, Jefferson Parish
Sheriff's Office, DEPUTY JASON HIPPLER,
Jefferson Parish Sheriff's Office, DEPUTY
JOHN SIMMONS, Jefferson Parish Sheriff's
Office, DEPUTY ARTIE J. DUMESNIL,
Jefferson Parish Sheriff's Office and
ABC INSURANCE COMPANY

                    Defendants

\*                 CIVIL ACTION

\*      NUMBER:

# 95-0767

\*      SECTION:

# SECT. R MAG. 3

\*      CIVIL RIGHTS
       Under 42 USC
       1983    and
       1988

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*      JURY TRIAL

## COMPLAINT

### I.   JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. 1983 and
1988 and pursuant to the Fourth, Ninth and Fourteenth Amendments of
the United States Constitution.   Jurisdiction is founded on 28
U.S.C. Sections 1331 and 1343 and the aforementioned statutory and
constitutional provisions.   Plaintiffs further invoke the pendant
jurisdiction of this Court to consider claims arising under state
law.   A jury trial is requested.

### II.   PARTY PLAINTIFFS

2.   Plaintiff Dezanne Sullen, as natural tutor and acting on
behalf of Shardae Rene Sullen, Jr., the natural and minor daughter

1



EXHIBIT

145

PENGAD 800-631-6989

of Rene Alexander, Jr. (deceased), is a person of the full age of majority and a resident of the Eastern District of Louisiana.

3.    Plaintiff Suretta Moses, as natural tutor and acting on behalf of Rene Alvin Moses, III, the natural and minor son of Rene Alexander, Jr. (deceased), is a person of the full age of majority and a resident of the Eastern District of Louisiana.

4.    Plaintiff Rene Alexander, Sr. is the father of Rene Alexander, Jr. (deceased) and is a person of the full age of majority and a resident of the Eastern District of Louisiana.  He paid for the funeral and burial costs of his son, Rene Alexander, Jr.

### III.   PARTY DEFENDANTS

5.    Defendant Deputy Guy Crosby is a person of the full age of majority and a resident of the Eastern District of Louisiana. At all pertinent times herein, he was employed as a deputy with the Jefferson Parish Sheriff's Office and was acting in the course and scope of his employment and under color of state law.  He is sued in his individual and official capacity.

6.    Defendant Deputy Jason Hippler is a person of the full age of majority and a resident of the Eastern District of Louisiana.  At all pertinent times herein, he was employed as a deputy with the Jefferson Parish Sheriff's Office and was acting in the course and scope of his employment and under color of state law.  He is sued in his individual and official capacity.

7.    Defendant Deputy John Simmons is a person of the full age of majority and a resident of the Eastern District of Louisiana.

At all pertinent times herein, he was employed as a deputy with the Jefferson Parish Sheriff's Office and was acting in the course and scope of his employment and under color of state law.  He is sued in his individual and official capacity.

8.   Defendant Deputy Artie J. Dumesnil is a person of the full age of majority and a resident of the Eastern District of Louisiana.   At all pertinent times herein, he was employed as a deputy with the Jefferson Parish Sheriff's Office and was acting in the course and scope of his employment and under color of state law.  He is sued in his individual and official capacity.

9.   Defendant Sheriff Harry Lee is a person of the full age of majority and a resident of the Eastern District of Louisiana. He was the Sheriff of Jefferson Parish at the time of the incident complained of herein and is the chief law enforcement officer of the Parish.  He was responsible for the training, supervision and discipline of the defendant deputies Guy Crosby, Jason Hippler, John Simmons and Artie J. Dumesnil.  He was also responsible for the supervision, administration, policies, practices, customs and operations of the Jefferson Parish Sheriff's Office, as well as hiring, training, supervision, discipline and control of deputies under his command. He is sued in his individual and official capacity.   He is the employer of defendant deputies Crosby, Hippler, Simmons and Dumesnil and is liable both directly and vicariously for the actions complained of herein.

10.  Defendant ABC Insurance Company is the insurer for the defendants and at all pertinent times provided insurance for the

3

acts alleged herein.

11.   At all times material throughout this complaint, each of the defendants was acting under color of state law and in the course and scope of their employment.

12.   At all times pertinent herein the defendants acted unreasonably and with deliberate disregard for the constitutional and civil rights and life and safety of the deceased, Rene Alexander, Jr.

IV.   STATEMENT OF FACTS

13.   On March 13, 1994, Rene Alexander, Jr. (deceased) was standing near the intersection of Barataria Blvd. and Westbank Expressway after a verbal dispute with his common-law wife, Suretta Moses.   His car was parked nearby and he had his car keys and tape cassettes in his hand.

14.   Deputy Crosby received information from a young white motorist, Anthony Cheramie, to the effect that Mr. Alexander appeared to be under the influence of some kind of substance, was acting erratically, and had approached Mr. Cheramie's car and attempted to enter the vehicle which was stopped for a light. There was no complaint that Mr. Alexander was armed or that he had made any verbal threats to Mr. Cheramie.   Deputy Crosby saw Mr. Alexander standing in the general location pointed out by Mr. Cheramie and approached him.   Upon Deputy Crosby's approach, Mr. Alexander began to run frantically in circles, waving his hands and calling for help.   Deputy Crosby pursued Mr. Alexander, and attempted to handcuff him.   Mr. Alexander resisted this effort.   A

4

security guard assisted Deputy Crosby in subduing Mr. Alexander and provided handcuffs.   After Mr. Alexander was handcuffed, he continued to resist, calling for help and expressing fear that he was in great danger.   Other deputies arrived at the scene, including Deputies Hippler, Simmons and Dumesnil.

15.   Deputy Artie J. Dumesnil furnished leg shackles which were attached to Mr. Alexander, placing him in what is known variously as "two-point restraint", "four point restraint" or "hog-tieing".   The defendant deputies then carried Mr. Alexander and deposited him in the backseat of Deputy Hippler's car, face down. Deputy Hippler was alone in the vehicle, driving Mr. Alexander to the lock-up.  During the course of this drive, Mr. Alexander became unconscious and was physically removed from the deputy's car at the Lock-up.   He never regained consciousness and was declared dead shortly thereafter.

16.   There was no probable cause for the arrest of Rene Alexander, Jr.   The force used to arrest him was unreasonable, unjustified and excessive.   The use of the "two" or "four point restraint" or "hog-tieing" directly contributed to Mr. Alexander's death as did the method of transport.

17.   No medical personnel were contacted to provide medical services to Mr. Alexander until such time as he arrived at the Lock-up in an unconscious state, despite apparent and obvious signs at the time of his arrest that he was disoriented and in need of medical attention.

## V.   FIRST CAUSE OF ACTION

18.   Plaintiffs repeat and re-allege each and every allegation of the complaint.

19.   The defendants, acting individually and together, and under the color of law, engaged in a course of conduct which acted to deprive the plaintiffs of their constitutional rights and did deprive them of said rights, specifically, the right to be free from false arrest, unjust and unreasonable seizure, excessive use of force, the right to due process of the law and right to family relationship as protected by the 4th, 9th and 14th Amendments to the United States Constitution and 42 U.S. C. 1983.

20.   At all times pertinent herein the defendants acted unreasonably, recklessly and with deliberate indifference and disregard for the constitutional and civil rights and life and safety of the deceased, Rene Alexander, Jr.

21.   Plaintiffs further allege that such acts were the proximate cause and cause in fact of the death of Rene Alexander, Jr.

## VI.   SECOND CAUSE OF ACTION

22.   Plaintiffs repeat and re-allege each and every allegation of the complaint.

23.   Defendant Sheriff Harry Lee established customs, policies and practices which directly and proximately caused the deprivation of the civil and constitutional rights of the plaintiffs as alleged herein, and the damages and injuries as described.

24.   These  written  and  unwritten  policies,  customs  and

6

practices included, among others:

    a.    Inadequate and improper training of deputies in the use of restraints, specifically, the "two" or "four point" or "hog tieing" restraining method and in transport of arrested subjects.

    b.    Allowing the use of and failing to propagate regulations prohibiting the use of the "two" or "four point restraint" or "hog tieing", as a method of restraining arrested subjects.

    c.    Inadequate and improper training of deputies to identify and properly handle individuals who are acting in a disoriented, erratic or unusual manner and may be under the influence of alcohol and/or other substances, with regard to recognition of symptoms, seeking prompt medical attention and proper transit methods and procedures.

25.    Defendant Sheriff Harry Lee knew or should have known that the use of the "two" or "four point restraint" or "hog-tieing" on an arrested subject, particularly when that subject is later placed on his or her stomach, and when the subject appears to be disoriented or under the influence of either alcohol or other substances, creates an unreasonable and dangerous situation which can result in the death of the arrested subject.

26.    Sheriff Harry Lee had previously been found liable in the case of Dorothy Williams, et al v. Sheriff Harry Lee, et al, Docket #: 89-11943, Civil District Court for the Parish of Orleans, State of Louisiana, on March 22, 1993, for the death of Joel C. Williams, a young man who died as a direct result of "being restrained in a four point restraint (commonly referred to as "hog-tied") by Jefferson Parish Sheriff's Deputies following his arrest. The cause of death for Mr. Williams was positional asphyxia (also known as positional apoxia), which was known at the time and is known as a risk of the four point restraint. Despite this court judgment

7

and this knowledge, Sheriff Harry Lee recklessly and deliberately failed to take any steps to prevent the death of other persons similarly situated and the deceased herein by failing to establish proper rules and procedures prohibiting the use of this restraint and by failing to properly train deputies in the dangers inherent in the use of this restraint under these conditions.

27.  On information and belief there have been other incidents involving death or near death from the use of "hog tieing" arrested subjects by the Jefferson-Parish Sheriff's Office, with no disciplinary or remedial action taken until immediately after Mr. Alexander's death, when Sheriff Lee ordered the practice to stop.

28.  Prior to the death of Rene Alexander, Jr., readily available literature in the forensic medicine and police training fields clearly demonstrated the danger of in-custody deaths with the use of hog tieing arrested subjects, placing them on their stomachs, failing to provide medical treatment at the scene of arrest and transport of the arrested subject without proper supervision.  The death of Rene Alexander, Jr. was foreseeable and avoidable by Sheriff Lee who nevertheless deliberately failed to take appropriate steps to stop this practice.

29.  Sheriff Harry Lee acted willfully, maliciously, and wantonly in failing to take appropriate steps to prohibit the use of this restraint device through establishing regulations and proper training of deputies.

30.  At all times pertinent herein the defendants acted unreasonably, recklessly and with deliberate indifference and

disregard for the constitutional and civil rights and life and safety of the deceased, Rene Alexander, Jr.

31.   Plaintiffs further allege that such acts were the proximate cause and cause in fact of the injuries as described herein.

## VII.   THIRD CAUSE OF ACTION

32.   The pendant jurisdiction of the Court is invoked for all claims under state law.

33.   Plaintiffs repeat and re-allege each and every allegation of the complaint.

34.   The defendants were acting in the course and scope of their employment with Jefferson Parish Sheriff Lee and the Jefferson Parish Sheriff's Office respectively, and the defendant Sheriff Harry Lee is vicariously liable for the injuries and damages incurred herein.

35.   The defendant, Sheriff Harry Lee is liable jointly, severally and in solido with defendants Guy Crosby, Jason Hippler, John Simmons and Artie J. Dumesnil for the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling and condoning the commission of the aforedescribed acts and by his failure to properly screen, train, supervise and discipline these defendants.

36.   Plaintiffs further allege that the foregoing actions of the defendants were negligence, gross negligence, and intentional torts in violation of the laws of the State of Louisiana for wrongful death and in violation of Article 1, Sections 2 and 5 of

the Louisiana Constitution and Louisiana Civil Code Article 2315, among others to be shown at trial.

37. Plaintiffs further allege that these actions were the proximate cause and cause in fact of the injuries and damages of the plaintiffs.

## VIII. DAMAGES

38. As a result of the actions of the defendants as described above, damages have been incurred as follows:

a. Rene Alexander, Jr. (deceased) suffered conscious and severe physical and emotional pain, fear and suffering prior to death and lost his life.

b. Shardae Rene Sullen, the minor daughter of the deceased, has suffered the loss of love, companionship, consortium, affection and guidance as a result of the death of her father.

c. Rene Alvin Moses, III, the minor son of the deceased, has suffered the loss of love, companionship, consortium, affection and guidance as a result of the death of his father.

d. Mr. Rene Alexander, Sr. sustained damages for the funeral and burial costs to bury his son Rene Alexander, Jr.

e. Punitive damages against the defendant Sheriff Harry Lee.

## IX. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that after due proceedings be had there be judgment rendered herein in plaintiffs' favor and against all defendants individually, severally, jointly, and in solido as follows:

1. Compensatory and punitive damages as prayed for herein;

10

2.    Reasonable attorneys fees, all costs of these proceedings and legal interest;

3.    That this matter be tried by jury; and

4.    All other relief that this Honorable Court deems just and equitable.

Respectfully submitted,

MARY E. HOWELL, #7030
HOWELL & SNEAD
316 S. Dorgenois Street
New Orleans, LA 70119
(504) 822-4455


PET&ANS: COMPLAINT.RA

11