## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

WACHELLE BOUTTE, Individually and as Natural
Tutrix of My'Keeven Robinson heir to the Estate of
Keeven Robinson and as Representative of the Estate
of Keeven Robinson

**VERSUS**

JOSEPH PETER LOPINTO, III, in his official capacity,
as Sheriff of the Jefferson Parish Sheriff's Office,
JEFFERSON PARISH SHERIFF'S OFFICE, DAVID
LOWE, individually and in his official capacity as a
officer/deputy/detective for the Jefferson Parish Sheriff's
Office, JASON SPADONI, individually and in his official
capacity as a officer/deputy/detective for the Jefferson Parish
Sheriff's Office, JUSTIN BRISTER, individually and in his
official capacity as a officer/deputy/detective for the Jefferson
ParishSheriff's Office, GARY BORDELON, individually and in
his official capacity as a officer/deputy/detective for the Jefferson
Parish Sheriff's Office, AND ABC INSURANCE COMPANY

CIVIL ACTION NO:

_____

DIVISION: _____

SECTION: _____

EXHIBIT
147
PENGAD 800-631-6989

FILED:_____

_____
**DEPUTY CLERK**

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes petitioner, WACHELLE

BOUTTE, individually as surviving spouse and as the natural tutrix of My'Keeven Robinson and

as Representative of the Estate of Keeven Robinson, a person of full age of majority and

domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents that:

### JURISDICTION AND VENUE

1.

Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is

brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C.

§ 1983, including compensatory damages, unitive damages, costs and attorney's fees pursuant

to 42 U.S.C. §1988, to redress the deprivation of rights, privileges and immunities guaranteed to decedent, by constitutional and statutory provisions.

2.

The court has federal question jurisdiction over Plaintiffs federal law claims pursuant to 28 U.S.C. § 1331, 1343(a)(3). Plaintiff's state law claims are related to these federal claims and form a part of the same case or controversy. The court accordingly has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367(a).

3.

Venue is proper in this court because the causes of action occurred within the Eastern District of Louisiana and all Defendants worked and/or resides within this district.

## PARTIES

4.

Made Defendants herein are:

a.  **JOSEPH PETER LOPINTO, III.,** in his official capacity as the sheriff of the Jefferson Parish Sheriff's Office, a person of the full age of majority and a resident and domiciled in Jefferson Parish, State of Louisiana, and all material times herein acting in his capacity as Sheriff in the scope of his employment with the Jefferson Parish Sheriff's Office;

b.  **JEFFERSON PARISH SHERIFF'S OFFICE**, a political subdivision of the State of Louisiana, authorized to do and doing business in the State of Louisiana;

c.  **DAVID LOWE,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana;

d.  **JASON SPADONI,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana;

2

e.  **JUSTIN BRISTER,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana;

f.  **GARY BORDELON,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana; and

g.  **ABC Insurance Company,** a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana and at all material times herewith the liability insurance carrier of Defendants, Joseph Peter Lopinto, III, in his official capacity as Sheriff of the Jefferson Parish Sheriff's Office, Jefferson Parish Sheriff's Office, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon.

## FACTS

### 5.

On or about May 10, 2018, Keeven Robinson (hereinafter referred to as "Mr. Robinson") was allegedly the target of the Jefferson Parish Sheriff's Office (hereinafter referred to as "JPSO") who were conducting an undercover investigation wherein Mr. Robinson was accused dealing narcotics.

### 6.

Defendants, David Lowe (hereinafter referred to as "Lowe"), Jason Spadoni (hereinafter referred to as "Spadoni"), Justin Brister (hereinafter referred to as "Brister"), and Gary Bordelon (hereinafter referred to as "Bordelon"), attempted to stop Mr. Robinson after he exited the Shell gas station located at the corner of Jefferson Highway and Labarre Place and entered into a vehicle.

### 7.

As Mr. Robinson exited the parking lot of the Shell gas station and proceeded north bound on Labarre Place, defendants, Lowe, Spadoni, Brister, and Bordelon, attempted to box Mr. Robinson's vehicle in with their unmarked vehicles.

3

8.

As a result of the actions by defendants, Lowe, Spadoni, Brister, and Bordelon, who were attempting to box Mr. Robinson in, their unmarked vehicles purposefully collided with the vehicle that Mr. Robinson was driving.

9.

Mr. Robinson exited the vehicle he was driving and began to run.

10.

After a brief chase, Mr. Robinson surrendered to defendants, Lowe, Spadoni, Brister, and Bordelon, while in the back yard of a home.

11.

After Mr. Robinson's surrender, defendants, Lowe, Spadoni, Brister, and Bordelon, began to hold Mr. Robinson down on the ground while beating him.

12.

While defendants, Lowe, Spadoni, Brister, and Bordelon, were holding Mr. Robinson down while beating and choking him, he stopped breathing.

13.

Mr. Robinson was transported to Ochsner Medical Center where he could not be revived and was pronounced dead.

14.

The initial findings of the autopsy of Mr. Robinson, which was completed by the Jefferson Parish Corner's Office, revealed significant traumatic injuries to Mr. Robinson's neck including the soft tissue of the neck. Mr. Robinson's death was ruled a homicide by asphyxiation according to the Jefferson Parish Corner's Office.

4

15.

Petitioner avers that Mr. Robinson struggled to breath, remained in agony and pain for several minutes before he died as a result of the negligent, vicious, and unreasonable fatal actions of defendants, Lowe, Spadoni, Brister, and Bordelon.

## EXCESSIVE FORCE BY DEFENDANTS, LOWE, SPADONI, BRISTER AND BORDELON (Individually and in their official capacity)
### Count I - 42 U.S.C. §1983

16.

Plaintiff's incorporates by reference paragraph 1 through 15 as if fully set forth herein. Plaintiff would show that defendants', Lowe, Spadoni, Brister and Bordelon, actions on the occasison in question were wrongful, malicious and reckless in depriving Mr. Robinson of his constitutional rights, as alleged more fully below.

17.

Plaintiff will show that all times material hereto Defendants', Lowe, Spadoni, Brister and Bordelon, had a duty to avoid inflection of unjustified bodily injury to Mr. Robinson, to protect his bodily integrity and to not trample on his constitutional rights.

18.

Plaintiff will show that Defendants', Lowe, Spadoni, Brister and Bordelon, failed to act as reasonable officers would have acted in the same or similar circumstances. That is, Defendants', Lowe, Spadoni, Brister and Bordelon, without justification and the need to do so, used excessive and deadly force as described above and killed Mr. Robinson without legal justification. Mr. Robinson never made any threatening gestures towards defendants', Lowe, Spadoni, Brister and Bordelon, and did not pose an immediate threat to the safety of defendants', Lowe, Spadoni, Brister and Bordelon, or others.

5

19.

Defendants', Lowe, Spadoni, Brister and Bordelon, were not provoked when they beat and choked Mr. Robinson for no lawful or justifiable reason. Mr. Robinson died as a result of asphyxiation. The excessive and deadly force used by defendants', Lowe, Spadoni, Brister and Bordelon, was not reasonable, justified nor was it necessary under the circumstances.

20.

Defendants', Lowe, Spadoni, Brister and Bordelon, actions were not objectively reasonable because they followed a procedure designed to inflict excessive and deadly force in restraining individuals in a non-life-threatening situation.

21.

Plaintiff will show that Defendants', Lowe, Spadoni, Brister and Bordelon, denied Mr. Robinson his right to be free from the use of excessive force in violation of the Fourth Amendment to the U.S. Constitution.

22.

Defendants', Lowe, Spadoni, Brister and Bordelon, embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and in fact caused Mr. Robinson to suffer extreme and mental and emotional distress, agony and anxiety.

23.

As a result of these Constitutional violations to Mr. Robinson and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

6

## FAILURE TO TRAIN BY JEFFERSON PARISH SHERIFF'S OFFICE AND SHERIFF JOSEPH LOPINTO III

Count II - 42 U.S.C. §1983

24.

Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25.

Prior to May 10, 2018, the Jefferson Parish Sheriff's Office, knew or should have known of defendants', Lowe, Spadoni, Brister and Bordelon, escalating encounters with the public.

26.

Defendants', Lowe, Spadoni, Brister and Bordelon, (who were employed as full time officers/deputies/detectives for JPSO, at all pertinent times herein, acting in the course and scope of their employment) were acting under color of law and acting pursuant to customs, practices and policies of the Jefferson Parish Sheriff's Office in regards to the use of choke holds, "box" maneuvers, and deadly force as authorized and/or ratified by the policymakers specifically Jefferson Parish Sheriff's Office and Sheriff Joseph Lopinto.

27.

Mr. Robinson was deprived of rights and privileges secured to him by the U.S. Constitution and by other laws of the United States, by the Jefferson Parish Sheriff's Office and Sheriff Joseph Lopinto failing to provide proper training, adequate supervision or discipline in dealing with individuals, Lowe, Spadoni, Brister and Bordelon in violation of 42 U.S.C. §1983 and related provisions of Federal law and in violation of the above cited constitutional provisions.

7

28.

With respect to the claims made the basis of this lawsuit, the Jefferson Parish Sheriff's Office and Sheriff Joseph Lopinto failed to adequately train its officers on how to deal with individuals during a stop and the subsequent use of deadly force. The failure to train its officers in a relevant respect reflects a deliberate indifference to Mr. Robinson and other citizens of the Parish of Jefferson and the rights of the parishes' inhabitants and is actionable 42 U.S.C. §1983.

29.

Defendant, Jefferson Parish Sheriff's Office and Sheriff Joseph Lopinto, developed and maintained a policy of deficient training of its officers regarding choke holds, "box" maneuvers, de-escalation techniques, and use of force, including the proper use of deadly force and dealing with suspects during a stop. JPSO and Sheriff Lopinto continued to allowed its officers to operate without proper training regarding choke holds, "box" maneuvers, de-escalation techniques, and the proper use of force.

30.

On information and belief, Defendant, Jefferson Parish Sheriff's Office and Sheriff Joseph Lopinto, acting through official policies, practices and customs, and with deliberate, callous and conscious indifference to the constitutional rights of Mr. Robinson failed to implement and/or enforce the policies, procedures and practices necessary to provide constitutionally adequate protection and assistance to Mr. Robinson during his struggle and survive and implemented policies, procedures and practices which actually interfered with or prevented with or prevented Mr. Robinson from receiving the protection, assistance and care he deserved.

8

31.

Defendants, Jefferson Parish Sheriff's Office and Sheriff Joseph Lopinto, failure to properly train and discipline its deputies was the proximate cause of the violations of Mr. Robinson's constitutional rights. The actions of the JPSO and Sheriff Lopinto represent a tacitly approving of law enforcement officers using their power and position to interfere with other citizen's rights. As a result of these Constitutional violations to Mr. Robinson and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## FAILURE TO ADEQUATELY SUPERVISE AND/OR DISCPLINE BY JEFFERSON PARISH SHERIFF'S OFFICE AND SHERIFF JOSEPH LOPINTO
Count III – 42 U.S.C. §1983

32.

Plaintiff incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33.

Plaintiff will show that at all times material hereto defendants, JPSO and Sheriff Lopinto failed to adequately supervise and/or discipline its officers regarding the use of excessive force and other violations of conduct. Furthermore, the failures by JPSO and Sheriff Lopinto allowed for a policy, practice, and custom which resulted in the common use of excessive force.

34.

Plaintiff will show that JPSO and Sheriff Lopinto failed to supervise or discipline its officers, including but not limited to, Lowe, Spadoni, Brister, and Bordelon, for prior violations and the resulting lack of supervision. Plaintiff further avers that Defendant, JPSO and Sheriff Lopinto, that Defendants, Lowe, Spadoni, Brister, and/or Bordelon, had prior internal affairs investigations and/or civil suits in reference to their conduct. Furthermore, Defendants, JPSO and

9

Sheriff Lopinto continue in their capacity as officers/deputies/detectives despite have knowledge of these investigations and/or civil suits. Defendants, JPSO and Sheriff Lopinto, failed to adequately supervise and/or discipline its officers during usual and reoccurring situations including but not limited to "box" maneuvers, choke holds and use of force.

35.

The failure of Defendants, JPSO and Sheriff Lopinto, to adequately supervise and discipline its officer proximate caused the deprivation of Mr. Robinson's constitutional rights.

36.

As a direct and proximate result of the JPSO and Sheriff Lopinto failure to adequately supervise and discipline its officers, Plaintiff has suffered damages. As a result of these Constitutional violations to Mr. Robinson and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## DELIBERATE INDIFFERENCE BY DEFENDANT JEFFERSON PARISH SHERIFF OFFICE
Count IV – 42 U.S.C. §1983

37.

Plaintiff incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38.

Defendant, JPSO, violated Mr. Robinson's Fourth Amendment rights by failing to train its deputies to reasonable respond to individuals who are non-threatening and by engaging in polices and practices that cause constitutional violations to people who are non-threatening by inappropriately responding to non-threatening situations with excessive force.

10

39.

These constitutional violations were caused by JPSO's lack of training and supervision in regards to deputies having the ability and knowledge to appropriately interact with non-threatening individuals without causing physical injury.

40.

Defendants, Lowe, Spadoni, Brister, and Bordelon, knew or should have known that Mr. Robinson's actions were non-life-threatening, and they should have known that any use of force was objectively unreasonable in light of the totality of the circumstances.

41.

The force used by defendants, Lowe, Spadoni, Brister, and Bordelon, against Mr. Robinson during his alleged detention was objectively inhumane and unnecessary and constituted the unreasonable and excessive use of force, in violation of Mr. Robinson's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

42.

At no time did Mr. Robinson pose a threat of violence to the Defendants.

43.

As a result of the outrageous conduct of Defendants, Lowe, Spadoni, Brister, and Bordelon, Mr. Robinson required immediate emergency medical attention.

44.

As a further direct and proximate result of the conduct of defendants, Lowe, Spadoni, Brister, and Bordelon, Mr. Robinson suffered loss of his life, liberty and freedom, bodily injury and resulting pain and suffering, mental anguish and medical expenses for treatment and care. As

11

a result of these Constitutional violations to Mr. Robinson and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## CLAIM AGAINST DEFENDANT, JPSO AND SHERIFF LOPINTO (in his official capacity as Sheriff) FOR SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C 1983
Count V – 42 U.S.C. §1983

45.

Plaintiff incorporates by reference paragraphs 1 through 44 as if fully set forth herein.

46.

Defendant, JPSO, violated Mr. Robinson's Fourth Amendment freedom from being subject to excessive force and Fourteenth Amendment substantive due process when JPSO failed to adequately train its deputies to respond to calls involving non-life-threatening individuals

47.

JPSO's chief policymaker, Sheriff Joseph Lopinto, is reasonable for the implementation and promulgation of official policies for JPSO. Further, Sheriff Lopinto, is reasonable for promulgation of policies and the implementation of training to maintain an effective police force that is capable and prepared to deal with encounters with non-life-threatening individuals.

48.

JPSO was deliberately indifferent to its responsibility to adequate prepare its deputies for encounters with non-life-threatening individuals and for its interaction with detention and arrest of the same.

49.

JPSO knew or should have known due to the large number of non-life threatening individuals in Jefferson Parish and the large number of situations in which these individuals are

12

suspects, that its deputies would routinely encounter non-life threatening individuals and that these deputies would need to be aware of the appropriate methods of escalation from detention to arrest.

50.

JPSO is charged with properly training deputies with the available and necessary non-deadly-force skills that would allow officers to investigate a situation involving non-life threatening individuals and also maintain their own safety.

51.

JPSO was deliberately indifferent to its responsibility to create an effectively trained police force that could adequately respond to the scene such as the one that occurred on May 10, 2018.

52.

Thus, there were no sufficiently trained deputies available to reasonable and effectively deal with Mr. Robinson's situation on the date in question. All of the acts and omissions of the insufficiently trained deputies were inappropriate to the situation and caused the encounter to be escalated.

53.

Further, the officers were not provided with sufficiently detailed policies and procedures to use in situations such as the one that occurred on May 10, 2018. Therefore, these officers did not have the adequate direction or assistance with which to respond to the incident that claimed the life of Mr. Robinson on May 10, 2018.

13

54.

All of the above referenced failures are the responsibility of JPSO and Sheriff Lopinto who were deliberately indifferent to their responsibility to have adequate policies and procedures in place and to train and supervise officers/deputies employed by JPSO to deal with recurring situations of responding to calls involving non-life-threatening individuals.

55.

As a further direct and proximate result of the conduct described above, Mr. Robinson suffered loss of his life, liberty and freedom, bodily injury and resulting pain and suffering, mental anguish and medical expenses for treatment and care. These losses are permanent and in violation of his Civil Rights. As a result of these Constitutional violations to Mr. Robinson and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## BATTERY BY LOWE, SPADONI, BRISTER, AND BORDELON

Count VI – 42 U.S.C. §1983

56.

Plaintiff incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

57.

Defendants, Lowe, Spadoni, Brister, and Bordelon, actions against Mr. Robinson, when they used unreasonable and excessive force to "box" Mr. Robinson's car in, collide with the vehicle in which he occupied, push Mr. Robinson down to the ground, strike him in his face and body, choke him, deprive him of air via his airways, and put him in handcuffs with a deprived indifference to human life and conscious disregard for the safety of the general public,

14

constituted an intentional and unwelcomed privilege touching of Mr. Robinson as was undertaken in bad faith and with actual malice.

58.

As a further direct and proximate of the conduct described above, Mr. Robinson suffered loss of his life, liberty and freedom, bodily injury and resulting pain and suffering, mental anguish and medical expenses for treatment and care. These losses are permanent and in violation of state law. As a result of these violations to Mr. Robinson and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## SURVIVIAL ACTION

59.

Plaintiff incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

60.

Plaintiff, Boutte, is the representative for the Estate of Keeven Robinson.

61.

Mr. Keeven Robinson died as a result of the Defendants' wrongful conduct.

62.

Mr. Robinson would have been entitled to bring this action against the Defendants if he had survived.

63.

The Decedents' right of action for the wrongful conduct against the Defendants survive in favor of his heirs, legal representative and the Estate of the deceased.

15

64.

Defendants are liable to Plaintiff for the loss of Mr. Robinson's life, pain and suffering and the violation of his civil rights.

65.

Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## WRONGFUL DEATH

66.

Plaintiff incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

67.

By reason of Defendants' wrongful conduct of killing Mr. Robinson without the threat of imminent death or serious bodily harm, Defendants are liable for damages.

68.

The Defendants' conduct that caused Mr. Robinson's death was a producing cause of Mr. Robinson's injury, emotional pain and suffering and for their acts and afflictions of emotional distress caused by the wrongful killing of Mr. Robinson.

69.

Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## PUNITIVE/EXEMPLARY DAMAGES

70.

Plaintiff incorporates by reference paragraphs 1 through 69 as if fully set forth herein.

16

71.

Additionally and in the alternative, the conduct of Defendants was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future.

72.

In the alternative, such heedless and reckless disregard of Mr. Robinson's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## DAMAGES (ALL DEFENDANTS)

73.

Plaintiff incorporates by reference paragraphs 1 through 72 as if fully set forth herein.

74.

At all times material herein, the defendant, ABC Insurance Company, whose identity is not yet known to petitioner, had issued an insurance policy to the defendants, Joseph Peter Lopinto, III, in his official capacity as Sheriff of the Jefferson Parish Sheriff Office, the Jefferson Parish Sheriff Office, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon, which was in full force and effect at the time of this incident made subject of this litigation.

75.

Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff and/or Decedent and as such Plaintiff requests damages for each and every injury outlined herein:

17

a. Mr. Robinson's pain and suffering prior to his death;

b. Mr. Robinson's mental anguish and anxiety prior to his death;

c. Mr. Robinson's scarring and disfigurement suffered prior to his death;

d. Mr. Robinson's funeral expenses and other final expenses;

e. Petitioner's loss of love, affection, society, consortium and services;

f. Petitioner's mental anguish and anxiety;

g. Petitioner's loss of support;

h. Petitioner's medical expenses;

i. Loss of enjoyment of life;

j. Loss of income;

k. Loss of support;

l. Loss of consortium, comfort, financial assistance, protection, affection and care;

m. Actual damages;

n. Loss of quality of life;

o. Funeral and burial expenses;

p. Loss of future earnings and contributions to Plaintiff;

q. Exemplary and punitive damages as well as costs of court;

r. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded costs, reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

s. Prejudgment and post judgment interest;

18

t.   Plaintiff seeks unliquidated damages in an amount that is within the

jurisdictional limits of the court; and

u.   And any and all other damages which may or will be proven at the trial of this

matter.

## COSTS AND ATTORNEY FEES

76.

Plaintiff incorporates by reference paragraphs 1 through 75 as if fully set forth herein.

77.

Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b). As

such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's

prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

78.

Plaintiff incorporates by reference paragraphs 1 through 77 as if fully set forth herein.

79.

Plaintiff would show that the Defendants were jointly and severally liable for the gross

negligence, which was the proximate cause of Plaintiff's injuries.

## CONDITIONS PRECEDENT

80.

Plaintiff reserves her right to plead and prove the damages to which they are entitled to at

the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

19

## TRIAL BY JURY

81.

Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff prays that the Defendants be duly cited to appear and answer the Petition, that they be served with photocopies of same and that after all due proceedings and legal delays, there be judgment against the Defendants jointly, severally and *in solido* in favor of Plaintiff with interest thereon from the date of judicial demand and for reasonable attorney fees, for all costs of these proceedings and for all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

**HESTER R. HILLIARD,** LSB# 31392
819 Veterans Memorial Blvd., Ste. 202
Kenner, Louisiana 70062
Telephone: (504) 336-4608
Email: HilliardLawFirm@outlook.com

**CLARENCE ROBY, JR.,** LSB#20345 (T.A.)
3701 Canal Street, Suite U
New Orleans, Louisiana 70119
Telephone: (504) 486-7700
Email: croby@aol.com

**DENNIS MOORE,** LSB# 25461
3606 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 302-7324
Email: dmost1204@yahoo.com

**ATTORNEYS FOR PLAINTIFF**

(SERVICE INSTRUCTIONS ON NEXT PAGE)

20

**PLEASE SERVE:**
Joseph Peter Lopinto, III, Sheriff
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

David Lowe
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

Jason Spadoni
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

Gary Bordelon
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

ABC Insurance **(HOLD SERVICE)**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WACHELLE BOUTTE, Individually and as Natural Tutrix of
My'Keeven Robinson heir to the Estate of Keeven Robinson

VERSUS

JOSEPH PETER LOPINTO, III, in his official capacity, as Sheriff
of the Jefferson Parish Sheriff's Office, JEFFERSON PARISH SHERIFF'S OFFICE,
DAVID LOWE, individually and in his official capacity as a officer/deputy/detective for the
Jefferson Parish Sheriff's Office, JASON SPADONI, individually and in his official capacity as a
officer/deputy/detective for the Jefferson Parish Sheriff's Office, JUSTIN BRISTER, individually
and in his official capacity as a officer/deputy/detective for the Jefferson Parish Sheriff's Office,
GARY BORDELON, individually and in his official capacity as a officer/deputy/detective for the
Jefferson Parish Sheriff's Office,
AND ABC INSURANCE COMPANY

FILED:_____

_____
DEPUTY CLERK

STATE OF LOUISIANA
PARISH OF ORLEANS

VERIFICATION

Before Me, the undersigned Notary Public, duly licensed and commissioned in and for
the State and Parish aforesaid, personally came and appeared:

WACHELLE BOUTTE

who, first being duly sworn, deposed and said that he/she has read the allegations in the
foregoing Petition and the allegations are true and correct to the best of his/her knowledge,
information and belief.

_____
WACHELLE BOUTTE

Sworn to and subscribed before me on this ___18+___ day of __April__,

2019.

_____
HESTER R. HILLIARD
Attorney at Law/Notary Public
Notary/Bar Roll #31392