FORM LDOL 77 (R 7/98)

## SEPARATION NOTICE ALLEGING DISQUALIFICATION

1. NAME **KEITH DOWLING**
2. SS NO. ███**0390**
3. SEPARATION DATE **07/30/01**
4. DATE HIRED **02/16/01**
5. DATE LAST WORKED _____

PLEASE PROVIDE DETAILED EXPLANATION for item checked below. Should this individual file a claim for unemployment insurance benefits complete facts will enable this agency to make an equitable decision.

6. REASON FOR LEAVING

   01 [XX] Voluntary Leaving (Quit)
   02 [ ] Discharge, (Fired)
   03 [ ] Lack of Work (R.I.F.)
   04 [ ] Leave of Absence
   05 [ ] Not Physically Able to Work
   06 [ ] School Employee Contract
   07 [ ] Refused Other Suitable Work
   08 [ ] Labor Dispute
   09 [ ] Retirement, Pension
   10 [ ] Other

Microfilm Reference Number

DO NOT WRITE IN THIS SPACE

7. VACATION/SEVERANCE/DISMISSAL/BONUS/HOLIDAY PAY INFORMATION. The employee received or will receive:
   (  ) Vacation           $ _____ week(s) _____
   (  ) Severance/Dismissal $ _____ week(s) _____
   (  ) Bonus              $ _____ week pd. _____
   (  ) Holiday Pay        $ _____ week(s) _____

   Lump sum (  ) vacation  (  ) accrued leave
   (  ) severance/dismissal pay  (  ) bonus
   (  ) holiday pay  (  ) other remuneration
   covered a period of _____ week(s)

EXPLANATION: _____

**EXHIBIT 13**

I certify that the worker whose name and social security number appear above has been separated from work and that the above information is true and correct. I further certify that the individual named above has been handed or mailed a copy of this notice.

8. **ST. TAMMANY PARISH SHERIFF'S OFFICE** — Employer Name
9. **985-645-2415** — Phone-Area Code & No.
10. **314008** — Employer Acct. No.
11. **P.O. BOX 1229** Address/Street/Box  **SLIDELL** City  **LA** State
12. **70458** Zip Code
13. [signature] Signature
14. **HUMAN RESOURCES MANAGER** Title
15. **07/20/01** Date

FILL OUT IN TRIPLICATE. MAIL ORIGINAL TO - Administrator, Louisiana Department of Labor, Post Office Box 94094, Baton Rouge, LA 70804-9094, WITHIN 72 HOURS after separation. Give the employee copy to the worker within 72 hours and retain the employer copy for your files.

Failure to submit this notice within the specified time limits may forfeit your right to appeal. It must be submitted within 72 hours after the worker's separation from employ.

TRIPLICATE - EMPLOYER COPY

# SEPARATION NOTICE ALLEGING DISQUALIFICATION

1. NAME: KEITH E. DOWLING
2. SS NO.: ███0390
3. SEPARATION DATE: 08/18/09
4. DATE HIRED: 11/29/02
5. DATE LAST WORKED: 08/14/09

PLEASE PROVIDE DETAILED EXPLANATION for item checked below. Should this individual file a claim for unemployment insurance benefits complete facts will enable this agency to make an equitable decision.

6. REASON FOR LEAVING

- 01 ☐ Voluntary Leaving (Quit)
- 02 ☒ Discharge, (Fired)
- 03 ☐ Lack of Work (R.I.F.)
- 04 ☐ Leave of Absence
- 05 ☐ Not Physically Able to Work
- 06 ☐ School Employee Contract
- 07 ☐ Refused Other Suitable Work
- 08 ☐ Labor Dispute
- 09 ☐ Retirement, Pension
- 10 ☐ Other

**Microfilm Reference Number**

DO NOT WRITE IN THIS SPACE

7. VACATION/SEVERANCE/DISMISSAL/BONUS/HOLIDAY PAY INFORMATION. The employee received or will receive:
   - Vacation $_____ week(s) _____
   - Severance/Dismissal $_____ week(s) _____
   - Bonus $_____ week pd _____
   - Holiday Pay $_____ week(s) _____

Lump sum ☐ vacation ☐ accrued leave ☐ severance/dismissal pay ☐ bonus ☐ holiday pay ☐ other remuneration covered a period of _____ week(s),

EXPLANATION:

SOP.2550:01.100 - USE OF FORCE

I certify that the worker whose name and social security number appear above has been separated from work and that the above information is true and correct. I further certify that the individual named above has been handed or mailed a copy of this notice.

8. ST TAMMANY PARISH SHERIFF'S OFFICE — Employer Name
9. 985-726-7702 — Phone-Area Code & No.
10. 314008 — Employer Acct. No.
11. P.O. BOX 1229 — Address Street/Box; SLIDELL, LA — City, State
12. 70459 — Zip Code
13. [Signature: Jill R. Martin]
14. HUMAN RESOURCES SPECIALIST — Title
15. 08/18/09 — Date

FILL OUT IN TRIPLICATE. MAIL ORIGINAL TO - Administrator, Louisiana Department of Labor, Post Office Box 94094, Baton Rouge, LA 70804-9094, WITHIN 72 HOURS after separation. Give the employee copy to the worker within 72 hours and retain the employer copy for your files. You may re-order this LDOL 77 form by telephone: (225)342-2861 or (225) 342-2811.

Failure to submit this notice within the specified time limits may forfeit your right to appeal. It must be submitted within 72 hours after the worker's separation from employment. This LDOL 77 form is available on our website: www.laworks.net



## ST. TAMMANY PARISH SHERIFF'S OFFICE
## EMPLOYEE COUNSELING FORM

| Employee Name: Keith Dowling | Rank: Deputy |
|---|---|
| Division: Criminal Patrol | Department: 35 |
| Date of Incident: 08/06/2009 | Time of Incident: Approx. 12:00hrs |

**Reason for counseling:**

( ) INSUBORDINATION             ( ) DISRUPTIVE WORK BEHAVIOR

( ) EXCESSIVE ABSENCES OR LATENESS    (X) VIOLATION OF RULES/POLICY

( ) VIOLATION OF SAFETY RULES       ( ) COMPLIMENT

( ) REFUSAL TO PERFORM ASSIGNED WORK  ( ) OTHER        8-18-09

( ) UNSATISFACTORY WORK PERFORMANCE

**Reason for counseling:**

( ) WARNING                  (X) DISCHARGE

( ) SUSPENSION               ( ) COMMENDATION

**Nature of incident:**
Please describe in a complete but concise manner, exactly what behavior the deputy displayed which caused this counseling form to be issued. Please provide all relevant information, including names and dates.

On August 13, 2009 Dy. Chief Oswald and Major Lentz entertained a complaint from a citizen about an incident involving Dy. Keith Dowling. Our complainant was a 60 year old disabled white female. This individual's disability was quite evident. She had a stoma in her throat. Inserted in the stoma was a plastic piece that when she spoke required her to place her hand on the device to allow air to enter her throat.

This lady stated that on August 6th she was traveling through Abita Springs when she was apparently involved in a minor traffic incident. She was pulled over by Dy. Dowling on Hwy 36 near the Fire Department. Once she was pulled over, according to her, she was immediately handcuffed behind her back and placed in the back of Dy. Downling's police car. She was later unhandcuffed and given a ticket for failure to yield and sent on her way.

Major Lentz conducted an investigation into the incident and learned that our complainant was in Abita Springs on the day in question. She was traveling down Melissa Drive when she approached the intersection of Hwy 36. When she turned onto Hwy 36, she did not see a motorcycle approaching. The motorcycle had to take evasive action to avoid colliding with our complainant. The evasive action included "laying the bike down". The driver of the motorcycle received minor abrasions as a result. It should be noted that there was no contact between the two vehicles. A witness observed the incident

and followed our complainant down Hwy 36. The witness observed Dy. Dowling shooting radar and brought the traffic incident to his attention. Dy. Dowling then immediately went after our complainant and conducted a traffic stop on the vehicle. Dy. Dowling has admitted to his supervisors that he did indeed handcuff this lady behind her back but according to him moved the handcuffs to the front while he conducted his investigation. It should also be noted that the vehicle our complainant was driving displayed a handicap Mississippi license plate.

The Sheriff's Office Use of Force police (SOP.2550:01.100) states the following:

*"It shall be the policy of this agency that officers will use only the force that is reasonable to the circumstances to effectively bring an incident under control, while protecting the lives and safety of the officers and others. This policy, in no way, enlarges a STPSO deputy's civil or criminal liability and does not hold a deputy to a higher standard of safety, care or performance than required by law. Since no document can address every contingency which may arise in law enforcement, situations may occur that will call for the reliance of the deputy's training, experience, and intuition, as well as the careful and thoughtful application of professional discretion.*

The result of our investigation reveals that this was a minor traffic accident, our complainant was not aware that she was involved in an incident. When stopped by Dy. Dowling, he should have easily recognized the handicap license plate displayed on the vehicle. If he would have asked the basic traffic accident investigation questions, he would have easily recognized that the driver was disabled and needed her hands to speak through a stoma. Instead, Dy. Dowling placed handcuffs on the lady and placed her in the back seat of his police car. As the last sentence of the quoted policy above states, "*...careful and thoughtful application of professional discretion*" was not used in this incident.

Therefore, Dy. Dowling has violated several sections of D.R. 03:09.500 to include but not limited to **Discourteous treatment of the public, incompetence, and unprofessional conduct.** All of these violations are a group three offense.

In reviewing with Human Resources, Dy. Dowling's personnel folder reveals the following disciplinary actions taken against him:

- 6/23/09 – General Regulations: 7:100.325 – Vehicle use – Warning- Damaged passenger side mirror on his car
- 4/23/09-5/9/09 – DR.03.09:957 – Willful disregard of Agency rules… - he failed to qualify w/his weapon – Suspended 40 hours
- 5/10/09 – DR.03.09:955 – Criminal/Immoral Conduct – Disturbance between Det. Dowling and his wife – Suspended 40 hours
- 6/29/09 – DR.O3.08.000 – Unbecoming conduct by STPSO employee - Major Lentz memo to Det. Dowling
- 2/09/09 – Put on Administrative Leave w/o pay

With this being Dy. Dowling's third group three offense in the past four months, effective immediately Dy. Keith Dowling is terminated from employment with the St. Tammany Parish Sheriff's Office.

**Corrective action to be taken:**
What steps will employee to take to correct their inappropriate work behavior?

The employee is terminated from the St. Tammany Parish Sheriff's Office

1

**Employee's comments:**

( )   I agree with the action taken for the following reason(s):        ( )   I disagree with the action taken for the following reason(s):

_____

_____

_____

**Acknowledgement:**
I acknowledge that I have today received counseling and I have been advised of the following rights:

- A written record of reprimand/counseling shall be maintained.
- I have the right to review the record and respond in writing.
- The form shall become a part of my personnel file.
- I am required to acknowledge this report by signing below.

_DfCK_____   08-14-09                         _[signature]_ 8/14/09
Deputy's Signature   Date                     Supervisor's Signature   Date

The above offense(s) or commendation has been noted and are made a part of the above deputy's personnel file as of this date.

Capt. Donna Schlesinger   8/18/09
Human Resources Manager   Date

**Prior counseling record:**

DATE: _____   COUNSELING ACTION: _____

DATE: _____   COUNSELING ACTION: _____

DATE: _____   COUNSELING ACTION: _____

ORIGINAL TO HUMAN RESOURCES   /   COPY TO EMPLOYEE   /   COPY TO SUPERVISOR

### PURPOSE OF POLICY                                SOP.2550:01.100

It shall be the policy of this agency that officers will use only the force that is reasonable to the circumstances to effectively bring an incident under control, while protecting the lives and safety of the officers and others. This policy, in no way, enlarges a STPSO deputy's civil or criminal liability and does not hold a deputy to a higher standard of safety, care or performance than that required by law. Since no document can address every contingency which may arise in law enforcement, situations may occur that will call for the reliance of the deputy's training, experience, and intuition, as well as the careful and thoughtful application of professional discretion.

### DEFINITIONS                                      SOP.2550:01.200

A. **Use of Force:** The amount of effort required by police to compel compliance by an unwilling subject.

B. **Resistance:** The subject's attempt to evade an officer's attempt to control.

C. **Control:** The method an officer uses to neutralize the unlawful actions and to apprehend a subject.

D. **Reasonable Belief:** When facts or circumstances the deputy knows, or should know, are such as to cause an ordinary and prudent person to act or think in a similar way under similar circumstances. Reasonableness regarding use of force must be judged from the perspective of a reasonable officer on the scene at the time a decision is needed.

E. **Physical force:** Any physical actions by one or more officers (e.g., holding, restraining, pushing, pulling) that does not include the use of any weapon or deadly force.

F. **Great bodily harm:** bodily injury which creates a substantial risk of death or which is likely to cause serious permanent disfigurement or extended impairment of the function of any body member or organ.

### DEFINITIONS, CONTINUED                           SOP.2550:01.200

Revised Document 06 21 05

# DISCIPLINE

**DISCIPLINARY AUTHORITY**

**DR.03:09.500.**

1. Employees may be reduced in pay or position, suspended, terminated or otherwise disciplined by the Sheriff, or his designee, at their discretion, for, among other reasons:

    dishonesty,

    (discourteous treatment of the public,)

    disloyalty to the STPSO,

    disruptive, or abusive behavior

    excessive tardiness and/or absenteeism

    immoral conduct

    (incompetence)

    inefficiency

    insubordination

    job inefficiency,

    neglect of duty,

    possession, manufacture, distribution, sale, transfer, or use of alcohol or illegal drugs on duty, or while operating vehicles or equipment owned by the STPSO,

    possession, manufacture, distribution, sale, transfer, or use illegal drugs off duty,

    sexual harassment,

**DISCIPLINARY AUTHORITY**  continued
**DR.03:09.500.**

    unauthorized disclosure of confidential information,

    ~~unprofessional conduct,~~

    violation of Agency regulations,

    violation of state or federal criminal laws,

    violations of safety rules,

    any other failure of good behavior

    any other act of misfeasance, malfeasance, or nonfeasance in office, or

    any act impairing the efficiency or reputation of the Agency, its members, or Deputies.

2. The Sheriff, or his designee, should investigate the nature of alleged infractions to determine if a violation of law or policy has occurred.

3. Employees must provide complete and accurate information during any investigation.

To Major Tim Lentz,                             August 14, 2009

    I am respectfully submitting my letter of resignation as a Deputy Sheriff with the St. Tammany Parish Sheriff's Office. I appreciate the opportunity that I had while employed here.

                                                  Respectfully submitted,

                                                  DFC Keith Dowling #3220