FILED 09 FEB 04 16:38 USDC-LAE



EXHIBIT 98

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAMUEL BLUM, RICHARD BROOKE AND CHRISTINA HELLMERS | * | CIVIL ACTION |
| | * | 09-2327 |
| VERSUS | * | NUMBER: |
| | | SECT I MAG 1 |
| NEWELL NORMAND, IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH; NICHOLAS VEGA, A. J. THIBODAUX, GEORGE HONSES, BRETT BEAVERS, DAVID MASCARO, MYRON GAUDET, MARTIN DUNN AND UNKNOWN DEPUTIES INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITIES AS DEPUTY SHERIFFS | * * * | |
| | * | SECT. ___. MAG. ___ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW COME** plaintiffs, **SAMUEL BLUM, RICHARD BROOKE** and **CHRISTINA HELLMERS**, through undersigned counsel, who respectfully represent:

**I. JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. 1983 and 1988.

-1-

Fee $350
Process EM (S) sms
X Dktd
___ CtRmDep
___ Doc. No.

Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343, the First, Fourth and Fourteenth Amendments to the Constitution of the United States. Supplemental jurisdiction over claims under state constitutional and statutory law is also invoked.

## II.  PARTIES

### (PLAINTIFFS)

2. **SAMUEL BLUM** (hereinafter "BLUM"), an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

3. **RICHARD BROOKE** (hereinafter "BROOKE"), an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

4. **CHRISTINA HELLMERS** (hereinafter "HELLMERS"), an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

### (DEFENDANTS)

5. **NEWELL NORMAND, in his official capacity as Sheriff of Jefferson Parish,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana is named a defendant herein.

6. **NICHOLAS VEGA** (hereinafter "VEGA"), **individually and in his official capacity as a Jefferson Parish Sheriff's Deputy,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

7. **GEORGE HONSES** (hereinafter "HONSES"), **individually and in his official capacity as a Jefferson Parish Sheriff's Deputy,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

8. **MARTIN DUNN** (hereinafter "DUNN"), **individually and in his official capacity as a Jefferson Parish Sheriff's Deputy,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

9. **MYRON GAUDET** (hereinafter "**GAUDET**"), **individually and in his official capacity as a Jefferson Parish Sheriff's Deputy,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

10. **BRETT BEAVERS** (hereinafter "**BEAVERS**"), **individually and in his official capacity as a Jefferson Parish Sheriff's Deputy,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

11. **DAVID MASCARO** (hereinafter "**MASCARO**"), **individually and in his official capacity as a Jefferson Parish Sheriff's Deputy,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

12. **A. J. THIBODAUX,** (hereinafter "**THIBODAUX**"), **individually and in his official capacity as a Jefferson Parish Sheriff's Deputy,** an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

13. **UNKNOWN DEPUTIES, individually and in their official capacity as Jefferson Parish Sheriff's Deputies,** adult citizens of the State of Louisiana and domiciled in the Eastern District of Louisiana.

## III.   FACTUAL ALLEGATIONS

14. On or about February 5, 2008 at approximately 5:00 p.m., the plaintiffs, **BLUM, BROOKE** and **HELLMERS**, were attending a Mardi Gras parade in Jefferson Parish. They were located in the area of Severn Avenue and Veterans Boulevard. Shortly after a parade had ended, the plaintiffs **BLUM** and **HELLMERS**, approached, upon information and belief, **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and other **UNKNOWN DEPUTIES** who were at said intersection to inquire as to whether any of the said defendants had information about an auto accident that had just occurred involving a friend of theirs.

Said defendants advised the plaintiffs that they had no information in regards the accident. In response the plaintiffs asked if the defendants could use their police radios to assist them in learning the status of their friend's condition. The defendants became angry with the two plaintiffs and cursed them. As the two plaintiffs started to walk away, **BLUM**, stated words to the effect "This is Jefferson Parish's finest hard at work".

15.     Suddenly and without warning, as the plaintiff, **BLUM**, began to walk away from the defendants, he was grabbed from behind by the head and thrown to the ground by one or more of the defendants. One of the defendants then proceeded to choke him. While being choked, he was punched multiple times in his body by two of the other defendants.

16.     After this beating he was pulled up to his feet. The defendants then pushed him away and stated: "Get out of here".

17.     After the defendants pushed **BLUM** away and stated: "Get out of here"; the plaintiff, **HELLMERS**, verbally confronted the defendants for their brutality. In an effort to diffuse the situation **BLUM** stepped toward **HELLMERS**, grabbed her by the arms and stated "Let's go". When **BLUM** grabbed **HELLMERS'** arm to pull her away, he was again attacked by the defendants. Upon information and belief, he was attacked by **VEGA, HONSES, DUNN, GAUDET** and other **UNKNOWN DEPUTIES** who choked and beat him with their firsts.

-4-

18. As a result of this second beating at the hands of the defendants, the plaintiff, **BLUM**, fell face first to the ground. His hands were then handcuffed behind his back by one of the defendants. After he was cuffed, and while face down on the ground one of the defendants placed his foot on **BLUM'S** head and pushed his face into the ground and stated: "Do you like that, do you want to resist again?".

19. The defendants then moved **BLUM** to a spot where he was placed on the ground in a seated position. At this point one of the defendant, **UNKNOWN DEPUTIES**, a black male deputy, intentionally stood on **BLUM'S** wrists and cuffs causing severe pain while the other defendants attended to what appeared to be paperwork.

20. As **BLUM** was being beaten for the second time by the defendants, the plaintiff, **BROOKE**, attempted to take pictures of the incident with his cell phone. As **BROOKE** attempted to take pictures he was attacked by defendants, **MASCARO, BEAVERS, THIBODAUX** and **UNKNOWN DEPUTIES**. **BROOKE** was thrown to the ground where two or more of the defendants held him down and another defendant repeatedly kicked him in the face.

21. After being beaten, **BROOKE'S** phone was taken from him by one of the defendants. Ten to fifteen minutes later, his phone was returned to him. Because the incident occurred so fast **BROOKE** does not know what, if any, pictures were erased by the defendants.

22. Following his beatings, the plaintiff, **BLUM** was falsely and/or illegally

-5-

arrested for the following: Disturbing the Peace in violation of La.R.S.14:103; Criminal Trespass in violation of La.R.S. 14:633; Battery on An Officer in violation of La.R.S. 14:34.2; and Resisting an Officer in violation of La.R.S. 14:108.

23. Following his beatings, the plaintiff, **BROOKE**, was falsely and/or illegally arrested for the following: Disturbing the Peace in violation of La.R.S. 14:103; Battery on An Officer in violation of La.R.S. 14:34.2; Interfering With the Police in violation of JP 20-24; and Resisting an Officer in violation of La.R.S. 14:108.

24. The plaintiff, **HELLMERS**, was falsely and/or illegally arrested for Interfering With the Police in violation of JP 20-24.

25. As a result of their arrests, **BLUM, BROOKE** and **HELLMERS**, were falsely detained and imprisoned for four hours, four hours, and fifteen hours, respectively.

26. As a result of their false and/or illegal arrests the plaintiffs were prosecuted in Division A of First Parish Court for the Parish of Jefferson in case no. F1762784 for all the same charges for which they had been arrested.

27. As a result of his arrest and prosecution for the charges of Resisting Arrest and Battery on An Officer, the plaintiff, **BROOKE**, was denied employment and incurred lost wages, until said charges were dismissed.

28. On January 6, 2009, the plaintiffs, **BLUM** and **BROOKE** pled "no contest" to the charge of Disturbing the Peace, under the provisions of La. Criminal

-6-

Code Art. 894. All the other charges against each and every plaintiff were dismissed.

29. As a result of being arrested and prosecuted for these charges each of the plaintiffs incurred fees for legal representation in the criminal cases as follows: **BLUM** - $2,000.00; **BROOKE** - $2,000.00; **HELLMERS** - $1,000.00.

30. Contrary to the charges filed, at no time did any of the plaintiffs resist arrest, batter an officer, interfere with police, trespass or disturb the peace.

31. All the defendants named in their individual capacity utilized excessive force in connection with their restraining and/or arrest of **BLUM** and **BROOKE**.

32. Each of the defendants named in their individual capacity observed all of the other defendants named in their individual capacity utilize excessive force and/or falsely and/or illegally arrest each of the plaintiffs yet none of these defendants reported this illegal activity to their supervisor and/or any other law enforcement officer.

33. Following the illegal and/or false arrest and use of excessive force by **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and **UNKNOWN DEPUTIES**, the same defendants conspired to cover up their illegal and/or false arrest and use of excessive force. A step in furtherance of this conspiracy was the beating and arrest of **BROOKE** and the subsequent destruction and/or erasure by the defendants of any photographs taken by **BROOKE**. In addition, the acts of falsely and/or illegally arresting all the plaintiffs for all the

charges was an overt act taken by all the individually named defendants to cover up their use of excessive force.

34. In addition to the already described use of excessive force, the plaintiff, **BLUM**, was subjected to another incident of battery or excessive force when he was punched in the nose while at the Jefferson Parish Correctional Center lock up on the same day by an **UNKNOWN DEPUTY** described by **BLUM** as a female African American deputy after he witnessed an inmate being beaten by guards. In response to his witnessing this beating the above described **UNKNOWN** female deputy stated: "You didn't see anything".

35. As a result of the defendants' illegal and/or false arrest of the petitioners and the spoliation of evidence, battery and excessive force to **BLUM** and **BROOKE** by the defendants; the plaintiffs suffered physical injuries to their chin, face, mouth, head, neck, back, ribs, legs, arms and incurred legal and medical expenses, lost income, pain, suffering, emotional and mental anguish, humiliation and violation of their civil rights.

36. At all times mentioned herein, all the defendants named in their individual capacities were employed by the defendant, **SHERIFF NEWELL NORMAND**, and were acting in the course and scope of their employment with **SHERIFF NORMAND**.

37. Prior to February 5, 2008, the defendant, **SHERIFF NEWELL NORMAND**, developed and maintained policies or customs exhibiting deliberate

-8-

indifference to the First and Fourth Amendment rights of persons in Jefferson Parish to free speech and to be free from unreasonable search and seizure, which deliberate indifference caused the violation of plaintiffs' rights.

38. In addition, it is and was the policy and/or custom of the defendant, **SHERIFF NEWELL NORMAND**, to inadequately and improperly investigate citizen complaints of police misconduct involving false arrest and excessive force. Acts of misconduct were instead tolerated by the defendant, **SHERIFF NEWELL NORMAND**, including, but not limited to the prior incidents involving the defendants, **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and **UNKNOWN DEPUTIES**.

39. It was the policy and/or custom of the defendant, **SHERIFF NEWELL NORMAND**, to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The defendant, **SHERIFF NEWELL NORMAND**, did not require appropriate in service training or retraining of officers who were known to have engaged in police misconduct.

40. It was the policy and/or custom of the defendant, **SHERIFF NEWELL NORMAND**, to refuse to terminate, suspend, discipline, warn, or in any way punish and/or retrain its police officers including the defendant officers for incidents of false arrest and/or excessive force, thereby failing to adequately discourage further constitutional violations of a civil nature on the part of its police officers.

41. The defendant, **SHERIFF NEWELL NORMAND**, knew or should have known of prior acts of false and/or illegal arrest and/or excessive force utilized by the defendants, **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and **UNKNOWN DEPUTIES**, yet he ignored these prior incidents and hired the defendants nonetheless. In the alternative, the defendant, **SHERIFF NEWELL NORMAND**, negligently hired and retained the defendants, **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and **UNKNOWN DEPUTIES**.

42. As a result of the above described policies and customs, deputies of **SHERIFF NEWELL NORMAND** including the defendant deputies, knew that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated and/or sanctioned but would be tolerated.

43. The above described policies and customs demonstrated deliberate indifference on the part of the policymaker defendant, **SHERIFF NEWELL NORMAND**, to the constitutional rights of persons within Jefferson Parish, and to the plaintiffs and was a cause of the violations of plaintiffs' rights alleged herein.

44. The defendant, **SHERIFF NEWELL NORMAND**, is liable to the plaintiffs for damages as a result of his failure to properly supervise the defendants, **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and **UNKNOWN DEPUTIES**.

45. The defendant, **SHERIFF NEWELL NORMAND**, knew or should have known of the violent propensities and misconduct of these specific defendant officers yet ignored those violent propensities and previous acts of misconduct and hired them and/or retained them and failed to properly supervise them. Said defendant, **SHERIFF NEWELL NORMAND**, is aware of the mistreatment of civilians by these defendant deputies yet has made no effort to impose sanctions on any of these defendant deputies for previous actions involving false arrest and/or excessive force or for previous incidents where said officers acted to cover up apparent criminal conduct or civil rights violations by said defendant deputies.

46. The defendant, **SHERIFF NEWELL NORMAND**, by his failure to properly supervise the above named defendant individual deputies condoned, ratified and encouraged the excessive use of force by failing to discipline the individual deputies responsible for constitutional violations and by failing to establish new procedures to prevent future occurrences. These actions or failures on the part of the defendant supervisor, **SHERIFF NEWELL NORMAND**, are gross negligence in supervising subordinates who are responsible for violations and reflect a deliberate indifference to the rights of others by failing to act on information that constitutional rights were being violated.

47. All the defendants are liable to the petitioner for punitive damages.

48. The injuries suffered by the plaintiffs were solely and proximately caused by the negligent and/or intentional acts of the defendants as previously

described in paragraphs 14 through 47.

## V. CAUSES OF ACTION

49. The actions of the individual defendant deputies resulted in violations of the plaintiffs civil rights, in particular, their First Amendment right to free speech, and their Fourth Amendment right against unreasonable search and seizure. The actions of the individual defendant deputies in assaulting, battering, falsely arresting and/or detaining, falsely imprisoning, slandering, spoliating evidence and causing intentional infliction of emotional harm to the plaintiffs is also actionable under Louisiana law.

50. At all times relevant hereto all of the named defendants were acting within the course and scope of their employment with the defendant, **SHERIFF NEWELL NORMAND**, and as such the doctrine of respondeat superior would apply for all those state tort claims alleged in this Complaint.

51. At all times mentioned herein, the individual defendant deputies were employed by the defendant, **SHERIFF NEWELL NORMAND** Said defendants have in the past violated the civil rights of other individuals as previously set out in the preceding paragraphs by falsely arresting them and utilizing excessive force. The defendant, **SHERIFF NEWELL NORMAND**, was aware of these incidents of civil rights violations and other similar incidents involving the individual defendant deputies, **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and **UNKNOWN DEPUTIES**, yet he refused to fire, train, retrain,

punish, discipline, supervise or in any way reprimand these defendants. This repeated failure on the part of the defendant, **SHERIFF NEWELL NORMAND**, to address these previous civil rights violations by the defendant deputies, **VEGA, HONSES, DUNN, GAUDET, BEAVERS, MASCARO, THIBODAUX** and **UNKNOWN DEPUTIES**, is an official policy of the defendant, **SHERIFF NEWELL NORMAND**. This official policy of deliberate indifference to the past civil rights violations of its citizens resulted in the civil rights violations suffered by the plaintiffs at the hands of the individual defendant deputies. The official policy fails to consider previous complaints of false arrest and excessive force of its officers when training and disciplining officers. It also has a policy of detaining individuals and utilizing excessive force in violation of their civil rights. The defendant, **SHERIFF NEWELL NORMAND**, is therefore independently liable to the plaintiffs regardless of the defendant deputies' individual liability, for all the damages caused by these official policies.

52. The defendant, **SHERIFF NEWELL NORMAND**, is liable under state law to the plaintiffs for his negligence in hiring, training, retraining, punishment, discipline and supervision of the individual defendant deputies. This above described negligence resulted in the damages to the plaintiffs which they sustained as a result of their assault, battery, false arrest, false imprisonment, slander and intentional infliction of emotional distress.

53. Pursuant to the Federal Civil Rights Action the petitioners are entitled

to reasonable attorney's fees and punitive damages.

54.  The defendants are liable jointly, severally and in solido.

## VI. DAMAGES

55.  As a result of the aforedescribed civil rights violations, the plaintiffs suffered physical injuries, mental and emotional pain and suffering, anguish and distress, embarrassment, humiliation, lost earnings, medical expenses and legal expenses.

56.  Plaintiff, **BLUM**, itemizes his damages as follows:

   a. General damages              $100,000.00
   b. Violation of his civil rights  $ 25,000.00
   c. Medical expenses             $  5,000.00
   d. Legal expenses               $  2,000.00
   e. Punitive damages             $100,000.00

57.  Plaintiff, **BROOKE**, itemizes his damages as follows:

   a. General damages              $100,000.00
   b. Violation of his civil rights  $ 25,000.00
   c. Medical expenses             $ 10,000.00
   d. Legal expenses               $  2,000.00
   e. Punitive damages             $100,000.00

58.  Plaintiff, **HELLMERS**, itemizes her damages as follows:

   a. General damages              $ 50,000.00
   b. Violation of his civil rights  $ 25,000.00
   c. Legal expenses               $  1,000.00
   d. Punitive damages             $ 50,000.00

59.  Plaintiffs seek reasonable attorney's fees in accordance with 42 U.S.C. § 1988 plus judicial interest and for the defendants to bear all costs of these

-14-

proceedings.

**WHEREFORE**, the plaintiffs, **SAMUEL BLUM, RICHARD BROOKE** and **CHRISTINE HELLMERS**, pray that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in their favor and against defendants, **SHERIFF NEWELL NORMAND, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH, NICHOLAS VEGA, A. J. THIBODAUX, GEORGE HONSES, BRETT BEAVERS, DAVID MASCARO, MYRON GAUDET, MARTIN DUNN** and **UNKNOWN DEPUTIES, INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITY AS DEPUTY SHERIFFS**, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorney's fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable and general relief available.

Respectfully submitted;

PIERCE & BIZAL

_____
GARY W. BIZAL (La. Bar No. 1255)
639 Loyola Avenue, Suite 1820
New Orleans, Louisiana 70113
(504)525-1328 Telephone •(504)525-1353 Fax
email: piblaw@bellsouth.net
Attorney for Plaintiffs

**PLEASE SERVE:**

SHERIFF NEWELL NORMAND
JEFFERSON PARISH SHERIFF'S OFFICE
1233 Westbank Expressway
Harvey, LA 70058

DEPUTY NICHOLAS VEGA
JEFFERSON PARISH SHERIFF'S OFFICE
725 Maple Avenue
Harvey, LA 70058

DEPUTY A. J. THIBODAUX
JEFFERSON PARISH SHERIFF'S OFFICE
725 Maple Avenue
Harvey, LA 70058

DEPUTY GEORGE HONSES
JEFFERSON PARISH SHERIFF'S OFFICE
725 Maple Avenue
Harvey, LA 70058

DEPUTY BRETT BEAVERS
JEFFERSON PARISH SHERIFF'S OFFICE
725 Maple Avenue
Harvey, LA 70058

DEPUTY DAVID MASCARO
JEFFERSON PARISH SHERIFF'S OFFICE
725 Maple Avenue
Harvey, LA 70058

DEPUTY MYRON GAUDET
JEFFERSON PARISH SHERIFF'S OFFICE
725 Maple Avenue
Harvey, LA 70058

DEPUTY MARTIN DUNN
JEFFERSON PARISH SHERIFF'S OFFICE
725 Maple Avenue
Harvey, LA 70058