UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P, LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

**Plaintiffs' Reply in Support of Motion for Partial Summary Judgment Regarding *Monell*-by-Ratification**

Plaintiffs moved for partial summary judgment on *Monell*-by-Ratification, R. Doc. 150. The Sheriff filed an opposition. R. Doc. 159.

The Sheriff's description of the law regarding *Monell*-by-ratification is partially correct and partially incorrect. The Sheriff is correct that a mere failure to investigate, or failure to discipline, or just "going along with" a subordinate's actions does not establish *Monell*-by-ratification. But here, the Sheriff has gone much further. Specifically, he volunteered that he is **"fully unified"** with the deputies in that their actions "were reasonable and justified." R. Doc. 23 at 8-9 (emphasis added).

Defendants have not cited any case where a final policymaker expressed "full unification" with subordinates' actions like this, and still had *Monell*-by-ratification denied.

The Sheriff is wrong about the law, however, when he suggests that a Plaintiff must prove that a final policymaker <u>admitted</u> that a use of force was unconstitutional. See R. Doc. 159 at 2-3. What *Allen* said is that the final policymaker must be "aware of the factors that potentially made [the] use of force unreasonably excessive" before endorsing the use of force to prove *Monell*-by-ratification – not that policymaker must admit that the force was excessive. Here, Lopinto was well aware of the factors that potentially made the use of force excessive, including personally watching the video himself, before ratifying the conduct. *Allen v. Hays*, 21-20337 (5th Cir., March 21, 2023) at *17.

Also, in their brief Defendants do not provide any explanation why *Kersh v. Derozier,* 851

1

F.2d 1509 (5th Cir. 1998) should not apply here. In that case, the final policymaker stipulated that officers' actions were "in compliance with the actual customs, policies, practices and procedures" of the city. The Fifth Circuit held that the stipulation meant that if the offiers' conduct violated the constitution, then "the customs and policies of the city necessarily operated to deprive [Plaintiff] of his constitutional rights." The *Kersh* stipulation is close to a verbatim match of Sheriff Lopinto's interrogatory response in this case.[1] The holding of that opinion should therefore be controlling.

In sum, Sheriff Lopinto cannot contend (1) that he is "**fully unified**" with his officers' actions; and also (2) that the officers' actions do not represent Lopinto's policy.

Either could be true.

Both cannot be.

This Court should grant Plaintiffs' motion.[2]

RESPECTFULLY SUBMITTED,

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (BPR # 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com

---

[1] R. Doc. 21-4 (Lopinto Discovery Responses) at 11-12. Lopinto was asked whether "any law enforcement officer of your agency violate[d] any written or unwritten policy, procedure, custom, practice, rule, statute, ordinance, regulation, order, canon, edict, dictate, etc. of your department in the incident." His answer was "No."

[2] The Sheriff accuses Plaintiffs of needlessly increasing the cost of litigation because the *Monell*-by-ratification theory "was already before the Court [in Plaintiffs' opposition to Defendants' motion for summary judgment], and Plaintiffs' present motion is, at the very best, duplicative." R. Doc. 159 at 7.

That is wrong for several reasons. First, because Plaintiffs' Motion for Partial Summary Judgment (R. Doc. 150) came before the opposition (R. Doc. 156), not after. And second, Plaintiffs seek not just to have the Court deny Defendants' motion for summary judgment on this point, but to affirmatively grant Plaintiffs' motion. That will narrow the issues for trial.