UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL | * | CIVIL ACTION NO: 21-CV-80 |
|     Plaintiffs | * | |
| | * | SECTION: D-2 |
| VERSUS | * | |
| | * | JUDGE: VITTER |
| | * | |
| JOSEPH P. LOPINTO, III, ET AL. | * | MAGISTRATE: CURRAULT |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON *MONELL*-BY-RATIFICATION, R. DOC. 150**

**MAY IT PLEASE THE COURT:**

Defendant, Sheriff JOSEPH LOPINTO III, in his official capacity as the Sheriff of Jefferson Parish ("the Sheriff"), opposes Plaintiffs' Motion for Partial Summary Judgment on *Monell*-by-Ratification, R. Doc. 150.

The Sheriff further asks that this Court find that Plaintiffs' Motion is frivolous, made for an improper purpose, and that it "unreasonably and vexatiously" multiplied the costs of these proceedings.[1]

---

[1] To be clear, the Sheriff is not now moving for, or praying that, sanctions be granted at this time. The Sheriff is simply asking the Court to acknowledge that Plaintiffs' Motion is frivolous and improper. The Sheriff submits that this case has been litigious enough and that unwarranted, frivolous, and unnecessarily duplicative motions have no place in this or any proceeding and do not serve the interests of the parties, the Court, or justice.

**LAW AND ARGUMENT**

I.  **PLAINTIFFS' *MONELL* RATIFICATION THEORY OF LIABILITY IS FRIVOLOUS AND IMPROPER AS A MATTER OF LAW**

Plaintiffs cite three cases in support of their Motion that are of any precedent: *Allen v. Hays*, 21-20337 (5th Cir., March 21, 2023); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality op.); and *Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009).

All of the foregoing directly contradict Plaintiffs' theory here.

In *Allen*, the court affirmed the district court's grant of the Defendants' motion to dismiss. *Allen*, 21-20337 at * 16-17. The court reasoned and held thusly:

> [Plaintiffs] claim that, because Hayes was provided a certificate of bravery for his actions during the shooting, it is plausible that the city ratified Hayes's decision to shoot the unarmed Allen. Yet the certificate of bravery alone cannot be the basis for a claim of racial discrimination against the municipality, as plaintiffs have not alleged that the city itself had actual or constructive knowledge of discrimination, nor that the certificate was an approval of racial animus specifically. See *Okon*, 426 Fed.Appx. At 317-18.
>
> Though we lack caselaw on how a municipality might 'ratify' the use of excessive force, the same analysis holds true. To succeed on a claim of excessive force via the ratification theory, plaintiffs would need to show that the city granted the certificate of bravery because the force was excessive. In other words, the constitutional violation itself must have been ratified. Even accepting all of plaintiffs' contentions as true - as we must under *Twombly* - there are no allegations that the city was aware of the factors that potentially made Hayes's use of force unreasonably excessive. Without such allegations, plaintiffs cannot make out a showing of liability via ratification. Plaintiffs' ratification claims are thus dismissed.

*Id*.

The court in *Allen* recognized the lack of caselaw informing the issue. *Id*. Again, the *Allen* case **was just decided on March 21 of this year**. *Id*. The court further held that Plaintiffs must show that the policymaker ratified the actual use of excessive force. *Id*. Here, Plaintiffs argue that the Sheriff did not find a Departmental policy violation. There is no evidence that the Sheriff conceded an unconstitutional use of excessive force and ratified the same.

Likewise, in *City of St. Louis v. Praprotnik,* the Supreme Court emphasized that "[s]imply going along with discretionary decisions made by one's subordinates, however, is not a delegation to them of the authority to make policy. . . ." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). The Court additionally held that "the mere failure to investigate the basis of a subordinate's discretionary decisions does not amount to a delegation of policymaking authority. . . ." *Id*.

Similarly, in *Peterson*, the Court reasoned and held:

Peterson alleges the City is liable because Chief Mendoza ratified the officers' conduct. He points out that Chief Mendoza determined after investigation that Officers Horner and Ballard's conduct complied with the department's policies. Peterson cites *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), which acknowledges that "[i]f the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *Id*. at 127, 108 S.Ct. 915. But our precedent has limited the theory of ratification to "extreme factual situations." See *Snyder v. Trepagnier*,

> 142 F.3d 791, 798 (5th Cir.1998). Under that precedent, we cannot say that this case presents an extreme factual situation. Compare *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir.1985) (finding ratification in case in which officers "poured" gunfire onto a truck and killed innocent occupant), with *Snyder*, 142 F.3d at 798 (refusing to find ratification in case in which officer shot fleeing suspect in the back). Moreover, we have also explained that a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality. *See Coon v. Ledbetter*, 780 F.2d 1158, 1161-62 (5th Cir.1986) (precedent "does not stand for the broad proposition that if a policymaker defends his subordinates and if those subordinates are later found to have broken the law, then the illegal behavior can be assumed to have resulted from an official policy"). Our precedent thus forecloses ratification liability in this case.2

*Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 849 2009 (5th Cir. 2009).

Moreover, the court in *Peterson*, with a mere footnote, readily dismissed the same theory that Plaintiffs advance here:

> The dissent acknowledges that ratification is "seldom, if ever, found by this court." It maintains, however, that Peterson put forth evidence of ratification sufficient to withstand summary judgment by showing that neither Officer Ballard nor Officer Horner was disciplined for the use of force or failure to file a "Use of Force Report" following the incident, and by pointing to Chief Mendoza's deposition testimony that both officers complied with the City's policies and procedures. However, this evidence, viewed in the light most favorable to Peterson, is insufficient to create a fact issue regarding the City's policymaker's ratification of unconstitutional conduct. In *City of St. Louis v. Praprotnik*, a case on which Peterson relies, the Supreme Court emphasized that "[s]imply going along with discretionary decisions made by one's subordinates, however, is not a delegation to them of the authority to make policy. . . ." 485 U.S. 112, 130, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). Additionally, "the mere failure to investigate the basis of a subordinate's discretionary decisions does not amount to a delegation of policymaking authority. . . ." *Id*. See also *Kibbe v. City of Springfield*, 777 F.2d 801, 809 n. 7 (1st Cir.1985) ("The [district]

> court suggested that the City had ratified defendant Perry's action by clearing him and finding that he had acted in accordance with the police department's policies. We are unconvinced that a failure to discipline Perry or other officers amounts to the sort of ratification from which a jury properly could infer municipal policy.").

*Peterson*, 588 F.3d 838, n. 2.

More confounding than the cases Plaintiffs cite, are the cases that Plaintiffs did not share with the Court.

Plaintiffs conveniently did not inform the Court of *Milam v. City of San Antonio*, 113 F. App'x 622 (5th Cir. 2004). There, the Fifth Circuit explained that the ratification theory "is necessarily cabined in several ways... to prevent the ratification theory from becoming a theory of *respondeat superior*." *Id*. at 626-27. The court held that the mere failure to investigate a subordinate's decision does not amount to ratification. *Id*. at 627. And policymakers who simply go along with a subordinate's decision do not thereby vest final policymaking authority in the subordinate. *Id*. The ratification theory must be applied with the understanding that "[p]olicymakers alone can create municipal liability, and so any violation must be **causally traceable to them**, not just to their subordinates." *Id*. (emphasis added)

In *Carr v. City of Spring Valley Vill.*, Civ. Action No. H-18-2585 (S.D. Tex. 2019 March 30, 2019), a case alleging the use of excessive force by police officers, the district court dismissed claims nearly identical to the ones Plaintiffs make here:

> **While the mere failure to investigate a police officer's conduct that allegedly violated a person's constitutional rights cannot**

5

> **amount to ratification, the converse must also be true: The mere decision to investigate and exonerate also cannot amount to ratification.** In *Milam* mentioned above, the Fifth Circuit cited a school board as an example of a policy maker that could approve or ratify with full knowledge, its subordinate's decision to commit an act that violated a constitutional right. Because the school board had acted with full knowledge and approved the conduct to be perpetrated by the school board's subordinate, the school board not only ratified the conduct, but also was complicit. That makes the constitutional violation traceable to the policymaker. *Id*. at 626.
>
> Here, however, even assuming that the cities' policymakers, i.e., the Chiefs of Police, reviewed the conduct of the defendant officers with respect to the incident about which plaintiffs complain, plaintiffs allege that the policymakers reviewed that conduct after the fact, i.e., after the conduct had been committed without approval. **To hold the cities liable because the policymakers concluded that the officers acted appropriately would convert liability through ratification into *respondeat-superior* liability.** S*ee id*. at 627 ("It is not an easy fit because, at least facially, an illegal arrest that is completed without the involvement of any policymaker does not look like the typical situation in which a policymaker could 'approve[] [the employee's] decision and the basis for it' such that municipal policy can be said to have caused the harm."). S*ee also Fraire v. City of Arlington*, 957 F.2d 1268, 1278-79 (5th Cir.), cert. denied, 113 S. Ct. 462 (1992) (refusing to infer an unconstitutional custom or policy from a municipality's failure to discipline an officer for a single incident).
>
> Plaintiffs have notably failed to allege facts capable of establishing a pattern or practice of ratifying similar acts and have failed to cite any case in which a court has upheld a claim for ratification against a municipality under similar facts. The court therefore concludes that plaintiffs have failed to allege facts capable of establishing a § 1983 claim that either the CHV or the CSVV ratified their officers' conduct.

*Carr*, No. H-18-2585, at 28-29 (emphasis added).

Here, as in *Carr*, it is uncontested that the Sheriff was not present at the scene and knew nothing of the incident until after the fact. It is

6

uncontested that any alleged conclusion by the Sheriff that the Defendant Deputies' actions were not violative of any Departmental policy came well after the incident sued upon. It is uncontested that the Sheriff did not ratify an unconstitutional use of force.

Plaintiffs' motion is frivolous and improper and should be DENIED.

## II. PLAINTIFFS' MOTION IS ADMITTEDLY IMPROPER, FRIVOLOUS AS A MATTER OF LAW, AND UNREASONABLY AND VEXATIOUSLY MULTIPLIED THE COSTS IN THIS PROCEEDING

First, it is established above that Plaintiffs' Motion is frivolous in light of the established law. Plaintiffs make no "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Second, there is no question that Plaintiffs' Motion is "being presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

Indeed, the issue of *Monell* liability is already before the Court. Defendants filed a Motion for Summary Judgment on behalf of the Sheriff in his official capacity. R. Doc. 144. Plaintiffs filed an opposition. R. Doc. 156. In their opposition, Plaintiffs raise the frivolous ratification theory. *Id*. Thus, the issue was already before the Court, and Plaintiffs' present motion is, at the very best,

duplicative.[2]

Rule 11 permits sanctions upon a specific finding that a filing was made for an improper purpose or that the legal contentions are frivolous. Fed. R. Civ. P. 11(b)(1). Similarly, 28 U.S.C. § 1927 permits sanctions where a court finds that counsel has "unreasonably and vexatiously" multiplied the costs of the proceeding. 28 U.S.C. § 1927.

Here, again, there is no question that Plaintiffs' Motion is frivolous in light of the established law. And Plaintiffs make no "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Further, the issue raised in Plaintiffs' Motion, *Monell* liability, was already squarely before the Court when Plaintiff filed their Motion.  R. Doc. 144.

There is therefore no question that the only purpose for the filing of Plaintiffs' Motion was to "unreasonably and vexatiously" multiply the costs of these proceeding.

There is no question that the undersigned counsel has incurred costs and fees in defending Plaintiffs' Motion.

---

2 Should Plaintiffs attempt to ask the Court to treat their present Motion as a "cross" motion for summary judgment, the Court should reject the invite as Plaintiffs concede that there is no difference at all whether the Court denied the Defendants' Motion for Summary judgment based on Plaintiffs' frivolous ratification theory, or granted Plaintiffs' present motion. Indeed, the Plaintiffs concede that the issue does not even arise unless and until the underlying tort is proven. Plaintiffs aver "[it] will still be up to the jury to determine whether there was a constitutional violation." R. Doc. 150-1, p. 2.

8

Accordingly, the Court should so find.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 150, should be DENIED.

Further, the Court should find that Plaintiffs' motion is frivolous, made for an improper purpose, and that it "unreasonably and vexatiously" multiplied the costs of these proceedings.

                                      Respectfully submitted,

                                      **/s/ James B. Mullaly**
                                      _____
                                      **FRANZ L. ZIBILICH, LSB#14914**
                                      JAMES B. MULLALY, LSB#28296
                                      MARTINY & ASSOCIATES, LLC
                                      131 Airline Drive
                                      Suite 201
                                      Metairie, Louisiana 70001
                                      Telephone: (504) 834-7676
                                      Facsimile: (504) 834-5409
                                      Email: mulljtc@gmail.com

## CERTIFICATE OF SERVICE

       I do hereby certify that on this 24th day of April 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*s/ James B. Mullaly*