UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | NO: 21-80 |
| VERSUS | * | |
| | * | SECTION: D-2 |
| | * | |
| SHERIFF JOSEPH LOPINTO, III ET AL. | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*

**STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF DEPUTY PITFIELD'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**MAY IT PLEASE THE COURT:**

Defendant, JPSO DEPUTY CHAD MICHAEL PITFIELD, respectfully submits the following uncontested material facts in support of his motion for partial summary judgment:

1. This case involves the death of an individual (E.P.) who violently attacked his father and Deputy Pitfield, who was called to the scene in the parking lot of the Westgate Shopping Center in Metairie, La. on January 19, 2020. The call for service was made by a horrified onlooker. R. Doc. 1.

2. The Defendant J.P.S.O. Deputies were called to the scene based upon a report from a business manager that E.P. was violently out of control and severely beating his own father, Plaintiff, in the parking lot. *Id*.

3. The Defendant J.P.S.O. Deputies arrived to find a horrifying scene. E.P. had severely injured his father. E.P. had bitten a piece of his father's face off, leaving open and obvious trauma.

4. The Defendant J.P.S.O. Deputies did as best they could to manage E.P. While trying to gain control over E.P., E.P. bit Deputy Pitfield, causing injury.

5. Regrettably, E.P. expired on the scene.

6. The entire incident was caught on surveillance cameras, the video of which is attached as Exhibit 1.

7. The video speaks for itself and clearly shows that the scene was never secure prior to E.P.'s demise. *Id*.

8. It is uncontested, and the video clearly shows that E.P.'s parents, who were both present at the scene, themselves never took any action to intervene in or bring a stop to the Deputies' actions. *Id*.

Regarding Deputy Pitfield:

9. "E.P. was trying to continuously roll and push his hips to get up," but E.P. "was unsuccessful in doing so because [Deputy Pitfield was] on his butt area," and "was counteracting his force." See Deposition of Deputy Pitfield, attached as Exhibit 2, at p. 123.

10. Deputy Pitfield perceived that E.P. "was trying to stand up." *Id*., at p. 124.

11.     E.P. continued to resist and attempt to get up after he was handcuffed with 2 sets of cuffs. *Id.*, *at* 129-130.

12.     E.P. was "struggling [] the entire time." *Id*. At 149.

13.     E.P.'s resistance was "constant. (while viewing video) He's constantly trying to pull his hand. I can see his thighs moving and his legs and his middle- he's constantly moving. It's continuous. There is no stop." Exhibit 2, at p. 150.

14.     After being handcuffed, E.P. "was still actively resisting and trying to push to stand up." *Id*. at 159.

15.     Even after four officers, including Pitfield, were on the scene "[Deputy Pitfield] was still actively fighting [E.P.'s] aggression." *Id*., at 160.

16.     E.P. was still "struggling at the time of the transition from [Deputy Pitfield] to [Deputy] Vega." *Id*., at 162.

                                                                        Respectfully submitted,

                                                                         **/s/ James B. Mullaly**

                                                                         _____
**FRANZ L. ZIBILICH, LSB# 14912**
**JAMES B. MULLALY, LSB# 28296**
**MARTINY & ASSOCIATES, LLC**
131 Airline Highway
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 (fax)
e-mail: fzibilich@gmail.com

3