**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DONNA LOU and DAREN PARSA, on** | * | **CIVIL ACTION NO.: 2:21-cv-00080** |
| **their own behalf and on behalf of their** | * | |
| **deceased minor child, E.P.** | * | **SECTION "D"** |
| | * | |
| **versus** | * | **DIVISION (2)** |
| | * | |
| **SHERIFF JOSEPH P. LOPINTO, III, et al.** | * | **JUDGE WENDY B. VITTER** |
| | | |
| | | **MAGISTRATE JUDGE DONNA P.** |
| | | **CURRAULT** |

---

**DEFENDANTS VICTORY REAL ESTATE INVESTMENTS LA, LLC AND WESTGATE INVESTORS NO, LLC d/b/a WESTGATE SHOPPING CENTER'S SUR-REPLY TO THE REPLY IN SUPPORT OF PLAINTIFFS' MOTIONS IN LIMINE**

---

**MAY IT PLEASE THE COURT:**

In their *Reply in Support of Plaintiffs' Motions in Limine*, Plaintiffs misrepresent the reasons laid out by Moving Defendants for using the evidence at issue in Topic 1.[1] Moving Defendants submit this evidence to illustrate the level of violence and strength that Defendant Pitfield encountered *in the moment at issue*. Moving Defendants do not contend that this past behavior somehow contributed to Defendant Pitfield's level of force. Such use would be impossible since, as Plaintiffs point out, Defendant Pitfield had no knowledge of this past behavior. Akin to the permitted evidence of a plaintiff's past steroid use and Facebook photo to illustrate his appearance and conduct on the date of his arrest, E.P.'s behavioral and medical history is necessary to illustrate to a jury the nature of the circumstances faced by Defendant Pitfield *at the time* he allegedly acted unreasonably. *See Scoma v. City of New* York, 2021 WL 1784385, at *9-10 (E.D.N.Y. May 4, 2021); *see also Kyle v. City of New Orleans,* 353 So.2d 969 (La. 1977) (holding that an inquiry into whether a police officer acts reasonably under the circumstances includes considering, *inter alia*, the risks and dangers faced by the officer, and the physical size and strength of the arrestee). Without this evidence, a jury would have no understanding of how strong E.P. was, nor the nature of the risk Defendant Pitfield faced.[2]

As for Plaintiffs' contention that Moving Defendants do not raise the affirmative defense of the parents' negligence, this argument resorts to semantics.[3] If the Seventh Defense were to

---

[1] R. Doc. 164, p. 2.
[2] Fed. R. Evid. 404(a)(1) is not relevant to this analysis because, again, Moving Defendants do not wish to admit the evidence to prove that E.P. acted in accordance with the character or trait. It is clear from the recording of the event at issue how E.P. acted. Rather, Moving Defendants seek to admit the evidence to illustrate *the unseen nature* - the intensity and force – of the event at issue.
[3] R. Doc. 164, p. 3, fn. 2.

refer solely to E.P., then it would be redundant of the Third Defense.[4] Furthermore, the Sixth

Defense, not addressed by Plaintiffs, also encapsulates the parents' negligence.[5]

Respectfully submitted,

**THOMPSON COE COUSINS & IRONS, LLP**

By:   */s/ Mark A. Hill*
**CHRISTOPHER W. KAUL (33213), T.A.**
**MARK A. HILL (33891)**
601 Poydras Street, Suite 1850
New Orleans, Louisiana 70130
Telephone:  (504) 526-4350
Facsimile:   (504) 526-4310
Email:  ckaul@thompsoncoe.com
        mhill@thompsoncoe.com

**ATTORNEYS FOR VICTORY REAL ESTATE INVESTMENTS LA, LLC and WESTGATE INVESTORS NO, LLC D/B/A WESTGATE SHOPPING CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and

participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the

Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send

notification of the filing of this pleading to all counsel of record.

*/s/ Mark A. Hill*
**MARK A. HILL**

---

[4] *See* R. Doc. 10, p. 2.
[5] R. Doc. 10, p. 2.