UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | NO: 21-80 |
| VERSUS | * | |
| | * | SECTION: D-2 |
| | * | |
| SHERIFF JOSEPH LOPINTO, III ET AL. | * | |
|     Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * ****

# MEMORANDUM IN SUPPORT OF DEPUTY ESTRADA'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

**MAY IT PLEASE THE COURT:**

Defendant, JPSO DEPUTY MANUEL ESTRADA, has moved for partial summary judgment as a matter of law. First, he submits that Plaintiffs have failed to demonstrate that there remain any genuine issues of material fact to be tried regarding their excessive force claim under the United States and Louisiana Constitutions against this Defendant. Plaintiffs' claims fail because Plaintiffs have failed to make any showing that this Defendant used excessive force. Alternatively, the Defendant is entitled to qualified immunity and judgment in his favor as a matter of law.

Second, Plaintiffs fail to allege a cause of action under the First, Ninth and Fourteenth Amendments and these claims should be dismissed.

1

## I. LEGAL STANDARD

### A. SUMMARY JUDGMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Disraeli v. Rotunda*, 489 F.3d 628, 631 (5th Cir. 2007)(*quoting* Fed. R. Civ. P. 56(c)).

Once the moving party shows that no genuine issue of material fact exists, the non-movant must respond by "set[ting] forth specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521, 529 (2006) (*quoting Celotex Corp. v. Catrett*, 447 U.S. 317, 323 (1986)) (*quoting* Fed. R. Civ. P. 56(e)) (emphasis added by *Beard* Court). All reasonable inferences are drawn in favor of the nonmoving party. Yet a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)). Further, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (*citing Turner*

2

*v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir.2007) (additional citation omitted).

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.,* 140 F.3d 622, 625 (5th Cir. 1998); Fed.R.Civ.P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed.R.Civ.P. 56(c)(B). Unless there is a genuine issue

for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

At the summary judgment stage of a Section 1983 action,

> a defendant asserting immunity is not required to establish the defense beyond peradventure, as he would have to do for other affirmative defenses. "The moving party is not required to put forth evidence to meet its summary judgment burden for a claim of immunity. It is sufficient that the movant in good faith pleads that it is entitled to absolute or qualified immunity." "Once the [movant] asserts this affirmative defense, the burden shifts to the plaintiff to rebut it."

*Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003).

Indeed, although nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised. *Collier v. Montgomery*, 569 F.3d 214, 217-18 (5th Cir. 2009). As a matter of law, qualified immunity is a defense from suit, not just liability, and once invoked the burden shifts to Plaintiff to overcome the defense. *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727 2731, 73 L.Ed.2d 396 (1982); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir.1994) ("The burden of negating the [qualified immunity] defense lies with the plaintiffs.").

**B.     SECTION 1983 AND QUALIFIED IMMUNITY**

Federal law provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. This statute is considered the primary vehicle for bringing constitutional claims against local governments and officials.

There are two essential elements to a § 1983 claim: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 1010 S.Ct. 1908 (1981). There must be a "direct causal link between the alleged constitutional deprivations and the official conduct by defendants causing the deprivations." *Bieros v. Nicola,* 839 F.Supp. 332 (E.D. Pa. 1993).

If plaintiff cannot show with specificity that the officer's actions were objectively unreasonable, the officer is entitled to qualified immunity. Public officials, whose positions entail the exercise of discretion, enjoy the special protections of qualified immunity from personal liability in Section 1983 damage actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982). In *Saucier v. Katz*, 553 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Supreme Court prescribed as follows:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most

> favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry. If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. (citations omitted).

*Saucier*, 553 U.S. 194, 121 S.Ct. 2151.

For several years, the Supreme Court required that the first of these criteria- whether plaintiffs' facts allege a constitutional violation-must be decided at the outset as set forth in *Saucier,* 533 U.S. 194, 201. However, the Court has reversed course and now permits lower courts to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).[1]

## II. STATEMENT OF THE CASE

### A. PLAINTIFFS' CLAIMS

Although Plaintiffs cite numerous Constitutional amendments and laws, it appears from a fair reading of their Complaint that Plaintiffs allege a violation of the 4th Amendment arising out of an excessive force theory of liability and,

---

[1] S*ee also Lytle v. Bexar County, Tex.*, 560 F.3d 404 (5th Cir. 2009)(although *Saucier*'s rigid "order of battle" - requiring courts to always address the constitutional issue of whether alleged conduct violated the constitution - is now advisory under *Pearson*, courts still have discretion to conduct a full *Saucier* inquiry).

similarly, under the Constitution and laws of the State of Louisiana alleging the same intentional misconduct.

The Fourth Amendment applies to a seizure of the person. *See United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Similarly, all claims that law enforcement officers have used excessive force—deadly or not—during an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, **rather than under a "substantive due process" approach**. *Graham v. Connor*, 490 U.S. 386, 393-95, 109 S. Ct. 1865, 1870-71, 104 L. Ed. 2d 443 (1989)(emphasis added).

The same standard is applied for analyzing claims of excessive force arising out of the Constitution of the State of Louisiana. *Moresi v. State Through Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1086 (La. 1990).

B.     STATEMENT OF THE UNCONTESTED MATERIAL FACTS

This case involves the death of an individual (E.P.) who violently attacked his father and Deputy Pitfield, who was called to the scene in the parking lot of the Westgate Shopping Center in Metairie, La. on January 19, 2020. The call for service was made by a horrified onlooker. R. Doc. 1.

The Defendant J.P.S.O. Deputies were called to the scene based upon a report from a business manager that E.P. was violently out of control and severely beating his own father, Plaintiff, in the parking lot. *Id.*

The Defendant J.P.S.O. Deputies arrived to find a horrifying scene. E.P. had severely injured his father. E.P. had bitten a piece of his father's face off, leaving open and obvious trauma.

The Defendant J.P.S.O. Deputies did as best they could to manage E.P. While trying to gain control over E.P., E.P. bit Deputy Estrada, causing injury.

Regrettably, E.P. expired on the scene.

The entire incident was caught on surveillance cameras, the video of which is attached as Exhibit 1.

The video speaks for itself and clearly shows that the scene was never secure prior to E.P.'s demise. *Id.*

It is uncontested, and the video clearly shows that E.P.'s parents, who were both present at the scene, themselves never took any action to intervene in or bring a stop to the Deputies' actions. *Id.*

Regarding Deputy Estrada:

Deputy Estrada, in full JPSO uniform with sunglasses, can be seen next to Guidry at the 15:30 part of the video; he arrives on scene at the 14:57 mark of

video. Exhibit 1. At the 17:31 mark, he can be seen opening his trunk to get leg shackles from his car. *Id*.

When Deputy Estrada arrived on scene, he did not observe anything that required his assistance or intervention. *See* Deposition of Deputy Estrada, attached as Exhibit 2, at 97-100.

Later, Deputy Estrada was able to apply leg shackles to E.P. to prevent E.P. from kicking. *Id*. at 114-15.

By the time that E.P. "went blue" other Deputies and EMS were already attending to E.P. *Id*., at 118.

Deputy Estrada "wasn't hands-on. As soon as [E.P.] went blue in the face, then, [E.P.] was[placed] in [the] recovery [position]." *Id*. at 122:8-10.

### III. PLAINTIFFS' EXCESSIVE FORCE CLAIMS UNDER THE UNITED STATES AND LOUISIANA CONSTITUTIONS SHOULD BE DISMISSED AS A MATTER OF LAW.

To succeed on an excessive force claim, Plaintiffs must show "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

Whether force was reasonable is an objective inquiry. See *Graham v. Connor*, 490 U.S. 386, 397 (1989). In other words, the reasonableness of an officer's use of force "must be judged from the perspective of a reasonable officer

on the scene, rather than with the 20/20 vision of hindsight." *Id*. at 396 (citation omitted). Indeed, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that necessary in a particular situation." *Id.* at 396-97.

*Graham* instructs the Court to consider: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officer or others; and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Id*. at 396. This list is not exclusive, however, and the Court may examine the totality of the circumstances.

All the *Graham* factors need not "be present for an officer's actions to be reasonable; indeed, in the typical case, it is sufficient that the officer reasonably believed that the suspect posed a threat to the safety of the officer or others." *Rockwell v. Brown*, 664 F.3d 985 (5th Cir. 2011) cert. denied, 132 S. Ct. 2433 (U.S. 2012).

Although alternative courses of action may have existed in retrospect, the courts are not to use "the 20-20 vision of hindsight" to judge the reasonableness of an officer's use of force. *Graham*, 490 U.S. at 396, 109 S.Ct. 1865.

The Fifth Circuit has repeatedly stated that the "core issue" is "whether the officer reasonably perceived an immediate threat." *Reyes v. Bridgwater*, 362 Fed.Appx. 403, 408 (5th Cir.2010).

Here, Plaintiffs do not allege a single fact in support of their purported claim that Deputy Estrada used excessive force against E.P. R. Doc. 1. Plaintiffs do not allege and cannot show that Deputy Estrada caused "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive." *Manis*, 585 F.3d 839, 843.

Deputy Estrada's actions were reasonable under the circumstances.

Deputy Estrada is entitled to summary judgment as a matter of law.

### B.  ALTERNATIVELY, DEPUTY ESTRADA IS ENTITLED TO QUALIFIED IMMUNITY AS A MATTER OF LAW.

The Fifth Circuit has set out the test for establishing a defense based on qualified immunity:

> Evaluating qualified immunity is a two-step process. First, we determine whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right. A right is clearly established if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. If the plaintiff has alleged a violation of a clearly established right, the next step for us is to determine whether the official's conduct was objectively reasonable under the law at the time of the incident. The plaintiff bears the burden of proving that a government official is not entitled to qualified immunity.

*Michalik v. Hermann*, 422 F.3d 252, 257-258 (5th Cir. 2005)(quotation marks and citations omitted).

It is established that Deputy Estrada did not violate E.P.'s rights. Nonetheless, the Defendant is entitled to summary judgment because his conduct was reasonable in light of clearly established law. The second prong of the qualified immunity inquiry is whether the Defendant's conduct was objectively reasonable in light of clearly established law.

To overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Sorenson v. Ferrie*, 134 F.3d 325, 330 (*citing Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997)). The analysis does not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. *Malley v. Briggs*, 475 U. S. 335, 341 (1986). When properly applied, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U. S., at 341.

Critically, "**each individual defendant's entitlement to qualified immunity [should be examined] separately**." *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 395 (5th Cir. 2000)(citation omitted)(emphasis added).

Here, there is simply no evidence that Deputy Estrada was "plainly incompetent or knowingly violated the law" and he is entitled to judgment in his favor as a matter of law. *Malley*, 475 U. S., at 341. Again, it is uncontested, as Plaintiffs plead no facts in support of their claim, and the video clearly shows that Deputy Estrada did not use excessive force upon E.P. R. Doc. 1; Exhibit 1; Exhibit 2.

Deputy Estrada is entitled to summary judgment as a matter of law.

## IV. PLAINTIFFS' FIRST, NINTH AND FOURTEENTH AMENDMENT CLAIMS, BELOW, DO NOT STATE A CAUSE OF ACTION AND SHOULD BE DISMISSED.

Plaintiffs' Complaint is the consummate "shotgun pleading," tasking both Defendants and the Court with sorting through an amalgamation of claims "interwoven in a haphazard fashion." *James v. City of Plaquemine*, No. 18-858, 2019 WL 4452834, at *2 (M.D. La. Sept. 17, 2019) (deGravelles, J.) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)).

Further, Plaintiffs "lump Defendants together, without specifying separate factual allegations specific to each Defendant." *Mixon v. Pohlmann*, 2021 WL 6072501, at *9 (E.D. La. Dec. 23, 2021). "[R]eferring to the Defendants

13

collectively prevents the Court from drawing [] inference[s]" or otherwise meaningfully considering the issues. *Id*.

Moreover, again, the gravamen of Plaintiffs' Complaint is that E.P. was unlawfully seized and that excessive force was used against him in violation of the **Fourth Amendment**.

A district court may dismiss a complaint, or any part of it, where a plaintiff has not set forth well-pleaded factual allegations that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In Paragraph 391 of Plaintiffs' Complaint, Plaintiffs nakedly assert, without any factual support and without attributing any such claim to any Defendant, violations of the First, Ninth and Fourteenth Amendments, to wit: "c. The right to freedom from deprivation of liberty without due process of law; d. The right to receive timely and appropriate medical monitoring and attention; e. The right to freedom from arbitrary governmental activity which "shocks the conscience" of a civilized society in violation of his substantive due process rights; f. The right to privacy; g. The right to liberty; i. The right to freely move about." R. Doc. 1.

Plaintiffs simply do not plead "factual content that allows the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct." Id.

Accordingly, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

## CONCLUSION

First, Plaintiffs have failed to demonstrate that there remain any genuine issues of material fact to be tried regarding their excessive force claim under the United States and Louisiana Constitutions against this Defendant. Plaintiffs' claims fail because Plaintiffs have failed to make any showing that this Defendant used

15

any force that was excessive.  Alternatively, the Defendant is entitled to qualified immunity and judgment in her favor as a matter of law.

Second, Plaintiffs fail to allege a cause of action under the First, Ninth and Fourteenth Amendments and these claims should be dismissed.

Respectfully submitted,

**/s/ James B. Mullaly**

_____
**FRANZ L. ZIBILICH, LSB# 14912**
**JAMES B. MULLALY, LSB# 28296**
**MARTINY & ASSOCIATES, LLC**
131 Airline Highway
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 (fax)
e-mail: fzibilich@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been served upon all parties via CM/ECF (PACER), and or U.S. Mail, properly addressed and postage prepaid, this 1st day of May 2023.

/s/ James B. Mullaly
_____
**JAMES B. MULLALY**