UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | NO: 21-80 |
| VERSUS | * | |
| | * | SECTION: D-2 |
| | * | |
| SHERIFF JOSEPH LOPINTO, III ET AL. | * | |
|     Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * ****

## MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*

**MAY IT PLEASE THE COURT:**

All JPSO Defendants submit the following memorandum in support of their Motion *in Limine*.

Defendants seek to exclude from trial: (1) any testimony or evidence of, or argument or reference to any allegations in Paragraphs 273-279, 289, 292, 294-295, 297, 305, 307, 309-312, 320-321, 325, 343-345, 350, 356-357, 365-384, and 391 (subparagraphs A, E, F, and I); (2) character evidence or evidence of alleged prior bad acts.

**I.    ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 273-279, 289, 292, 294-295, 297, 305, 307, 309-312, 320-321, 325, 343-345, 350, 356-357, 365-384, AND 391 (SUBPARAGRAPHS A, E, F, AND I) SHOULD BE EXCLUDED.**

The purported "factual" allegations contained in these Paragraphs are not relevant to any claim before the Court and are beyond the scope of the litigation.

Therefore, any testimony or evidence of, or argument or reference to any allegations in Paragraphs 273-279, 289, 292, 294-295, 297, 305, 307, 309-312, 320-321, 325, 343-345, 350, 356-357, 365-384, and 391 (subparagraphs A, E, F, and I) should be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

## II. CHARACTER AND PRIOR BAD ACTS EVIDENCE SHOULD BE EXCLUDED.

It is anticipated that Plaintiffs may attempt to offer evidence of, or at least cross examine one or more Deputies regarding specific instances of alleged misconduct or bad character and conformity therewith in this case.

First, any evidence of this alleged conduct is not relevant to any issue in the case. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence. FED. R. EVID. 401. Here, any allegations of misconduct that occurred after the subject incident or that did not result in a conviction does not meet this standard.

Second, even if relevant, the proposed evidence should be excluded under FED. R. EVID. 404 and 608. Relevant evidence "is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority." FED. R. EVID. 402.

Pursuant to Rule 404(a) of the Federal Rules of Evidence, evidence of a

person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except as provided in Rule 608. Rule 608(a) provides that the credibility of a witness may be attacked so long as the evidence refers only to the character for truthfulness or untruthfulness. However, Rule 608(b) forbids extrinsic evidence of specific instances of the conduct of a witness for the purpose of attacking or supporting his credibility.

>Rule 608 (b) provides in pertinent part:
>
>Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, if probative of truthfulness or untruthfulness, be inquired into on cross examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross examined has testified.

Fed. R. Evid. 608(b).

>In interpreting Rule 608(b), the Fifth Circuit has held:
>
>This language prohibits proof by extrinsic evidence even where the prosecutor "inquires into" prior acts on cross-examination. The cross-examining attorney must take the witness' answer. This result is consistent with the long-standing doctrine that a witness may not be impeached with extrinsic evidence as to a collateral matter. Prior wrongful acts not resulting in a criminal conviction ordinarily are collateral matters.

*United States v. Herzberg*, 588 F.2d 1219 (5th Cir. 1977)(internal citations omitted).

It is supremely well established in this circuit that a witness ***may not*** be

impeached by inquiry into specific acts of misconduct ***not resulting in a conviction***. *See, e. g., U.S. v. Cox*, 536 F.2d 65 (5th Cir. 1976)(emphasis added); *U.S. v. Alvarado*, 519 F.2d 1133 (5th Cir. 1975); *Truman v. Wainwright*, 514 UF.2d 150 (5th Cir. 1975); *United States v. Park*, 525 F.2d 1279, 1283-84 (5th Cir. 1976); *United States v. Garber*, 471 F.2d 212, 215- 16 (5th Cir. 1972); *United States v. Davenport*, 449 F.2d 696, 699-700 (5th Cir., 1971); *Brown v. Coating Specialists, Inc.*, 465 F.2d 340, 341 (5th Cir., 1972); *Roberson v. United States*, 249 F.2d 737, 742 (5th Cir., 1957), cert. denied, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1958).

In *U.S. v. Davis*, United States District Court Judge Sarah S. Vance determined that internal affairs complaints were inadmissible at trial because they were not probative of the officers' truthfulness or untruthfulness. *U.S. v. Davis*, United States District Court, Eastern District of Louisiana, No. 01- 282, 2003 US Dist. LEXIS 6548 (E.D. LA 2003). In *Davis*, the defendant was charged with conspiracy to possess with the intent to distribute heroin, conspiracy to use firearms in furtherance of the heroin conspiracy, and crimes relating to the heroin conspiracy. *Id*. The defense argued that the officers planted drugs, paid witnesses for testimony, lied to witnesses and threatened witnesses to procure false testimony against the defendant. *Id*. To support this allegation, defendant requested all disciplinary actions, complaints, write-ups, and other forms of reprimand relating to nine officers. *Id*. He argued that the files were relevant and necessary because they would be used to elicit testimony at trial concerning misconduct on the part of federal

agents and the nine police officers. *Id*. The Magistrate Judge allowed the production of one informal complaint and two formal complaints against the officers.

Judge Vance, reversing the ruling, noted that the "probative value that could arguably attach to … [the] unsubstantiated complaints against the officers [was] clearly and substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.7 Not only was there no conviction of a crime, there was no finding of wrongdoing of any kind against the officers." *Id*. Citing *Truman v. Wainwright*, 514 F.2d 150 (5th Cir. 1975), the court quoted, "[It] is firmly established in this circuit that a witness may not be impeached by inquiry into specific acts of misconduct not resulting in a conviction."

Similarly, in *Cloud v. Thomas*, 627 F.2d 742 (5th Cir. 1980), the United States Court of Appeals held that evidence of prior bad acts could not be used to impeach a police officer. In *Cloud*, the government called a single officer to testify against a defendant charged with public lewdness. *Id*. The defense attempted to impeach the officer's general credibility using a prior incident that had resulted in the officer's suspension, specifically, a false report he had written in an unrelated "vice undercover operation." *Id*. The Court determined the report was inadmissible, noting that it was "written by the officer between the time of defendant's arrest and trial and that although the officer had been suspended and reassigned to traffic control, no criminal charges were brought against him." *Id*.

In this case, as in the foregoing, Plaintiffs should be precluded from

introducing any extrinsic testimony or other evidence that seeks to impeach any Defendant by inquiry into an alleged specific act that did not result in a conviction. Likewise, Plaintiffs should be precluded from offering "prior bad acts" evidence to bolster their underlying tort claims.

Indeed, pursuant to Rule 404(a) of the Federal Rules of Evidence, evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except as provided in Rule 608 (*supra*). Moreover, evidence of other crimes, wrongs or acts is inadmissible under Fed. R. Evid. 404(b), which provides as follows:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The rule follows the venerable principle that evidence of extrinsic offenses should not be admitted solely to demonstrate the defendant's bad character. "[T]he principle prohibits such evidence because it is inherently prejudicial." *U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978); citing, e. g., *Michelson v. United States*, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218, 93 L.Ed. 168 (1948). Rule 404(b) applies to the introduction of evidence of 'crimes, wrongs, or acts' for the purpose of showing that the person is prone to similar acts. *Huddleston v. United States*, 485 U.S. 681, 685-86, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The Fifth Circuit formulated a two-part test for the admission of *extrinsic* "other acts" in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978). The Court must determine whether (1) the evidence is relevant to an issue other than the party's character, and (2) as Rule 403 mandates, the probative value of the evidence is not substantially outweighed by its prejudicial impact. *See id*. Rule 404(b) lists the possible other uses of ;other act" evidence, but the list is not exclusive. *See* FED.R.EVID. 404(b); *see also United States v. Johnson*, 872 F.2d 612, 623 (5th Cir.1989).

In *Segura v. City of Reno*, 116 F.R.D. 42, 44 (U.S.D.C. 1987), Plaintiffs sought discovery of personnel files of two police officers who were named as defendants in a civil rights action. *Id*. The Plaintiffs alleged excessive force and wanted to obtain documents where the officers were disciplined for past incidents of excessive force. *Id*. When reaching a decision, the court opined that Plaintiffs would contend that the documents could lead to admissible evidence against the individual officers in question, as these past incidents of excessive force might bear on the case at issue. *Id*. However, Plaintiff's request was denied and the court held that the documents were not likely to lead to admissible evidence, because, "the liability of the individual police officer arises out of this particular incident and as such evidence of other similar incidents could only show a propensity for excessive use of force. This is the sort of "conduct in conformity with character" evidence which 404(b) prohibits." *Id*.

In the present case, as in *Segura*, Plaintiffs should be precluded from offering any *extrinsic* evidence of any alleged bad act not resulting in a conviction.

### III. PLAINTIFFS SHOULD BE PRECLUDED FROM CROSS EXAMINING ANY DEFENDANT ABOUT ANY ALLEGED BAD ACTS.

Plaintiffs may argue, at least in the alternative, that Rule 608 should guide the Court's analysis. Plaintiffs may urge the Court to allow them to inquire about other alleged prior bad acts on cross-examination (leaving them with the answer to the question).

First, as above, Plaintiffs extrinsic evidence is not admissible per the plain language of Rule 608.

Second, Plaintiffs should be precluded from cross-examining the Defendants under Rule 608.

Third, Plaintiffs should be precluded from cross-examining the Defendants under Rule 403.

Fourth, Plaintiffs should be precluded from cross-examining the Defendants insofar as it is inadmissible under other rules of evidence.

#### A. RULE 608 EXCLUDES EXTRINSIC EVIDENCE

Again, extrinsic evidence of the type that he initially sought to introduce here is inadmissible.

Rule 608(b) forbids extrinsic evidence of specific instances of the conduct of

a witness for the purpose of attacking or supporting his credibility. *United States v. Herzberg*, 588 F.2d 1219 (5th Cir. 1977).

### B. PLAINTIFF OUGHT TO BE PRECLUDED FROM CROSS-EXAMINING DEFENDANTS UNDER RULE 608.

Rule 608(a) sanctions the use of reputation and opinion testimony to establish the truthful or untruthful character of a witness. *See* FED. R. EVID. 608(a). Rule 608(b) permits cross-examination of a witness about specific instances of his conduct that bear on his truthful or untruthful nature. *See* FED. R. EVID. 608(b). This Rule "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness." *United States v. Skelton*, 514 F.3d 433, 443-44 (5th Cir. 2008) (*citing United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991)).

According to the Fifth Circuit, Rule 608(b) "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness." *U.S. v. Skelton*, 514 F.3d 433, 444-45 (5th Cir. 2008); citing *United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991); *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir.1995) (quoting *United States v. Leake*, 642 F.2d 715, 718 (4th Cir.1981) ("Rule 608 authorizes inquiry only into instances of misconduct that are `clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery, and embezzlement.")).

For an alleged bad act to be admissible under Rule 608(b), "[f]irst, the alleged bad act must have a basis in fact and second, the incidents inquired about *must be relevant to the character traits at issue in the trial*." *Id*. (emphasis added); citing *United States v. Nixon*, 777 F.2d 958, 970 (5th Cir.1985) (citing *Michelson v. United States*, 335 U.S. 469, 481 n. 18, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Crippen*, 570 F.2d 535, 538-39 (5th Cir. 1978)).

Again, Plaintiffs ought to be precluded from cross-examining Defendants as to any alleged bad act to the extent that it (1) did not result in a conviction, and (2) has no bearing on any material issue in the trial. *See*, *e. g.*, *U.S. v. Cox*, 536 F.2d 65 (5th Cir. 1976)(emphasis added).

In *Cloud v. Thomas,* the United States Court of Appeals held that evidence of prior bad acts could not be used to impeach a police officer.[1] As the Plaintiffs may here, the defense in *Cloud* attempted to impeach the officer's *general credibility* using a prior incident that had resulted in the officer's suspension, specifically, a *false report* he had written in an unrelated "vice undercover operation."[2] The Court determined the report was inadmissible, noting that it was "written by the officer between the time of defendant's arrest and trial and that although the officer had been suspended and reassigned to traffic control, no criminal charges were brought

---

[1] 627 F.2d 742 (5th Cir. 1980).
[2] *Id.*

against him."[3]

In this case, as in *Cloud*, Plaintiffs should be precluded from attempting to impeach a Defendant's general credibility by inquiry into any unrelated, dissimilar alleged bad act. As the Court reasoned in *Cloud*, "there is a difference between general credibility and answers which might possibly establish untruthfulness with respect to the specific events of the [incident in question]." *Cloud*, 627 F.2d 742, at 745; *citing United States v. Cardillo*, 316 F.2d 606, 613 (2d Cir.), cert. denied, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963)).

### C.  PLAINTIFFS SHOULD BE PRECLUDED FROM CROSS-EXAMINING DEFENDANTS UNDER RULE 403.

"[E]ven if character evidence is deemed admissible under 608(b), its admissibility is subject to Rule 403." *Skelton*, 514 F.3d 433, at 443-44; *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)("the district court may under Rule 608(b) determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value."). "In this respect, district courts retain wide discretion in 'impos[ing] reasonable limits on defense counsel's inquiry into the potential bias of a prosecution witness, to take into account of such factors as `harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant.'" *Skelton*, 514 F.3d at 442; citing *Olden v. Kentucky*, 488 U.S.

---
[3] *Id.*

227, 232, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988)

Here, the prejudicial effect, as well as the danger that the jury will be confused and that the trial will devolve into a trial within a trial regarding any alleged unrelated allegations, militate against permitting Plaintiffs to cross-examine Defendants regarding same.

### D. PLAINTIFFS SHOULD BE PRECLUDED FROM CROSS-EXAMINING DEFENDANTS INSOFAR AS IT IS INADMISSIBLE UNDER OTHER RULES OF EVIDENCE.

Lastly, even if allowable under Rule 608, evidence is not permitted where employed as a mere subterfuge to get before the jury evidence not otherwise admissible. *United States v. Morlang*, 531 F.2d 183, 190 (4th Cir. 1975); *see also State of Mississippi v. Durham*, 444 F.2d 152 (5th Cir. 1971).

Here, evidence of unrelated, dissimilar alleged prior acts are inadmissible under Fed. R. Evid. 401, 402, 602, 802, and 404.

Respectfully submitted,

**/s/ James B. Mullaly**

_____
**FRANZ L. ZIBILICH, LSB# 14912**
**JAMES B. MULLALY, LSB#28296**
**MARTINY & ASSOCIATES, LLC**
131 Airline Highway
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 (fax)

e-mail: fzibilich@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been served upon all parties via CM/ECF (PACER), and or U.S. Mail, properly addressed and postage prepaid, this 1st day of May 2023.

/s/ James B. Mullaly
_____
**JAMES B. MULLALY**