UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA LOU and DAREN PARSA, on their own behalf and on behalf of their deceased minor child, E.P.<br><br>versus<br><br>SHERIFF JOSEPH P. LOPINTO, III, et al. | CIVIL ACTION NO. 2:21-cv-00080<br><br>SECTION "D"<br><br>DIVISION (2)<br><br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE DONNA P. CURRAULT |

**MEMORANDUM IN SUPPORT OF DEFENDANTS VICTORY REAL ESTATE INVESTMENTS LA, LLC AND WESTGATE INVESTORS NO, LLC d/b/a WESTGATE SHOPPING CENTER'S MOTIONS *IN LIMINE***

**MAY IT PLEASE THE COURT:**

**1. Any mention of an insurance coverage, contract, and/or policy, including but not limited to that any judgment would be paid by an insurance policy**

Defendants Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC d/b/a Westgate Shopping Center (collectively, "Westgate Defendants") move to exclude any evidence of insurance coverage, contracts, and/or policies. Permitting the Plaintiffs. Other Defendants, or counsel to introduce evidence regarding insurance would be highly prejudicial to Westgate Defendants and in violation of Rules 402 and 403 of the Federal Rules of Evidence. The fact of the existence of liability insurance coverage of a defendant is generally not admissible in evidence and unnecessary disclosure of such fact to the jury is normally grounds for a mistrial or reversal. Fed. R. Evid. 411. Westgate Defendants request this Court to preclude Plaintiffs, other Defendants, and their counsel from mentioning insurance at any time during voir dire or during the trial of this matter.

**2. Any mention of any insurance company that is not a party to this lawsuit**

Westgate Defendants move to exclude any mention of any insurance company that is not a party to this lawsuit. Mention of any such insurance company would confuse the jury, and prejudice Westgate Defendants, and be in violation of Rules 402 and 403 of the Federal Rules of Evidence. Westgate Defendants request this Court to preclude Plaintiffs, other Defendants, and their respective counsel from mentioning any insurance company that is not a party to this lawsuit at any time during voir dire or during the trial of this matter.

**3. Evidence and/or testimony of prior incidents occurring on property owned by Westgate Defendants**

Prior incidents occurring on property owned by Westgate Defendants is not relevant to this matter because these incidents do not serve to make a consequential fact more or less probable. Prior incidents are not probative of the issue at hand. Furthermore, evidence of any such incidents would confuse a jury and be highly prejudicial to Westgate Defendants in violation of Rules 402 and 403 of the Federal Rules of Evidence. Westgate Defendants request that Plaintiffs, other Defendants, and their respective counsel be precluded from submitting evidence and/or testimony of prior incidents occurring on property owned by Westgate Defendant.

**4. Medical opinions from laypersons**

Westgate Defendants object to any attempt by unqualified witnesses and witnesses not produced in accordance with the requisite expert disclosures to give testimony concerning any of the Plaintiffs' medical conditions. A lay witness can only testify and render opinions as to matters within the knowledge of ordinary people. Testimony such as medical conclusions or opinions cannot be rendered by a lay witness, including Plaintiffs, who is not qualified as an expert to give such testimony. Any comments, questions, testimony, or evidence offered by counsel, Plaintiffs, or Plaintiffs' non-expert witnesses about any Plaintiffs' medical diagnosis and the causation of any

medical condition would constitute improper testimony from a lay witness. Thus, such testimony should be excluded. Westgate Defendants move this Court to order that Plaintiffs, Plaintiffs' counsel, and Plaintiffs' non-expert witnesses ask no questions, make no comments, and give no testimony concerning any medical condition, medical diagnosis, or other inappropriate medical opinions, nor shall they reveal or suggest that medical experts not testifying during the trial of the case hold certain opinions. Westgate Defendants further move the Court to order Plaintiffs' counsel to explain this order to Plaintiffs and each of Plaintiffs' witnesses.

### 5. References to settlement discussions

Westgate Defendants move the Court to preclude Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from making any statements, propounding any questions, or uttering any testimony in the presence of the jury that alludes to or reveals or references settlement discussions. Such admissions or propositions are not proper evidence. Fed. R. Evid. 408. The rule against allowing evidence of compromise is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom in spit of anything else said by the parties at the time of discussing the compromise, and in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence. Westgate Defendants hereby move this Court to preclude Plaintiffs from the introduction in evidence or otherwise commenting on any discussions or offers of compromise.

### 6. Evidence of other instances of wrongful arrests and the use of excessive force in making those arrests

Westgate Defendants request that this Court enter an order precluding Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from presenting evidence, including during opening statements and closing arguments, relating to any prior investigations, arrests, and/or alleged use of excessive force involving Defendant Chad Pitfield, including any evidence of reports generated by any

investigative body into such incidents. Such evidence is not relevant to this matter because they do not serve to make a consequential fact more or less probable. Prior incidents are not probative of the issue at hand. Furthermore, evidence of any such incidents would confuse a jury and be highly prejudicial to Westgate Defendants in violation of Rules 402 and 403 of the Federal Rules of Evidence. Westgate Defendants request that this Court order Plaintiffs to instruct each witness they call not to mention anything relating to prior investigations, arrests, and/or allegations of use of excessive force involving Defendant Pitfield.

Respectfully submitted,

**THOMPSON COE COUSINS & IRONS, LLP**

By: *Mark A. Hill*
**CHRISTOPHER W. KAUL (33213), T.A.**
**MARK A. HILL (33891)**
601 Poydras Street, Suite 1850
New Orleans, Louisiana 70130
Telephone:  (504) 526-4350
Facsimile:    (504) 526-4310
Email:  ckaul@thompsoncoe.com
            mhill@thompsoncoe.com

**ATTORNEYS FOR VICTORY REAL ESTATE INVESTMENTS LA, LLC and WESTGATE INVESTORS NO, LLC D/B/A WESTGATE SHOPPING CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

*/s/ Mark A. Hill*
**MARK A. HILL**