UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA LOU and DAREN PARSA, on their own behalf and on behalf of their deceased minor child, E.P.** | CIVIL ACTION NO. 2:21-cv-00080 |
| | SECTION "D" |
| | DIVISION (2) |
| **versus** | JUDGE WENDY B. VITTER |
| **SHERIFF JOSEPH P. LOPINTO, III, et al.** | MAGISTRATE DONNA P. CURRAULT |

### MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR LEAVE TO FILE LATE MOTIONS IN LIMINE

**MAY IT PLEASE THE COURT:**

Defendants Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC d/b/a Westgate Shopping Center (collectively, "Westgate Defendants") hereby move for leave to file their Motions *In Limine* after the deadline as laid out in the most recent scheduling order.[1] Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Four factors are considered when determining whether there is "good cause": "(1) the explanation for failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Henderson v. Atmos Energy Corp.*, 2022 WL 3657191, at *3 (5th Cir. Aug. 25, 2022) (quoting *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019)).

---

[1] R. Doc. 141.

As for the first factor, Westgate Defendants mistakenly used the Second Amended Scheduling Order, which listed a deadline of May 2, 2023, to file Motions in Limine.[2] Westgate Defendants regret this error. Additionally, You Honor's submission dates rotate a day sooner than the other Judges in the Eastern District. Defendants regret this error.

As for the second and third factors, Westgate Defendants submit that modification is supremely important because if not for their motions *in limine*, Plaintiffs would have the ability to enter evidence at trial that is not appropriate and that would unfairly prejudice Westgate Defendants. Motions *in limine* are paramount in preventing prejudice, thus Westgate Defendants would undoubtedly be prejudiced if leave were not granted.

Finally, though a continuance is available, Westgate Defendants submit that granting leave to allow a one-day late submission of the motions *in limine* would cause far less disruption. Additionally, the Court could move on its own the Westgate Defendants motions to the earlier submission date so that the Plaintiffs could oppose them at the same time as they oppose the JPSO Defendants motions *in limine* (who filed last night).  It does not seem plausible that a few hours would cause the kind of prejudice to Plaintiffs to prevent them from filing any opposition thereto timely by the earlier submission deadline.  In fact, it was Plaintiff's Counsel who advised undersigned of the untimeliness and he did not express an objection hereto.

Undersigned apologizes to the Court for this oversight and asserts that it will not happen in the future.

---

[2] R. Doc. 127, p. 5

Respectfully submitted,

**THOMPSON COE COUSINS & IRONS, LLP**

By: */s/ Mark A. Hill*
    **CHRISTOPHER W. KAUL (33213), T.A.**
    **MARK A. HILL (33891)**
    601 Poydras Street, Suite 1850
    New Orleans, Louisiana 70130
    Telephone:  (504) 526-4350
    Facsimile:   (504) 526-4310
    Email:  ckaul@thompsoncoe.com
        mhill@thompsoncoe.com
    **ATTORNEYS FOR VICTORY REAL ESTATE INVESTMENTS LA, LLC and WESTGATE INVESTORS NO, LLC D/B/A WESTGATE SHOPPING CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

By: */s/ Mark A. Hill*
    **MARK A. HILL**