UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION |
|         Plaintiffs | * | |
| | * | NO: 21-80 |
| VERSUS | * | |
| | * | SECTION: D-2 |
| | * | |
| SHERIFF JOSEPH LOPINTO, III ET AL. | * | |
|         Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * ****

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' ADA and RA CLAIMS (R. DOC. 154)**

**MAY IT PLEASE THE COURT:**

All JPSO Defendants submit the following reply memorandum in support of their Motion for Partial Summary Judgment regarding Plaintiffs' ADA and RA claims (R. Doc. 154):

**I.   PLAINTIFFS CONCEDE THAT THEIR CLAIMS AGAINST THE INDIVIDUAL JPSO DEFENDANTS UNDER THE ADA AND RA SHOULD BE DISMISSED.**

Plaintiffs have agreed to dismiss their claims under the ADA and RA against the JPSO Deputy Defendants and proceed only against Sheriff Lopinto in his official capacity without further ado. R. Doc. 155.

Notwithstanding the foregoing, it is worth mentioning that it is due solely to the Plaintiffs' improper pleading that the Defendants raised qualified immunity and

1

moved to dismiss Plaintiffs claims. Indeed, as with the entirety of Plaintiffs' Complaint, Plaintiffs claims under the ADA and RA refer to the alleged actions and inactions of *all Defendants*. R. Doc. 1, ¶¶ 12, 430-456.

## II. PLAINTIFFS' CLAIMS AGAINST THE SHERIFF UNDER THE ADA AND RA SHOULD BE DISMISSED AS A MATTER OF LAW.

First, Plaintiffs do not even address the Defendant's primary argument, that there is no evidence that any Defendant intentionally discriminated against E.P. because of his disability. The Court can therefore grant Defendants' Motion without further consideration.

Second, and alternatively, the *Hainze*[1] exception applies, barring Plaintiffs' claims under the ADA and RA.

### A. THERE IS NO EVIDENCE THAT ANY DEFENDANT INTENTIONALLY DISCRIMINATED AGAINST E.P. BECAUSE OF HIS DISABILITY.

Plaintiffs do not even address the Defendant's primary argument. They have therefore waived the issue and the Court can grant Defendants' Motion without further consideration.

Nonetheless, the Fifth Circuit recently addressed the issue in *Wilson v. City of Southlake*, No. 21-10771, --F.4th-- (5th Cir. 12/13/2022). The Court summarized the legal standard thusly:

---

[1] *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000)(the "ADA 'does not apply to an officer's on-the-street responses to . . . incidents, whether or not those calls involve subjects with mental disabilities, prior to the officer's securing the scene and ensuring that there is no threat to human life.")

2

"[T]he ADA requires [public entities] to reasonably accommodate limitations, not disabilities." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 164 (5th Cir. 1996). Thus, "a critical component of a Title II claim for failure to accommodate [] is proof that 'the disability and its consequential limitations were known by the [entity providing public services].'" *Windham*, 875 F.3d at 236 (emphasis added) (quoting *Jin Choi v. Univ. of Tex. Health Sci. Ctr.,* 633 Fed.Appx. 214, 215-16 (citing *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013))); accord *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015). In this context, "limitations" refers to the effect that a disability has on a person's life. *Taylor*, 93 F.3d at 164. "Mere knowledge of the disability is not enough; the service provider must also have understood 'the limitations [the plaintiff] experienced . . . as a result of that disability.'" *Windham*, 875 F.3d at 236 (quoting *Taylor*, 93 F.3d at 164 (emphasis added)); accord *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444-45 (5th Cir. 2017); *Jin Choi*, 633 Fed.Appx. at 216.[4] "Otherwise, it would be impossible for the provider to ascertain whether an accommodation is needed at all, much less identify an accommodation that would be reasonable under the circumstances." *Windham*, 875 F.3d at 236; see id. ("'The ADA does not require clairvoyance.'"(quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 934 (7th Cir. 1995))). Accordingly, the plaintiff must "specifically identify the disability and resulting limitations, and [] request an accommodation in direct and specific terms." *Windham*, 875 F.3d at 237 (internal quotation marks and citations omitted).

When a plaintiff has not requested an accommodation in this manner, he must show that "'the disability, resulting limitation, and necessary reasonable accommodation' were 'open, obvious, and apparent' to the entity's relevant agents." *Id.* (emphasis added) (quoting *Taylor*, 93 F.3d at 165); accord *Jin Choi*, 633 Fed.Appx. at 216. This is because "knowledge of a disability is different from knowledge of the resulting limitation" and "certainly is different from knowledge of the necessary accommodation." *Windham*, 875 F.3d at 238.

Where a disability is mental, rather than physical, the disability, resulting limitations, and necessary reasonable accommodations often are not "open, obvious, and apparent." *Taylor*, 93 F.3d 165. Rather, in that context, a health care provider is "best positioned to diagnose [] disabilities, limitations, and possible accommodations." *Id.*

> Finally, to recover compensatory damages, a plaintiff must also prove that the discrimination was intentional. *Delano-Pyle*, 302 F.3d at 574. "This court has hesitated to 'delineate the precise contours' of the standard for showing intentionality." *Cadena*, 946 F.3d at 724 (quoting *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 575 (5th Cir. 2018)). Of course, this standard is met under circumstances revealing a discriminatory motive. Otherwise, Fifth Circuit cases discussing the issue have required "something more than 'deliberate indifference.'" Id. (quoting *Miraglia*, 901 F.3d at 575 (quoting *Delano-Pyle*, 302 F.3d at 575)); see also *Smith v. Harris Cnty.*, 956 F.3d 311, 318 (5th Cir. 2020) (same).

*Wilson v. City of Southlake*, No. 21-10771, at 8-10, --F.4th-- (5th Cir. 12/13/2022).

The Court in *Wilson* affirmed the district court's grant of summary judgment finding, as is true here, that Plaintiffs' "position is long on conclusions and speculation but fatally short on actual evidence of intentional discrimination." *Wilson*, NO. 21-10771, at. 12. The Court, after lengthy analysis, held that "the Rehabilitation Act and Title II of the ADA do not provide a legal remedy for all unreasonable, inappropriate, unprofessional, and/or unduly harsh conduct by public agents. Rather, these statutes provide a damages remedy *only* to protected persons in limited circumstances, that is, when the public agent utilizes such conduct whilst interacting with someone the actor knows to be a qualified person with a disability, and resulting limitations necessitating certain action or inaction are both known *and* disregarded. Because the Wilsons have not put forth evidence demonstrating the existence of a genuine dispute regarding these elements, the district court

4

properly dismissed their ADA and Rehabilitation Act intentional discrimination claims." *Id*., at 19-20 (emphasis in original).

In this case, as in *Wilson*, while there is some evidence that the Defendants knew that E.P. had a mental disability of some kind, there is zero evidence that they "gleaned an adequate understanding of [E.P.'s] particular disability, ***resulting limitations***, and **appropriate accommodations**…" *Id*., at 16 (emphasis added). Indeed, despite their conclusory allegations, Plaintiffs have never identified what E.P.'s actual limitations were or what accommodation was due to E.P. Plaintiffs were present the entire time and never requested any accommodation on the scene. Further, as in *Wilson*, "the efforts made by [Plaintiffs]… to maintain any semblance of order prior to [Defendants'] arrival on the scene were… failing." *Id*. Moreover, as in *Wilson*, the Defendants' "actions were motivated by [E.P.'s] escalating misconduct, not *disability*." *Id*. at 18 (emphasis in original).

Plaintiffs have completely failed to meet their burden of proof and their claims under the ADA and RA should be dismissed.

**B.    *HAINZE* APPLIES AND BARS PLAINTIFFS' CLAIMS**

First, Plaintiffs' assertion that *Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000) is no longer "good law" is sanctionable.

The *Hainze* exception was just reaffirmed in *Allen v. Hays*, --- F.3d --- (5th Cir. March 21, 2023) and, subsequently on petition for rehearing,[2] in *Allen v. Hayes*, No. 21-20337, --F.4th-- (5th Cir. 4/14/2023).

The *Hainze* exception was reaffirmed notwithstanding the fact that the Court had considered the very same argument posited by Plaintiffs. In *Wilson v. City of Southlake,* 936 F.3d 326 (5th Cir. 2019), Judge Ho, concurring in the judgment, opined as follows:

> In *Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000), our court created a categorical "exigent circumstances" defense that appears nowhere in the text of either the Americans with Disabilities Act or the Rehabilitation Act.
>
> So, it is not surprising that every circuit to opine on this issue has to our knowledge rejected our approach. *See*, *e.g.*, *Gray v. Cummings*, 917 F.3d 1, 16–17 (1st Cir. 2019) (discussing *Hainze* and noting that "[o]ther circuits ... have charted a different course, holding that Title II [of the ADA] applies without exception to ad hoc police encounters"); *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014) ("We agree with the majority of circuits to have addressed the question that Title II applies to arrests."), *rev'd on other grounds*, ––– U.S. ––––, 135 S. Ct. 1765, 191 L.Ed.2d 856 (2015); *Seremeth v. Bd. of Cty. Comm'rs Frederick County*, 673 F.3d 333, 339 (4th Cir. 2012) ("[N]othing in the text of the ADA suggests that a separate exigent-circumstances inquiry is appropriate."); *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1085 (11th Cir. 2007) (declining to follow *Hainze*).
>
> ***Hainze* is of course binding precedent, on us as much as on the district court.**

*Wilson*, 936 F.3d at 333 (emphasis added).

---

[2] The Fifth Circuit denied rehearing but withdrew and substituted its March 21, 2023 opinion.

Notwithstanding Judge Ho's concerns, the Fifth Circuit reaffirmed the *Hainze* exception in *Allen v. Hays*, --- F.3d --- (5th Cir. March 21, 2023) and, subsequently on rehearing, in *Allen v. Hayes*, No. 21-20337, --F.4th -- (5th Cir. 4/14/2023).. The *Hainze* exception is still "good law" and is binding on this Court.

Second, the *Hainze* exception applies in this case because this case involves an on-the-street response to a violent encounter and the scene was never secured. *Hainze*, 207 F.3d at 801.

Plaintiffs seek to confuse the Court by citing irrelevant, immaterial, ingenuine purported "facts" and then applying the same to their misrepresentation of the law. Plaintiffs offer no competent summary judgment evidence to create a genuine issue of material fact to be tried before a jury.

To the contrary, Plaintiffs refer blindly to the statements of the Defendants that did not participate in restraining E.P. They ignore the only relevant testimony, that of Deputies Pitfield and Vega.

Simply, the testimony of Deputies Guidry, Gaudet, Mehrtens, Vaught and Estrada about the amount of resistance that Deputies Pitfield and Vega perceived, although relevant to the issue of bystander liability on behalf of those Defendants (which issue is also before the Court on summary judgment), is irrelevant to the issue before the Court on *this* Motion.

7

It is uncontested, as the video shows and Deputies Pitfield and Vega corroborate, that E.P. never ceased resisting their efforts to secure him.[3]

Plaintiffs know this. Which is why Plaintiffs resort to hyperbole.

Indeed, Plaintiffs argue without any factual support that "Pitfield has put E.P. face-down on the ground and is sitting on his back… "the video shows a group of officers milling about as Deputy Pitfield and then Deputy Vega take turns sitting on top of a face-down, handcuffed, leg-shackled minor. It is hard to imagine how the scene could have been more secure unless the officers gagged and hogtied E.P., or unless JPSO interprets 'secure' to mean 'dead.'" R. Doc. 155, p. 6. Further, "the scene was secure when a half-dozen officers surrounded a face-down, hand-cuffed, leg-shackled, sat-upon minor." *Id*., at p. 7.

The foregoing statements are beneath the collective dignity of all involved in this case.

It is uncontested that no one ever sat on E.P.'s back.

The foregoing statements also misrepresent the series of events in a hyperbolic attempt to have this Court believe that E.P. was "face-down, handcuffed, leg-shackled" and "sat-upon" during the entire interaction. The video and testimony belie this assertion beyond doubt.

---

[3] To not further burden the Court, Defendants adopt and incorporate by reference the statements of fact and citations to the record set forth in Deputy Pitfield's and Deputy Vega's Motions for Summary Judgment (R. Docs. 170, 171) as if copied *in extenso* pursuant to Fed. R. Civ. P. 10(c).

There is no genuine issue of material fact to be tried and Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' original memorandum, Plaintiffs' claims under the ADA and RA fail and the Defendants are entitled to judgment in their favor as a matter of law.

                Respectfully submitted,

                **/s/ James B. Mullaly**

                _____
                **FRANZ L. ZIBILICH, LSB# 14912**
                **JAMES B. MULLALY, LSB#28296**
                **MARTINY & ASSOCIATES, LLC**
                131 Airline Highway
                Suite 201
                Metairie, Louisiana 70001
                (504) 834-7676
                (504) 834-5409 (fax)
                e-mail: fzibilich@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been served upon all parties via CM/ECF (PACER), and or U.S. Mail, properly addressed and postage prepaid, this 15th day of May 2023.

/s/ James B. Mullaly
_____
**JAMES B. MULLALY**