UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | NO: 21-80 |
| VERSUS | * | |
| | * | SECTION: D-2 |
| | * | |
| SHERIFF JOSEPH LOPINTO, III ET AL. | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*

## REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*

**MAY IT PLEASE THE COURT:**

All JPSO Defendants submit the following reply memorandum in support of their Motion *in Limine*.

**I.  ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 273-279.**

Plaintiffs do not plead any facts to support any claim against any named Defendant arising out of any theory that any Defendant prevented Plaintiffs from leaving the scene. Plaintiffs concede as much in their Opposition to Defendants' Motion for Summary Judgment (R. Doc. 196).

**II.  ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 289**

There is no claim to which this is relevant. The JPSO does not determine the cause or manner of death; that function is the province of the Coroner.

### III. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 292, 294-295.

This is not relevant to any claim in this case. This case does not involve the use of a hog tie or four-point restraint.

### IV. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPH 297.

The evidence of a completely unrelated and dissimilar death is totally irrelevant to any claim before the Court.

### V. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPH 307

Whether the JPSO had body warn cameras is irrelevant. There is no such requirement under the law.

### VI. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 309-312, 320-321.

Plaintiffs misstate the facts. The JPSO investigates every in-custody death and refers their investigative findings to the District Attorney's Office. This practice does not run afoul of *Monell* and its progeny. *See Allen v. Hays*, --- F.3d --- (5th Cir. March 21, 2023) and, subsequently on petition for rehearing,[1] in *Allen v. Hayes*, No. 21-20337, --F.4th -- (5th Cir. 4/14/2023).

---

[1] The Fifth Circuit denied rehearing but withdrew and substituted its March 21, 2023 opinion.

### VII. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 325.

Plaintiffs have never identified what accommodation was due under the circumstances. There is no allegation, nor any evidence that the Defendants "gleaned an adequate understanding of [E.P.'s] particular disability, *resulting limitations*, and *appropriate accommodations*…" *Wilson v. City of Southlake*, No. 21-10771, at 8-10, --F.4th-- (5th Cir. 12/13/2022).

### VIII. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 343-345.

Evidence of an unrelated case in Maryland is simply irrelevant and cannot assist the trier of fact.

### IX. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 350.

This purported evidence is irrelevant. There is no allegation, nor any evidence that the Defendants "gleaned an adequate understanding of [E.P.'s] particular disability, *resulting limitations*, and *appropriate accommodations*…" *Wilson v. City of Southlake*, No. 21-10771, at 8-10, --F.4th-- (5th Cir. 12/13/2022).

### X. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 356-357.

This purported evidence is irrelevant. There is no allegation, nor any evidence that the Defendants "gleaned an adequate understanding of [E.P.'s] particular disability, *resulting limitations*, and *appropriate accommodations*…" *Wilson v.*

*City of Southlake*, No. 21-10771, at 8-10, --F.4th-- (5th Cir. 12/13/2022).

## XI. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 365-384.

This purported evidence is irrelevant. There is no allegation, nor any evidence that the Defendants "gleaned an adequate understanding of [E.P.'s] particular disability, ***resulting limitations***, and ***appropriate accommodations***…" *Wilson v. City of Southlake*, No. 21-10771, at 8-10, --F.4th-- (5th Cir. 12/13/2022).

## XII. ANY TESTIMONY OR EVIDENCE OF, OR ARGUMENT OR REFERENCE TO ANY ALLEGATIONS IN PARAGRAPHS 391 (SUBPARAGRAPHS A, E, F, AND I) SHOULD BE EXCLUDED.

Plaintiffs do not plead any facts to support any claim against any named Defendants arising out of these theories. Plaintiffs concede as much in their Opposition to Defendants' Motion for Summary Judgment (R. Doc. 196).

Respectfully submitted,

**/s/ James B. Mullaly**

_____
**FRANZ L. ZIBILICH, LSB# 14912**
**JAMES B. MULLALY, LSB#28296**
**MARTINY & ASSOCIATES, LLC**
131 Airline Highway
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 (fax)
e-mail: fzibilich@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been served upon all parties via CM/ECF (PACER), and or U.S. Mail, properly addressed and postage prepaid, this 15th day of May 2023.

/s/ James B. Mullaly
_____
**JAMES B. MULLALY**