UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION |
|     Plaintiffs | * | |
| | * | NO: 21-80 |
| VERSUS | * | |
| | * | SECTION: D-2 |
| | * | |
| SHERIFF JOSEPH LOPINTO, III ET AL. | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \****

### REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT R. DOCS. 169 , 170 , 171 , 173 , 174 , 175 , 176 , AND 178

**MAY IT PLEASE THE COURT:**

Defendants submit the following reply memorandum in support of their motions for summary judgment, **R. Docs. 169 , 170 , 171 , 173 , 174 , 175 , 176 , and 178**.

### GENERAL STATEMENT

Consistent with these proceedings, Plaintiffs' opposition to the Defendants' Motions is long on conclusions and devoid of factual support.

Plaintiffs do not reach the merits of the Defendants' motions until page 16 of their brief, R. Doc. 196, where they attempt to parse testimony from witnesses that do not matter, about alleged "facts" that are either not "facts" at all or are "facts" that do not matter. In some instances, Plaintiffs patently misstate the testimony of witnesses (e.g., Plaintiffs' reference to Guidry's statement "And then I hear the mom said, 'I don't know if he's breathing, I don't know if he's breathing.'" R. Doc. 196, p. 17. This is deliberately misleading; E.P. had already expired). In the end, Plaintiffs point to no **genuine** issues of **material** fact that should go to a jury.

1

Also consistent with these proceedings is Plaintiffs' misstatement of the applicable law. None of the cases cited by Plaintiffs stand for the blanket propositions that Plaintiffs claim they do, and none "rejected" qualified immunity.

Finally, consistent with these proceedings, Plaintiffs continue to lump all Defendants together instead of addressing the conduct of each Defendant that allegedly violated E.P.'s rights, which is improper and deprives the Court and the parties from meaningfully addressing the claims. *See Mixon v. Pohlmann*, 2021 WL 6072501, at *9 (E.D. La. Dec. 23, 2021).

## LAW AND ARGUMENT

First, the Court should grant the Defendants' Motions for Summary Judgment, R. Docs. **170** (MOTION for Partial Summary Judgment by Chad Pitfield), **171** (MOTION for Partial Summary Judgment by Nicholas Vega), **173** (MOTION for Partial Summary Judgment by Shannon Guidry), **174** (MOTION for Partial Summary Judgment by Ryan Vaught), **175** (MOTION for Partial Summary Judgment by Myron Gaudet) , **176** (MOTION for Partial Summary Judgment by Steven Mehrtens), **178** (MOTION for Partial Summary Judgment by Manuel Estrada), without further consideration because, again, Plaintiffs lumped every Defendant together instead of informing the Court what conduct of each Defendant allegedly violated E.P.'s rights  It is well established that "**each individual defendant's entitlement to qualified immunity [should be examined] separately**." *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 395 (5th Cir. 2000)(citation omitted)(emphasis added). Plaintiffs do not even address the individual motions asserting qualified immunity by Guidry, Gaudet, Vaught, Estrada and Mehrtens, **R. Docs. 173, 174, 175, 176 and 178**, and these motions can be granted as unopposed.

Second, the Court should grant the Defendants' Motion for Summary Judgment on bystander liability, R. Doc. **169** (by Manuel Estrada, Myron Gaudet, Shannon 2 Guidry, Steven Mehrtens, Ryan Vaught) for the same reason. Plaintiffs' arguments are conclusory statements and legal conclusions and ignore the individual Defendants' entitlement to have their claims analyzed independently (e.g., "Defendants… witnessed Deputies sit on top of an obese, face-down, hand-cuffed, foot-shackled minor – and they did nothing to prevent his death." R. Doc. 196, p. 31).

Third, Plaintiffs' claims under the First, Ninth, and Fourteenth Amendments should be dismissed. Plaintiffs waived their ability to argue otherwise by failing to brief the issues. Further, Plaintiffs offer no competent summary judgment evidence in support of these claims.

Fourth, Defendants respond to each of the Plaintiffs' arguments in the order that they appear in their Opposition (R. Doc. 196).

A.     **DEFENDANTS DO NOT RELY ON CONTESTED FACTS**

As indicated above, here is an example of how Plaintiffs' attempt to parse testimony from witnesses that do not matter about alleged "facts" that are either not "facts" at all or are "facts" that do not matter, and patently misstate the testimony of witnesses, which can only be an attempt to mislead the Court.

It does not matter what Deputies Guidry, Vaught, Mehrtens, or Estrada allege that they perceived about the need for and amount of force necessary as perceived by Deputies Pitfield and Vega. It is entirely irrelevant and does not create any genuine issue of material fact vis-à-vis what Deputies Pitfield and Vega perceived and whether their use of force was reasonable.

It likewise goes without saying that what a non-defendant JPSO Investigator, who arrived on the scene after the fact and did not witness anything, allegedly said about what others allegedly said is not competent summary judgment evidence and is irrelevant.

Further, Plaintiffs misstate Deputy Guidry and Deputy Estrada's testimony and take same out of context. R. Doc. 196, p. 17. (*see infra*)

There is no genuine issue of material fact to be tried regarding the reasonableness of Deputy Pitfield's and Deputy Vega's efforts.

**B.   PLAINTIFFS MISSTATE THE LAW AND MISAPPLY THE MISSTATED LAW TO THE MISSTATED FACTS.**

First, on a good note and in a rare concession, Plaintiffs concede that claims that law enforcement officers have used excessive force—deadly or not—during an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard. R. Doc. 196, p. 18-31.

Indeed, the standard enunciated in *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865,104 L. Ed. 2d 443 (1989) governs this lawsuit (not any other Amendment, and certainly not the ADA or RA).[1]

Plaintiffs also concede for the most part that the most relevant *Graham* factors are whether E.P. posed an immediate threat to the safety of the officers or others and whether E.P. was actively resisting. *Id*. at 396. This is true; it is well established that all the *Graham* factors need not "be present for an officer's actions to be reasonable; indeed, in the typical case, it is sufficient that the officer reasonably believed that the suspect posed a threat to the safety of the

---

[1] Interestingly, the Plaintiffs cite *Allen v. Hayes*, --- F.3d --- (5th Cir. March 21, 2023) in other submissions before the Court but ignore it in the context to which it is arguably most applicable, the motions at issue here. In *Allen*, and, subsequently on rehearing in *Allen v. Hayes*, No. 21-20337, --F.4th -- (5th Cir. 4/14/2023) the Fifth Circuit reaffirmed that cases such as these are properly analyzed under the Fourth Amendment and not the ADA and RA.

4

officer or others." *Rockwell v. Brown*, 664 F.3d 985 (5th Cir. 2011) cert. denied, 132 S. Ct. 2433 (U.S. 2012). The Fifth Circuit has repeatedly stated that the "core issue" is "whether the officer reasonably perceived an immediate threat." *Reyes v. Bridgwater*, 362 Fed.Appx. 403, 408 (5th Cir.2010).

Unfortunately, Plaintiffs then misstate and misapply this standard and cite cases that are not relevant to this Court's determination of the issues.

Plaintiffs cite *Simpson v. Hines*, 903 F.3d 400 (5th Cir. 1990). *Simpson* does not apply here and cannot assist the Court. Simpson involved officers' use of a neck choke hold and officers sitting upon the suspect's chest. In this case, there are no such facts.

Plaintiffs cite *Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998). *Gutierrez* has no applicability and cannot assist the Court. Parsa case does not involve the use of a hogtie restraint. The JPSO strictly prohibits the use of hogtie restraints. In this case, E.P. demonstrably posed a threat to the safety of the officers and others. As shown on the video in evidence, E.P. had attacked and severely injured his father and Deputy Pitfield. Likewise, *Cruz v. City of Laramie*, is unhelpful because it is not precedent.

Plaintiffs' citation to *Champion v. Outlook Nashville*, 380 F.3d 893 (6th Cir. 2004) is for naught; it is not controlling and is not applicable. No pepper spray was used in this case. E.P. never stopped resisting. No hobbling device was used.

*Darden v. City of Fort Worth* is also inapplicable and unhelpful. In *Darden*, the Fifth Circuit reasoned that "the evidence suggests that Darden would not have suffered a heart attack and died if the officers had not tased him, forced him onto his stomach, and applied pressure to his back." *Darden v. City of Fort Worth*, 880 F.3d 722, 728 (5th Cir. 2018). Here, E.P. was not tased, and despite Plaintiffs repeated false statements, no pressure was ever applied to his back.

The Court, in *Darden* further held that, "a jury could conclude that no reasonable officer would have perceived Darden as posing an immediate threat to the officers' safety." *Darden*, 880 F.3d at 729. The Court held that "a jury could conclude that no reasonable officer on the scene would have thought that Darden was resisting arrest." *Id*., at 730.  Here, it is uncontested that E.P. was resisting the Deputies.

*Goode v. Baggett*, 811 Fed. App'x 227 (5th Cir. 2020) is not applicable or helpful to this Court. E.P. was not tased or hogtied. There was never anyone on top of E.P. with their knees in E.P.'s back.

*Lombardo v. City of St. Louis*, 141 S.Ct. 2239 (2021) is not applicable or helpful. E.P. was not held down at the shoulders or biceps. He was not confined in a cell with six officers. No pressure was ever applied to E.P.'s back or torso. E.P. never informed the Deputies that he was in distress. Neither did E.P.'s parents, who were assisting the Deputies in trying to control E.P.

*Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021), is not applicable or helpful. There, the Fifth Circuit found that a reasonable jury could conclude that Timpa had stopped resisting arrest and posed no threat to the officers or others. Again, the opposite is true here.

*Fairchild v. Coryell County, Texas*, 40 F.4th 359 (5th Cir. 2022) and *Perkins v. Hart*, 617 F.Supp.3d 444 (E.D. La. 2022) are not applicable or helpful. Again, unlike in *Fairchild* and *Perkins*, no pressure was ever applied to E.P.'s neck or back, and E.P. was never subdued and continued to pose a threat to the officers and others.

Plaintiffs seek to analogize the present case to the foregoing based, again, on wholly conclusory, unsupported argument with not a scintilla of factual support: "E.P. was not suspected of any criminal offense at all;[2] he was forced to lie prone on his stomach with his hands

---

[2] While Deputy Pitfield was not intent on arresting E.P., he had bitten his father's face off.

6

restrained[3] and bodyweight force applied to his backside,[4] he was fully subdued,[5] unable to flee, and non-threatening.[6]" R. Doc. 196, p. 26.

There exist no genuine issues of material fact and Deputies Pitfield and Vega are entitled to summary judgment in their favor as a matter of law.

**C.    (mislabeled as Section B in Plaintiffs' Opposition) *GRAHAM* COMPELS DISMISSAL OF PLAINTIFFS' CLAIMS.**

Again, the most relevant *Graham* factors are whether E.P. posed an immediate threat to the safety of the officers or others and whether E.P. was actively resisting. *Graham*, at 396; *Rockwell*, 664 F.3d 985. This is because it is uncontested that Deputy Pitfield was working on a private detail at the time and was called to assist E.P.'s parents in their unsuccessful efforts to control their son. He was never there to investigate a crime or arrest E.P.[7]

Here, again, it does not matter what Deputies Guidry, Vaught, Mehrtens, or Estrada allege that they perceived about the need for and amount of force necessary as perceived by Deputies Pitfield and Vega. It is entirely irrelevant and does not create any genuine issue of material fact vis-à-vis what Deputies Pitfield and Vega perceived and whether their use of force was reasonable.

Plaintiffs offer no evidence to create a genuine issue of material fact vis-à-vis the efforts of Deputies Pitfield and Vega regarding their use of force and the need for same. They do not even mention them.

---

[3] E.P. fought restraint violently, and it took two grown men minutes to secure handcuffs.
[4] For the umpteenth time, this is a deliberate misstatement. No Deputy ever sat on E.P.'s back. Deputy Pitfield was at E.P.'s buttocks and upper legs.
[5] E.P. was never subdued.
[6] E.P. remained a threat until he expired.
[7] Nonetheless, if Plaintiffs insist that the Court apply this factor, then the Court can ask itself what is a more heinous crime scene to respond to than that of a father who has had his face bitten off by his son? Is that not a crime scene? Plaintiffs' argument is beyond the pale.

All of Plaintiffs arguments are conclusory, speculative, and unsupported by competent summary judgment evidence.

There exist no genuine issues of material fact and Defendants Pitfield and Vega are entitled to summary judgment as a matter of law.

**D.    (mislabeled as Section C in Plaintiffs' Opposition) PLAINTIFFS' BYSTANDER LIABILITY CLAIMS SHOULD BE DISMISSED**

Again, Plaintiffs lump all the Defendants together and provide nothing more than conclusory statements and arguments.

For example, Plaintiffs blindly, and irresponsibly allege that "[the Defendants] do not deny that **they** saw **their** fellow officers sit on top of an obese, face-down, prone-positioned, hand-cuffed, foot-shackled developmentally disabled minor." R. Doc. 196, p. 32 (emphasis added). In addition to the foregoing being demonstrably false as shown in the video, the only citation to the record for this bold and demonstrably false proposition is a single statement from Deputy Mehrtens, taken completely out of context, who Plaintiffs claim said that he "observed Deputy Pitfield to be sitting on E.P.'s 'buttocks.'" *Id*.

There are no facts particularized to each Defendant that create any genuine issue of material fact as to each of the elements of a bystander liability claim. Furthermore, Plaintiffs seek to mislead the Court when they assert that **all Defendants** "saw **their** fellow officers sit on top of an obese, face-down, prone-positioned, hand-cuffed, foot-shackled developmentally disabled minor." R. Doc. 196, p. 32.  Plaintiffs would have this Court believe that for the entire time that **all of the Defendants** were on scene they **all observed** that E.P. was "face-down, prone-positioned, hand-cuffed, foot-shackled" the entire time. *Id*. This is, of course, demonstrably false. The opposite is of course true. This was a fluid, ever-changing, dynamic scene. The Court can refer to the video.

The Defendants' Motion for Summary Judgment on bystander liability, R. Doc. **169** (by Manuel Estrada, Myron Gaudet, Shannon 2 Guidry, Steven Mehrtens, Ryan Vaught) should be granted.

**E.   (mislabeled as Section D) PLAINTIFFS' CLAIMS UNDER THE FIRST, NINTH, AND FOURTEENTH AMENDMENTS SHOULD BE DISMISSED.**

Plaintiffs do not even brief this argument and therefore waive their ability to do so. These claims should be dismissed.

Further, the fact is Defendants did not file a motion to dismiss, they filed a motion for summary judgment. Plaintiffs were required to, but offer no competent summary judgment evidence in opposition, and their claims should be dismissed.

## CONCLUSION

First, the Court should grant the Defendants' Motions for Summary Judgment, R. Docs. **170** (MOTION for Partial Summary Judgment by Chad Pitfield), **171** (MOTION for Partial Summary Judgment by Nicholas Vega), **173** (MOTION for Partial Summary Judgment by Shannon Guidry), **174** (MOTION for Partial Summary Judgment by Ryan Vaught), **175** (MOTION for Partial Summary Judgment by Myron Gaudet), **176** (MOTION for Partial Summary Judgment by Steven Mehrtens), **178** (MOTION for Partial Summary Judgment by Manuel Estrada), and **182** (MOTION in Limine by all JPSO Defendants).

Second, the Court should grant the Defendants Motion for Summary Judgment on bystander liability, R. Doc. **169** (by Manuel Estrada, Myron Gaudet, Shannon 2 Guidry, Steven Mehrtens, Ryan Vaught).

Third, Plaintiffs' claims under the First, Ninth, and Fourteenth Amendments should be dismissed.

Respectfully submitted,

**/s/ James B. Mullaly**

_____
**FRANZ L. ZIBILICH, LSB# 14912**
**JAMES B. MULLALY, LSB# 28296**
**MARTINY & ASSOCIATES, LLC**
131 Airline Highway
Suite 201
Metairie, Louisiana 70001
(504) 834-7676
(504) 834-5409 (fax)
e-mail: fzibilich@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion has been served upon all parties via CM/ECF (PACER), and or U.S. Mail, properly addressed and postage prepaid, this 18th day of May 2023.

/s/ James B. Mullaly
_____
**JAMES B. MULLALY**