UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA LOU and DAREN PARSA, on their own behalf and on behalf of their deceased minor child, E.P. § § § | CIVIL ACTION NO. 21-00080 |
| § | SECTION "F"(2) |
| V. § § | |
| SHERIFF JOSEPH P. LOPINTO, III, ET AL | |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Defendants, Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC d/b/a Westgate Shopping Center (hereinafter collectively referred to as the Westgate Defendants), who, in response to the Amended Complaint filed herein by Plaintiffs, respectfully submit the following:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint ("Complaint") fails to state a claim against the Westgate Defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the Westgate Defendants herein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability, borrowed employee, or premises liability.

1

**THIRD DEFENSE**

That the Plaintiffs' decedent, E.P., by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**FOURTH DEFENSE**

Defendants submit that the claims of Plaintiffs are frivolous, groundless and unreasonable and, as such, the Defendants are entitled to an award against Plaintiffs for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

**FIFTH DEFENSE**

Defendants affirmatively plead any applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana.

**SIXTH DEFENSE**

Any and all damages and/or injuries sustained or incurred by the Plaintiffs were the fault of individuals and/or entities over whom the Westgate Defendants have no control.

**SEVENTH DEFENSE**

Defendants affirmatively show that any injury suffered by Plaintiffs, which is denied, was caused by Plaintiffs', constituting E.P. and/or Donna Lou and/or Daren Parsa, sole fault and/or negligence and/or inattention and/or omissions, which contributory and/or comparative negligence and/or fault of Plaintiffs is specifically pled as a complete and total bar to, or in diminution of, any recovery by Plaintiffs in this action. It is specifically denied that Defendants were negligent in any way, or in any way caused or contributed to any injury and death sustained by Plaintiffs in this action.

2

**EIGHTH DEFENSE**

Defendants affirmatively show that Plaintiffs sustained no injury as a result of any breach of any contractual or legal duty owed to Plaintiffs by Defendants for which they may recover any amounts whatsoever therefore.

**NINTH DEFENSE**

Defendants aver that the Plaintiffs have failed to mitigate their damages.

**TENTH DEFENSE**

Defendants will affirmatively show that Plaintiffs will suffer no future wage loss because E.P. was severely disabled prior to the event made the basis of this litigation.

**ANSWER**

And now, the Westgate Defendants respond to the allegations of the Plaintiffs' Complaint as follows:

I.

The allegations contained in paragraphs 13, 24, 43, 47, 57, 58, 168, and 267 are admitted.

II.

The allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 48, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 11, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 144, 145,

146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 169, 170, 171, 173, 174, 175, 176, 177, 178, 179, 180, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 224, 225, 226, 227, 228, 229, 230, 232, 234, 235, 237, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 263, 264, 265, 266, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 460, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, and 426 are denied for lack of sufficient information upon which to justify a belief therein and/or the allegations pertain to parties other than the Westgate Defendants and are denied out of an abundance of caution.

III.

The allegations contained in paragraphs 8, 45, 56, 63, 93, 172, 181, 182, 196, 197, 223, 231, 236, 238, 262, 302, 457, 458, 459, 477, 533, 534, 535, 536, 537, and 538 are denied.

IV.

The allegations contained in paragraph 12 and 101 require no answer; however, in an abundance of caution, those allegations are denied.

V.

The allegations contained in paragraph 27, as they pertain to the status of Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC, and that Chad Pitfield was providing security for the Westgate Defendants are admitted; all other allegations are denied for lack of sufficient information upon which to justify a belief therein.  Westgate Defendants deny that they had any control over Defendant Pitfield once he responded to the call described in paragraph 47 through 50 and after he arrived on the "scene" as described in paragraph 51 through 77.  Upon arrival to the "scene," Defendant Pitfield was acting in his official capacity as a JPSO Deputy.

VI.

To the extent that a numbered or non-numbered paragraph was not answered, the allegations are denied out of an abundance of caution.  Moreover, the allegations contained in any footnotes are denied for lack of sufficient information to justify a reasonable belief therein.

VII.

Further answering, Defendants aver that to the extent there is an insurance policy that applies to the facts of this case, the policy is a written document and it is the best evidence of its terms, conditions, limitations, and/or exclusions.

VIII.

Further answering, Defendants aver that they did nothing to cause or contribute to the incident alleged in the Complaint and that all Westgate employees, servants, and/or borrowed employees acted reasonably at all relevant times.

IX.

Further answering, and by way of affirmative defense, Defendants aver that the sole and proximate cause of any and all injuries and/or damages by the Plaintiffs' decent, E.P., were the actions and/or inactions of E.P. himself and/or the actions and inactions of some third party over whom Defendants have no authority or control.

X.

Defendants hereby invoke any federal or state statutory limitations of liability or immunities provided by law.

XI.

The Westgate Defendants respectfully request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC d/b/a Westgate Shopping Center, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Defendants, Victory Real Estate Investments LA, LLC and Westgate Investors NO, LLC d/b/a Westgate Shopping Center, and against Plaintiffs, Donna Lou and Daren Parsa, on their own

behalf and on behalf of their deceased minor child, E.P., dismissing the Plaintiffs' Complaint with prejudice, and at Plaintiffs' costs.

Respectfully submitted this 31st day of May, 2023.

                **THOMPSON, COE, COUSINS & IRONS, LLP**

                */s/ Christopher W. Kaul* _____

                **CHRISTOPHER W. KAUL (33213), T.A.**
                **MARK A. HILL (33891)**
                650 Poydras Street, Suite 2105
                New Orleans, Louisiana  70130
                Telephone:    (504) 526-4350
                Facsimile:     (504) 526-4310
                E-mail:        ckaul@thompsoncoe.com
                                  mhill@thompsoncoe.com

                **COUNSEL FOR VICTORY REAL ESTATE INVESTMENTS LA, LLC and WESTGATE INVESTORS NO, LLC D/B/A WESTGATE SHOPPING CENTER**

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

                By:  */s/ Christopher W. Kaul* _____
                        Christopher W.  Kaul