## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA LOU, ET AL** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 21-80 |
| **SHERIFF JOSEPH P. LOPINTIO, III, ET AL** | * | SECTION "D-2" |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING SEARCH WARRANTS, R. DOC. 217**

**MAY IT PLEASE THE COURT:**

Per the Court's Order, R. Doc. 218, the JPSO Defendants oppose Plaintiffs' Motion for Leave to file Renewed Partial Summary Judgment Regarding Search Warrants (R. Doc. 217).

Plaintiffs' Motion should be denied.

Plaintiffs' renewed motion for summary judgment is premised upon claims that are not properly before the Court because they are not consistent with the Court's Order (R. Doc. 208), attempt to name new parties, and attempt to assert new claims that are prescribed.

1

## BRIEF STATEMENT OF THE RELEVANT PROCEDURAL POSTURE

In short, Plaintiffs have attempted to name new parties and assert new causes of action that are prescribed and far beyond the scope of the original Complaint. The JPSO Defendants will be filing a motion to strike and/or to dismiss Plaintiffs' First Amended Complaint (R. Doc. 215).

The incident sued upon occurred on **January 19, 2020**. R. Doc. 1.

Plaintiffs filed suit on **January 14, 2021**. *Id.* Their Original Complaint is **487 paragraphs**. *Id.*

In their Original Complaint, Plaintiff Darren Parsa was not named as a party in his own right and did not assert causes of action on his own behalf for any alleged harm visited upon him. R. Doc. 1, ¶ 15. Rather, he sued on behalf of E.P. pursuant to the Louisiana wrongful death and survival statutes. *Id*. He alleged: "Plaintiff Daren Parsa is the father of decedent E.P., and is of suitable age and capacity to file this suit. At all relevant times during this suit, Plaintiff was a resident of St. Charles Parish in the Eastern District of Louisiana. He is a proper plaintiff for survival and wrongful death actions, as E.P. died leaving no spouse or children to survive him." *Id.*[1]

---

[1] Plaintiff reasserts this statement of his cause of action in his First Amended Complaint. R. Doc. 215, ¶ 15.

Furthermore, in their original Complaint, Plaintiffs did not allege that the Sheriff had a policy or practice of seeking allegedly improper search warrants. *Id.* Plaintiffs alleged: "Defendant Sheriff Joseph P. Lopinto, III is a person of suitable age and capacity and is an adult resident of the Eastern District of Louisiana. At all relevant times herein, he is the duly elected Sheriff for the Parish of Jefferson, State of Louisiana and is the chief law enforcement officer for the Parish of Jefferson. He is the head of the Jefferson Parish Sheriff's Office ("JPSO") and as Sheriff is the final policymaker. Defendant Lopinto is responsible for the staffing, supervision, administration, policies, practices, procedures, and customs of the JPSO. He is responsible for the hiring, training, supervision, discipline, and control of the JPSO staff, supervisors, and deputies. He is the employer of the JPSO deputies involved as defendants in this lawsuit and is liable both directly and vicariously for the actions of said deputies complained of herein. He is also responsible for the policies, procedures, training, assignments, supervision and discipline of JPSO deputies who are authorized and assigned to work "off-duty" details on "public assignment" and is accountable for their actions. He is sued in his individual and official capacities. In his official capacity he is a public entity organized in the State of Louisiana and providing services in Jefferson Parish, Louisiana." R. Doc. 1, ¶ 16.

In their Original Complaint, there are no allegations regarding search warrants in the Plaintiffs "catch-all" statements of their claims against all defendants. *Id.*, at ¶¶ 391, 392. **Further, the are no allegations anywhere in their claims against the Sheriff, least of all in Count Two of their Original Complaint, regarding the search warrants**. *Id.*, at ¶¶ 405-429; *see*, in particular, ¶¶ 409, 417.

In their Original Complaint, the entirety of their claims vis-à-vis the search warrants is found at Paragraphs 313-318.

> 313. JPSO obtained and served criminal search warrants on E.P.'s doctor, even though JPSO conceded that it was not investigating a crime.
>
> 314. JPSO caused St. Charles Parish Sheriff's Office to request and obtain a search warrant for E.P.'s school records, on the basis of a "violation of a pending death investigation" and "generalized law enforcement inspection."
>
> 315. These warrants were on their face absurd. A proper search warrant can only seek the fruits, instrumentalities, or evidence of a crime. *United States v. Lefkowitz*, 285 U.S. 452, 465– 66 (1932).
>
> 316. But neither a "violation of a pending death investigation" nor "generalized law enforcement inspection" describes a crime.
>
> 317. Indeed, a warrant for a "generalized law enforcement inspection" is the exact "general warrant" that the framers of the constitution wrote the Fourth Amendment to prevent. *See Coolidge v. New Hampshire*, 403 U.S. 443 (1971).
>
> 318. JPSO thus improperly used its criminal investigatory powers in an effort to collect evidence to protect it from civil liability.

R. Doc. 1, ¶¶ 313-318.

**As is clear, there is no claim asserted by or on behalf of Darren Parsa or against the Sheriff in Plaintiffs' Original Complaint regarding the warrants.**

In the Court's Order and Reasons wherein the Court allowed Plaintiffs leave to amend, the Court recognized the extraordinarily limited request for relief: "Plaintiffs request 'leave to amend their complaint **to list each unconstitutional search warrant**.'" R. Doc. 208, p. 23 (emphasis added); *citing* Plaintiffs' Reply Memorandum in Support of their Motion for Partial Summary Judgment, R. Doc. 101, p. 7.

In keeping with Plaintiffs' extraordinarily limited request, the Court held that "Plaintiffs shall have fourteen (14) days from the date of this Order, **if appropriate**, to file a comprehensive, amended complaint, without further leave of Court, **as requested in their Reply brief**." R. Doc. 208, at p. 25 (emphasis added). The Court's intent is clear that any amended complaint would be limited as set forth above.

Notwithstanding the Court's limited ruling granting Plaintiffs' limited request, Plaintiffs filed a First Amended Complaint containing **538 Paragraphs**, **51 Paragraphs** more than their Original Complaint. R. Doc. 215.

In their First Amended Complaint, Plaintiffs assert an entirely new cause of action against the Sheriff in **Count Five**. *Id.*, at ¶¶ 482-538. For the first time, Plaintiffs now attempt to assert a new legal theory of liability against the Sheriff for the warrants.

In their First Amended Complaint, Plaintiff Darren Parsa attempts to assert a new cause of action arising out of the warrant for his own medical records. *Id.* at ¶¶ 490, 527. As with the Sheriff being newly named as a party, for the very first time Darren Parsa attempts to make himself a party entitled to relief relative to the alleged unconstitutional warrant. *Id.*

It was certainly not this Honorable Court's intent to allow the Plaintiffs (via an amended Complaint) to name new parties and assert entirely new causes of action.

## LAW AND ARGUMENT

First, Plaintiffs motion for leave should be denied because their proposed renewed motion for summary judgment on the warrants is based upon their First Amended Complaint, which is not "**appropriate**" or "**as requested**." R. Doc. 208, at p. 25 (emphasis added).

Second, Plaintiffs motion for leave should be denied because their proposed renewed motion for summary judgment on the warrants is based upon their First Amended Complaint, which names new parties and asserts new causes of action

that are prescribed.

I.

Plaintiffs motion for leave should be denied because their proposed renewed motion for summary judgment on the warrants is based upon their First Amended Complaint, which is not "**appropriate**" or "**as requested**." R. Doc. 208, at p. 25 (emphasis added).

In the Court's Order and Reasons wherein the Court allowed Plaintiffs leave to amend, the Court recognized the extraordinarily limited request for relief: "Plaintiffs request 'leave to amend their complaint **to list each unconstitutional search warrant**.'" R. Doc. 208, p. 23 (emphasis added); *citing* Plaintiffs' Reply Memorandum in Support of their Motion for Partial Summary Judgment, R. Doc. 101, p. 7.

In keeping with Plaintiffs' extraordinarily limited request, the Court held that "Plaintiffs shall have fourteen (14) days from the date of this Order, **if appropriate**, to file a comprehensive, amended complaint, without further leave of Court, **as requested in their Reply brief**." R. Doc. 208, at p. 25 (emphasis added).

First, Plaintiffs' requested relief, **to list each unconstitutional search warrant**, was never legitimate or "**appropriate**." *Id*. Indeed, there was no clarification needed vis-à-vis a "list" of "each unconstitutional warrant." *Id*. All seven warrants were attached to Plaintiffs' original motion. R. Doc. 93-4.

Likewise, all seven warrants were attached to the Defendants' opposition memorandum. R. Doc. 96-2-96-8.

Second, Plaintiffs' First Amended Complaint is by no means "**appropriate**" or "**as requested in their Reply brief**." R. Doc. 208, at p. 25 (emphasis added).

Again, the warrants were already in the record. Plaintiffs' statement regarding leave was a ruse.

Further, as below, Plaintiffs' First Amended Complaint far exceeds the scope of the Court's Order by naming new parties and asserting new causes of action and is an abuse of legal process.

Therefore, Plaintiffs' Motion for Leave to File their Renewed Motion for Partial Summary Judgment should be DENIED.

## II.

Second, Plaintiffs motion for leave should be denied because their proposed renewed motion for summary judgment on the warrants is based upon their First Amended Complaint, which exceeds the scope of the Court's Order, the scope of the Original Complaint, and names new parties and asserts new causes of action that are prescribed.

The incident sued upon occurred on **January 19, 2020**. R. Doc. 1.

Plaintiffs filed suit on **January 14, 2021**. *Id*. Their Original Complaint is **487 paragraphs**. *Id*.

In their Original Complaint, Plaintiff Darren Parsa was not named as a party in his own right and did not assert causes of action on his own behalf for any alleged harm bestowed upon him. R. Doc. 1, ¶ 15. Rather, he sued on behalf of E.P. pursuant to the Louisiana wrongful death and survival statutes. *Id*. He alleged: "Plaintiff Daren Parsa is the father of decedent E.P., and is of suitable age and capacity to file this suit. At all relevant times during this suit, Plaintiff was a resident of St. Charles Parish in the Eastern District of Louisiana. He is a proper plaintiff for survival and wrongful death actions, as E.P. died leaving no spouse or children to survive him." *Id*.

Furthermore, in their original Complaint, Plaintiffs never allege any nexus between the Sheriff and the subject warrants, let alone that the Sheriff had a policy or practice of seeking allegedly improper search warrants. *Id*. Plaintiffs alleged: "Defendant Sheriff Joseph P. Lopinto, III is a person of suitable age and capacity and is an adult resident of the Eastern District of Louisiana. At all relevant times herein, he is the duly elected Sheriff for the Parish of Jefferson, State of Louisiana and is the chief law enforcement officer for the Parish of Jefferson. He is the head of the Jefferson Parish Sheriff's Office ("JPSO") and as Sheriff is the final policymaker. Defendant Lopinto is responsible for the staffing, supervision, administration, policies, practices, procedures, and customs of the JPSO. He is responsible for the hiring, training, supervision, discipline, and control of the JPSO

staff, supervisors, and deputies. He is the employer of the JPSO deputies involved as defendants in this lawsuit and is liable both directly and vicariously for the actions of said deputies complained of herein. He is also responsible for the policies, procedures, training, assignments, supervision and discipline of JPSO deputies who are authorized and assigned to work "off-duty" details on "public assignment" and is accountable for their actions. He is sued in his individual and official capacities. In his official capacity he is a public entity organized in the State of Louisiana and providing services in Jefferson Parish, Louisiana." R. Doc. 1, ¶ 16.

In their Original Complaint, there are no allegations regarding search warrants in Plaintiffs "catch-all" statements of their claims against all defendants. *Id*., at ¶¶ 391, 392. **Further, the are no allegations anywhere in their claims against the Sheriff, and certainly not in Count Two of their Original Complaint, regarding the search warrants**. *Id*., at ¶¶ 405-429; *see*, in particular, ¶¶ 409, 417.

In their Original Complaint, the entirety of their claims vis-à-vis the search warrants is found at Paragraphs 313-318.

> 313. JPSO obtained and served criminal search warrants on E.P.'s doctor, even though JPSO conceded that it was not investigating a crime.

> 314. JPSO caused St. Charles Parish Sheriff's Office to request and obtain a search warrant for E.P.'s school records, on the basis of a "violation of a pending death investigation" and "generalized law enforcement inspection."
>
> 315. These warrants were on their face absurd. A proper search warrant can only seek the fruits, instrumentalities, or evidence of a crime. *United States v. Lefkowitz*, 285 U.S. 452, 465–66 (1932).
>
> 316. But neither a "violation of a pending death investigation" nor "generalized law enforcement inspection" describes a crime.
>
> 317. Indeed, a warrant for a "generalized law enforcement inspection" is the exact "general warrant" that the framers of the constitution wrote the Fourth Amendment to prevent. *See Coolidge v. New Hampshire*, 403 U.S. 443 (1971).
>
> 318. JPSO thus improperly used its criminal investigatory powers in an effort to collect evidence to protect it from civil liability.

R. Doc. 1, ¶¶ 313-318.

**As is clear, there is no claim asserted by or on behalf of Darren Parsa or against the Sheriff in Plaintiffs' Original Complaint arising out of the search warrants.**

Plaintiffs' First Amended Complaint, therefore, improperly expands the allegations beyond the scope of the initial complaint. *See Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999).

Further, the newly added claims against newly added parties are **prescribed**. The prescriptive period for a claim under § 1983 in Louisiana is one year. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). The relevant warrants

were issued over two years ago. R. Doc. 96-2-96-8.

Therefore, Plaintiffs' Motion for Leave to File their Renewed Motion for Partial Summary Judgment should be DENIED.

## CONCLUSION

First, Plaintiffs motion for leave should be denied because their proposed renewed motion for summary judgment on the warrants is based upon their First Amended Complaint, which is not "**appropriate**" or "**as requested**." R. Doc. 208, at p. 25 (emphasis added).

Second, Plaintiffs motion for leave should be denied because their proposed renewed motion for summary judgment on the warrants is based upon their First Amended Complaint, which names new parties and asserts new causes of action that are prescribed.

Therefore, Plaintiffs' Motion for Leave to File their Renewed Motion for Partial Summary Judgment should be DENIED.

Respectfully submitted,

**/s/ James B. Mullaly**
_____
**FRANZ L. ZIBILICH, LSB#14914**
JAMES B. MULLALY, LSB#28296
MARTINY & ASSOCIATES, LLC
131 Airline Drive
Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676

Facsimile: (504) 834-5409
Email: mulljtc@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

**/s/ James B. Mullaly**

_____
**JAMES B. MULLALY**