UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P, LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

**Plaintiffs' Reply in Support of Motion for Leave to File Renewed Motion for Partial Summary Judgment**

In this case, Plaintiffs filed a Motion for Partial Summary Judgment regarding JPSO's admitted execution of criminal search warrants without probable cause. Doc. 93. The Court denied the motion without prejudice because it was "unclear to the Court" whether Plaintiffs had specifically plead a claim about the probable-cause-less search warrants. Doc. 208 at 22-23. At the same time, the Court granted leave to file a "comprehensive, amended complaint." *Id*. at 25. Plaintiffs did so, clarified the search warrant claim, and then filed for leave to renew their motion for partial summary judgment.

JPSO Defendants oppose the motion for leave to file. But their brief only contains arguments identifying problems they have with the amended complaint. None of their arguments address the motion at issue here: the motion for leave to file a renewed motion for partial summary judgment. And in any case, each of their arguments is wrong. Accordingly, Plaintiffs' motion for leave to file the renewed motion for partial summary judgment should be granted.

**A.   The motion should be granted because JPSO Defendants' argument that Darren Parsa did not previously sue on his "own behalf" is not responsive to this motion, and is contradicted by the original complaint.**

The JPSO Defendants argue that the amended complaint attempts to "name new parties" because in the "Original Complaint, Plaintiff Darren Parsa was not named as a party in his own right and did not assert causes of action on his own behalf for any alleged harm visited upon him." Doc. 220 at 2, 9.

1

But the Court already the question of whether to grant leave to amend the complaint. JPSO's argument is thus not responsive to the motion at issue here.

It is also wrong. The caption of the original complaint indicates that it is brought by "DONNA LOU and DAREN PARSA, <u>on their own behalf</u> and on behalf of their deceased minor child, E.P." Doc. 1 at 1 (emphasis added).

JPSO Defendants also contend that the Sheriff is "newly named as a party." Doc. 220 at 6. It is unclear why they think that, as the Sheriff was named in the original complaint. Doc. 1 at 16. Their brief does not explain why they think the Sheriff is a new party.

This Court should grant Plaintiff's motion for leave to file.

**B.     The motion should be granted because JPSO's Defendants' arguments about insufficiencies in the original complaint were mooted by the filing of the amended complaint.**

Defendants argue that "in their original Complaint, Plaintiffs did not allege that the Sheriff had a policy or practice of seeking allegedly improper search warrants." Doc. 220 at 3.

Plaintiffs disagree. Paragraphs 313 to 319 discuss the improper search warrants, and note that they were ratified by Sheriff Lopinto. Doc. 1.

But any deficiencies of the original complaint are completely irrelevant now. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *New Orleans Ass'n of Cemetery Tour Guides & Co. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023), *quoting King v. Doga*n, 31 F.3d 344, 346 (5th Cir. 1994) (*per curiam*).

This Court should grant Plaintiff's motion for leave to file.

**C.      The motion should be granted because JPSO Defendant's contention that this Court only granted leave for an "extraordinarily limited" amended complaint is non-responsive to the motion, and is contradicted by the text of the Court's order.**

JPSO Defendants argue that the Amended Complaint is not "appropriate," because they infer that this Court only granted leave for an "extraordinarily limited" amendment. Doc. 220 at 6-7. It is unclear how that argument is responsive to the motion here. They do not explain why the propriety of the amended complaint relates to the motion for leave to file a renewed partial motion for summary judgment.

In any case, Defendants argument that the Court only granted "extraordinarily limited" leave to amend is wrong. The text of the Court's order granted Plaintiffs leave to file a "comprehensive, amended complaint." Doc. 208 at 25. Plaintiffs followed the Court's suggestion and filed an amended complaint that clarified the precise scope of the search warrant claim, breaking it out as a separate count. Now Plaintiffs seek to renew the legal question that they brought to this Court previously.

This Court should grant Plaintiff's motion for leave to file.

**D.      The motion should be granted because JPSO Defendant's prescription argument is not responsive to the motion here, and is wrong.**

Finally, JPSO Defendants argue that Plaintiff's "new claim" regarding search warrants is barred by the statute of limitations. Doc. 220 at 11. But there is no "new claim." Plaintiffs always had a Fourth Amendment claim against the Sheriff under Section 1983. The amended complaint only separates the search warrant issue out as a separate count for clarity. *See Wightman v. Wauconda Twp. Highway Dep't*, No. 19-CV-2344, 2021 U.S. Dist. LEXIS 27797, at *11 (N.D. Ill. Feb. 12, 2021) ("'Claims' establish a grievance and a demand for relief, while 'counts' 'describe legal theories by which those facts purportedly give rise to liability and damages.' . . . One claim may give rise to multiple theories of liability or 'counts.'")

But even if that does constitute a new claim, that new claim would relate back for statute of limitations purposes pursuant to Fed. R. Civ. Proc. 15(c)(b). That rule states that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Here, as JPSO Defendants' brief notes, that conduct <u>was</u> set out in the original pleading. JPSO's brief quotes the Original Complaint's allegations that "JPSO obtained and served criminal search warrants on E.P.'s doctor, even though JPSO conceded that it was not investigating a crime" (Doc. 220 at 10, quoting Doc. 1 at ¶ 313), and that a "proper search warrant can only seek the fruits, instrumentalities, or evidence of a crime" (*id.*, *quoting* Doc. 1 at ¶ 315). As JPSO's brief concludes, "there was no clarification needed vis-à-vis a 'list' of 'each unconstitutional warrant.' . . . All seven warrants were attached to Plaintiffs' original motion." Doc. 220 at 7. That is a textbook basis for relation back.

Thus, Plaintiffs' motion should be granted because (1) the statute of limitations argument is not responsive to the motion; (2) the Amended Complaint did not state a new claim; and (3) even if it did state a new claim, that new claim would relate back.

**E.     Conclusion**

The motion for leave to file the renewed motion should be granted.

RESPECTFULLY SUBMITTED,

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023; williammost@gmail.com

4