# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA LOU, ET AL** * | | **CIVIL ACTION** |
| **VERSUS** * | | **NO. 21-80** |
| **SHERIFF JOSEPH P. LOPINTIO, III, ET AL** * | | **SECTION "D-2"** |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT ON BEHALF OF SHERIFF LOPINTO IN HIS OFFICIAL CAPACITY AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' ORIGINAL AND *RENEWED* MOTION FOR PARTIAL SUMMARY JUDGMENT, R. DOCS. 93 and 225**

**MAY IT PLEASE THE COURT:**

Defendant, Sheriff Joseph P. Lopinto, III, in his official capacity as the Sheriff of Jefferson Parish ("the Sheriff"), opposes Plaintiffs' Original (R. Doc. 93) and *Renewed* Motion for Partial Summary Judgment (R. Doc. 225).

The Sheriff also moves for summary judgment in his favor as a matter of law.

The Sheriff submits: (1) Plaintiffs' claims arising out of the subject warrants are prescribed; (2) Plaintiffs lack standing to sue for any alleged search of E.P.'s records; and (3) Plaintiffs have failed to demonstrate that Sheriff Lopinto had an unconstitutional policy or practice that was the moving force behind the alleged Constitutional violation arising out of the warrants.

1

## BRIEF STATEMENT OF THE CASE

The incident sued upon occurred on **January 19, 2020**. R. Doc. 1.

Plaintiffs filed suit on **January 14, 2021**. *Id*. Their Original Complaint is 487 paragraphs. *Id*.

As recognized by the Court in its Order in Reasons on Plaintiffs' original Motion for Summary Judgment, Plaintiffs **did not assert any Fourth Amendment cause of action against the Sheriff arising out of the warrants** in their original Complaint: "A review of the four causes of action alleged in the Complaint further demonstrates that Plaintiffs have not asserted a Fourth Amendment claim against Sheriff Lopinto, in his official capacity, based upon the criminal search warrants." *See* Court's May 18, 2023, Order and Reasons, R. Doc. 208, at p. 12.

Furthermore, in their Original Complaint, Darren Parsa **was not named as a party in his own right** and did not assert causes of action on his own behalf for any alleged harm visited upon him, let alone vis-à-vis the relevant warrants. R. Doc. 1, ¶ 15.

Rather, Darren Parsa sued on behalf of E.P. pursuant to the Louisiana wrongful death and survival statutes. *Id*. He alleged: "Plaintiff Daren Parsa is the father of decedent E.P., and is of suitable age and capacity to file this suit. At all relevant times during this suit, Plaintiff was a resident of St. Charles Parish in the Eastern District of Louisiana. He is a proper plaintiff **for survival and wrongful**

**death actions**, as E.P. died leaving no spouse or children to survive him." *Id.*[1] (emphasis added).

As is clear, **there was no claim asserted by or on behalf of Darren Parsa or against the Sheriff in Plaintiffs'** *Original* **Complaint** regarding the warrants.

In the Court's Order and Reasons, the Court allowed Plaintiffs leave to amend their Complaint based upon the Plaintiffs' spurious claim that they could better "list each unconstitutional search warrant" for which they were seeking relief. This was an abject, unmitigated ruse. Indeed, there was no clarification needed vis-à-vis a "list" of "each unconstitutional warrant." *Id.* **All seven warrants** were attached to Plaintiffs' original motion. R. Doc. 93-4. Likewise, **all seven warrants** were attached to the Defendants' opposition memorandum. R. Doc. 96-2-96-8.

The Court recognized, however, the extraordinarily limited request for relief: "Plaintiffs request 'leave to amend their complaint **to list each unconstitutional search warrant**.'" R. Doc. 208, p. 23 (emphasis added); *citing* Plaintiffs' Reply Memorandum in Support of their Motion for Partial Summary Judgment, R. Doc. 101, p. 7.

In keeping with Plaintiffs' extraordinarily limited request, the Court held that "Plaintiffs shall have fourteen (14) days from the date of this Order, **if appropriate**,

---

[1] Plaintiff reasserts this statement of his cause of action in his First Amended Complaint. R. Doc. 215, ¶ 15.

to file a comprehensive, amended complaint, without further leave of Court, **as requested in their Reply brief**." R. Doc. 208, at p. 25 (emphasis added). Again, Plaintiffs' First Amended Complaint was never appropriate because there was no clarification needed vis-à-vis a "list" of "each unconstitutional warrant." *Id*. **All seven warrants** were attached to Plaintiffs' original motion. R. Doc. 93-4. Likewise, **all seven warrants** were attached to the Defendants' opposition memorandum. R. Doc. 96-2-96-8.

Plaintiffs filed a First Amended Complaint adding **51 new Paragraphs, new parties,** and a new cause of action in **Count Five**. R. Doc. 215.

In their First Amended Complaint, Plaintiffs assert an entirely new cause of action against the Sheriff, in his official capacity, in **Count Five**. *Id*., at ¶¶ 482-538. For the **first time**, Plaintiffs now attempt to assert a new legal theory of liability against the Sheriff for the warrants in **Count Five**. *Id*.

**The sole allegations against the Sheriff in Count Five** are found at Paragraphs 517-519 and 532 of Plaintiffs' First Amended Complaint. R. Doc. 215. There, Plaintiffs allege that "Sheriff Lopinto, in his official capacity, violated Plaintiffs' constitutional rights (either on their own behalf or on behalf of their deceased son, E.P.), when his agency obtained search warrants without probable cause." R. Doc. 215, ¶ 532.

In their First Amended Complaint, Darren Parsa also attempts to make himself a new party and to assert a new cause of action arising out of the warrant for his own medical records. *Id*. at ¶¶ 490, 527.

## LAW AND ARGUMENT

First, Plaintiffs' claims arising out of the subject warrants are prescribed. Second, Plaintiffs lack standing to sue for any alleged search of E.P.'s records. Third, Plaintiffs have failed to demonstrate that Sheriff Lopinto had an unconstitutional policy or practice that was the moving force behind the alleged Constitutional violations regarding the warrants.

### I.   LEGAL STANDARD

Cross-Motions for summary judgment are examined under the usual Rule 56 standards. *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). All facts and inferences considered pursuant to a motion for summary judgment must be construed in the light most favorable to the non-movant party. *See Dillon v. Rogers*,

596 F.3d 260, 266 (5th Cir. 2010). However, summary judgment cannot be defeated by conclusory allegations, unsupported assertions, or presentation of a mere scintilla of evidence. *See McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

## II.  PLAINTIFFS' CLAIMS REGARDING THE WARRANTS ARE PRESCRIBED

The prescriptive period for a claim under § 1983 in Louisiana is one year. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

The underlying incident sued upon, the death of E.P., occurred on **January 19, 2020**. R. Doc. 1.

Regarding the warrants: Warrants 1 (R. Doc. 96-2), 2 (R. Doc. 96-3), and 4 (R. Doc. 96-5) were issued on **January 20, 2020**; Warrant 3 (R. Doc. 96-4) was issued on **January 22, 2020**; Warrant 6 (R. Doc. 96-7) was issued on **January 21, 2020**; and Warrant 7 (R. Doc. 96-8) was issued on **February 7, 2020**.

Plaintiffs filed suit on **January 14, 2021**. *Id*.

In their Original Complaint, Darren Parsa was not named as a party in his own right and did not assert any causes of action on his own behalf for any alleged harm to him personally. R. Doc. 1, ¶ 15. Rather, he sued on behalf of E.P. pursuant to the Louisiana wrongful death and survival statutes. *Id*. He alleged: "Plaintiff Daren Parsa is the father of decedent E.P., and is of suitable age and capacity to file this suit… He is a proper plaintiff for survival and wrongful death actions, as E.P. died

leaving no spouse or children to survive him." *Id*. Darren Parsa alleges nothing more in his First Amended Complaint. R. Doc. 215, ¶ 15.

Further, as recognized by the Court in its Order and Reasons on Plaintiffs' original Motion for Summary Judgment, Plaintiffs **did not assert any Fourth Amendment cause of action against the Sheriff** arising out of the warrants. *See* Court's May 18, 2023, Order and Reasons, R. Doc. 208, at p. 12. (emphasis added).

**In summation, there was no claim asserted by or on behalf of Darren Parsa *or* against the Sheriff in Plaintiffs' *Original* Complaint** regarding the warrants.

Therefore, Plaintiffs' loose allegations in Paragraphs 490 and 527 of their First Amended Complaint that seem to attempt to assert a new party (Darren Parsa) and assert a new cause of action for the warrant for Darren Parsa's medical records are **prescribed**.

Likewise, the entirety of **Count Five** of Plaintiffs' First Amended Complaint alleging a brand-new cause of action against the Sheriff for the warrants is **prescribed**.

The relevant warrants were issued **over three years** prior to the filing of Plaintiffs' First Amended Complaint. R. Doc. 96-2-96-8.

Plaintiffs' renewed Motion for Summary Judgment should be DENIED. The Sheriff's Cross-Motion for Summary Judgment should be GRANTED.

### III. ALTERNATIVELY, PLAINTIFFS HAVE NO STANDING TO SUE FOR ANY ALLEGED HARM ARISING OUT OF THE WARRANTS FOR E.P.'s RECORDS

Warrants 1 (E.P.'s EMS records, R. Doc. 96-2), 2 (E.P.'s EJGH records, R. Doc. 96-3), 3 (E.P.'s Pediatric records, R. Doc. 96-4) and 6 and 7 (E.P.'s Destrehan High School records, R. Docs. 96-7, 96-8)[2] all sought E.P.'s records. The Plaintiffs do not have standing to challenge these warrants.

#### A. PLAINTIFFS LACK ARTICLE III STANDING

To establish standing under Article III of the United States Constitution, a plaintiff must demonstrate:

1. that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant…

2. that the injury "fairly can be traced to the challenged action" and

3. that the injury "is likely to be redressed by a favorable decision."

*Cramer v. Skinner*, 931 F.2d 1020, 1024 (5th Cir.), cert. denied, 502 U.S. 907, 112 S.Ct. 298, 116 L.Ed.2d 242 (1991) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)).

In deciding under this framework, "a court should consider three

---

[2] Warrant 4 is the warrant for Darren Parsa's medical records. R. Doc. 96-5. Warrant 5, R. Doc. 96-6, was for video footage from WWL-TV. Plaintiffs withdrew their request for relief regarding this warrant in their Reply Brief in Support of their Original Motion for Summary Judgment and same is dismissed. R. Doc. 101, at p. 2; R. Doc. 208.

8

prudential concerns:

1) whether the plaintiffs' complaint falls within the zone of interests protected by the statute or constitutional provision at issue;

2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and

3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties."

*Cramer*, 931 F.2d at 1024-25 (citations omitted).

In the context of a Section 1983 claim, "[i]t is clear that one may not recover damages for the violation of another's civil rights." *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Indeed, it is a well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else. *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir.)("[T]he Sec. 1983 civil rights action is a personal suit. **It does not accrue to a relative, even the father of the deceased."**)(emphasis added) cert. denied, 459 **U.S.** 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *see also Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir.1986); *Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1187 (10th Cir.1985).

Plaintiffs do not have standing to sue for the warrants for E.P.'s records.

Plaintiffs' renewed Motion for Summary Judgment should be DENIED. The Sheriff's Cross-Motion for Summary Judgment should be GRANTED.

B.   **PLAINTIFFS LACK FOURTH AMENDMENT STANDING**

Likewise, and more specifically, "the application of the Fourth Amendment depends on whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979)(internal quotation marks omitted). This is the plaintiff's burden to prove. *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).

"Unlike the Article III standing that enables federal courts to exercise the judicial power, Fourth Amendment standing 'is not a jurisdictional question.'" *United States v. Beaudion*, 979 F.3d 1092, 1097 (5th Cir. 2020); citing *Byrd v. United States*, ––– U.S. –––, 138 S. Ct. 1518 1526, 200 L.Ed.2d 805 (2018) (emphasis added) (quotation omitted). "It is instead 'more properly subsumed under substantive Fourth Amendment doctrine,' *Rakas v. Illinois*, 439 U.S. 128, 139, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), an outgrowth of the historical focus on people's security in 'their' persons, houses, papers, and effects, see *Minnesota v. Carter*, 525 U.S. 83, 92, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (Scalia, J., concurring)('The obvious meaning of the provision is that each person has the right to be secure ... in his own person, house, papers, and effects.') *Beaudion*, at 1097.

The Supreme Court has long held that a claimant alleging a Fourth

10

Amendment violation "must have a cognizable Fourth Amendment interest"—a concept known as "Fourth Amendment standing." *Byrd v. United States*, ––– U.S. –––, 138 S.Ct. 1518 1530, 200 L.Ed.2d 805 (2018). This is so because **"Fourth Amendment rights are personal rights which... may not be vicariously asserted."** *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)(emphasis added)(quoting *Alderman v. United* States, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), and collecting cases).

In this case, again, the Plaintiffs do not have standing under the Fourth Amendment to challenge the warrants for E.P.'s records.

Plaintiffs' renewed Motion for Summary Judgment should be DENIED. The Sheriff's Cross-Motion for Summary Judgment should be GRANTED.

**IV. ALTERNATIVELY, PLAINTIFFS' HAVE FAILED TO SHOW THAT THERE EXIST GENUINE ISSUES OF MATERIAL FACT TO SURVIVE SUMMARY JUDGMENT AND THE SHERRIFF IS ENTITLED TO JUDGMENT IN HIS FAVOR AS A MATTER OF LAW**

As recognized by the Court in its Order and Reasons on Plaintiffs' original Motion for Summary Judgment, Plaintiffs **did not assert any Fourth Amendment cause of action against the Sheriff** arising out of the warrants: "A review of the **four causes** of action alleged in the Complaint further demonstrates that Plaintiffs have not asserted a Fourth Amendment claim against Sheriff Lopinto, in his official

capacity, based upon the criminal search warrants." *See* Court's May 18, 2023, Order and Reasons, R. Doc. 208, at p. 12. (emphasis added).

Plaintiffs were given leave to amend. R. Doc. 208.

Plaintiffs filed a First Amended Complaint adding **Count Five**, consisting of **51 additional Paragraphs** (which exceeds the scope of both the relief requested and the Court's Order) to address the "warrants." R. Doc. 215, at ¶¶ 482-538.

**The sole allegations against the Sheriff in Count Five** are found in Paragraphs 517-519 and 532 of Plaintiffs' First Amended Complaint. R. Doc. 215. **Again, this is the very first time that the Sheriff is even mentioned in connection with the warrants**.

### A. STANDARD OF LIABILITY

A suit against a government official in his official capacity is treated as a suit against the entity. *See Lee v. Morial,* 2000 WL 726882 at *2 (E.D.La. June 2, 2000). No liability exists for governmental entities based on a vicarious liability or a *respondeat superior* theory. *Price v. Housing Authority of New Orleans,* 2002 WL 179193 (E.D.La. Oct. 11, 2002). Instead, the municipality will be liable only when an official policy or custom inflicts the injury of which the plaintiff complains. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A plaintiff seeking to impose liability on a municipality under § 1983 must show that there was either an official policy or an unofficial custom,

adopted by the municipality, that was the moving force behind the claimed constitutional violation. *Duvall v. Dallas Cnty.*, 631 F.3d 203, 209 (5th Cir. 2011) (citing *Monell*, 436 U.S. 658, at 694. A municipality is almost never liable for an isolated unconstitutional act on the part of an employee but rather is liable only for acts directly attributable to it "through some official action or imprimatur." *Peterson v. City of Ft. Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

The "official policy" requirement can be met in three different ways. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001) *citing Bennett v. City of Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir.1984). First, when the municipality promulgates a generally applicable statement of policy and the injury resulted from that policy. *Id*. Second, when no "official policy" exists, but the action of the policy maker violated a constitutional right and third, when the policymaker fails to act to control its agents when it was "so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymake[r] ... can reasonably be said to have been deliberately indifferent to the need." *Id*. at 471. Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. *Id.; citing Bryan County*, 520 U.S. at 407, 117 S.Ct. at 1389, 1390. The single incident exception is a very narrow one that courts have been reluctant to expand. *Pineda v.*

*City of Houston*, 291 F.3d 325, 334-35 (5th Cir.2002) ("Charged to administer a regime without *respondeat superior*, we necessarily have been wary of finding municipal liability on the basis of [the single-incident] exception for a failure to train claim.").

There are two fundamental requirements for holding a municipality liable: culpability and causation. *Snyder v. Trapagnier*, 142 F. 3d 791 (5th Cir. 1998)(*citing Monell*, 436 U.S. 658, 98 S.Ct. 2018, L.Ed. 2d 611 (1978)). A Plaintiff must establish both the causal link ("moving force") and the municipality's degree of culpability ("deliberate indifference" to federally protected rights), declaring "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed. 2d 626 (1997).

Thus, plaintiffs seeking to prevail must first prove a direct causal link between the municipal policy and the constitutional deprivation; they then must establish that the city consciously enacted a policy reflecting "deliberate indifference" to the constitutional rights of its citizens. *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. at 1205 (1989); *See also Watson v. City of New Orleans*, 2000 WL 126921 (E.D.La. 2/3/2000).

In virtually every instance where a person has had his or her

constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." Permitting a lesser standard than deliberate indifference would "engage the federal courts in an endless exercise of second-guessing municipal employee training programs. This is an exercise we believe the federal courts are ill suited to undertake as well as one that would implicate serious questions of federalism."

*City of Canton,* 489 U.S. at 392, 109 S.Ct. 1197.

### B. PLAINTIFFS CANNOT MEET THE ABOVE STANDARD BECAUSE THERE EXISTS NO UNDERLYING TORT OR TORTFEASOR

Here, Plaintiffs do not name as Defendants any of the affiants for the subject warrants. They do not name an underlying tortfeasor. This much is not in dispute.

Where a Plaintiff has failed to prove an underlying constitutional violation it is irrelevant whether the municipality had an official policy or custom that would have authorized the unconstitutional conduct. *See City of Los Angeles v. Heller*, 475 U.S. 797, 811 (1986); *McKee v. City of Rockwall*, 877 F.2d 409, 414 (5th Cir. 1990). It is the clearly established law of this circuit that all of Plaintiffs' inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation. *See Whitley v. Hanna,* 726 F.3d 631 (5th Cir. 2013); *citing Bustos v. Martini Club, Inc.,* 599 F.3d 458, 467 (5th Cir. 2010) ("Because [plaintiff] has alleged no constitutional injury attributable to [any named Defendant], [plaintiff] has failed to state a claim that a City policy was the moving force behind a violation of his constitutional rights.").

Here, Plaintiffs move for summary judgment under Section 1983 and the Fourth Amendment to the U.S. Constitution alleging that the warrants were sought and obtained without probable cause and that this action was driven by the Sheriff's official policy or practice. However, the Plaintiffs fail to show that the warrants were sought and obtained in violation of the law. Thus, Plaintiffs are unable to meet the first requirement of the *Monell* claim – the underlying violation.

Section 1983 of Title 42 of the United States Code provides a cause of action for plaintiffs whose federal rights are violated under the color of state law. 42 U.S.C. § 1983; *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). To state a claim under section 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting "under color of state law." *Id*. "The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)(quoting U.S. Const. amend. IV).

There was simply not an unreasonable search in this case (none of the affiants are even named).

Plaintiffs' sole "argument" is that because the warrants were "investigatory warrants," the warrants were violative of the Constitution. Plaintiffs are wrong.

The Louisiana Supreme Court expressly acknowledged and ratified the

existence of investigatory warrants and even prescribed that "a warrant is **required** to conduct an investigatory search of medical and/or prescription records." *State v. Skinner*, No. 2008-KK-2522 (La. 2009), 10 So.3d 1212, 1218 (emphasis added).

Plaintiffs' renewed Motion for Summary Judgment should be DENIED. The Sheriff's Cross-Motion for Summary Judgment should be GRANTED.

### C. PLAINTIFFS HAVE FAILED TO ALLEGE OR ESTABLISH A *MONELL* CLAIM

Again, no liability exists for governmental entities based on a vicarious liability or a *respondeat superior* theory. "To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the muncipality's policymaker was the moving force behind, or actual cause of, the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result." *James v. Harris County*, 577 F.3d 612 (5th Cir. 2009).

In this case, the allegations in Count Five of Plaintiffs' First Amended Complaint, are legal conclusions, formulaic recitations of the elements of a *Monell* cause of action, and allege no more than *respondeat superior* or vicarious liability against the Sheriff.

**The sole allegations against the Sheriff in Count Five** are found in Paragraphs 517-519 and 532 of Plaintiffs' First Amended Complaint. R. Doc. 215. Plaintiffs allege that "[the] search warrants were obtained pursuant to the Sheriff's policy" *Id*. at ¶ 517, "[the] search warrants were obtained pursuant to JPSO's standard practice," *Id*. at ¶ 518, and "[t]he Sheriff's policy was the moving force for Dowling obtaining these search warrants." *Id*. at ¶ 519. Plaintiffs assert that "Sheriff Lopinto, in his official capacity, violated Plaintiffs' constitutional rights (either on their own behalf or on behalf of their deceased son, E.P.), when his agency obtained search warrants without probable cause." R. Doc. 215, ¶ 532. Again, this is the very first time that the Sheriff is even mentioned in connection with the subject warrants.

Plaintiffs' allegations are simply insufficient to allege, and Plaintiffs have otherwise failed to submit any evidence to support their *Monell* claim against the Sheriff. Indeed, Paragraphs 517-519 are no more than, at the very best, a formulaic recitation of the elements of a *Monell* cause of action and rank conclusions of law, which the Court cannot consider on summary judgment. Further, Paragraph 532 alleges no more than vicarious liability, which the Court is likewise not able to consider for purposes of Plaintiffs' *Monell* claim against the Sheriff.

Plaintiffs' renewed Motion for Summary Judgment should be DENIED. The Sheriff's Cross-Motion for Summary Judgment should be GRANTED.

## CONCLUSION

First, Plaintiffs' claims arising out of the subject warrants are prescribed. Second, Plaintiffs lack standing to sue for any alleged search of E.P.'s records. Third, Plaintiffs have failed to demonstrate that Sheriff Lopinto had an unconstitutional policy or practice that was the moving force behind any alleged Constitutional violation.

Plaintiffs' renewed Motion for Summary Judgment should be DENIED. The Sheriff's Cross-Motion for Summary Judgment should be GRANTED.

Respectfully submitted,

**/s/ James B. Mullaly**

_____

**JAMES B. MULLALY, LSB#28296**
**FRANZ L. ZIBILICH, LSB#14914**
MARTINY & ASSOCIATES, LLC
131 Airline Drive
Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
Email: mulljtc@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of June 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

/s/ James B. Mullaly

_____
**JAMES B. MULLALY**