UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P. LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

### Plaintiffs' Reply in Support of Motion for Partial Summary Judgment / Opposition to JPSO Defendants' Motion for Partial Summary Judgment

The day after the severely autistic child E.P. died in JPSO custody, JPSO began seeking and serving search warrants on E.P.'s school, E.P.'s doctors, and E.P.'s father's doctor. In discovery, JPSO's representative conceded that the warrants were executed without any suspicion that any crime had been committed, much less the probable cause necessary to support a search warrant. JPSO's representative also conceded that these warrants were used pursuant to "the way Sheriff Lopinto requires that [search warrants] be used."

Given the undisputed nature of the facts and the clarity of the legal issue, Plaintiffs moved for partial summary judgment on their Fourth Amendment claim against Sheriff Lopinto in his official capacity regarding these warrants. Doc. 225.

In response, the Sheriff filed an opposition. Doc. 227.[1] He did not respond to Plaintiffs' material facts.

None of the Sheriff's arguments provide any basis to deny Plaintiffs' motion. Accordingly, Plaintiffs' motion for partial summary judgment should be granted, and the Sheriff's denied.

---

[1] The Sheriff's brief says that it is an opposition to "Plaintiffs' Original (R. Doc. 93) and Renewed Motion for Partial Summary Judgment (R. Doc. 225)." But only the renewed motion is before the Court; the original motion was denied without prejudice. Doc. 208.

1

A.   **Plaintiffs' motion should be granted because all their material facts have been admitted.**

Local Rule 56.2 states that: "All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." Here, the Sheriff did not respond to or controvert Plaintiffs' material facts.[2] Accordingly, Plaintiffs' material facts are deemed admitted.

B.   **The motion should be granted because Fed. R. Civ. Proc. 15(c)(b)'s relation-back mechanism forecloses the Sheriff's statute of limitations argument.**

The Sheriff argues that Plaintiffs the search-warrant count described in Plaintiffs' amended complaint is barred by the statute of limitations. He contends that Plaintiffs' court-permitted amendment is an "abject, unmitigated ruse" because all "seven warrants were attached to Plaintiffs' original motion" and described in the original complaint. Doc. 227 at 3.

There is not, however, any new claim that could be barred by the statute of limitations. Plaintiffs always had a Fourth Amendment claim against the Sheriff under Section 1983. Doc. 1 at ¶ 405 *et seq.* The amended complaint only separates the search warrant issue out as a separate count for clarity. *See Wightman v. Wauconda Twp. Highway Dep't*, No. 19-CV-2344, 2021 U.S. Dist. LEXIS 27797, at *11 (N.D. Ill. Feb. 12, 2021) ("'Claims' establish a grievance and a demand for relief, while 'counts' 'describe legal theories by which those facts purportedly give rise to liability and damages.' . . . One claim may give rise to multiple theories of liability or 'counts.'")

But even if the search warrant count does constitute a new claim, that new claim would relate back for statute of limitations purposes pursuant to Fed. R. Civ. Proc. 15(c)(b). That rule states that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

---

[2] In a prior iteration of his opposition, the Sheriff included a statement of material facts. Doc. 226-4. But that document only added new facts; it did not respond to Plaintiffs' facts.

And as the Sheriff himself has pointed out, the search warrant conduct was set out in the original pleading. He quoted the Original Complaint's allegations that "JPSO obtained and served criminal search warrants on E.P.'s doctor, even though JPSO conceded that it was not investigating a crime" (Doc. 220 at 10, quoting Doc. 1 at ¶ 313), and that a "proper search warrant can only seek the fruits, instrumentalities, or evidence of a crime" (*id*., *quoting* Doc. 1 at ¶ 315). The Sheriff's brief even argues that "Plaintiffs' First Amended Complaint was never appropriate because there was no clarification needed vis-à-vis a 'list' of 'each unconstitutional warrant.'" Doc. 227 at 3.

The Sheriff is correct: the "conduct, transaction, or occurrence" relevant here was fully laid out in the original complaint. Accordingly, it is subject to relation-back pursuant to Fed. R. Civ. Proc. 15(c)(b), and is timely under the one-year statute of limitations.

Plaintiffs' motion should be granted.

**B.     Plaintiffs' motion should be granted because they have standing to sue for their deceased son's records, and because Daren Parsa has standing to sue for himself.**

The Sheriff argues that E.P.'s parents lack Article III standing to sue for warrants regarding E.P.'s records. Doc. 227 at 7-8.

Plaintiffs anticipated this argument and briefed it in their memorandum. Doc. 225-1 at 12-13. They explained that because Section 1983 does not address the question of survival of a deceased's claim, 42 U.S.C. § 1988 directs that the law of the state in which the action is brought supplies the relevant rule. Plaintiffs cited the Fifth Circuit and Louisiana law providing that if a person like E.P. dies with no surviving spouse or children, the "surviving father and mother of the deceased" have standing to sue. *Id*., *citing* Civil Code Articles 2315.1 and 2315.2, and *Brazier v. Cherry*, 293 F. 2d 401 fn. 20 (5th Cir. 1961).

The Sheriff does not respond to or even acknowledge that legal structure. Instead, he cites to two Tenth Circuit cases, *Dohaish v. Tooley*, 670 F.2d 934 (10th Cir. 1982) and *Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1187 (10th Cir. 1985) for the proposition that a Section

3

1983 claim does "not accrue to a relative, even the father of the deceased." But *Dohaish* and *Trujillo* turned on the Colorado Survival Statute, which is not implicated in this Louisiana case. The Sheriff also cites to one Fifth Circuit case, *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir.1986), which held that "bystanders" do not have standing for a Section 1983 claim. But Plaintiffs are not claiming standing as bystanders.

The Sheriff also argues that Plaintiffs do not have Fourth Amendment standing to sue regarding E.P.'s records. But under Louisiana law, an heir "succeeds to all his rights and charges" of a decedent. Civil Code Art. 3506, § 28. And as E.P.'s sole heirs after E.P.'s intestate death, the Plaintiffs succeed to all his rights in his records. Civil Code Art. 899-901.

Finally, as the Sheriff acknowledges, one of the warrants at issue was for Plaintiff Daren Parsa's own medical records. *See* Doc. 93-4 at 6. Daren Parsa certainly has standing to sue over a warrant for his own medical records. *See State v. Skinner*, No. 2008-KK-2522 (La. 2009), 10 So.3d 1212, 1218 (holding that "the right to privacy in one's medical and prescription records is an expectation of privacy that society is prepared to recognize as reasonable. Therefore, absent the narrowly drawn exceptions permitting warrantless searches, we hold a warrant is required to conduct an investigatory search of medical and/or prescription records.")

The Sheriff makes no argument whatsoever for lack of standing with regard to that warrant. Plaintiffs' motion should be granted.

**C.    Plaintiffs' motion should be granted because JPSO executed the search warrants without probable cause, in violation of the U.S. Constitution.**

The Sheriff contends that "Plaintiffs' sole 'argument' is that because the warrants were 'investigatory warrants,' the warrants were violative of the Constitution." Doc. 227 at 15. It is unclear why the Sheriff thinks that. The term "investigatory warrant" appears no where in Plaintiffs' brief. Plaintiffs' actual, articulated problem with the warrants is that they lacked

4

probable cause, not that they were "investigatory." *See* Doc. 225-1 at 13 ("This Court should grant summary judgment because Defendants admit that their warrants lacked probable cause.")

The Sheriff cites one case, *State v. Skinner,* for the proposition that the "Louisiana Supreme Court expressly acknowledged and ratified the existence of investigatory warrants." *Skinner, supra.* But that case was about D.A. subpoenas. And there, the court found that the D.A. subpoenas were "<u>inappropriate</u> because the reasonable expectation of privacy required a legal search and seizure, which can only be done pursuant to a search warrant," which can "issue only upon probable cause." *Id.* at 1218-1219 (emphasis added). That case precisely undercuts the Sheriff's argument, because it is explicit that there is no loophole to the Fourth Amendment's requirements. Plaintiffs' motion should be granted.

**D.     Plaintiffs' motion should be granted because it is undisputed that these search warrants were executed pursuant to "the way Sheriff Lopinto requires."**

The Sheriff's final argument is that the amended complaint's "allegations are simply insufficient to allege, and Plaintiffs have otherwise failed to submit any evidence to support their *Monell* claim." Doc. 227 at 17. The Sheriff concludes this by looking at four paragraphs of Plaintiffs' amended complaint, Paragraphs 517-519 and 532, and not looking at any of the other allegations.

But in a Motion for Summary Judgment, evidence is what matters. Plaintiffs have provided that evidence, including 30(b)(6) deposition testimony that there is nothing "about the search warrants for EP that is inconsistent with the way Sheriff Lopinto requires that they be used." Doc. 94-5 at 16:7-17:15. And the JPSO representative confirmed at deposition that the office "routinely" obtains search warrants for "death investigations" even in the absence of a suspected crime.[3]

---

[3] 1 Doc. 94-5 at 33:20-34:6 ("We have routinely gotten search warrants on what we've defined at the outset as a death investigation. During my career, my experience, we have obtained warrants on the basis of no definitive established cause and manner of death. It is at that juncture a death investigation, and yet we have secured search warrants on that basis. Perhaps no crime has occurred. Perhaps no crime has been committed. We do not know, so we seek a search warrant in furtherance of determination, for the sake of a better term.")

That testimony establishes that the constitutional violations either flowed from JPSO policy and/or were subject to subsequent ratification – either of which is sufficient to satisfy *Monell*.

The Sheriff also implies that there can be no *Monell* claim when the plaintiff does "not name an underlying tortfeasor." Doc. 227 at 14. The Sheriff cites no authority for that proposition. And that proposition is wrong. *See Regains v. City of Chi., 918 F.3d 529 (7th Cir. 2019)* (allowing case to proceed when plaintiff sued only city under *Monell*); *see also Milam v. City of San Antonio,* 113 F. App'x 622 (5th Cir. 2004) (not identifying any problem when plaintiff sued only the city for *Monell*, and no individuals).

Plaintiffs' motion should be granted.

**E.**   **Conclusion**

Partial Summary Judgment against Sheriff Lopinto in his official capacity should be granted regarding Count Five of Plaintiffs' amended complaint. The Sheriff's Cross-Motion should be denied.

RESPECTFULLY SUBMITTED,

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023; williammost@gmail.com

6