UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| DONNA LOU, ET AL. | * | CIVIL ACTION NO. 21-80 |
| VERSUS | * | SECTION "D" (2) |
| SHERIFF JOSEPH P. LOPINTO, III, ET AL. | * | Judge Wendy B. Vitter<br>Magistrate Judge Donna P. Currault |

**Plaintiffs' Response to the Sheriff's Facts (Doc. 237-2)**

| | **Sheriff Lopinto's Facts (Doc. 237-2)** | **Plaintiffs' Response** |
|---|---|---|
| 1 | The underlying incident sued upon, the death of E.P., occurred on January 19, 2020. | Undisputed. |
| 2 | Warrants 1 (R. Doc. 96-2), 2 (R. Doc. 96-3), and 4 (R. Doc. 96-5) were issued on January 20, 2020. | Undisputed. |
| 3 | Warrant 3 (R. Doc. 96-4) was issued on January 22, 2020 | Undisputed. |
| 4 | Warrant 6 (R. Doc. 96-7) was issued on January 21, 2020 | Undisputed. |
| 5 | Warrant 7 (R. Doc. 96-8) was issued on February 7, 2020. | Undisputed. |
| 6 | Plaintiffs filed suit on January 14, 2021. | Undisputed. |
| 7 | In their Original Complaint, Darren Parsa was not named as a party in his own right and did not assert any causes of action on his own behalf for any alleged harm to him personally. R. Doc. 1, ¶ 15. Rather, he sued on behalf of E.P. pursuant to the Louisiana wrongful death and survival statutes. Id. He alleged: "Plaintiff Daren Parsa is the father of decedent E.P., and is of suitable age and capacity to file this suit… He is a proper plaintiff for survival and wrongful death actions, as E.P. died leaving no spouse or children to survive him." Id. Darren Parsa alleges nothing more in his First Amended Complaint. R. Doc. 215, ¶ 15. | Disputed, but not a material fact.<br><br>The Sheriff is wrong that "Darren [*sic*] Parsa was not named as a party in his own right." The caption of the both the original complaint and the amended complaint indicate that they are brought by "DONNA LOU and DAREN PARSA, <u>on their own behalf</u> and on behalf of their deceased minor child, E.P." Doc. 1 at 1; Doc. 215 at 1. Emphasis added. |

1

| 8 | Further, as recognized by the Court in its Order and Reasons on Plaintiffs' original Motion for Summary Judgment, Plaintiffs did not assert any Fourth Amendment cause of action against the Sheriff arising out of the warrants. See Court's May 18, 2023, Order and Reasons, R. Doc. 208, at p. 12. | Undisputed that the Court wrote that "it remains unclear to the Court whether Plaintiffs have even asserted a Fourth Amendment claim against Sheriff Lopinto, in his official capacity, regarding the criminal search warrants." R. Doc. 208 at 22-23. |
|---|---|---|
| 9 | There was no claim asserted by or on behalf of Darren Parsa or against the Sheriff in Plaintiffs' Original Complaint regarding the warrants. | Disputed but not material. Any deficiencies of the original complaint are irrelevant now. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *New Orleans Ass'n of Cemetery Tour Guides & Co. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023), *quoting King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam). |

RESPECTFULLY SUBMITTED,

Andrew C. Clarke (TN BPR # 15409)
The Cochran Firm Midsouth
One Commerce Square, Suite 1700
(901) 523-1222 (Telephone)
aclarke@cochranfirmmidsouth.com

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023; williammost@gmail.com