UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONNA LOU, ET AL | * | CIVIL ACTION NO: 21-CV-80 |
|     Plaintiffs | * | |
| | * | SECTION: D-2 |
| VERSUS | * | |
| | * | JUDGE: VITTER |
| | * | |
| JOSEPH P. LOPINTO, III, ET AL. | * | MAGISTRATE: CURRAULT |
|     Defendants | * | |

* * * * * * * * * * * * * * * * * * * *

**INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY, AFFIRMATIVE DEFENSES, *AMENDED AND SUPERSEDING* ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND BY THE JPSO DEFENDANTS**

**NOW INTO COURT**, through the undersigned counsel, come Defendants, JOSEPH P. LOPINTO, III., individually and in his official capacity as Sheriff of Jefferson Parish, and JPSO Deputies PITFIELD, VEGA, VAUGHT, MEHRTENS**,** GAUDET, GUIDRY, and ESTRADA, and in Answer to the First Amended Complaint of Plaintiffs, R. Doc. 215, respectfully represent:

**INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY**

Defendants in their individual capacities hereby invoke the defense of qualified immunity, which is a defense to, and bars Plaintiffs' suit.

1

**AND NOW, IN FURTHER ANSWER:**

## FIRST DEFENSE

The Complaint fails to state a right, claim or cause of action upon which relief can be granted by these Defendants.

## SECOND DEFENSE

The cause in fact of the alleged damages complained of was the acts and/or omissions of Plaintiffs, whose acts and/or omissions should operate as a complete bar to, or diminution of their recovery.

## THIRD DEFENSE

Alternatively, the cause in fact of the alleged damages complained of was the acts and/or omissions of third parties, over whom these Defendants had no supervision, control or *guarde*, and for whom Defendants herein cannot be liable.

## FOURTH DEFENSE

The cause in fact of the alleged damages complained of was the acts and/or omissions of E.P., whose acts and/or omissions should operate as a complete bar to, or diminution of Plaintiffs' recovery.

## FIFTH DEFENSE

In the further alternative, Defendants aver that the Plaintiffs assumed the risk of their own injuries.

**SIXTH DEFENSE**

In the alternative, and in the event that this Honorable Court should find that the Defendants were guilty of negligence whatsoever, which proximately caused, or contributed to the alleged injuries which the Defendants deny, then Defendants specifically plead the contributory negligence/comparative fault of **E.P.**, the Plaintiffs **Donna Lou and Daren Parsa**, and **others**, which would mitigate any recovery of the Plaintiffs herein.

**SEVENTH DEFENSE**

Defendants herein expressly plead the affirmative defense that the Plaintiffs have failed to mitigate his damages.

**EIGHTH DEFENSE**

Defendants specifically plead that they are entitled to and protected by the immunity afforded to public officials for acts committed during the course of their official duties.

**NINTH DEFENSE**

Defendants specifically pleads that they are entitled to the statutory immunity afforded public officials for discretionary acts as set forth in La. R.S. 9:2798.1.

**TENTH DEFENSE**

Defendants specifically plead that they are entitled to the statutory immunity

provided by any and all other applicable immunity statutes (e.g., La. R.S. 9:2800.10).

## ELEVENTH DEFENSE

Defendants aver that at all times pertinent hereto, they were acting in good faith insofar as keeping the peace and enforcing the laws and ordinances of the Parish of Jefferson, and the Constitution and Statutes of the United States of America and the State of Louisiana.

## TWELFTH DEFENSE

All actions taken by the Defendants herein were taken in good faith, under the law, and without malice.

## THIRTEENTH DEFENSE

Defendants aver that at all times pertinent hereto, their actions were reasonable, justified and legally permissible under the circumstances.

## FOURTEENTH DEFENSE

Defendants specifically plead that they are entitled to and protected by the defense of qualified immunity as a matter of law, which bars Plaintiffs' suit.

## FIFTEENTH DEFENSE

Defendants specifically plead that the statute of limitations/prescriptive period has lapsed and that Plaintiffs' claims are prescribed/time-barred.

## SIXTEENTH DEFENSE

Defendants herein submit that the claims of the Plaintiffs are frivolous, groundless, and/or unreasonable, and, as such, Defendants herein are entitled to an award against the Plaintiffs for all attorney's fees and costs expended in this matter pursuant to federal law and, if applicable, 42 U.S.C. § 1988.

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendants herein reserve the right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and/or require.

**AND NOW, IN ANSWER TO THE SPECIFIC ALLEGATIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT:**

**1.**

The allegations of Paragraphs 2, 5, 7, 8, 9, 11, 19, 20, 22, 23, 26, 48, 51, 52, 53, 56, 59, 75, 76, 77, 78, 79, 87, 88, 89, 93, 96, 100, 103, 104, 106, 118, 119, 120, 121, 125, 126, 132, 133, 146, 147, 148, 151, 152, 153, 154, 155, 159, 160, 161, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 176, 177, 181, 182, 183, 187, 188, 189, 192, 194, 195, 196, 197, 198, 199, 205, 206, 209, 10, 211, 212, 213, 214, 215, 220, 221, 222, 223, 227, 228, 229, 236, 237, 238, 243, 248, 249, 250, 251, 252, 259, 260, 262, 265, 269, 271, 272, 273, 274, 277, 279, 280, 286, 287, 288, 291, 298, 301, 305,

5

306, 307, 308, 309, 310, 311, 312, 313, 318, 319, 320, 321, 322, 337, 338, 339, 340, 341, 342, 360, 361, 362, 363, 364, 372, 373, 377, 378, 379, 380, 381, 382, 383, 384, 386, 387, 388, 389, 390, 391, 392, 393, 394, 398, 399, 401, 402, 403, 406, 408, 410, 411, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 432, 433, 434, 442, 445, 447, 450, 451, 452, 453, 454, 455, 456, 458, 459, 460, 461, 464, 468, 470, 471, 474, 475, 532, 533, 534, 535, 536, and 537 are DENIED.

**2.**

The allegations of Paragraphs 4, 6, 10, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 46, 49, , 64, 71, 80, 268, 270, 278, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 335, 336, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 367, 368, 369, 443, 444, 465, 507, 508, and 510 are DENIED for lack of sufficient information to justify a belief therein at this time.

**3.**

The allegations of Paragraphs 24, 25, 27, 28, 30, 42, 43, 44, 45, 47, 264, 275, 284, 289, 385, 405, 430, 435, 457, 462, 477, 478, 479, 480, 482, 527, and 538 DO NOT require an answer but are nonetheless denied out of an abundance of caution.

**4.**

The allegations of Paragraphs 14, 15, 57, 58, 60, 61, 70, 156, 225, 267, 485, 486, 488, 490, 503, 509, 511, and 512 are ADMITTED.

**5.**

The allegations of Paragraphs 1, 3, 16, 17, 18, 21, 50, 65, 66, 67, 68, 69, 72, 73, 74, 81, 82, 83, 84, 85, 86, 92, 94, 95, 97, 98, 99, 105, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 124, 127, 128, 129, 130, 131, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 157, 158, 174, 175, 178, 179, 180, 184, 185, 186, 193, 200, 201, 202, 203, 204, 207, 208, 216, 217, 218, 219, 224, 226, 230, 231, 232, 233, 234, 235, 239, 240, 242, 244, 245, 246, 247, 254, 257, 258, 261, 263, 266, 276, 282, 283, 285, 290, 292, 293, 294, 295, 296, 297, 299, 300, 302, 303, 304, 314, 334, 356, 357, 358, 359, 366, 370, 374, 375, 376, 397, 400, 404, 407, 412, 413, 446, 448, 449, 463, 472, 476, 483, 484, 487, 489, 491, 292, 495, 498, 499, 500, 502, 506, 513, 514, 516, 517, 518, 520, and 529 are DENIED AS WRITTEN.

**6.**

The allegations of Paragraphs 12 and 13 are DENIED except to admit that jurisdiction and venue are proper.

**7.**

The allegations in Paragraphs 54, 55, 90, 91, 122, 123, 134, 135, 149, 150, 162, 163, 190, 191, 354 and 355 are too vague to require a meaningful response but are DENIED out of an abundance of caution.

**8.**

The allegations in Paragraphs 62, 63, 101, 102, 241, 253, 255, 256, 281, 315, 316, 317, 365, 371, 395, 396, 409, 431, 436, 437, 438, 439, 440, 441, 466, 467, 469, 473, 481, 519, 524, 525, 526, 530, 531 state conclusions of law that do not require an answer and are otherwise DENIED as written.

**9.**

It is ADMITTED that "E.P.'s mother, Donna Lou, placed some clothing under E.P.'s head" as alleged in Paragraph 80 of Plaintiffs' Amended Complaint.

**10.**

The allegations in Paragraphs 493, 494, 496, 497, 501, 504, 505, 515, 521, 522, 523, and 528 reference documents that speak for themselves and are the best evidence of their contents.

**<u>JURY DEMAND</u>**

Defendants pray that this case be tried before a jury as to all claims by and against all parties.

**WHEREFORE**, JOSEPH P. LOPINTO, III., individually and in his official capacity as Sheriff of Jefferson Parish, and JPSO Deputies PITFIELD, VEGA, VAUGHT, MEHRTENS**,** GAUDET, GUIDRY, and ESTRADA, pray that, after due proceedings are had, judgment be rendered in their favor, dismissing the entirety of

Plaintiffs' claims, with prejudice, and at Plaintiffs' cost. Defendants further pray for all attorney fees and costs expended in the defense of this suit. Lastly, Defendants pray for any and all other equitable relief appropriate and to which Defendants are entitled.

                                              Respectfully submitted,

                                              **/s/ James B. Mullaly**
                                              _____
                                              **FRANZ L. ZIBILICH, LSB#14914**
                                              **JAMES B. MULLALY, LSB#28296**
                                              MARTINY & ASSOCIATES, LLC
                                              131 Airline Drive, Suite 201
                                              Metairie, Louisiana 70001
                                              Telephone: (504) 834-7676
                                              Facsimile: (504) 834-5409
                                              Email: fzibilich@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of June 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

                                              **/s/ James B. Mullaly**
                                              _____
                                              **JAMES B. MULLALY**